UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC L. JEFFRIES, :
: Case No. C-1-02-351
    Plaintiff, :
: (Judge Beckwith)
vs. : (Magistrate Judge Hogan)
:
CENTRE LIFE INSURANCE COMPANY, :
et al., :
:
    Defendants. :

DECLARATION OF DEFENDANTS' COUNSEL
WILLIAM R. ELLIS

Upon oath, the declarant states as follows pursuant to the provisions of 28 U.S.C. § 746:

1. My name is William R. Ellis and I am an attorney at law licensed to practice in the States of Ohio and Pennsylvania. I serve as trial attorney for Defendants in the above matter.

2. The deposition of Plaintiff in this case, Eric Jeffries, was scheduled for August 19, 2003, at 12:30 p.m. in the offices of Plaintiff's counsel. A week before that deposition was scheduled, Plaintiff's counsel was advised by letter that we were still waiting for documents which the court had ordered his client to produce in its November 8, 2002 Order. Plaintiff's counsel was advised that we were willing to proceed with Mr. Jeffries' without those documents, but that it would have to be continued in progress if the documents were not produced in advance of his deposition.

3. In a letter I received from Plaintiff's counsel dated August 15, 2003, Plaintiff's counsel stated that he would object to a two-part deposition of Mr. Jeffries. On

the morning of August 19, 2003, defense counsel wrote to Plaintiff's counsel stating:

> Your objection to a two-part or multi-day deposition of Mr. Jeffries (contained in your August 15, 2003 letter) is noted. We would like to be in a position to complete it in one session, but you have made it impossible to do so . . . you have continued to refuse to comply with the court's November 8, 2002 Order and produce the documents requested. . . .
>
> Judge Hogan has ordered us to get this case moving. We intend to do so despite these unnecessary roadblocks. We will be at your office today ready to take your client's deposition. We hope that we will receive the documents that you have been ordered to produce at your earliest opportunity so that we can complete his deposition at a later time.

*See* Exhibit 1 attached hereto.

4. After faxing this letter to Plaintiff's counsel advising him that we would take his client's deposition but continue it in progress, Mr. Roberts called and I spoke to him on the phone. During that conversation, Plaintiff's counsel asked if we intended to complete Mr. Jeffries' deposition in one day. I told him that we would proceed with his deposition but because we had not yet received the court-ordered financial information, we would have to continue it in progress pending receipt of that information. At that point, Plaintiff's counsel stated that he would not make his client available if we would not agree to complete his deposition in one day and canceled the deposition.

5. Shortly after that conversation with Plaintiff's counsel, I received a letter from him. In it, he stated:

> "As we discussed, this morning at 10:40, the deposition of Mr. Jeffries will not proceed this afternoon.

*See* Exhibit 2 attached hereto.

6. I wrote to Plaintiff's counsel later that day. In my letter, I raised a number of points relating to his decision "to cancel Mr. Jeffries' deposition." I specifically noted that:

> ... *instead* of proceeding forward with Mr. Jeffries' deposition and noting for the record your objection to continuing in progress, you chose to *cancel* it.

See Exhibit 3 attached hereto.

I declare the foregoing to be true and correct to the best of my knowledge and belief upon penalty of perjury.

Dated: September 2, 2003

*William R. Ellis*
William R. Ellis (0012279)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael A. Roberts, Graydon, Head & Ritchey, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, by hand delivery this 2nd day of September 2003.

*William R. Ellis*

185116.1

# WOOD & LAMPING LLP

*SINCE 1927*

ATTORNEYS AT LAW

600 VINE STREET, SUITE 2500
CINCINNATI, OHIO 45202-2491
TELEPHONE (513) 852-6000
FAX (513) 852-6087

PETER M. BURRELL
DIRECT DIAL: 513-852-6096
E-MAIL: pmburrell@woodlamping.com

August 19, 2003

**VIA FACSIMILE (651-3836) AND E-MAIL (mroberts@gradon.com)**

Michael A. Roberts, Esq.
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202-3157

    Re:    Eric L. Jeffries v. Centre Life Insurance Company, et al.
            Case No. C-1-02-351

Dear Mike:

    Your objection to a two-part or multi-day deposition of Mr. Jeffries (contained in your August 15, 2003 letter) is noted. We would like to be in a position to complete it in one session, but you have made it impossible to do so. Because you have continued to refuse to comply with the Court's November 8, 2002 Order and produce the documents requested, we cannot fully prepare for your client's deposition.

