UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANTS' MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION TO REVIEW** |
| Defendants. | : | **DISCOVERY ORDER** |

**I.    INTRODUCTION**

Plaintiff has objected to the majority of the Magistrate's Judge's Discovery Order (Document 69) which denied in part and granted in part his Motion for Sanctions and awarded him a monetary sanction. Defendants oppose Plaintiff's objection.

**II.    ARGUMENT**

    **A.    Defendants Have Responded To The Best Of Their Ability Regarding Plaintiff's Request For Electronic Information.**

Since the inception of this case, Plaintiff has been on a fishing expedition for what he believes is information stored electronically regarding his claim. Notwithstanding the fact that relevant information does not likely exist, the Court has recognized that the expense of accessing this information in light of the fact that DMS has changed its computer system is overburdensome and not required under the Federal Rules. Defendants have produced what claim system information it has available. The Court has thus ruled that Defendants need not respond further on this issue. Mr. Jeffries has now objected and argues that the Magistrate Judge's ruling on this issue prejudices his ability to advance his bad faith claim. Mr. Jeffries does not elaborate as to the information he believes the claim system contains which relates to

bad faith. Nonetheless, the Court has correctly ruled that should Defendants' attempt to utilize any information derived from any backup tapes at the trial of this matter, it would be proper to exclude it.

Plaintiff has questioned his ability to meet his burden of proof on the bad faith issue absent the electronic information he seeks. The fact of the matter is, the entirety of relevant information in Defendants' possession which relates to Mr. Jeffries' claim is contained in the claims file. Defendants understand that Mr. Jeffries does not choose to believe this assertion. The fact remains that it is true. Mr. Jeffries' problem in meeting his burden of proof on his bad faith claim is not the lack of electronic information; it is the lack of bad faith.

>   **B.    Mr. Jeffries' Request Regarding Shared Communications is Irrelevant and Overbroad.**

In response to Mr. Jeffries' earlier request for shared communications between Defendants, Defendants identified specific portions of its claims files that were responsive to this request. Plaintiff was not satisfied however and argued in his Motion for Sanctions that deposition testimony revealed the existence of other shared documents not contained within the claims file. The Court has ruled that Plaintiff's lack of specific reference to the deposition testimony is fatal to his motion. Rather than thoughtfully consider the Magistrate Judge's Order and identify those portions of deposition testimony which he believes identifies such documents, Mr. Jeffries has simply objected and stated that the Magistrate Judge was wrong. Defendants object.

>   **C.    Defendants have Responded to Plaintiff's Second and Third Set of Interrogatories and Document Request.**

In the Order, the Magistrate Judge accepted Defendants' representation that they have responded to Plaintiff's Second and Third Set of Interrogatories and Document Requests.

Plaintiff is dissatisfied with the responses. Defendants objected to the majority of the responses as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible information. Plaintiff also seeks private information regarding Defendants' employees which is not subject of this litigation. Rather than either narrow the scope of his request or explain to Defendants or the Court why the information he seeks is in fact relevant and/or reasonably calculated to lead to the discovery of admissible evidence, Plaintiff has simply reiterated once again his request for the information. This is improper and does not work towards solving the numerous discovery disputes which have arisen in this case. Until Plaintiff can at least articulate why he believes the information sought in his second and third discovery requests is relevant, Defendants stand by their previous responses.

**D.    Plaintiff Has Been Awarded A Monetary Sanction For His Costs Incurred in Preparing And Filing His Motion To Compel.**

In response to a previous Motion to Compel, Plaintiff was awarded his costs incurred in preparing and filing that motion. Plaintiff then submitted an Application for Attorney's Fees that exceeded $12,000.00. Although Defendants had already objected to the Order awarding the monetary sanction, the Application for Fees was clearly excessive and in gross violation of the Court's Order. To this end, the Court has enforced its earlier award and ordered that a monetary sanction in the amount of $874.00, the cost associated in preparing and filing the Motion to Compel, be awarded to Plaintiff.

Mr. Jeffries is now expending additional resources in an attempt to enforce his grossly excessive Application for Attorney's Fees. Mr. Jeffries argues that he is a poor plaintiff fighting a large insurance company. Nothing could be further from the truth. Mr. Jeffries has at every step refused to comply with the Court's Order that he produce financial information to Defendants. He has now even unilaterally cancelled his deposition in an attempt to make

Defendants abandon their efforts to enforce the Court's previous Order.  Mr. Jeffries has crossed not only the country, but the globe, in pursuit of his disability claim.  These trips were made at his own expense.  At every opportunity, Mr. Jeffries argues that Defendants have forced him to incur discovery costs and that a monetary sanction is justified.  He makes this claim while at the same time defying the discovery orders which apply to him and forcing Defendants to seek the aid of the Court in securing his deposition.  Any additional costs of discovery incurred by Plaintiff were self-inflicted.

### III.   CONCLUSION

As set forth above, the Magistrate Judge's Order of August 5, 2003 regarding the outstanding discovery issues should be sustained in its entirety.

Respectfully submitted,

William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael A. Roberts, Graydon, Head & Ritchey, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, by hand delivery this _____ day of September 2003.

_____

184728.1

- 5 -