UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ERIC L. JEFFRIES,**      CASE NO. C-1-02-351
     **PLAINTIFF**      (BECKWITH, J.)
    (HOGAN, M.J.)

**VS.**

**CENTRE LIFE INSURANCE CO.,
ET AL.,**
     **DEFENDANTS**

## ORDER

An informal and all-too-frequent discovery conference was again held in reference to yet another discovery problem in this case. The Court heard arguments of counsel and makes the following Order to resolve the disputes.

The first issue involves the deposition of Plaintiff, presently scheduled for September 10, 2003. Plaintiff argues that he should have been deposed previously in compliance with the previously extended Calendar Order. Defendant wants to depose Plaintiff for obvious reasons. The deposition will take place as scheduled.

The second issue involves Defendants' previous request and the Court's Order in agreement that Plaintiff produce certain financial information. Despite the Court's prior Order, Plaintiff argues that in light of Defendants' intervening concession that Plaintiff is, in fact, disabled, albeit mentally as opposed to physically, there is no relevance to how Plaintiff spends his money. The Court agrees. Plaintiff need not disclose the financial information previously requested unless he intends to rely upon same as proof of damages.

The third issue involves the scheduling of Defendants' employees and former employees in Massachusetts on September 22, 2003. Defendants have scheduled these depositions over a period of at least four days. Plaintiff's counsel, concerned about the cost of the trip, argues that one or two days would make efficient use of his time. The Court agrees. Those depositions should take place in Springfield, Massachusetts and should take no longer than two days.

Defendants must produce present employees.  Plaintiff should subpoena former employees, but seek to avoid wasting their time by encouraging voluntary compliance with a reasonable schedule in lieu of the time stated on the face of the subpoena.

Defendants wish to depose certain of Plaintiff's physicians.  Plaintiff argues that Defendants' failure to depose them at an earlier date constitutes a waiver.  The Court does not agree at the present time, but might agree if those depositions do not occur on or before October 15, 2003.

Lastly, this Order renders moot Plaintiff's (This is an obvious typographical error; it is meant to be Defendants') Emergency Motion to Take Depositions out of Time (Doc. 76).


September 4, 2003                               s/Timothy S. Hogan
                                                Timothy S. Hogan
                                                United States Magistrate Judge