IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| CENTRE LIFE INSURANCE CO., et. al., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REVIEW DISCOVERY ORDER CONCERNING DEFENDANTS' THIRD REQUEST FOR EXTENSION OF DISCOVERY CUTOFF**

The plaintiff, Eric L. Jeffries, hereby moves that the District Court Judge review and reverse that part of the discovery order issued by Magistrate Judge Hogan on September 4 2003, which allows defendants a third extension of time to take the depositions of lay witnesses. (*Doc. 82*). Because the relevant lay witnesses have been subpoenaed for deposition beginning Thursday, September 11, at 5:30 p.m., plaintiff further requests an immediate hearing on this request or an order staying the relevant depositions until after September 16, 2003, the date of the scheduled hearing before the District Court Judge on several discovery and procedural matters in the case. A Memorandum in Support is attached.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

_____
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

## Memorandum In Support

The plaintiff, Eric L. Jeffries, moves that the District Court Judge review and reverse that part of the discovery order issued by Magistrate Judge Hogan on September 4, 2003, which allows defendants a third extension of time to take the depositions of lay witnesses. (*Doc. 82*). For the reasons set forth below, plaintiff's objections to this Order are well taken and should be sustained.

I. *Summary Of Defendants' Discovery Tactics.*

For sixteen (16) months, defendants have refused to provide plaintiff with requested and Court ordered discovery.[1] The defendants have undertaken this strategy in order to exercise financial leverage over Mr. Jeffries, to whom they refuse to pay the very benefits they agreed to pay when they accepted Mr. Jeffries' premium checks.[2] Defendants strategy is to delay trial and out-spend Mr. Jeffries, in the hope that no trial will ever occur.

---

[1] Defendants have completely disregarded their Rule 34 discovery obligations. They ignored plaintiff's June 2002 requests initially. They ignored the Court's first informal ruling regarding their obligations. (*Doc. 16*). They ignored the Court's second informal ruling. (*Doc. 18*). They ignored the 1st Motion to Compel. (*Doc. 22*). They ignored the Court's grant of the Motion to Compel. (*Doc. 33*). And in their undecided Appeal of the Magistrate Judge's grant of the Motion to Compel, they misled the Court concerning the extent of defendants' search for information and the existence of electronic information. (*Doc. 35*). Specifically, on February 7, 2003, defendants represented to the Court that they had searched for electronic information concerning Mr. Jeffries and found none. (*Doc. 35*). Ten days later (and 8 months after the information was requested), defendants produced electronic "claim systems" information on Mr. Jeffries. This could not have possibly been an excusable oversight on defendants' part: the type of electronic claim information produced after defendants contended that there was none, is the type of information maintained electronically on every person seeking benefits from the defendants.

[2] Defendants have completely disregarded their Rule 34 discovery obligations. They ignored plaintiff's June 2002 requests initially. They ignored the Court's first informal ruling regarding their obligations. (*Doc. 16*). They ignored the Court's second informal ruling. (*Doc. 18*). They ignored the 1st Motion to Compel. (*Doc. 22*). They ignored the Court's grant of the Motion to Compel. (*Doc. 33*). And in their undecided Appeal of the Magistrate Judge's grant of the Motion to Compel, they misled the Court concerning the extent of defendants' search for information and the existence of electronic

Sixteen (16) months ago, during the conduct of the initial hearing in this case, the District Court Judge asked defendants' counsel directly, "how _quickly_ can the defendants be ready for trial." *(Emphasis added)*. It was plainly obvious to the Court that the defendants should not be given the opportunity to leverage their financial superiority to gain an advantage in this case through delay. And the Court asked its question as a forewarning that, on this already unlevel playing field, delay would not be tolerated. Contrary to the Court's warning, defendants' have gone to extraordinary lengths to stall the case and prevent discovery.

II.     *Defendants' Third Extension Request*

Sixteen months ago, shortly following the District Court's direction to expedite discovery, the Magistrate Judge set December 30, 2002, as the discovery cutoff.

Following that order, the defendants did *nothing*: (i) they didn't comply with plaintiff's Rule 34 requests and the Court's orders *(Docs. 16 and 18)*; (ii) they refused to make their witnesses available for deposition; and (iii) they refused to seek any depositions of anyone, including plaintiff. Defendants then went to the Court at the time of the discovery cutoff and requested a continuance. Defendants' first request for a continuance was granted.

Prior to the 1st extended discovery cutoff, April 30, 2003, defendants again did essentially *nothing*: (i) they did not comply with their Rule 34 obligations; (ii) they refused to make their witnesses available for deposition (filing unsuccessfully 2 motions for protective

---

information. *(Doc. 35)*. Specifically, on February 7, 2003, defendants represented to the Court that they had searched for electronic information concerning Mr. Jeffries and found none. *(Doc. 35)*. Ten days later (and 8 months after the information was requested), defendants produced electronic "claim systems" information on Mr. Jeffries. This could not have possibly been an excusable oversight on defendants' part: the type of electronic claim information produced after defendants contended that there was none, is the type of information maintained electronically on every person seeking benefits from the defendants.

order); and (iii) they neglected to request or schedule <u>any</u> deposition, including plaintiff's deposition. The defendants then once again came to the Court and requested a continuance. Defendants' second request for continuance was granted over plaintiff's objection.

### III. Because Their Conduct Is Inexcusable And Their Request Is Based On Misrepresentations, Defendants' Request For A Third Extension Should Be Denied.

