UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

03 SEP 12 PM 1:57

| | |
|---|---|
| ERIC L. JEFFRIES, | Case No. C-1-02-351 |
| Plaintiff, | |
| | (Judge Beckwith) |
| vs. | (Magistrate Judge Hogan) |
| CENTRE LIFE INSURANCE COMPANY, et al., | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION** |
| Defendants. | |

## I.   INTRODUCTION

On August 15, 2003 Plaintiff filed what he titled an Omnibus Memorandum Opposing Defendants: (1) Motion for Protective Concerning the Deposition Transcript of Andrew Cohen; (2) Motion to Strike the Declaration of Mark Geier; and (3) Motion for Sanctions. As a threshold matter, Plaintiff's opposing memorandum on all three Motions is untimely. The Motion for Protective Order was filed May 30, 2003, the Motion for Sanctions was filed July 10, 2003, and the Motion to Strike was filed July 23, 2003. Plaintiff's failure "to file a memorandum in opposition may be cause for the Court to grant any Motion as filed." S.D. Ohio Civ. R. 7.2(a)(2). Second, these Motions have already been argued to the Court. Plaintiff's attempt to reargue these issues post-hoc is irrelevant and further muddies already churned discovery waters. Defendants therefore move that Plaintiff's Omnibus Memorandum be stricken. If it is considered, however, Defendants offer the following response.

## II.   ARGUMENT

### A.   The Deposition Transcript of Andrew Cohen Should Be Filed Under Seal.

Defendants have moved to protect the proprietary nature of portions of Mr. Cohen's deposition testimony. Plaintiff has questioned Mr. Cohen regarding information which impacts

the financial and competitive position of Defendants. Plaintiff argues that the public has a right to this information and challenges Defendants' assertions that the information is proprietary. This is yet another attempt by Plaintiff to impede the progress of this case. There is no harm to Plaintiff if these identified portions of Mr. Cohen's deposition testimony are filed under seal. Instead, he has chosen to pick yet another fight with Defendants. Plaintiff himself has argued that certain information ordered by the Court to be produced by him is private and confidential. To this end, Defendants had been willing to sign a reasonable protective order. Rather than sign the protective order however, Plaintiff has chosen to ignore the Court's Order and still has not produced the financial information ordered to be produced to Defendants almost a year ago. Plaintiff is quick to rely on the confidentiality of documents as it applies to him and challenge that of Defendants. This is an unnecessary and time-consuming dispute.

**B.     The Declaration Of Dr. Mark Geier Must Be Stricken.**

This is another non-issue raised by Plaintiff. As set forth in the Motion to Strike, Dr. Geier's declaration takes comments of defense counsel out of context. The statement offered by Dr. Geier is incomplete and does not represent the exchange between Dr. Geier and defense counsel. Dr. Geier's declaration was submitted merely to inflame.

Moreover, Dr. Geier's declaration is not evidence of Defendants' bad faith. This was a statement of counsel. Even if it is taken out of context as done by Plaintiff, it has no bearing on the handling of Plaintiff's claim by his insurance company. If counsel for Plaintiff truly believes that counsel for Defendants acted improperly or unethically he has an obligation to report such conduct to the Bar Association. To attempt to use out of context statements of counsel as evidence of bad faith further illustrates his inability to meet his burden of proof on the bad faith claim.

### C. Defendants' Motion For Sanctions Must Be Sustained.

Plaintiff has ignored the Court's Order of November 8, 2002 which ordered him to produce his financial information. This information is required to fully prepare for Plaintiff's deposition. A hearing was held before the Magistrate Judge on September 4, 2003 but an Order has not yet been filed. In any event, Defendants anticipate objecting to the Magistrate's Order and this issue is not yet resolved.

### III. CONCLUSION

These Motions have already been argued to the Court. Plaintiff's Omnibus Memorandum is untimely and irrelevant. Defendants therefore move to strike the Omnibus Motion. If the Motion is considered, it must be denied as set out herein.

Respectfully submitted,

_____
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael A. Roberts, Graydon, Head & Ritchey, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, by regular U.S. Mail this 12th day of September 2003.

_____

185652.1