IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | |
| Defendants. | ) | |

PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff and the defendants have each filed competing motions for partial summary judgment on the issues of: (i) Mr. Jeffries' cooperation; and (ii) defendants' bad faith. Defendants filed their motion seeking judgment on the bad faith claim prior to the deadline for the exchange of expert reports.

At the deadline for exchanging expert reports, August 15, 2003, the plaintiff provided defendants with the expert report of Mary Fuller, a bad faith and disability insurance practices expert. (*See, Tab A*). On the basis of Ms. Fuller's report and findings, it is clear that plaintiff's motion for partial summary judgment should be sustained and defendants' competing motion denied.

Some of Ms. Fuller's conclusions include the opinion that defendants failed to comply with industry standards and acted in bad faith in the administration of Mr. Jeffries' claim by:

- Failing to investigate fully the relevant and applicable facts;

1

- Failing to fairly consider all information obtained including that which tends to favor claim payment or continuation as well as that which tends to favor declination or termination;

- Failing to promptly and timely pay benefits owed under the policy ("throughout the claim, benefits were threatened to be withheld or were withheld from Mr. Jeffries with no legitimate basis");

- Failing to establish and maintain procedures for the purpose of guaranteeing compliance with these obligations; and

- Failing to know and understand the applicable laws of controlling jurisdiction and to administer their insured's claims accordingly.

In further support of defendants' bad faith is the Declaration of Dr. Mark Geier. (*Doc. 67*). Dr. Geier testified that notwithstanding defendants' intention to attempt to persuade the jury that Mr. Jeffries suffers from a mental disorder, the defendants are really refusing benefits because they believe that Mr. Jeffries planned this whole affair -- even <u>before</u> Mr. Jeffries received his hepatitis vaccination and since that time has feigned illness. Accordingly, defendants themselves don't believe their own expert – they are simply presenting a defense of convenience – they really believe Mr. Jeffries is extraordinarily calculating and devious.

### Conclusion

Plaintiff's motion for partial summary judgment should be sustained and defendants' motion for partial summary judgment denied.

Respectfully submitted,

OF COUNSEL                          _____
                                    Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP          GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center             511 Walnut Street, Suite 1900
511 Walnut Street                   Cincinnati, Ohio 45202
Cincinnati, Ohio 45202              (513) 629-2799
(513) 621-6464                      (513) 651-3836 (fax)

2

email:mroberts@graydon.com<br>
*Attorneys For Plaintiff*

**CERTIFICATE OF SERVICE**

The foregoing was delivered, via email and regular mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 15th day of September, 2003.

_____