UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, et al., | : | **DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ENTERED SEPTEMBER 7, 2003** |
| Defendants. | : | |

## I.  INTRODUCTION

On November 8, 2002 the Court ordered Plaintiff to fully respond to Defendants' First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 18). Included in the document request was Document Request No. 21 which sought financial and credit card information of Plaintiff. Without elaboration, the Court ordered that Plaintiff provide complete responses to Defendants' document requests. In its Order entered September 7, 2003 the Court reverses itself on this position and has accepted Plaintiff's argument that the financial information is no longer relevant. Defendants object and respectfully request that the Magistrate Judge's Order on this point be reversed.

## II.  ARGUMENT

Document Request No. 21 asked Plaintiff to produce all documents and things which: "pertain, refer, or relate to your credit card purchases and/or debit card purchases, credit lines, and checking accounts and money market accounts for the past five years including, but not limited to, all credit card statements, debit card statements, bank statements or the like. . . ."

Plaintiff objected but, in its November 8, 2002 Order, the Court ordered Plaintiff to provide, in pertinent part, "complete responses" to request number 21. To date, Plaintiff has refused.

On December 11, 2002, counsel for Jeffries, in spite of the Court's Order, reiterated his refusal to provide Mr. Jeffries' financial information. After unsuccessful negotiations with Plaintiff's counsel, Defendants served a proposed Protective Order on May 13, 2003 and asked Plaintiff to respond.

Although not ordered to do so, Defendants were willing to enter into a protective order which would preserve the confidentiality of Mr. Jeffries' financial information. Plaintiff never responded to Defendants' request. Defendants sent a second letter on May 23, 2003 and asked Plaintiff to respond by May 29, 2003 as to the status of the proposed Order. Plaintiff ignored each of these requests. On July 10, 2003 Defendants filed a Motion for Sanctions and sought to compel production of the financial information.

Despite the fact that Plaintiff had not provided needed discovery, Mr. Jeffries' deposition was scheduled for August 19, 2003. One week before that counsel for Defendants again asked Plaintiff to provide discovery responses and advised that if the information was not received, the deposition would need to be continued in progress. (8/12/03 correspondence to Roberts from Burrell). Plaintiff responded by stating that the financial information was no longer relevant. When Defendants refused to waive their rights to review Mr. Jeffries' financial information, Mr. Jeffries unilaterally cancelled his deposition.

Before his deposition Plaintiff attempted to secure Defendants' agreement to no longer seek the financial information. In effect, Plaintiff refused to appear for his deposition unless Defendants would agree not to enforce the Court's Order that he produce his financial information. Defendants then had to involve the Court in order to compel Plaintiff's deposition

to go forward. Although the Court ordered Plaintiff's deposition to proceed, it accepted Plaintiff's argument that his financial information was no longer relevant. As established herein, this conclusion was incorrect. Plaintiff's financial situation is very much a consideration in this case and the financial information must be produced as ordered.

Plaintiff has in effect profited by his delay and blatant disregard of the Court's November 8, 2002 Order. Rather than respond to the Order and work with Defendants in finalizing the protective order <u>he</u> requested, Plaintiff chose to ignore the Court's Order. He then attempted to condition his deposition on Defendants' agreement to no longer seek his financial information. Plaintiff argues that following the Court-ordered medical examinations, the issue became whether he is disabled by a physical or mental malady. He argues that his financial information is not relevant to this analysis. In fact, Plaintiff's financial information will objectively illustrate the level of his physical activities. Plaintiff's activities and ability or inability to participate in those physical activities directly addresses the issue of whether he is disabled by a physical or mental ailment.

Dr. Hartings has diagnosed Mr. Jeffries with obsessive-compulsive personality disorder and severe somatization disorder. Review of Plaintiff's financial documents is essential to accurate evaluation of his activities. Dr. Hartings has opined that Mr. Jeffries has obsessive-compulsive disorder and somatization disorder which have manifested themselves in his pursuit of a physical ailment. During Plaintiff's deposition it has been discovered that he has seen more doctors than previously disclosed to Defendants. Moreover, an initial review of some additional medical records have indicated that many times Mr. Jeffries paid for medical treatment out of his own pocket. In at least one event, Mr. Jeffries used a Visa card to pay for an MRI. Review of Mr. Jeffries' credit and financial information will illustrate his activities and the

extent to which his obsession with his health continued.  Additionally, review of Mr. Jeffries' financial and credit information will reveal if he is engaged in any other occupation or utilizing occupational skills.  Mr. Jeffries testified in deposition that he has not filed a tax return for 2001 or 2002.  He also refused to answer any question regarding his finances.  Mr. Jeffries' financial records may reveal, for example, his ability to manage his own finances.  This is a man who has coordinated national and international trips out of his own pocket to meet with physicians and discuss his ailments.  His financial records will demonstrate both his activities and his ability to manage the funds from which he draws the large sums needed to finance these travels and consultations.  The only way to accurately ascertain his financial situation therefore is review of the credit and bank and financial statements previously ordered to be produced.  These documents are relevant to analysis of Mr. Jeffries' activities.

### III.    CONCLUSION

Mr. Jeffries' claim that his financial information is irrelevant is yet another attempt by him to filter the information available to Defendants.  Mr. Jeffries' financial information certainly is relevant and will reveal what he does with his time and abilities.  He chose to ignore the Court's November 8, 2002 Order and has essentially argued that due to the passage of time the need for the information is stale.  Defendants' need for the information remains and

Defendants respectfully request that the Magistrate's Order with regard to production of Mr. Jeffries' financial information be reversed.

                Respectfully submitted,

                s/Peter M. Burrell
                William R. Ellis (0012279)
                Peter M. Burrell (0044139)
                Amy Gasser Callow (0063470)
                Wood & Lamping LLP
                600 Vine Street, Suite 2500
                Cincinnati, OH  45202-2491
                (Telephone) (513) 852-6000
                (Facsimile) (513) 852-6087

                Attorneys for Defendants
                Massachusetts Casualty Insurance Company
                and Disability Management Services, Inc.

- 6 -

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 17th day of September 2003.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                             s/Peter M. Burrell
                                             Peter M. Burrell, Esq.

186612.1