IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric Jeffries,                )
                              )
              Plaintiff,      ) Case No. C-1-02-351
                              )
    vs.                       )
                              )
Centre Life Insurance Co.,    )
et al.,                       )
                              )
              Defendants.     )

O R D E R

This matter is before the Court on cross-motions for summary judgment filed by Plaintiff Eric Jeffries (Doc. No. 42) and Defendant Centre Life Insurance Company (Doc. No. 51). For the reasons that follow, both parties motions are **DENIED WITHOUT PREJUDICE TO RENEW.**

Plaintiff in this case claims he is entitled to monthly disability insurance benefits under a policy issued by Defendant because he became physically disabled as result of a reaction to hepatitis vaccinations. Defendant disputes that Plaintiff is physically disabled, although it now has concluded that Plaintiff is disabled as a result of a mental or psychological condition. Under the terms of the policy, however, disability as a result of psychological condition only obligates Defendant to pay Plaintiff benefits for twenty-four months, whereas a physical disability requires Defendant to pay Plaintiff through age 67. Defendant has made a total of 39 monthly payments to Plaintiff.

As is relevant here, Defendant made payments for a period of time, but then suspended them because Plaintiff refused

to submit to an independent medical examination, as he was required to do by the contract.  Plaintiff then filed this lawsuit to, inter alia, compel Defendant to resume making benefits payments because of his alleged physical disability.  Defendant did resume making monthly payments when Plaintiff initially agreed to submit to an IME, but then suspended them again after Plaintiff balked at attending an examination on February 14, 2002.  According to Plaintiff, since this time he has been the model of cooperation when it comes to submitting to medical examinations by Defendant's physicians.

This sequence of events led to Plaintiff filing a first motion for summary judgment which argued that he had cooperated fully with Defendant's efforts to have an IME performed and that, therefore, Defendant was not entitled to suspend his benefits for failure to cooperate.  On January 15, 2003, Magistrate Judge Hogan issued a Report and Recommendation (Doc. No. 30) which essentially concluded that Plaintiff's initial resistance to submitting to an IME was unreasonable, but that this conduct did not constitute an anticipatory breach of the contract because his position was not irrevocable and Defendant had not been prejudiced at that point.  Neither side filed objections to that Report and Recommendation.

Plaintiff's second motion for partial summary judgment (Doc. No. 42), now before the Court, describes, according to him, how he has been reasonable and cooperated with Defendant since this lawsuit was filed in May 2002, and that Defendant cannot now

raise failure to cooperate as a defense to performing the contract. In its motion for summary judgment (Doc. No. 51), Defendant wants the opposite declaration - that it did not act in bad faith in suspending Plaintiff's benefits on the grounds that he failed to cooperate with an IME.

In response to these motions, the Court notes that discovery has not yet been completed and both parties' motions on the issue of cooperation and bad faith are rather perfunctory. The parties, Plaintiff more so than Defendant, essentially ask the Court to examine discrete incidents and then declare whether each separate action was taken in good faith or in bad faith, and thus apparently eliminating that incident from consideration. Although certainly a single action could constitute a material breach of a party's obligation under the contract, determining whether a party acted in good faith would seem to require analysis of the party's overall course of conduct or course of performance of the contract. See Asmaro v. Jefferson Ins. Co., 574 N.E.2d 1118, 1123-24 (Ohio Ct. App. 1989) ("[T]he insurer's actions must be based on circumstances that furnish reasonable justification for the refusal to pay.")(emphasis added)(internal quotation marks omitted); Williams v. Healthamerica, 535 N.E.2d 717, 718 syl. 1 (Ohio Ct. App. 1987) ("Acts which evidence a course of conduct by an insurer of disregarding its duties to an insured are sufficient to raise an issue of fact for a jury as to an insurer's lack of good faith."). As of yet, the record has not been fully fleshed out nor has each party's actions in

performing or not performing the obligations under the contract been placed in any overall context. The Court declines to examine, as the case unfolds, a seriatim series of motions for summary judgment on each party's alleged good faith and cooperation with the other. There will be ample opportunity to file appropriate motions on these topics when discovery is finally completed.

Accordingly, both motions for summary judgment are denied without prejudice to renew after the close of discovery.

**IT IS SO ORDERED**

Date September 18, 2003              /s Sandra S. Beckwith
                                     Sandra S. Beckwith
                                     United States District Judge