UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **FIRST AMENDED ANSWER OF** |
| et al., | : | **DEFENDANT CENTRE LIFE** |
| | : | **INSURANCE COMPANY TO THE** |
| Defendants. | : | **VERIFIED COMPLAINT OF** |
| | : | **ERIC L. JEFFRIES AND** |
| | : | **COUNTERCLAIM** |

Defendant Centre Life Insurance Company (hereinafter "Centre Life"), by and through Counsel, Wood & Lamping LLP, states for its answer to the Verified Complaint of Plaintiff Eric L. Jeffries (hereinafter "Jeffries") as follows:

*Preliminary Statement:* Centre Life denies each and every allegation contained in the "preliminary statement" portion of the Verified Complaint.

 1. Centre Life admits that Jeffries is a resident of Hamilton County, Ohio.

 2. Centre Life admits that it is a corporation that does business and sells insurance in Ohio and Hamilton County. Further answering, Centre Life admits that, in 1996, it purchased from Massachusetts Casualty Insurance Company ("MCIC") all of the rights and obligations held by MCIC under the policy of disability insurance sold by MCIC to Jeffries. Centre Life denies all remaining allegations contained in paragraph 2 of the Verified Complaint.

 3. Centre Life admits that Disability Management Services, Inc. ("DMS"), at times pertinent to the facts alleged in the Verified Complaint, DMS acted as the third party

administrator of the policy of disability insurance sold by MCIC to Jeffries. Further answering, Centre Life denies all remaining allegations contained in paragraph 3 of the Verified Complaint.

4. Centre Life admits that, the present case having been removed, jurisdiction before the Federal District Court for the Southern District of Ohio, Western Division, is appropriate. Further answering, Centre Life denies all remaining allegations contained in paragraph 4 of the Verified Complaint.

5. Centre Life is without information sufficient to form a belief as to the allegations contained in paragraph 5 of the Verified Complaint.

6. Centre Life is without information sufficient to form a belief as to the allegations contained in paragraph 6 of the Verified Complaint.

7. Centre Life denies each and every allegation contained in paragraph 7 of the Verified Complaint.

8. Centre Life denies each and every allegation contained in paragraph 8 of the Verified Complaint.

9. Centre Life states that the job description attached as Exhibit 2 to the Verified Complaint speaks for itself. Further answering, Centre Life denies the remaining allegations contained in paragraph 9 of the Verified Complaint.

10. Centre Life is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the verified Complaint.

11. Centre Life denies each allegation contained in paragraph 11 of the Verified Complaint.

12. Centre Life Admits that Jeffries purchased a policy of disability insurance from MCIC on or about April 1, 1996.

13. Centre Life denies each and every allegation contained in paragraph 13 of the Verified Complaint.

14. Centre Life denies each allegation contained in paragraph 14 of the Verified Complaint.

15. Centre Life denies each allegation contained in paragraph 15 of the Verified Complaint.

16. Centre Life admits that as of May 15, 2003, after independent medical examinations were received and reviewed, Centre Life has determined that Mr. Jeffries is totally disabled in his occupation due to a mental disorder as defined in his policy. Centre Life denies all other allegations contained in paragraph 16 of the Verified Complaint.

17. Centre Life admits that, in February of 1999, Jeffries made a claim to MCIC for disability benefits under the policy of insurance that had previously been issued by MCIC. As of May 15, 2003 after necessary IMEs were received and reviewed, all benefits due to Mr. Jeffries under his MCIC policy have been paid. Further answering, Centre Life denies each remaining allegation contained in paragraph 17 of the Verified Complaint.

18. Centre Life states that the terms of the pertinent policy of disability insurance speak for themselves and therefore denies the allegations in paragraph 18 since said definitions are not stated in full.

19. Centre Life denies each allegation contained in paragraph 19 of the Verified Complaint. Further answering, Centre Life admits that Mr. Jeffries is disabled due to a mental disorder and that all benefits due to him under the Policy have been paid.

20. Centre Life is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Verified Complaint.

21. Centre Life is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the verified Complaint.

22. Centre Life denies each allegation contained in paragraph 22 of the Verified Complaint.

23. Centre Life admits that DMS investigated the validity of Jeffries' claimed impairment. Further answering, Centre Life denies the remaining allegations contained in paragraph 23 of the Verified Complaint.

24. Centre Life admits that, in accordance with applicable legal and industry standards, DMS investigated the validity of Jeffries' claimed impairment. Further answering, Centre Life denies the remaining allegations contained in paragraph 24 of the Verified Complaint.

