IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
|     Plaintiff, | ) : | JUDGE BECKWITH<br>Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., | ) : | |
|     Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM**

*Preliminary Statement.* The plaintiff, Eric L. Jeffries, purchased and paid premiums on a long term disability insurance policy with Massachusetts Casualty Insurance Company, which is now known as Centre Life Insurance Company ("Defendant").

Defendant concedes that Mr. Jeffries is disabled under the Policy, but in its September 22, 2003, Counterclaim contends that Mr. Jeffries is disabled due to somatization disorder and obsessive compulsive disorder, rather than the physical disorder diagnosed by Mr. Jeffries' physicians. Defendant asserts this as a defense (and in support of its counterclaim) even though its expert, Dr. Mitchell Clionsky, has previously testified that Mr. Jeffries, in Dr. Clionsky's opinion and to a reasonable degree of medical/psychological certainty, does not suffer from obsessive compulsive disorder.

It would appear, therefore, that the Counterclaim does not comport with Fed. R. Civ. P. Rule 11. Regardless, in response to each assertion in the Counterclaim, Mr. Jeffries:

    1.    Denies all assertions contained within Paragraph 1 of the Counterclaim which are inconsistent with the allegations of his Complaint.

    2.    Admits the allegations of the first sentence of paragraph 2 of the Counterclaim.

    3.    Denies the allegations of paragraphs 3, 4, 5, 6, 7, 8, 10, 11, and 12 of the Counterclaim.

    4.        States that no response is required to paragraph 9 of the Counterclaim.

    5.        Denies all allegations of the Counterclaim not specifically admitted above.

WHEREFORE, since Mr. Jeffries' physical illness prevents him form performing the material and substantial duties of his Occupation, the Court should order defendant to pay Mr. Jeffries: (i) all past due benefits (through the date of judgment); (ii) declare Mr. Jeffries permanently disabled and order defendants to pay benefits directly to Mr. Jeffries until his 67th birthday; (iii) interest (pre and post judgment at 10%); (iv) compensatory damages; (v) punitive damages; and (vi) attorney fees. Mr. Jeffries also requests any and all other legal or equitable relief available and all other relief the Court deems appropriate.

Dated: September 26, 2003                          Respectfully submitted,

OF COUNSEL:

|  |  |
|---|---|
| GRAYDON HEAD & RITCHEY LLP | s/Michael A. Roberts |
| 1900 Fifth Third Center | Michael A. Roberts, Esq. (0047129) |
| 511 Walnut Street | GRAYDON HEAD & RITCHEY LLP |
| Cincinnati, Ohio  45201 | Trial Attorney for Plaintiff |
| (513) 621-6464 | 1900 Fifth Third Center |
|  | 511 Walnut Street |
|  | Cincinnati, Ohio  45201 |
|  | (513) 629-2799 |
|  | (513) 651-3836 – fax |
|  | email:mroberts@graydon.com |

**CERTIFICATE OF SERVICE**

The foregoing was delivered, via regular U.S. Mail postage prepaid to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 26th day of September, 2003.

                                                    s/Michael A. Roberts