IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S
MOTION TO REVIEW DISCOVERY ORDER

This Court should deny defendant Centre Life's appeal of that part of the Magistrate Judge's discovery Order (*Doc. 82*) which restricts defendant's access to Mr. Jeffries' private financial information. The Magistrate Judge's decision was correct and certainly not an abuse of discretion.

As the result of his medical illness, Mr. Jeffries is unable to work in his former occupation. But despite its agreement to pay disability insurance benefits, the defendant refused to pay benefits to Mr. Jeffries prompting this suit.

When it filed its original Answer, the defendant asserted that Mr. Jeffries was not disabled, and it requested that Mr. Jeffries provide it with copies of his family's private financial information. Mr. Jeffries objected to the production of this information.

In November 2002, when Mr. Jeffries' objection to the production of his family's private financial information first came before the Magistrate Judge, the defendant argued that it needed access to Mr. Jeffries' private financial information because (as defendant theorized) it

1

would show that Mr. Jeffries is not disabled. The Magistrate Judge accepted this argument and permitted the disclosure of this information. Thereafter, the parties worked to come to an understanding as to the terms of a protective order.[1] During the course of those negotiations, the defendant conceded that Mr. Jeffries is disabled.[2]

As the result of defendant's concession, the parties' dispute is no longer whether Mr. Jeffries is disabled: the defendant concedes that he is. Other than the issue of defendant's bad faith, this dispute now only concerns the cause of Mr. Jeffries' disability. And contrary to defendant's present argument (that "plaintiff's financial situation is very much a consideration in this case"), at a July 11, 2003, hearing, while attempting to excuse its withholding of certain communications, defendant's counsel informed the Court:

> "I hardly think that . . . [Mr. Jeffries' discovery requests at issue] have absolutely anything to do with the fact that a decision has now been made that Mr. Jeffries is disabled by a mental illness as opposed to a physical ailment . . . this has been an onslaught of wasted time and wasted paper and wasted discovery . . . trying to find something to talk about when there's only one issue in this case: Is the disability mental or physical? . . . we are chasing our tail on this discovery stuff, which is a complete distraction from the one and only issue in this case: Is he disabled by a physical ailment or is he disabled by a mental condition? . . . It just depends on whose experts you talk to and how you view the medical records." (*Doc. 77, Transcript, part II, pp. 12-14, attached as Exh. 1*).

On the basis of defendant's above statement, the Jeffries' private financial information is not relevant to whether his disability is caused by a mental disorder or medical illness.

---

[1] In its Appeal, the defendants make several incorrect statements concerning the procedure of discovery in the case. And although they are not material to the discrete issue defendant raises on Appeal, it bears mentioning that the plaintiff did actively engage in negotiations on a protective order and the plaintiff did not unilaterally cancel his August 19 deposition, plaintiff simply requested accommodations that the Court considered reasonable – the defendant chose not to proceed.

[2] In order to place Mr. Jeffries' benefit claim into a 24-month benefit cap, the defendant now argues that Mr. Jeffries suffers from a mental disorder, rather than a medical illness.

2

Moreover, defendant's argument that it needs Mr. Jeffries' private financial information in order to "directly address the issue of whether he is disabled by a physical or mental ailment" is not logical: a person suffering from Mr. Jeffries' medical illness exhibits the same physical symptoms that are manifested by someone suffering from somatization disorder, the disorder that defendant's experts suggest that Mr. Jeffries has.  For this reason, the private financial information would offer no assistance in differentiating between whether Mr. Jeffries suffers from a medical illness or the argued mental disorder.  In addition, defendant has:

    (i)    over 25 days of secret surveillance reports and videotapes performed on Mr. Jeffries visibly showing his activities;

    (ii)    a copy of Mr. Jeffries' passport;

    (iii)    many hours of deposition testimony concerning Mr. Jeffries' activities during the relevant period; and

    (iv)    a copy of Mr. Jeffries calendar of appointments for the relevant period.

Since defendant has this volume of information, and since the private financial information can't further the analysis of the cause of Mr. Jeffries' condition - <u>or even differentiate between whether the cause is medical or mental</u> - there is simply nothing that Mr. Jeffries' private financial information can add.

Finally, the record strongly suggests that defendant desires Mr. Jeffries' family's private financial information for ulterior, improper purposes.  Attached as Exhibit 2 is an internal memo defendant produced identifying its efforts to obtain "trust" information on each member of Mr. Jeffries' family.  That effort certainly <u>wasn't</u> designed to gain information to help defendant understand whether Mr. Jeffries suffers from a mental disorder or a medical illness.

3

Another argument defendant makes is that Mr. Jeffries' financial information "will illustrate his activities and the extent to which his obsession with his health continued." In the Appeal, the defendant theorizes that Mr. Jeffries' financial information will help defendant prove that Mr. Jeffries suffers from obsessive compulsive disorder, but this argument is moot since defendant's expert, Dr. Mitchell Clionsky, testified in deposition that he does not believe that Mr. Jeffries has such a disorder.

<u>Conclusion</u>

The Jeffries' family's private financial information simply will not provide any guidance on the determination of whether Mr. Jeffries' admitted disability is caused by a mental disorder or a medical illness. Accordingly, while defendant initially argued that they needed the financial information to establish that Mr. Jeffries is not disabled, defendant's concession on disability obviates any need for the production of this information. Once the defendant conceded that Mr. Jeffries is disabled, the Magistrate Judge properly concluded that Mr. Jeffries' private financial information was no longer needed. The Magistrate Judge did not abuse his discretion in rendering this decision.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts_____
Michael A. Roberts, Esq.  (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

**CERTIFICATE OF SERVICE**

The foregoing was delivered via regular U.S. mail postage prepaid to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 29th day of September, 2003.

/s Michael A. Roberts