```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

Eric Jeffries,                    )
                                  )
            Plaintiff,            ) Case No. C-1-02-351
                                  )
    vs.                           )
                                  )
Centre Life Insurance Co.,        )
et al.,                           )
                                  )
            Defendants.           )

<u>O R D E R</u>

   This matter is before the Court on Plaintiff's motion to compel Defendant Centre Life Insurance Company to produce all communications between Centre Life Insurance Company and its third-party administrator, Disability Management Services, Inc. ("DMS") regarding his claim.  Centre Life contends that all of the documents responsive to the request were prepared by in-house counsel for DMS and, therefore, are protected from disclosure by the attorney-client privilege.  Centre Life has submitted the documents in question to the Court for <u>in camera</u> review.

   The attorney-client privilege is fully applicable to communications between in-house counsel and corporate officers provided that the communications concern matters within the scope of the employee's corporate duties and he is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation. <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 394 (1981); <u>In re Perrigo Co.</u>, 128 F.3d 430, 437 (6th Cir. 1997).  The mere fact that an attorney is involved in the communication, however, does not automatically render such communication subject to the attorney-client privilege.  <u>Motley</u>

v. Marathon Oil Co., 71 F.3d 1547, 1550-51 (10th Cir. 1995). The attorney-client privilege is applicable as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. Reed v. Baxter, 175 F.3d 296, 355-56 (6th Cir. 1998). The party asserting the attorney-client privilege bears the burden of proving its applicability. In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 293 F.3d 289, 294 (6th Cir. 2002). In this instance, Centre Life has the burden of proving the existence of the privilege.

     The documents produced by Centre Life for review are not voluminous. They consist of: 1) eight pages of reports which show only the status of the case and legal costs incurred; 2) a three page complaint log which notes that DMS responded to the Ohio Department of Insurance's inquiry about Plaintiff's claim; 3) a letter from DMS's in-house counsel to Massachusetts Casualty Insurance Company's chief executive officer giving notice of the filing of this lawsuit; 4) three emails from in-house counsel which at first-blush relate only to the scheduling of depositions; 5) a draft of a response to the Ohio Department of Insurance's inquiry about Plaintiff's claim; and 6) a second status report which appears to set forth a legal position regarding Plaintiff's claim.

The Court finds that the eight pages of reports which show the status of the case and the legal costs incurred are not protected by the attorney-client privilege.  These reports are akin to an attorney's billing records.  Generally, billing records which only contain the client's identity and the amount of the fees, and which give no indication as to the purpose for which the work was performed, are not protected by the attorney client privilege.  <u>Fidelity & Deposit Co. v. McCulloch</u>, 168 F.R.D. 516, 523 (E.D.Pa. 1996); <u>ERA Franchise Sys., Inc. v. Northern Ins. Co.</u>, 183 F.R.D. 276, 279-80 (D.Kan. 1998); <u>State ex rel. Alley v. Couchois</u>, No. 94-CA-30, 1995 WL 559973, at *4 (Ohio Ct. App. Sept. 20, 1995).  As noted, these reports reflect only the status of the case and the costs incurred.  They contain no information regarding the nature of the legal services rendered.  Therefore, they are not protected by the attorney-client privilege.  Accordingly, Centre Life shall produce these records forthwith.  They shall fall under the category "Confidential/ Attorney's Eyes Only."

The three page complaint log is not privileged  because it only reflects that DMS responded to the Department of Insurance's inquiry.  Accordingly, this document shall be produced forthwith, subject to the "Confidential/Attorney's Eyes Only" limitation.

The letter from DMS's in-house counsel to Massachusetts Casualty Insurance Company's CEO is not privileged because it is only notice of the lawsuit and does not purport to give any legal

advice about the claim. Accordingly, this document shall be produced forthwith, subject to the "Confidential/Attorney's Eyes Only" limitation.

The Court finds that two of the three emails referenced above are not protected by the attorney-client privilege because they only concern the scheduling of depositions. These emails are dated August 26, 2003 and September 5, 2003. Accordingly, these two documents shall be produced forthwith, subject to the "Confidential/Attorney's Eyes Only" limitation. The third email, dated September 30, 2003, appears at first to relate only to deposition scheduling. A closer look, however, shows that the memorandum contains some thoughts on the merits of Plaintiff's requests for depositions and the Court's likely course of action in response. Therefore, the Court finds that this email contains legal advice, and perhaps content subject to the work product privilege, but in any event is protected from disclosure.

The draft response to the Ohio Department of Insurance's inquiry is the equivalent of providing legal advice to Centre Life. Therefore, this document is protected by the attorney-client privilege and shall not be disclosed.

Finally, the second status report, which is contained in an email dated September 8, 2003, contains statements about the parties' competing legal positions. Therefore, it is protected by the attorney-client privilege and possibly the work-product privilege. In any event, this document shall not be disclosed.

The Court shall place all of these documents, and Centre Life's accompanying memorandum, under seal in the record for purposes of appellate review.

**IT IS SO ORDERED**

Date October 7, 2003                    /s Sandra S. Beckwith
                                           Sandra S. Beckwith
                                        United States District Judge