```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Eric Jeffries,                  )
                                )
            Plaintiff,          ) Case No. C-1-02-351
                                )
     vs.                        )
                                )
Centre Life Insurance Co.,      )
et al.,                         )
                                )
            Defendants.         )

                        O R D E R

       This matter again comes before the Court on Plaintiff's discovery request regarding production of Defendant's back-up tapes so that they might be searched for information regarding Plaintiff's claim for benefits. Defendant had initially resisted producing these tapes because of the expense involved. Specifically, according to Defendant, it had changed computer systems and a parallel system would have to be created in order to conduct a search of the tapes. On the other hand, Plaintiff proposed that Defendant simply produce copies of the tapes and that he would hire an expert to search the tapes using only his name and claim number. On October 7, 2003, the Court issued an order (Doc. No. 94) ordering Defendant to produce the back-up tapes in order to be searched according to the protocol proposed by Plaintiff.

       The Court is now in possession of a letter from Plaintiff's counsel which indicates that Defendant will not produce the back-up tapes until it receives a check or bond from Plaintiff in the amount of $50,000. Attached to counsel's letter is the affidavit of Cinq Mars outlining the cost of producing the

tapes. According to Mr. Mars, the tapes would have to be retrieved from storage, and Defendant would have to conduct its own search of the tapes for confidential or proprietary information. This would entail setting up new servers and hardware plus the hiring of outside consultants to perform this work because of a shortage in staff. Then the tapes would have to be reviewed and information not relating to Mr. Jeffries would have to be deleted. The cost of all this, says Mr. Mars, would be $50,000.

There appears to be an intentional misunderstanding on the part of the Defendant and/or its counsel as to the nature of the Court's order to produce these documents. It appears to the Court that Defendant only wants to produce the tapes in accordance with its own desires and/or belief as to how this should be accomplished, **DESPITE THE FACT THAT THE COURT ORDERED THE TAPES TO BE COPIED AND PRODUCED ACCORDING TO THE PLAINTIFF'S PROPOSED PROTOCOL.** Therefore, if it was not clear enough before, it is hereby **ORDERED** that:

1. **DEFENDANT SHALL PRODUCE COPIES OF THE BACK-UP TAPES REQUESTED BY PLAINTIFF FORTHWITH AND AT ITS OWN EXPENSE.**

2. **THE PROCEDURE OUTLINED BY MR. MARS IS NOT NECESSARY TO ACCOMPLISH THE PRODUCTION OF THESE TAPES AND SHALL NOT BE IMPLEMENTED BY DEFENDANT.**

3. **PLAINTIFF SHALL SEARCH THE BACK-UP TAPES ACCORDING TO HIS PROTOCOL AND AT HIS OWN EXPENSE. PLAINTIFF SHALL NOTIFY DEFENDANT IF SUCH PROTOCOL INADVERTENTLY UNCOVERS INFORMATION NOT RELATED TO HIS CLAIM. ANY INFORMATION INADVERTENTLY DISCLOSED WILL BE SUBJECT TO THE PROTECTIVE ORDERS ALREADY ENTERED.**

**4. ANY FURTHER FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF APPROPRIATE SANCTIONS.**

**IT IS SO ORDERED**

Date October 17, 2003            /s Sandra S. Beckwith
                                  Sandra S. Beckwith
                                  United States District Judge