IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | PLAINTIFF'S RESPONSE TO |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | DEFENDANT'S MEMORANDUM OBJECTING TO ORDER (DOC. 100) |
| Defendants. | ) | |

In its memorandum seeking further reconsideration of an order requiring its compliance with discovery, the defendant attacks plaintiff's counsel suggesting that the Order requiring the copying and production of back-up tapes was the result of lies contained in Mr. Roberts' letter to the Court last week. This is nonsense. In the letter last week, plaintiff's counsel merely made the Court aware of defendant's reaction to the Court's earlier clear order. Defendant also accuses the Court and Mr. Roberts of engaging in *ex parte* communications. This too is nonsense.

Throughout the discovery phase of this case, the plaintiff has brought to the attention of the Court improprieties of defendant's counsel which have included, *inter alia*: (i) defendant's refusal to provide discovery notwithstanding the Court's multiple orders; and (ii) defendant's patent disingenuous claims regarding efforts to comply with discovery. Defendant should be required to comply with the multiple orders of this Court concerning the production of electronically stored information.

The defendant or its counsel has made the discovery portion of this case extraordinarily long and tortured. The additional, unnecessary costs resulting to plaintiff have been staggering. Some of the Court's commentary concerning defendant's discovery tactics have been:

- "Defendant's explanation [regarding its failure to produce electronically stored information] is insufficient and leads the Court to believe that there is either another file [which may be] electronically stored somewhere . . . defendants must [produce this information]." (*Order, Doc. 16, p. 2, Sept. 10. 2002*).

- "The discovery process in this case has not been smooth . . . ." (*Order, Doc. 18, p. 1, Nov. 8, 2002*).

- "Before the Court [is] plaintiff's Motion to Compel (*Doc. 22*) . . . plaintiff argues that defendants have *still* (sic) not adequately responded to his prior discovery requests in violation of two Orders of this Court . . . the Court agrees that defendants' responses to the disputed [discovery requests] are insufficient. In addition, the Court is becoming annoyed with what appears to be a systemic problem with the obligation to provide discovery as described by the Rules of Civil Procedure." (*Order, Doc. 33, p. 1, Feb. 6, 2003*).

- "Defendants shall pay the legal fees and other related costs . . . and shall provide the long-overdue discovery sought by plaintiff . . . should this problem not be resolved as a result of this Order, plaintiff may apply for and suggest an evidentiary based sanction, a form of which the Court will likely recommend as an intervening step before the ultimate sanction, a default judgment, would be recommended . . . The Court anticipates no further discovery problems in the future." (*Order, Doc. 33, p. 2, Feb. 6, 2003*).

- "Another issue . . . is the outstanding discovery which has been ordered by the Court but which has not been provided by defendants . . . ." (*Order, Doc. 38, p. 3, Feb. 14, 2003*).

- In resolving and granting in part plaintiff's Motion For Sanctions and Second Motion To Compel the Court remarked that defendant's "counsel has accused [plaintiff's counsel] of hacking into his firm's computer system and of criminal conduct . . . these discovery disputes are costing [plaintiff] needless expenditures of fees . . . defendants [have engaged] in dilatory behavior . . . we will once again consider sanctions if this Order is

3

- not obeyed, and in that event *will* (sic) consider not only an evidentiary-based sanction, but a monetary award for all of plaintiff's discovery-related work." (*Order, Doc. 69, pp. 3-4, August 1, 2003*).

- "An informal and all-too-frequent discovery conference was again held in reference to yet another discovery problem in this case . . . depositions [of defendant's employees] should take place in Springfield Massachusetts and should take no longer than two days.  Defendants must produce present employees [at that time] . . . defendants wish to depose certain of plaintiff's physicians.  Plaintiff argues that defendants' failure to depose them at an earlier date constitutes a waiver.  The Court does not agree at the present time, but might agree if those depositions do not occur on or before October 15, 2003." (*Order, Sept. 4, Doc. 82, 2003*).

- "On October 7, 2003, the Court issued an order (Doc. 94) ordering defendant to produce the back-up tapes in order to be searched according to the protocol proposed by plaintiff . . . there appears to be an intentional misunderstanding on the part of the Defendant and/or its counsel . . . **DESPITE THE FACT THAT THE COURT ORDERED THE TAPES TO BE COPIED AND PRODUCED ACCORDING TO THE PLAINTIFF'S PROPOSED PROTOCOL.**  Therefore, if it was not clear enough before, it is hereby **ORDERED** that . . . **DEFENDANT SHALL PRODUCE COPIES OF THE BACK-UP TAPES REQUESTED BY PLAINTIFF FORTHWITH AND AT ITS OWN EXPENSE . . . ANY FURTHER FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF APPROPRIATE SANCTIONS.** (*Order, Doc. 100, October 17, 2003*)(*emphasis in original*).

Evident above is the plain fact that defendant has not and will not comply with direct orders of the Court even though he has repeatedly been cautioned with severe monetary, evidentiary, and default sanctions.  With respect to the production of electronic information, defendant has in chronological order represented that: (i) none existed; and (ii) when that proved false, that it reviewed the files and found nothing further; and (iii) when that proved false, that it would cost $50,000 to produce the tapes; and (iv) when that proved false, that copying the back-up tapes is simply not possible.

The Affidavit filed with the Court on October 22, 2003, designed as another method to avoid the Court's Order of October 17, 2003, again shows that plaintiff was not genuine with the Court in its previous claims about its efforts to produce electronically stored information.

## Conclusion

This Court should not alter its decision concerning defendant's obligations to produce this discoverable information. Defendant cannot be allowed to obstruct discovery with impunity. This Court should further find defendant in Contempt of its multiple prior orders on this matter and fine defendant in an amount equivalent to the costs Mr. Jeffries has incurred as for "discovery" in this case.

Respectfully submitted,

| OF COUNSEL | /s Michael A. Roberts |
|---|---|
|  | Michael A. Roberts (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
|  | (513) 651-3836 fax |
|  | email: mroberts@graydon.com |

## CERTIFICATE OF SERVICE

The foregoing was delivered, via fax and regular U.S. Mail William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of October, 2003.

/s Michael A. Roberts