IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | PLAINTIFF'S MOTION IN LIMINE |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | AND MOTION FOR SANCTIONS |
| Defendants. | ) | |

This is an insurance bad faith case. Throughout the discovery phase of this case, the plaintiff has brought to the attention of the Court improprieties of defendant's counsel which have included: (i) defendant's refusal to provide discovery notwithstanding the Court's multiple orders; and (ii) defendant's patent disingenuous claims regarding efforts to comply with discovery.

On October 17, 2003, defendant engaged in perhaps its most egregious conduct to date. On that day, defendant: (i) scheduled and took a discovery deposition of a fact witness long after the twice extended fact witness discovery deadline had passed; (ii) <u>without any</u> notice to plaintiff's counsel; and (iii) on a day when defendant knew that plaintiff's counsel was unavailable and could neither attend, object, or otherwise participate.

Plaintiff respectfully submits that defendant's counsel intentionally engaged in this misbehavior because he knew he could not otherwise take the deposition.

As a sanction for defendant's misbehavior, plaintiff requests that both the deposition and trial testimony of the deponent from October 17, 2003 (Dr. Fritz), be excluded from the trial

of this case and that defendant's counsel again be sanctioned by this court for his continuing improprieties. A memorandum and declarations in support of this motion are attached.

    Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |
| | *Attorneys For Plaintiff* |

**MEMORANDUM IN SUPPORT**

A.   *Backdrop Of Defendant's Discovery Tactics*

The defendant or its counsel has made the discovery portion of this case extraordinarily long and tortured. The additional, unnecessary costs resulting to plaintiff have been staggering. Some of the Court's commentary concerning defendant's discovery tactics have been:

- "Defendant's explanation [regarding its failure to produce electronically stored information] is insufficient and leads the Court to believe that there is either another file [which may be] electronically stored somewhere . . . defendants must [produce this information]." (*Order, Doc. 16, p. 2, Sept. 10. 2002*).

- "The discovery process in this case has not been smooth . . . ." (*Order, Doc. 18, p. 1, Nov. 8, 2002*).

- "Before the Court [is] plaintiff's Motion to Compel (*Doc. 22*) . . . plaintiff argues that defendants have *still* (sic) not adequately responded to his prior discovery requests in violation of two Orders of this Court . . . the Court agrees that defendants' responses to the disputed [discovery requests] are insufficient. In addition, the Court is becoming annoyed with what appears to be a systemic problem with the obligation to provide discovery as described by the Rules of Civil Procedure." (*Order, Doc. 33, p. 1, Feb. 6, 2003*).

- "Defendants shall pay the legal fees and other related costs . . . and shall provide the long-overdue discovery sought by plaintiff . . . should this problem not be resolved as a result of this Order, plaintiff may apply for and suggest an evidentiary based sanction, a form of which the Court will likely recommend as an intervening step before the ultimate sanction, a default judgment, would be recommended . . . The Court anticpates no further discovery problems in the future." (*Order, Doc. 33, p. 2, Feb. 6, 2003*).

- "Another issue . . . is the outstanding discovery which has been ordered by the Court but which has not been provided by defendants . . . ." (*Order, Doc. 38, p. 3, Feb. 14, 2003*).

- In resolving and granting in part plaintiff's Motion For Sanctions and Second Motion To Compel the Court remarked that defendant's "counsel

4

- has accused [plaintiff's counsel] of hacking into his firm's computer system and of criminal conduct . . . these discovery disputes are costing [plaintiff] needless expenditures of fees . . . defendants [have engaged] in dilatory behavior . . . we will once again consider sanctions if this Order is not obeyed, and in that event *will* (sic) consider not only an evidentiary-based sanction, but a monetary award for all of plaintiff's discovery-related work." (*Order, Doc. 69, pp. 3-4, August 1, 2003*).

- "An informal and all-too-frequent discovery conference was again held in reference to yet another discovery problem in this case . . . depositions [of defendant's employees] should take place in Springfield Massachusetts and should take no longer than two days. Defendants must produce present employees [at that time] . . . defendants wish to depose certain of plaintiff's physicians. Plaintiff argues that defendants' failure to depose them at an earlier date constitutes a waiver. The Court does not agree at the present time, but might agree if those depositions do not occur on or before October 15, 2003." (*Order, Sept. 4, Doc. 82, 2003*).

