IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
|    Plaintiff, | ) : | JUDGE BECKWITH |
| v. | ) : | Magistrate Judge Hogan |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | |
|    Defendants. | ) | |

DECLARATION OF PLAINTIFF'S COUNSEL
MICHAEL A. ROBERTS

Upon oath, the Declarant states as follows pursuant to the provisions of 28 U.S.C. §746:

1. My name is Michael A. Roberts. I am an attorney at law licensed to practice in the State of Ohio and admitted to practice before this Court and the Sixth Circuit Court of Appeals and am presently in good standing. I am a partner in the law firm of Graydon Head & Ritchey LLP. I serve as the Trial Attorney for the plaintiff in the above matter, Eric L. Jeffries.

2. At the first scheduling conference in this case, the defendant agreed that it would complete the depositions of all fact witnesses by December 30, 2002. It made no effort to do so and then requested an extension. At the 2nd scheduling conference defendant agreed that it would complete the depositions of all fact witnesses by April 30, 2003. It made no effort to do so and then requested an extension. At the 3rd scheduling conference defendant agreed that it would complete the depositions of all fact witnesses by August 30, 2003, and would then take the depositions of plaintiff's specifically identified experts by October 15, 2003.

3. Defendant made no effort to schedule the depositions of 4 fact witness that it desired to take prior to August 30, 2003, the discovery deadline as twice extended. Fearing that

the fact-witness discovery deadline of August 30 may preclude its right to conduct these depositions, defendant filed an "Emergency Motion" to take these 4 depositions out of time. (*Doc. 76*). Plaintiff opposed the Emergency motion (*Doc. 78*),

  4. The Court allowed defendant the opportunity to take <u>out-of-time</u> the depositions of the 4 specifically identified fact witnesses (Mr. Jeffries and Drs. Luggen, Dunn, and McClellan) identified in the Emergency Motion. The Court further stated, however, "the Court . . . might agree [that the right to take] those [four specific] depositions [has been waived if they] do not occur on or before October 15, 2003." (*Order, Sept. 4, Doc. 82, 2003*).

  5. Those 4 out-of-time fact witness depositions were completed by October 15, 2003.

  6. Throughout the months of September and October, the plaintiff cooperated with the scheduling, canceling, and rescheduling of depositions of plaintiff's experts, but as clearly communicated to defendant's counsel several times throughout September and October (and as recently as October 14, 2003 during a deposition of an expert), plaintiff's counsel could not be available for any deposition on October 17, 2003, due to his brother's wedding scheduled that day.

  7. Notwithstanding the repeated, clear communication that no deposition could be conducted on October 17, 2003, AND ***Without Any Notice <u>Ever</u>*** of any intention to take the deposition of a Dr. Fritz, who is <u>NOT</u> an expert for either side, the defendant unilaterally and without plaintiff's knowledge scheduled and took the discovery deposition of Dr. Fritz on the very day that plaintiff had stated repeatedly he would be unable to participate in any deposition.

  8. During the conduct of the unnoticed October 17 deposition defendant's counsel left a voice mail message for me knowing I would not be there to answer the phone. In that

2

message defendant's counsel advised me that he intended to proceed with this unnoticed deposition.

9.  Later that day I phoned defendant's counsel Bill Ellis. In his absence I spoke to Peter Burrell to whom I voiced my astonishment. Attorney Burrell advised that he believed I had notice of Dr. Fritz deposition and would provide me evidence to that effect. I have received nothing purporting to be evidence that I was notified.

10. In truth, never in this litigation has there ever been any suggestion of any sort by defendant that it desired to take Dr. Fritz's deposition.

11. Other additional "inconveniences" regarding depositions have occurred in the past month:

- As documented in an Order dated September 4, 2003, this Court required defendant to make its employees available for deposition in Springfield Massachusetts over 2 days in September 2003 ("defendants must produce present employees [at that time]). The only deponent designated who is an employee of defendant is Eileen Sweeney. And despite the Order, after I traveled to Massachusetts, defendant's counsel instructed Ms. Eileen Sweeney to depart from Springfield over my objection without my having the opportunity to depose her. To date, defendant's counsel refuses to make Ms. Sweeney available for deposition because I require that her deposition be conducted at defendant's expense.

- On October 14, 2003, my expert witness, Dr. Paula Shear, and I appeared for a noticed and subpoenaed deposition at defendant's counsel's office. To our surprise, and without any advance notice to either of us, defendant's counsel refused to proceed.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

Dated: October 22, 2003              /s Michael A. Roberts_____
                                      Michael A. Roberts

3

**CERTIFICATE OF SERVICE**

      The foregoing was delivered, via fax and regular mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of October 2003.

                                                 /s Michael A. Roberts