UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANTS' MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION IN LIMINE AND** |
| Defendants. | : | **MOTION FOR SANCTIONS** |

**I.     INTRODUCTION**

Attached as Exhibits A and B are a copy of the cover letter sent to counsel for Plaintiff enclosing the Subpoena for the deposition of Dr. Fritz as well as confirmation of the fax receipt of the same by Mr. Robert's law office.  Mr. Roberts has filed yet another motion and memorandum accusing Defendants of every possible manner of egregious discovery conduct.  He accuses counsel for the defense of scheduling and taking the deposition of Dr. Fritz without notice to him.  Defendants have no explanation for why Mr. Roberts chose not to attend Dr. Fritz's deposition.  Even if he somehow overlooked the duplicate notices sent to him, he could have attended when he received Mr. Ellis' phone call that they were holding the deposition for him.  Instead, he drove to his office.  Mr. Roberts offers no explanation for why he could not attend; he only argues that Defendants "knew" he was not available.  In fact, Defendants did not know this and based on past practices with Mr. Roberts, assumed he would attend the deposition because he had not called to say he could not attend.

## II.  ARGUMENT

Dr. Fritz's deposition took place on October 17, 2003.  On October 6, 2003 counsel for Defendants sent Mr. Roberts a Notice of the deposition of Dr. Fritz.  This Notice was sent via fax and ordinary mail.  *See* Affidavit of Christine Zerges attached hereto as Exhibit C, at ¶¶ 4,5.  Included with this mailing were Subpoenas for the depositions of Drs. McClellan, Hawkins, Fuller and Pretorius as well as the Notice of the deposition for Dr. Hyde.  *See* Exhibit A. The fax log, attached hereto as Exhibit B, shows that this fax sent from the office of Wood & Lamping at fax number (513) 852-6067 was received by the office of Graydon, Head & Ritchey at fax number (513) 651-3836 at 3:26 p.m.  Ms. Zerges sent a duplicate Notice to Mr. Roberts by ordinary mail.  *See* Affidavit of Zerges at ¶ 5.

Mr. Roberts never advised counsel for Defendants that the date or time scheduled for Dr. Fritz's deposition was unacceptable.  *See* Zerges Affidavit at ¶ 7 and Affidavit of William Ellis attached hereto at Exhibit D, at ¶ 8.  Although this might be strange given the normal working relationship of most counsel in Cincinnati, Mr. Roberts often does not respond to defense counsel's requests for availability regarding discovery depositions.  *See* Ellis Affidavit at ¶¶ 3,4.  Mr. Roberts has previously informed both counsel for the Defendants and this Court that if he does not respond regarding a proposed deposition date then we may assume he is available. *See* Affidavit of Ellis at ¶ 5.

In this instance, as in others, Mr. Roberts did not comment regarding his availability for the deposition of Dr. Fritz.  He had previously advised Mr. Ellis during a phone conference in which Ms. Zerges was present that his brother was getting married October 17, 2003.  He therefore stated he would be unavailable the afternoon of the 17th because of family obligations.  *See* Exhibit C at ¶ 8, and Exhibit D at ¶ 9.  At no time did Mr. Roberts advise that he was

unavailable in the morning. In fact, the morning of Dr. Fritz's deposition while Mr. Ellis was waiting for Mr. Roberts. Mr. Roberts called Peter Burrell, also trial counsel of record in the Jeffries case, to complain regarding the scheduling of Dr. Fritz's deposition. At the time Mr. Roberts was driving into work and pulling into his firm parking garage. *See* Exhibit E, Affidavit of Peter Burrell and ¶¶ 3-5.

Mr. Ellis delayed the start of Dr. Fritz's 8:30 deposition by 40 minutes while he waited for Mr. Roberts and tried to reach him by phone. *See* Ellis Affidavit at ¶ 7. When it became apparent that Mr. Roberts would not attend, he proceeded with the deposition but continued it in progress so that Mr. Roberts will be able to cross-examine Dr. Fritz if he chooses. *Id.* Instead, Mr. Roberts has filed this Motion.

