UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ERIC L. JEFFRIES,**
    **PLAINTIFF**

VS.

**CENTRE LIFE INSURANCE COMPANY, ET AL.,**
    **DEFENDANTS**

**CASE NO. C-1-02-351**
**(BECKWITH, J.)**
**(HOGAN, M.J.)**

**ORDER**

    Believe it or not, yet another series of discovery disputes have developed in the instant case. Another, in a seemingly endless list of telephonic conferences, was conducted on November 12, 2003. The three disputes and their resolution are detailed below.

    The first dispute concerns expert depositions. It seems that Plaintiff has retained a number of medical experts and has not yet decided who, among the group, will testify at his trial, now scheduled in April, 2004. Defendant, frugal with time and expense, wishes to depose only those who will actually testify at trial and has requested that Plaintiff produce a list of his experts who will testify. Plaintiff asserts that he has not yet decided, as his case is continually evolving, who will be his experts at trial and cannot produce the list. As was obvious when this "issue" was created, Defendant may depose any and all of Plaintiff's experts, but may not limit Plaintiff's choices at this point in the litigation. The Court's decision on this issue favors Plaintiff.

    Next, Plaintiff wishes to depose Eileen Sweeney, the President of Centre Life. Ms. Sweeney's deposition was previously scheduled, along with the depositions of others that were completed. Ms. Sweeney, the Court was told, had an emergency at home that required her to leave unexpectedly. As a result, Plaintiff wants to again schedule the deposition of Eileen Sweeney, but wants Defendant to foot the bill, since Plaintiff was not at fault in causing the problem. Plaintiff believes Sweeney's sudden exit to be a strategic move on Defendant's part.

Defendant is, of course, appalled at the suggestion. Ms. Sweeney apparently does business in New York and probably lives in the vicinity. The Court finds Plaintiff's argument to be specious. Ms. Sweeney's deposition shall be scheduled forthwith in New York and Plaintiff shall pay for the cost of the trip. The Sweeney deposition will not be subject to atypical and/or self-imposed rules on Defendant's part. The Court's decision on this issue favors Defendant.

The next three issues all involve things that Defendant was either ordered to do or promised to do, but has not, as yet, delivered. The first involves Dr. Fry's report and Plaintiff's desire to obtain a copy of it immediately. Defendant says that Dr. Fry's report was delayed by other medical reports which were sought, but for some reason not obtained. The Court was told that Dr. Fry now possesses all the materials he needed and that Plaintiff will get a copy of Dr. Fry's report as soon as Defendant receives it. The Court takes Defendant at its word and expects it to do what it represented it would do.

Defendant was ordered "forthwith" by Judge Beckwith to deliver certain personnel files to Plaintiff and has not yet done so. This Court believes that Defendant is on thin ice with respect to its compliance with this Order and does not find that any period of delay is justified. Defendant shall immediately comply or face serious sanction.

Lastly, there are certain tapes of e-mails that Defendant has previously been ordered to produce and has not produced. Defendant's argument is that it will take a period of 60 days to process the information. In light of Judge Beckwith's Order, Defendant will produce these individual tapes as they become available and shall not wait the entire 60 day period to produce the total number of tapes.

**IT IS SO ORDERED**.


November 13, 2003                                           _____s/Timothy S. Hogan_____
                                                            Timothy S. Hogan
                                                            United States Magistrate Judge