IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REVIEW DISCOVERY ORDER CONCERNING EXPENSES ASSOCIATED WITH DEPOSITION OF DEFENDANT AND EILEEN SWEENEY**

The plaintiff, Eric L. Jeffries, hereby moves that the District Court Judge review and reverse that part of the discovery order issued by Magistrate Judge Hogan on November 13, 2003, which excuses defendant from bearing the cost to depose defendant and Eileen Sweeney. (*Doc. 109*).  A Memorandum in support is attached.

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL | /s Michael A. Roberts_____ |
|  | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

**MEMORANDUM IN SUPPORT**

For sixteen (16) months, defendants have refused to provide plaintiff with requested and Court ordered discovery. The defendants have undertaken this strategy in order to exercise financial leverage over Mr. Jeffries, to whom they refuse to pay the very benefits they agreed to pay when they accepted Mr. Jeffries' premium checks. Defendants strategy is to delay trial and out- spend Mr. Jeffries, in the hope that no trial will ever occur.

In September 2003 the Court ordered defendant to make several witnesses available in Springfield Massachusetts for deposition, including the defendant itself and its President, Eileen Sweeney. Because defendant interfered in the deposition of defendant and Ms. Sweeney, plaintiff requests that the Court order defendant to produce Ms. Eileen Sweeney and Centre Life for deposition in Cincinnati or New York City at defendant's expense.

Even though Centre is the only remaining defendant and even though the plaintiff has been seeking the 30(b)(6) deposition of Centre and its contact person with DMS, Eileen Sweeney, since June 2002, defendant's counsel would not permit these depositions to occur until ordered to do so by the Court.

Following that Order, defendant's counsel scheduled these 8 depositions without plaintiff's involvement or input. When plaintiff received defendant's counsel's order of deponents, plaintiff advised him that plaintiff could conduct all deposition in 1-2 hours each, except for the deposition of Bill Gelardi, whose deposition would require several hours (since he was responsible for Mr. Jeffries' claim file for several years). An extensive deposition of Mr. Gelardi would not interfere in the depositions of Centre and Ms. Sweeney since defendant's

counsel had scheduled these depositions to occur on 2 separate days during the week of September 22.

Then, one business day before the depositions (by letter which plaintiff did not review until 5:00 a.m. on the morning of the depositions) defendant's counsel unilaterally reordered the deponents so that Ms. Sweeney would follow Mr. Gelardi.  The new schedule also gave plaintiff just 2 hours to perform Mr. Gelardi's deposition when plaintiff expressly advised counsel that substantially more time was required.  Moreover, there was no suggestion that Ms. Sweeney's time was restricted in any fashion.

Mr. Gelardi's deposition began as scheduled at 11:30 a.m. on Monday, September 22.  And as plaintiff had previously advised counsel, it took several hours.  At 2:55 p.m., during a break in Mr. Gelardi's deposition which took the court reporter out of the office until 3:15 p.m., Mr. Ellis instructed plaintiff to suspend Mr. Gelardi's deposition and move on to Ms. Sweeney's deposition which plaintiff would further need to conclude inside 45 minutes so that the witness could return to New York.  Before 2:55 p.m. that day, Mr. Ellis never informed plaintiff of this time constraint.  Plaintiff advised defendant's counsel that he could not possibly switch gears and complete the 30(b)(6) deposition of Centre and Ms. Sweeney's own deposition in a total of 45 minutes.  Over plaintiff's objection, defendant's counsel then instructed Ms. Sweeney that she was free to return to New York.  Before defendant's counsel did so, plaintiff made it clear that he intended to conclude Mr. Gelardi's deposition and move on to Ms. Sweeney's deposition that day and if defendant instructed the witness to leave, plaintiff would seek an order requiring defendant to bear the expenses of a makeup deposition.

Since returning to Cincinnati, plaintiff has asked defendant's counsel to bear the expense of Centre's and Ms. Sweeney's deposition but it refused.  Accordingly, plaintiff seeks such an order from the Court.

Plaintiff has taken no depositions of defendant or its employees.  Multiple attempts to take these depositions since June 2002 have been obstructed.  Two motions for protective order were denied.  And when the court finally ordered that the defendant make all witnesses available over 2 days in September, defendant interfered again and attempted to constrain plaintiff's examination to just 45 minutes without notice.  This tactic will cost plaintiff another airfare and another day of attorney fees – on top of the extraordinary fees defendant has caused plaintiff to expend already.  Those expenses should be born by defendant.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

_____
Michael A. Roberts, Esq.  (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

**CERTIFICATE OF SERVICE**

The foregoing was delivered via facsimile and regular mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 24th day of November, 2003.

_____

363063.1