IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | REPLY MEMORANDUM IN SUPPORT |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | OF PLAINTIFF'S MOTION IN LIMINE AND MOTION FOR SANCTIONS |
| Defendant. | ) | |

Because defendant took the deposition of Dr. Fritz (i) out of time; (ii) without notice; and (iii) on a day when defendant knew plaintiff's counsel was unavailable, this Court should sustain plaintiff's motion to exclude from the trial of this case any testimony defendant may seek from Dr. Fritz in this proceeding.

As summarized in plaintiff's principal motion, defendant's discovery behavior has resulted in sanctions and over 8 separate admonishments by the Court including the very direct accusation that defendant "intentional[ly] misunderstands" this Court's discovery orders. (*Doc. 100*). And since the time that plaintiff filed his principal motion, the Court has identified that defendant is on "thin ice with respect to its compliance with this Order and does not find that any period of delay is justified. Defendant shall immediately comply or face **serious sanctions**." (*Doc. 109*)(*emphasis supplied*)..

While defendant argues that its secretary provided plaintiff with notice of Dr. Fritz's deposition, she **did not** do so. Moreover, defendant provides no evidence corroborating this claim and no excuse for scheduling the deposition out-of-time, scheduling it on a day defendant

knew plaintiff could not attend because he was occupied by a family member's wedding, and continuing with the deposition rather than adjourning and rescheduling. For these reasons, the motion to exclude Dr. Fritz's testimony should be sustained.

    A.    **Defendant Offers No Excuse For Taking The Deposition Out-Of-Time.**

The deadlines for the conduct of depositions in this case have been December 31, 2002; April 30, 2003; and August 30, 2003. It is conceded that defendant never sought Dr. Fritz's deposition prior to any of these 3 discovery deposition cutoffs.

Days prior to the 3rd cutoff date of August 30, 2003, defendant filed an "Emergency Motion" seeking permission to take 4 depositions after the August 31, 2003, cutoff. (*Doc. 76*). Plaintiff opposed the Emergency Motion (*Doc. 78*). Regardless, Dr. Fritz's deposition was NOT a deposition which defendant included in its Emergency Motion.

And since Dr. Fritz is not an expert, this action alone by defendant serves as a discrete and overt admission that it had no right to take Dr. Fritz's deposition after the 3rd discovery cutoff of August 31, 2003.

Defendant offers NO excuse to explain how or why it may utterly disregard this deposition deadline. For that reason, this Court should sustain the Motion.

    B.    **Defendant Did Not Provide Notice Of The Fritz Deposition.**

Despite defendant's counsel's secretary's desperate declaration that she provided plaintiff notice of Dr. Fritz's deposition, she did not. And the "evidence" offered by defendant on this point is not persuasive.

First, the alleged December 6, 2003, letter faxed and mailed to plaintiff's counsel announcing defendant's intention to take Dr. Fritz's deposition has **not been produced**. In fact,

2

no letter referencing a desire to take Dr. Fritz's deposition has been produced. Rather, defendant attached a September 26, 2003, unrelated letter and an October 6, 2003, fax cover sheet to its memoranda. Certainly, if a letter existed advising plaintiff that defendant intended to take Dr. Fritz's deposition, then defendant would have attached it to its opposing memoranda. No such letter was attached because none exists.

Second, the fax transmittal sheet defendant attaches to its memoranda proves that 19 pages of something was faxed to plaintiff's counsel but it is NOT evidence that defendant sent plaintiff a deposition notice and/or subpoena concerning Dr. Fritz. In fact, defendant has produced NO copy of any notice or subpoena concerning Dr. Fritz. [The 19-page fax included (as defendant suggests) notices for 5 other depositions: Drs. McClellan, Hawkins, Fuller, Hyde, and Pretorius; but nothing concerning Dr. Fritz].

Third, we can all agree that if plaintiff received advance notice of defendant's intention to take a discovery deposition 6 weeks late, plaintiff no doubt would have raised an objection. This is obvious given the discovery battles in this case where defendant has (in anticipation of a disagreement and without first discussing the point with plaintiff's counsel) filed an Emergency Motion seeking permission to take 4 depositions out-of-time. This is credible evidence that Notice was never given.

Fourth, the scheduling of the unnoticed deposition on a day when defendant admits knowing that plaintiff's counsel was unavailable due to a family member's wedding is evidence of the plan to sneak the deposition in when plaintiff could not object.

No notice was provided, defendant has even neglected to produce the document which it asserts was notice.

### C. Despite Counsel's Absence, Defendant Improperly Continued With The Deposition.

Defendant's decision to proceed with the deposition in the absence of plaintiff's counsel is further evidence that defendant was knowingly violating the scheduling order without notice to plaintiff. A reasonable lawyer seeking a short deposition of a witness residing in that community would not have proceeded with a deposition without opposing counsel present, especially when trial was 8 months away and no urgency existed to the taking of the particular deposition. The fact tat defendant's counsel elected to proceed in the absence of plaintiff's counsel strongly suggests that he knew plaintiff's counsel would not be coming.

### Conclusion

Defendant has with impunity obstructed discovery in this case and has not been genuine with the Court concerning discovery in this case. Responding to defendant's unprofessional tactics has unnecessarily cost plaintiff tens of thousands of dollars. Defendant's latest action is inconceivable. Plaintiff requests that the Court finally take action on the many warnings it has directed at defendant's counsel and sanction him for his conduct by fining defendant or its counsel an amount equivalent to the costs Mr. Jeffries has incurred as for "discovery" in this case and enter default judgment in Mr. Jeffries' favor.

As an alternative to default judgment (should the Court deem that ultimate sanction too severe), plaintiff requests that: (i) defendant or its counsel be fined in an amount equivalent to the costs Mr. Jeffries has incurred as for "discovery" in this case; (ii) that Dr. Fritz (through deposition or otherwise) be precluded from testifying in this case; and (iii) that the Jury be

4

instructed that defendant has not been forthcoming or genuine in complying with its discovery obligations or this Court's Orders in this case.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
| | (513) 651-3836 fax |
| | email: mroberts@graydon.com |

**CERTIFICATE OF SERVICE**

The foregoing was delivered, via fax and regular U.S. Mail William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 24th of November, 2003.

/s Michael A. Roberts