UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERIC L. JEFFRIES, : | |
| : | Case No. C-1-02-351 |
| Plaintiff, : | |
| : | (Judge Beckwith) |
| vs. : | (Magistrate Judge Hogan) |
| : | |
| CENTRE LIFE INSURANCE COMPANY, : | **DEFENDANTS' SURREPLY IN** |
| et al., : | **SUPPORT OF ITS** |
| : | **MEMORANDUM IN OPPOSITION** |
| Defendants. : | **TO PLAINTIFF'S MOTION IN** |
| : | **LIMINE AND MOTION FOR** |
| : | **SANCTIONS AND MOTION FOR** |
| | **LEAVE TO FILE SAME** |

Plaintiff's Reply Memorandum in Support of his Motion in Limine and Motion for Sanctions with regard to the deposition of Dr. Fritz contains such blatant misstatements that a brief response is warranted. Defendants therefore move the Court for Leave to File a Surreply in Support of its Memorandum in Opposition to Plaintiff's Motion in Limine and Motion for Sanctions. Plaintiff has moved to exclude the testimony of Dr. Fritz and seeks payment of all of his discovery expenses, whether related to Dr. Fritz's deposition or not, as a sanction for his apparent failure to notice that Dr. Fritz' deposition had been scheduled for October 17, 2003. This Motion must be denied.

- **Plaintiff incorrectly argues that Dr. Fritz's deposition was taken outside the discovery period.** In its October 6, 2003 Order the Court determined that "**expert and treating physicians'** discovery shall be completed by December 5, 2003" (emphasis added). Plaintiff again argues that Dr. Fritz's deposition was taken out of time. He ignores the Court's Order of October 6, 2003 which allowed for completion of treating physician discovery until December 5, 2003.

- **Plaintiff received the fax which continued Dr. Fritz's Subpoena.** Plaintiff admits that he received the 19 page fax which contained the Subpoena for Dr. Fritz's deposition. Interestingly, he admits that he received Notices of the Depositions for Drs. McClellan, Hawkins, Fuller, Hyde and Pretorius. He apparently acknowledges that the fax was 19 pages. The fax itself is only 19 pages if Dr. Fritz's notice is included. Plaintiff does not argue that there was a duplicate of any other notice.

- **Plaintiff went to his office instead of attending Dr. Fritz's deposition.** Mr. Roberts contends that he could not attend a deposition on October 17 because of a family wedding. He does not take issue with Mr. Burrell's affidavit which confirms that Mr. Roberts went to his office on the 17th. Defendant's counsel contacted Plaintiff's counsel's office the morning of the deposition and delayed the deposition so that Mr. Roberts could arrive. Mr. Robert's obviously knew the deposition was taking place because he called Mr. Burrell to complain. Although Plaintiff argues that a reasonable attorney would have rescheduled the deposition because there was no urgency, he at the same time argues that the deposition was taken out of time. In any event, Mr. Roberts could have gone to the deposition rather than proceeding to his office.

Even if Plaintiff's counsel overlooked the notice of deposition, this problem could have been cured had Plaintiff's counsel simply shown up at the deposition. Instead of proceeding to the deposition site, he called Mr. Ellis' co-counsel to complain. At the time he was speaking to Mr. Burrell he was pulling into his office parking garage. Mr. Ellis delayed the start of the deposition. When it became clear that Mr. Roberts would not be attending, Mr. Ellis began the deposition but continued it in progress so Mr. Roberts could cross-examine. Mr. Roberts argues that he was unable to go to the deposition because of a family wedding. He was at his office that

day, however, and has offered no explanation for why he chose not to attend Dr. Fritz's deposition. His statements as to the lack of urgency and the discovery delays are false and should not be considered in his motion.

        Respectfully submitted,

        s/Peter M. Burrell
        William R. Ellis (0012279)
        Peter M. Burrell (0044139)
        Amy Gasser Callow (0063470)
        Wood & Lamping LLP
        600 Vine Street, Suite 2500
        Cincinnati, OH  45202-2491
        (Telephone) (513) 852-6000
        (Facsimile) (513) 852-6087

        Attorneys for Defendants
        Massachusetts Casualty Insurance Company
        and Disability Management Services, Inc.

- 4 -

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 3rd day of December 2003.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                s/Peter M. Burrell
                                                Peter M. Burrell, Esq.

193064.1