UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERIC L. JEFFRIES, : | |
| : | Case No. C-1-02-351 |
| Plaintiff, : | |
| : | (Judge Beckwith) |
| vs. : | (Magistrate Judge Hogan) |
| : | |
| CENTRE LIFE INSURANCE COMPANY, : | **DEFENDANTS' MEMORANDUM** |
| et al., : | **IN OPPOSITION TO PLAINTIFF'S** |
| : | **MOTION TO REVIEW** |
| Defendants. : | **DISCOVERY ORDER** |

**I.    INTRODUCTION**

Plaintiff's latest motion complains about the Court's November 13, 2003 Order in which it allowed Plaintiff Eric Jeffries to reconvene the deposition of Eileen Sweeney in New York, New York but held that Plaintiff must bear the expense. Defendant had previously produced Ms. Sweeney for deposition on September 22 and 23 in Springfield, Massachusetts, along with several DMS employees, within the two-day parameter demanded by Plaintiff's counsel.[1] On the day her deposition was scheduled, Ms. Sweeney had traveled from New York City to Springfield and was available for deposition. Because of a family emergency she was unable to stay in Springfield beyond late afternoon. Although he was made aware of this situation, Plaintiff's counsel refused to take her deposition out of order. Any costs associated with reconvening Ms. Sweeney's deposition are correctly borne by Plaintiff.

---

[1] Defendant had originally set aside the entire week of September 22 to complete the depositions Plaintiff sought, but Plaintiff's counsel objected to the schedule claiming it was too long and asserted that he would complete all of the depositions in two days.

## II. ARGUMENT

This issue has already been argued before the Court during a telephone conference with Magistrate Judge Hogan and in previous motions. Plaintiff is dissatisfied with the Court's ruling on this issue and has filed a Motion to Review the Discovery Order. In holding that Plaintiff must bear the costs of Ms. Sweeney's deposition, the Court stated:

> Next, Plaintiff wishes to depose Eileen Sweeney, the President of CentreLife. Ms. Sweeney's deposition was previously scheduled, along with the depositions of others that were completed. Ms. Sweeney, the Court was told, had an emergency at home that required her to leave unexpectedly. As a result, Plaintiff wants to again schedule the deposition of Eileen Sweeney, but wants Defendant to foot the bill since Plaintiff was not at fault in causing the problem. Plaintiff believes Sweeney's sudden exit to be a strategic move on Defendant's part. Defendant is, of course, appalled at the suggestion. Ms. Sweeney apparently does business in New York and probably lives in the vicinity. The Court finds Plaintiff's arguments to be specious. Ms. Sweeney's deposition shall be scheduled forthwith in New York and Plaintiff shall pay for the cost of the trip. The Sweeney deposition will not be subject to atypical and/or self-imposed rules on Defendant's part. The Court's decision on this issue favors Defendant.

The Court has already considered Plaintiff's argument as to why Defendant should be required to pay for the cost of his trip to reconvene Ms. Sweeney's deposition. The Court has already acknowledged that this argument is specious. To presume that Defendants brought Ms. Sweeney to Springfield for deposition and then sent her home with a fabricated family emergency strains logic. Defendants offered to make Ms. Sweeney available out of order and Plaintiff refused. The failure to take Ms. Sweeney's deposition during his original Springfield, Massachusetts trip is only Plaintiff's.

In his motion, Plaintiff acknowledges that he requested the eight depositions scheduled to be taken in September 2003 over a two-day period. He then argues, however, that he advised Defendants that Mr. Gelardi's deposition would take several hours. Plaintiff attaches no documentation in support of this claim. In any event, Ms. Sweeney's emergency was a problem

that neither side could have foreseen. Had Mr. Roberts been more willing to cooperate, he could have at least begun Ms. Sweeney's deposition. He claims in his motion that the time allotted would not have been sufficient. He argues, however, that except for the deposition of Mr. Gelardi, he could have completed all of the depositions in one to two hours. If Mr. Roberts had chosen to do so, he could have at least begun Ms. Sweeney's deposition and therefore be more able to accurately assess how much time it might take to complete it. Moreover, there was no limitation on Mr. Gelardi's deposition. Mr. Roberts could simply have completed Ms. Sweeney's deposition and then resumed Mr. Gelardi's deposition. Because of the contentious nature of this case, however, Mr. Roberts chose not to cooperate and instead barreled ahead with Mr. Gelardi's deposition.

## III. CONCLUSION

Defendants made every effort to accommodate Mr. Roberts' request with regard to the depositions of DMS employees and Ms. Sweeney. They were originally scheduled over a 3-4 day period in order to assure that there was enough time to take all of the depositions. Mr. Roberts objected to this, however, and asked that they be scheduled over 2 days. He then asked that they not begin until 11:30 on Monday, September 22, 2003 so that he would not have to spend the night Sunday night. Again, Defendants acquiesced to Mr. Roberts' request. It is unfortunate that Ms. Sweeney's deposition could not be completed during the original Springfield trip, but it is not the fault of Defendants. Counsel for Defendants were willing to

work with Mr. Roberts, but he refused. His renewed request for Defendants to bear the cost of Ms. Sweeney's deposition must once again be denied.

          Respectfully submitted,

          s/Peter M. Burrell
          William R. Ellis (0012279)
          Peter M. Burrell (0044139)
          Amy Gasser Callow (0063470)
          Wood & Lamping LLP
          600 Vine Street, Suite 2500
          Cincinnati, OH  45202-2491
          (Telephone) (513) 852-6000
          (Facsimile) (513) 852-6087

          Attorneys for Defendants
          Massachusetts Casualty Insurance Company
          and Disability Management Services, Inc.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 3rd day of December 2003.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Peter M. Burrell<br>
Peter M. Burrell, Esq.

193103.1