    Unfortunately, we do not have the luxury of time. Judge Hogan has ordered us to get this case moving. We intend to do so despite these unnecessary roadblocks. We will be at your office today ready to take your client's deposition. We hope that we will receive the documents that you have been ordered to produce at your earliest opportunity so that we can complete his deposition at a later time.

    On a final note, I have still not heard from you in response to my August 14, 2003 letter regarding the depositions of Dr. Clionsky and Lance Faniel who, as I advised you last week, are available next week for deposition. Finally, I will go ahead and schedule the September 11 and 12 dates I had previously mentioned so that we can get Mr. Jeffries' doctors on line.

                                      Very truly yours,

                                      Peter M. Burrell/smk

                                      Peter M. Burrell

PMB/smk



EXHIBIT

# Graydon Head & Ritchey LLP

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

August 19, 2003

**<u>Via Email, Facsimile, and Regular Mail</u>**
William R. Ellis, Esq.
Wood & Lamping
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2409

Re:   Jeffries v. DMS, et. al.,

Dear Bill:

As we discussed, this morning at 10:40, the deposition of Mr. Jeffries will not proceed this afternoon. The reason is simple. For over one week, I have clearly advised you and Peter that plaintiff's deposition would be taken over the course of 7 hours and in a single sitting.

This position was articulated to Peter in a phone conversation we had on August 12. This position was set forth in the discovery responses that I served on you on August 13. This position was articulated in the letter I hand delivered to your office on Friday, August 15 ("*As I mentioned during my phone conference with Peter Burrell earlier this week, plaintiff will object to a 2-part (or multi-day) deposition of Mr. Jeffries. Accordingly, let me know whether the deposition scheduled for August 19 is still on, in light of plaintiff's position concerning the production of his financial information*"). And finally, this position was expressly stated in the multiple unreturned voice mail messages I left for Peter yesterday.

Neither you or Peter responded to the pleading, letters, or phone messages until this morning.

When I arrived at my desk at 8:30 today, I listened to Peter's voice mail message wherein he stated, without any qualification, that the deposition would proceed today. Given the clarity in plaintiff's articulated position over the past week, I reasonably understood the voice message to mean that you agreed to do the deposition today only. The letter I received later this morning stated otherwise.

---

www.graydon.com

*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-
telephone (859) 282-8800
fax (859) 525-0214



William R. Ellis, Esq.
August 19, 2002
Page 2 of 3

Your letter proclaims that plaintiff's "objection to a two-part or multi-day deposition of Mr. Jeffries ... is noted ... but ... impossible ...." You attempt to justify your position by stating that plaintiff has "refuse[d] to ... produce the [private financial] documents" concerning Mr. and Mrs. Jeffries. As I stated repeatedly last week, without any response from you, this argument is meritless. On August 13 you were advised:

> "When defendants initially posed [their request for Mr. and Mrs. private financial information] (and when the Court advised that this information be provided), the defendants disputed that Mr. Jeffries was disabled. Specifically, the defendants argued that the record of Mr. Jeffries' financial activity may reveal whether he was disabled or not and, therefore, defendants were in need of this information.
>
> At this stage of the litigation, whether Mr. Jeffries is disabled is no longer an issue. Defendants concede that Mr. Jeffries is in fact disabled. Defendants themselves have stressed this very point to the Court in their recent memoranda and at the most recent oral hearing – stating repeatedly that the only issue remaining is whether Mr. Jeffries' undisputed disability is caused by a mental disorder or a physical disorder.
>
> That being the case, the information requested by this document production request is no longer relevant or likely to lead to the discovery of admissible evidence. Nothing about Mr. and Mrs. financial records could possible impact the determination of the cause of Mr. Jeffries' undisputed disability. Accordingly, the information will not be produced." (*See, Supplemental Response To Document Request 21*).

This morning at 10:40 when we spoke telephonically regarding the deposition, you stated that you disagreed with plaintiff's analysis that his family's private financial information is no longer discoverable. I invited you to explain substantively the basis for your position ("Bill, my ears are wide open, tell me why ...."). Despite my open invitation and my promise to reasonably evaluate any argument you had, you refused to articulate any basis for the necessity that Mr. and Mrs. Jeffries' private financial information be produced.