The defendants now seek leave to take depositions of lay witnesses after the original discovery cutoff, after the 1st extended discovery cutoff, and after the 2nd extended discovery cutoff, August 31, 2003, have all passed. The Court should deny this request because through their own dilatory tactics and inexcusable delay, defendants have waived the opportunity to take these depositions.

Moreover, the Court should not allow defendants to take any further depositions because the argument defendants make to support their request is premised on disingenuous allegations.

In their motion for a third extension, to persuade and curry favor, the defendants disingenuously claim that the plaintiff interfered in defendants' ability to complete the depositions of lay witnesses before August 31, 2003. This is simply not true: plaintiff <u>never objected</u> to defendants taking the depositions of <u>any non-party witnesses</u> prior to the conclusion of the original, 1st extended, or 2nd extended discovery cutoffs. *Plaintiff could not object because (with the exception of <u>first</u> seeking plaintiff's deposition on August 19, 2003) defendants made <u>no</u> effort to schedule depositions prior to the original discovery cutoff, the 1st extended cutoff or the 2nd extended cutoff, August 31, 2003).*

4

The assertion in defendants' memorandum that plaintiff has "thwart[ed] efforts to schedule needed discovery" is not true. There is no evidence (letter or declaration of defendants' counsel) establishing that plaintiff has presented any obstacle whatsoever in the scheduling of non-party depositions. Defendants attempt to deceive the Court to obtain relief from their own inaction, delay, and neglect. This is improper. Defendants' following claims in support of their request for a 3rd extension to discovery, are simply not true:

- "plaintiff has continued to thwart defendants' efforts to schedule needed discovery in this case." Not surprisingly, defendants' offer no evidence of any interference posed by plaintiff in the scheduling of depositions; and

- "defendants delay in scheduling the depositions [of lay witnesses] is due only to plaintiff's counsel's continued refusal to cooperate with counsel for defense." (*Motion, p. 8*). As identified above, this assertion is utterly untrue.

## IV.   The Court's Authority.

The District Court may in its discretion impose sanctions for the "willful failure to cooperate in discovery." *Freeland v. Amigo* 103 F.3d 1221 (6th Cir. 1997).[3] In *Freeland*, the District Court issued sanctions against the plaintiff for not complying with the Court's order setting the date for the discovery cutoff. Although in that case the Sixth Circuit determined that the sanction was too severe (it in essence resulted in the dismissal of plaintiff's medical malpractice case), the Sixth Circuit held that a court may nonetheless order dismissal as a sanction against parties who fail to comply with an order. *Id.* at 1276-1277; citing, *National*

---

[3] The United States Code also recognizes that one who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy . . . the excess costs, expenses, and attorney fees reasonably incurred because of such conduct." 29 U.S.C. §1927; *Tarece Properties, Inc. v. Morriss*, 321 F.3d. 545 (6th Cir. 2003).

5

*Hockey League v. Metropolital Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S. Ct. 2778, 2780, 49 W. Ed. 2d 747 (1976).

The Sixth Circuit's four-factor test[4], which applies in determining whether to impose sanctions is easily met in this case:

- First: defendants made no effort to take depositions before the original, 1st extended, or 2nd extended discovery cutoff;

- Second: plaintiff is prejudiced by defendants' dilatory tactics both in terms of cost (the litigation has been extended by over 1 year) and because plaintiff cannot seek any further discovery, should that need arise as the result of the scheduled depositions;

- Third: defendants have not only been previously warned but have in fact already been sanctioned for their dilatory conduct in the discovery phase of this case; and

- Fourth: less severe sanctions have already been imposed, now a more sever sanction is warranted.

In sum, defendants' intentional, inexcusable, and dilatory tactics have cost Mr. Jeffries an additional year of litigation, and the Court should not permit defendants any exception to the requirement that they have completed discovery prior to the 2nd extended discovery cutoff, August 31, 2003. The preclusion of any further non-party depositions is a sanction that is warranted at this time. See, e.g., *Ware v. Radale Press, Inc.*, 322 F.3d 218 (3rd Cir. 2003); *Regional Refus Systems, Inc. v. Inland Reclamation Company*, 842 F.2d 150 (6th Cir. 1988); *Taylor v. Medtronics, Inc.*, 861 F.2d 980 (6th Cir. 1988); *Keefer v. Provident Life and Accident Insurance Company*, 238 F.3d 937 (8th Cir. 2000).

---

4   *Freeland*, 103 F.3d at 1277-1281.

## Conclusion

In contravention of the Court's April 2002 forewarning to expedite discovery, defendants have gone to extraordinary lengths to derail and delay discovery in this case. Now, in support of a 3rd request for extension of the discovery cutoff, the defendants make numerous untrue assertions.

Earlier, the Magistrate Judge awarded plaintiff $834 for defendants' obstruction, delay, and disregard of discovery obligations. This "penalty" pales in comparison to the cost to Mr. Jeffries of an additional year of litigation, which has resulted from defendants' improper strategy. But for defendants' behavior, the trial of this case should have already taken place (as it was originally scheduled) – as it is, despite 16 months of trying, Mr. Jeffries hasn't been afforded the opportunity to depose the defendant Centre Life.

The Court should deny defendants' third requested extension of the discovery cutoff.

Respectfully submitted,

OF COUNSEL

_____
Michael A. Roberts, Esq. (0047129)

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

## CERTIFICATE OF SERVICE

The foregoing was delivered via facsimile and regular mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 11th day of September, 2003.

_____

353183.1

7