25. Centre Life denies each allegation contained in paragraph 25 of the Verified Complaint.

26. Centre Life denies each allegation contained in paragraph 26 of the Verified Complaint.

27. Centre Life admits that, in March of 2000, DMS issued a check for disability benefits to Jeffries under a reservation of rights. Further answering, Centre Life denies each remaining allegation contained in paragraph 27 of the Verified Complaint.

28. Centre Life denies each allegation contained in paragraph 28 of the Verified Complaint.

29. Centre Life denies each allegation contained in paragraph 29 of the Verified Complaint.

30. Centre Life denies each allegation contained in paragraph 30 of the Verified Complaint.

31. Centre Life denies each allegation contained in paragraph 31 of the Verified Complaint.

32. Centre Life denies each allegation contained in paragraph 32 of the Verified Complaint.

33. Centre Life denies each allegation contained in paragraph 33 of the Verified Complaint.

34. Centre Life denies each allegation contained in paragraph 34 of the Verified Complaint.

35. Centre Life admits that on or about August 14, 2000 counsel for Jeffries authored a letter wherein it was stated that Jeffries had been diagnosed with cancer. Further answering, Centre Life denies the remaining allegations contained in paragraph 35 of the Verified Complaint.

36. Centre Life denies each allegation contained in paragraph 36 of the Verified Complaint.

37. Centre Life states that exhibit 8 to the Verified Complaint speaks for itself. Further answering, Centre Life denies each allegation contained in paragraph 37 of the Verified Complaint.

38. Centre Life admits that benefits were paid to Jeffries under a reservation of rights. Further answering, Centre Life denies each allegation contained in paragraph 38 of the Verified Complaint.

39. Centre Life denies each allegation contained in paragraph 39 of the Verified Complaint.

40. Centre Life denies each allegation contained in paragraph 40 of the Verified Complaint.

41. Centre Life denies each allegation contained in paragraph 41 of the Verified Complaint.

42. Centre Life denies each allegation contained in paragraph 42 of the Verified Complaint.

43. Centre Life denies each allegation contained in paragraph 43 of the Verified Complaint.

44. Centre Life denies each allegation contained in paragraph 44 of the Verified Complaint.

45. Centre Life admits that Mr. Jeffries refused to attend the medical examination DMS requested. Centre Life denies the remaining allegations contained in paragraph 45 of the Verified Complaint.

46. Centre Life denies each allegation contained in paragraph 46 of the Verified Complaint.

47. Centre Life denies each allegation contained in paragraph 47 of the Verified Complaint.

48. Centre Life denies each allegation contained in paragraph 48 of the Verified Complaint.

49. Centre Life admits that, as of February 25, 2002, the waiver of premium provision of the pertinent policy of insurance had expired. Centre Life is without information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Verified Complaint.

50. Centre Life is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Verified Complaint.

51. Centre Life incorporates by reference its responses to each of the above allegations as if fully restated herein.

52. Centre Life denies each allegation contained in paragraph 52 of the Verified Complaint.

53. Centre Life denies each allegation contained in paragraph 53 of the Verified Complaint.

54. Centre Life incorporates by reference its responses to each of the above allegations as if fully restated herein.

55. Centre Life admits that Ohio Law recognizes the duty of an insurer to administer an insurance claim in good faith. Further answering, Centre Life denies each remaining allegation contained in paragraph 55 of the Verified Complaint.

56. Centre Life denies each allegation contained in paragraph 56 of the Verified Complaint.

57. Centre Life denies each allegation contained in paragraph 57 of the Verified Complaint.

58. Centre Life denies each allegation contained in paragraph 58 of the Verified Complaint.

59. Centre Life denies each allegation contained in paragraph 59 of the Verified Complaint.

60. Centre Life denies each allegation contained in paragraph 60 of the Verified Complaint.

61. Centre Life denies each allegation contained in paragraph 61 of the Verified Complaint.

62. Centre Life incorporates by reference its responses to each of the above allegations as if fully restated herein.

63. Centre Life denies each allegation contained in paragraph 63 of the Verified Complaint.

64. Centre Life denies each allegation contained in paragraph 64 of the Verified Complaint.

65. Centre Life incorporates by reference its responses to each of the above allegations as if fully restated herein.

66. Centre Life denies each allegation contained in paragraph 66 of the Verified Complaint.

67. Centre Life denies each allegation contained in paragraph 67 of the Verified Complaint.

68. Centre Life incorporates by reference its responses to each of the above allegations as if fully restated herein.

69. Centre Life denies each allegation contained in paragraph 69 of the Verified Complaint.

70. Centre Life denies each allegation contained in paragraph 70 of the Verified Complaint.

71. Centre Life incorporates by reference its responses to each of the above allegations as if fully restated herein.

72. Centre Life denies each allegation contained in paragraph 72 of the Verified Complaint.

## First Affirmative Defense

73. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

74. Centre Life has breached no duty, fiduciary or otherwise, owed to the Plaintiff.

## Third Affirmative Defense

75. Jeffries has breached the terms of the pertinent policy of insurance thereby vitiating his right, if any, to receive the payment of benefits under the terms of the policy by, among other things, refusing to submit to an independent medical examination and in refusing to provide authorizations for the release of pertinent information.