- "On October 7, 2003, the Court issued an order (Doc. 94) ordering defendant to produce the back-up tapes in order to be searched according to the protocol proposed by plaintiff . . . there appears to be an intentional misunderstanding on the part of the Defendant and/or its counsel . . . **DESPITE THE FACT THAT THE COURT ORDERED THE TAPES TO BE COPIED AND PRODUCED ACCORDING TO THE PLAINTIFF'S PROPOSED PROTOCOL.** Therefore, if it was not clear enough before, it is hereby **ORDERED** that . . . **DEFENDANT SHALL PRODUCE COPIES OF THE BACK-UP TAPES REQUESTED BY PLAINTIFF FORTHWITH AND AT ITS OWN EXPENSE . . . ANY FURTHER FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF APPROPRIATE SANCTIONS.** (*Order, Doc. 100, October 17, 2003*)(*emphasis in original*).

Evident above is the plain fact that defendant has not and will not comply with direct orders of the Court even though he has repeatedly been cautioned with severe monetary, evidentiary, and default sanctions.

 B. *The October 17, 2003, Unnoticed Deposition.*

At the first scheduling conference in this case, the defendant agreed that it would complete the depositions of all fact witnesses by December 30, 2002. It made no effort to do so

5

and then requested an extension. At the 2nd scheduling conference defendant agreed that it would complete the depositions of all fact witnesses by April 30, 2003. It made no effort to do so and then requested an extension. At the 3rd scheduling conference defendant agreed that it would complete the depositions of all fact witnesses by August 30, 2003, and would then take the depositions of plaintiff's specifically identified experts by October 15, 2003.

On August 27, 2003, defendant had made no effort to schedule the depositions of 4 fact witness that it desired to take. Fearing that the fact-witness discovery deadline of August 30 may preclude its right to conduct these depositions, defendant filed an "Emergency Motion" to take these 4 depositions out of time. (*Doc. 76*). Plaintiff opposed the Emergency motion (*Doc. 78*), but defendant proceeded with the depositions before that issue could be decided by the Court.

The completion of the four additional fact witness depositions which were the subject of defendant's "Emergency" motion left only the scheduling and taking of the depositions of plaintiff's specifically identified experts. And throughout the months of September and October, the plaintiff cooperated with the scheduling, canceling, and rescheduling of the depositions of plaintiff's experts. As was clearly communicated to defendant's counsel over 10 times throughout September and October and as recently as October 14, 2003 (during a deposition of an expert) plaintiff's counsel could not be available for any deposition on October 17, 2003, due to his brother's wedding scheduled that day.

Notwithstanding the repeated, clear communication that no deposition could be conducted on October 17, 2003, AND ***Without Any Notice <u>Ever</u>*** of any intention to take the deposition of a Dr. Fritz, who is <u>NOT</u> an expert for either side, the defendant unilaterally and

6

without plaintiff's knowledge took the discovery deposition of Dr. Fritz on the very day that plaintiff had stated repeatedly he would be unable to participate in any deposition.

The reason that defendant scheduled the deposition of a non-expert fact witness without notice to plaintiff months after the three-time extended deadline for fact-witness depositions (and months after defendant filed its "Emergency" motion to take 4 depositions out of time) had expired, and on a day that plaintiff's counsel had repeatedly advised he was unavailable, is obvious – defendant knew that it was too late to take this deposition and wanted to get it done without giving plaintiff the opportunity to participate or object.

## Conclusion

Defendant has with impunity obstructed discovery in this case and has not been genuine with the Court concerning discovery in this case. Responding to defendant's unprofessional tactics has unnecessarily cost plaintiff tens of thousands of dollars. Defendant's latest action is inconceivable.

Plaintiff requests that the Court finally take action on the many warnings it has directed at defendant's counsel and sanction him for his conduct by fining defendant or its counsel an amount equivalent to the costs Mr. Jeffries has incurred as for "discovery" in this case and enter default judgment in Mr. Jeffries' favor.

As an alternative to default judgment (should the Court deem that ultimate sanction too severe), plaintiff requests that: (i) defendant or its counsel be fined in an amount equivalent to the costs Mr. Jeffries has incurred as for "discovery" in this case; (ii) that Dr. Fritz (through deposition or otherwise) be precluded from testifying in this case; and (iii) that the Jury be

instructed that defendant has not been forthcoming or genuine in complying with its discovery obligations or this Court's Orders in this case.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
| | (513) 651-3836 fax |
| | email: mroberts@graydon.com |

**CERTIFICATE OF SERVICE**

The foregoing was delivered, via fax and regular U.S. Mail William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd of October, 2003.

/s Michael A. Roberts