Mr. Roberts has made the entirety of this discovery process more contentious than it needs to be. At every opportunity he has thrown up unreasonable roadblocks to divert Defendants' efforts to obtain discovery of his clients while at the same time complained to the Court that counsel for Defendants have stalled his discovery. For example:

- Mr. Roberts refused to let his client attend an independent medical examination until ordered to do so by the Court. Although Dr. Hartings was able to begin Mr. Jeffries' examination, a Court order was required to compel him and Mr. Roberts to complete it.
- Mr. Roberts requested the deposition of eight DMS and Centre Life employees and former employees during the week of September 22, 2003. After Defendants expended a great deal of time to schedule these depositions, Mr. Roberts complained that they had to be completed in a two-day period rather than the week allowed by Defendants. The Court acquiesced to Mr. Roberts' request and ordered Defendants to

produce the witnesses over a two-day period. When one of the witnesses, Eileen Sweeney, was forced to leave due to a family emergency, Mr. Roberts refused to take her deposition out of order. He now seeks to require Defendants to bear the costs of flying him to New York to reconvene her deposition. In making this argument, Mr. Roberts claims that he at all times advised Defendants that the deposition preceding Ms. Sweeney's would take several hours. It is incredulous that Mr. Roberts first asked for an Order that eight depositions take place over a two-day period and then has the audacity to argue that one of those depositions would take most of a day. In truth, the deposition preceding Ms. Sweeney's ran long and Mr. Roberts simply ran out of time. This is not the fault of Defendants.

- It took over three months to persuade Mr. Jeffries to appear for a deposition. The deposition was originally scheduled for August 19, 2003, but Mr. Roberts unilaterally cancelled it. When the deposition finally convened on September 10, 2003, Mr. Roberts and his client walked out 45 minutes into it because Mr. Ellis did not have additional copies of documents contained in the claims file which had already been copied and produced to Mr. Roberts. Although these documents were not exhibits and were only used to refresh the witness' recollection, Mr. Roberts insisted on additional copies for himself *and* his client. The deposition did not reconvene until after Court intervention. Even more incredibly is the fact that at the next deposition that Mr. Roberts took, he refused to give Mr. Ellis copies of exhibits Mr. Ellis had never seen. Although Mr. Roberts had argued to the Court that additional copies were a common courtesy, it was not a courtesy he extended to Defendants.

- In his motions and memoranda to the Court, Mr. Roberts consistently argues that Defendants take depositions out of time. He ignores the fact that the discovery period in this case has been extended by valid Court Orders. Plaintiff also argues that the deposition of Dr. Fritz was taken out of time. The Court, in its most recent Scheduling Order has extended the time period in which the depositions of both experts and treating physicians may be taken until December 5, 2003. Defendants are in full compliance with the Court's Order with regard to the scheduling of Dr. Fritz's deposition.

Finally, it is significant that Mr. Jeffries seeks to exclude the testimony of one of his **own** treating physicians. Notably, Dr. Fritz is one of the few treating physicians from whom Mr. Jeffries did not offer an affidavit in support of his disability. This is yet another example where Mr. Jeffries, through his counsel Mr. Roberts, has tried to filter the information to which Defendants have access. Dr. Fritz testified in deposition that Mr. Jeffries was deconditioned and needed to stop consuming so much alcohol. She does not tie his alleged disability to his Hepatitis B immunization. It is not surprising that this is the opinion which Mr. Jeffries seeks so hard to avoid.

## II.    CONCLUSION

Plaintiff's Motion to Exclude the Deposition Testimony of Dr. Fritz and Motion for Sanctions must be denied. Notice of the scheduled deposition was served upon Mr. Roberts. He had every right to attend but chose not to do so. Mr. Ellis delayed the start of the deposition by 40 minutes in order to give Mr. Roberts time to appear. Instead, he chose to drive to his office and called Peter Burrell to complain.

Respectfully submitted,


s/Peter M. Burrell
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 3rd day of November 2003. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Peter M. Burrell<br>
Peter M. Burrell, Esq.

190607.1