Of course, there is no conceivable argument to justify your position that the Jeffries' private financial information will somehow assist the defendants in establishing that Mr. Jeffries allegedly suffers from obsessive compulsive disorder or somatization disorder as opposed to the physical, organic ailments diagnosed by Drs. Hawkins, Shear, Pretorius, Sandman, Bastien, Hyde, McClellan, Poser, and others.

Earlier in this case you argued that I should not be given the strategic advantage of taking a 30(B)(6) deposition and the deposition of Mr. Champagne at separate times. You argued to the

Court that if after receiving notices for the separate depositions, DMS were to designate Mr. Champagne as its corporate representative then plaintiff could only depose him once and the 2 requests should be consolidated. You apparently perceive splitting a deposition over multiple days as a strategic advantage. We are not going to allow you such an advantage with the single notice to Mr. Jeffries because there is no support for your contention that the Jeffries' private financial information is needed to discern the cause of his undisputed disability.

Finally, at the hearing before the Court on July 11, 2003, you repeatedly stated to the Court that it was defendants' position that there was only one issue remaining in the case (i.e., whether Mr. Jeffries' undisputed disability is caused by a mental or physical defect). If that is defendants' position, then not only is there no need for Mr. Jeffries to share his private financial information, but there is in truth no need for his testimony at all. As you also stated, it comes down to which doctor is correct.

Given the complete change in the complexion of this case since 2002, your statements before the Court, your refusal to provide me with any argument to support your continuing request for Mr. Jeffries' private financial information, and, finally, your refusal to complete the deposition today, I am afraid that the deposition simply will not go forward at this time.

If you care to evaluate this issue reasonably or ever desire to share with me any legitimate argument for the production of Mr. Jeffries' private financial information, call me. I am open to reasonably discussing the merits of any argument with you. If you have trouble reaching me at the office, you can call me on my cell phone (484-2799) or at home (871-1918). Thank you for your courtesy.

Sincerely,

GRAYDON HEAD & RITCHEY LLP

Michael A. Roberts

MAR/
Copy: Mr. Eric Jeffries (*via email*)

# WOOD & LAMPING LLP

*SINCE 1927*

ATTORNEYS AT LAW

600 VINE STREET, SUITE 2500
CINCINNATI, OHIO 45202-2491
TELEPHONE (513) 852-6000
FAX (513) 852-6087

WILLIAM R. ELLIS
DIRECT DIAL: 513-852-6067
E-MAIL: wrellis@woodlamping.com

August 19, 2003

**VIA FACSIMILE (651-3836) AND U.S. MAIL**

Michael A. Roberts, Esq.
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202-3157

> Re: Eric L. Jeffries v. Centre Life Insurance Company, et al.
> Case No. C-1-02-351

Dear Mike:

I wanted to make a couple of points relating to your decision to cancel Mr. Jeffries' deposition today. First, by letter dated August 12, 2003, we advised you that we would be able to take Mr. Jeffries' deposition on August 19 but noted that we were still waiting for the documents the Court had ordered your client to produce last November. We also mentioned that we would proceed with Mr. Jeffries' deposition without those documents but that it would have to be continued in progress if the documents were not produced in advance of his deposition.

On August 15, you wrote to advise that you would object to a two-part (or multi-day) deposition of Mr. Jeffries. This morning we wrote to say that your objection to a two-part deposition was noted -- but we needed to move forward with discovery as Judge Hogan had ordered. But instead of proceeding forward with Mr. Jeffries' deposition and noting for the record your objection to continuing it in progress, you chose to cancel it.

Given our time constraints and Judge Hogan's clear directions, I believe it would have been preferable to allow us to take the Plaintiff's deposition and to address with Judge Hogan the other issues surrounding the outstanding production at a later date. Since we have set aside August 25 and 26 for depositions you want in Massachusetts, it will be impossible to reschedule



Michael A. Roberts, Esq.
August 19, 2003
Page 2

Mr. Jeffries' deposition before the close of discovery. Apparently, we will have to wait until Judge Hogan rules on our Motion for Sanctions.

                                        Sincerely,

                                        William R. Ellis

WRE/smk
184078.1