## Fourth Affirmative Defense

76. Centre Life denies each and every allegation not specifically admitted herein.

## Fifth Affirmative Defense

77. DMS is not a proper party to the present lawsuit.

## Sixth Affirmative Defense

78. Plaintiff has received all benefits to which he is entitled and his claim is barred by the doctrine of accord and satisfaction.

## Seventh Affirmative Defense

79. Centre Life reserves the right to supplement or amend its Affirmative Defenses as discovery progresses.

**COUNTERCLAIM**

Now comes Defendant Centre Life, by and through its counsel, and for its Counterclaim to the Verified Complaint of Eric L. Jeffries states as follows:

1. Centre Life Insurance Company hereby incorporates, as if fully rewritten herein, its first amended answers and affirmative answers to the Verified Complaint of Plaintiff Eric L. Jeffries.

2. In February 1999, Disability Management Services, Inc., acting as third-party administrator for Defendant Centre Life received the notice of claim from Mr. Jeffries. DMS began its investigation of Mr. Jeffries' claim.

3. Throughout the course of Mr. Jeffries' claim, a firm diagnosis has evaded his doctors. Although Mr. Jeffries submitted numerous medical records and affidavits in support of his claim of disability, several of these physicians had concluded that although they believed something was wrong with Mr. Jeffries, they could not definitively diagnose what. These physicians also noted that the majority of Mr. Jeffries' objective medical tests were normal.

4. In August 2001, DMS exercised its right under the terms of Mr. Jeffries' policy to have a medical examination conducted by a physician of its choosing. Specifically, DMS asked Mr. Jeffries to be evaluated by Dr. Kathleen Hart, a neuropsychologist. Mr. Jeffries objected to Dr. Hart's examination.

5. Mr. Jeffries asked that DMS review the neuropsychological evaluation of Dr. Sheila Bastin before it required an examination by a physician of its own choosing. DMS did so and had such report reviewed by Dr. Mitchell Clinosky. Dr. Clinosky had several questions for Dr. Bastin which she refused to answer. Following Dr. Clinosky's review, DMS once again requested that Mr. Jeffries be examined by Dr. Hart.

6.       In February 2002, Mr. Jeffries again refused examination by Dr. Hart.

7.       In light of Mr. Jeffries' refusal to attend a medical examination as required under his policy, DMS suspended payment of benefits to Mr. Jeffries.  In March 2003, following Court Order, Mr. Jeffries completed a neuropsychological examination with Michael F. Hartings.  In February 2003, Mr. Jeffries was also examined by Newton Bullard, M.D.

8.       Dr. Hartings has concluded that Mr. Jeffries is totally disabled in his occupation due to severe obsessive compulsive personality disorder and a somatization disorder.

9.       Mr. Jeffries' policy provides a limitation for disability due to mental disorder and/or substance abuse disorder.  Specifically:

> Mental Disorder and/or Substance Abuse Disorder Limitation:  If a Total Disability or other covered loss is due to a Mental Disorder and/or Substance Abuse Disorder, the number of months for which any benefits for Total Disability shall be payable under the Policy during the lifetime of the Insured shall not exceed in the aggregate a total of 24 months.

10.      Mr. Jeffries has been paid a total of 39 months for his claim.

11.      Mr. Jeffries has been paid the maximum benefit period allowed under the policy.

12.      Mr. Jeffries' benefits have been overpaid in an amount in excess of $181,995.00.

WHEREFORE, Defendant Centre Life Insurance Company demands judgment against Eric L. Jeffries in the amount totalling the excess benefits which he has received, $181,995.00 and all other damages to which the Court determines Centre Life is entitled.

Respectfully submitted,

s/Peter M. Burrell
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

- 13 -

## **Jury Demand**

Defendant demands a jury on all issues triable to a jury.

                                                                                                         s/Peter M. Burrell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 22nd day of September 2003 and by regular U.S. Mail. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and by regular U.S. Mail. Parties may access this filing through the Court's system.

s/Peter M. Burrell<br>
Peter M. Burrell, Esq.

178749.1