| **PUBLIC RECORDS REQUEST** |
|---|



To:  Cindy Campanello
     Graydon, Head & Ritchey, LLP
     1900 Fifth Third Center
     511 Walnut St.
     Cincinnati, OH  45202

Fax:  (513) 651-3836

From  Joshua S. Grappy

RE:   Hartings, Michael F. Ph.D.

Date: 03/26/2003

Enclosed (if by mail) or following (if by fax), please find a copy of any dispositions and, in certain cases, charging documents relative to the disciplinary record on file with the State Board of Psychology regarding the licensee about whom you have inquired.

It is the policy of the State Board of Psychology generally to make this category of primary "procedural" documents available upon request to any party making inquiry regarding any disciplinary matter reflected as public record in Board files.

This is also to advise you that there is a more extensive public record available from the Board regarding this matter. The full **1993** public record, consisting of __188__ pages, is available for inspection at no charge at the Board's offices, or by copying at a reasonable fee. Please be advised that the Board does no presume to decide on behalf of any requester which if any documents or portions of documents might be pertinent to any individual request.

The full public record in these matters is available for a charge of **$13.25** *, including regular postage, by check or money order made payable to:

**Treasurer, State of Ohio**

and sent to the Enforcement Division, State Board of Psychology, at the above address, with a copy of this letter.

If you have any questions in this regard, please feel free to call us at 614/466-8808.

**COVER + 17 PAGES**

---

* 188 pgs. @ $.05 = $9.40 + USPS $3.85= $13.25

State Board of Psychology • Vern Riffe Center for Government and the Arts • 77 S. High St. Suite 1830 • Columbus OH 43215-6108
(614) 466-8808 • fax (614) 728-7081

promulgated by the Board" within the meaning of Ohio Revised

Code Sections 4732.17 (G). In particular, DR. HARTINGS'S conduct described in paragraph "2" above violates OAC rule 4732-17--01 (C)(2)(b) (eff. 5-17-76) "A psychologist or school psychologist shall avoid dual relationships with clients and/or relationships which might impair his professional judgment or increase the risk of client exploitation. Examples of such dual relationships include, but are not limited to, treating an employee or supervisee, treating a family relative, and sexual relationships with clients. Nothing in division (C)(2)(b) of this rule shall be construed to mean that a licensed psychologist or licensed school psychologist shall be prohibited from acting to apply necessary psychological procedures in an emergency situation, including effecting an appropriate referral where necessary."

5. DR. HARTINGS failed to maintain clear and distinct boundaries between himself as the treating psychologist and client C. as the patient, resulting in a breakdown of the therapeutic relationship during the period December, 1986 to May, 1988.

6. DR. HARTINGS'S conduct, described in paragraph "5" above, constitutes "violating any rule of professional conduct promulgated by the Board" within the meaning of Ohio Revised Code Sections 4732.17 (G). In particular, DR. HARTINGS'S conduct described in paragraph "5" above violates OAC rule 4732-17--01 (B)(1) (eff. 9-1-81) "(1) A psychologist or school psychologist recognizes the boundaries of his competence and the limitations of his techniques and shall not offer services or use techniques that fail to meet professional standards established in particular fields. The psychologist or school psychologist who engages in practice assists his client in obtaining professional help for all important aspects of his problem that fall outside the boundaries of his own competence. This principle requires, for example, that provision be made for the diagnosis and treatment of relevant medical problems and for referral to or consultation with other specialists."

Based upon the above statements and understandings, the BOARD and DR. HARTINGS agree as follows:

2

A.  DR. HARTINGS'S license to practice psychology in the State of Ohio shall be suspended by the Board for three years, beginning April 8, 1993 and ending April 7, 1996 with the first ninety-one (91) days of the suspension being an active suspension and the remainder of the suspension being stayed.

B.  During the active suspension of his license, from April 8, 1993 through July 7, 1993 DR. HARTINGS shall not practice psychology in any institution or agency or in any form of private practice in any state. DR. HARTINGS shall not supervise the provision of psychological services during the active suspension, nor shall he deliver services under the supervision of any physician, psychologist, or mental health professional in any state.

C.  In the event that DR. HARTINGS is commanded by subpoena or order of court to attend and give testimony in any court action during the period of active suspension, he shall obey such subpoena or order of court. In such case: (1) DR. HARTINGS shall notify the Board in writing of such subpoena. (2) DR. HARTINGS shall not charge any fee for his time in giving testimony, or he may charge the usual and customary fee for giving testimony, which fee shall be donated to Women Helping Women, 216 E. Ninth Street, Cincinnati, Ohio 45202. Any such donations shall be made through DR. HARTINGS attorney, and said attorney shall present evidence to the BOARD of any fees charged and any fees donated under this paragraph "C". Under no circumstances shall DR. HARTINGS or his present employer, Cincinnati Neurological Associates, receive any monetary benefit as a result of DR. HARTINGS giving testimony pursuant to subpoena or order of court during the period of active suspension; (3) The suspension herein shall be stayed on any day when DR. HARTINGS is required by subpoena or order of court to give testimony, and the ending date of the active suspension shall be delayed one day for each day of testimony given; and (4) During the period of active suspension, DR. HARTINGS may not have professional contact with any patients who are involved in any court action in which DR. HARTINGS is subpoenaed or ordered to testify.

D.  In exchange for the agreements of DR. HARTINGS set forth in this CONSENT AGREEMENT, the BOARD agrees not to proceed further with any disciplinary action against DR. HARTINGS

3

for the matters described in number "2" and number "5" under the section on **STATEMENTS** and **UNDERSTANDINGS** except as may be taken in the event (1) he violates this CONSENT AGREEMENT, as set forth below, or (2) evidence becomes available to the Board that the dual relationship which is the subject of this Consent Agreement was not an isolated incident.

E.  The CONSENT AGREEMENT shall not in any way or manner limit or affect the authority of the BOARD to proceed against DR. HARTINGS by initiating a Notice of Opportunity for Hearing or by other appropriate means on the basis of any act, conduct, or admission of DR. HARTINGS justifying disciplinary action which occurred before or after the date of this CONSENT AGREEMENT and which is not directly related to the specific facts and circumstances set forth in number "2" or number "5" under the section on **STATEMENTS** and **UNDERSTANDINGS**. Notwithstanding the preceding sentence, any act, conduct or omission by DR. HARTINGS, which occurred prior to the effective date of this CONSENT AGREEMENT, other than an instance of a dual relationship, shall not constitute a breach or violation of this CONSENT AGREEMENT.

G.  DR. HARTINGS waives any and all claims or causes of action he may have against the State of Ohio, the BOARD, and members, officers, employees and/or agents of either, arising out of matters which are the subject of this CONSENT AGREEMENT.

H.  In the event the Board, in its discretion, does not approve this CONSENT AGREEMENT, this settlement offer is withdrawn and shall be of no evidentiary value and shall not be relied upon or introduced in any disciplinary action or appeal by either party. DR. HARTINGS agrees that should the BOARD reject this CONSENT AGREEMENT and if this case proceeds to hearing, he will assert no claim that the BOARD was prejudiced by this review and discussion of this CONSENT AGREEMENT or of any information relating hereto.

I.  The BOARD shall incorporate this CONSENT AGREEMENT into a formal Journal Entry at its meeting of March 12-13, 1993.

This CONSENT AGREEMENT shall be considered a public record as that term is used in Section 149.43, Ohio Revised Code.

This CONSENT AGREEMENT is not an adjudication order within the meaning of Section 119.01 (D) of the Ohio Revised Code.

If, in the discretion of the BOARD, DR. HARTINGS appears to have breached any terms or conditions of this CONSENT AGREEMENT, the BOARD reserves the right to institute formal disciplinary proceedings for any breaches of the CONSENT AGREEMENT or for any alleged violations of the laws respecting the practice of psychology in Ohio, including, but not limited to, those violations set forth in number "2" and number "5" under the section on **STATEMENTS** and **UNDERSTANDINGS**. Any action based on alleged violations of this CONSENT AGREEMENT shall comply with the Administrative Procedures Act, Ohio Revised Code Chapter 119.

Upon consent of DR. HARTINGS and the BOARD, the terms and conditions of this CONSENT AGREEMENT may be modified or terminated in writing.

This CONSENT AGREEMENT shall take effect when it is signed by the parties and their representatives, as indicated below.

THE OHIO BOARD OF PSYCHOLOGY

_____        BY: _____
MICHAEL F. HARTINGS, Ph.D.       EDWARD D. FISCUS, Ph.D.
                                 President, Ohio State Board
                                 of Psychology

March 10, 1993                   March 13, 1993
DATE                             DATE

_____        _____
THOMAS J. RUWE                   GREGG B. THORNTON
Counsel for DR. HARTINGS         Assistant Attorney General for
                                 The Ohio Board of Psychology

3/11/93                          March 15, 1993
DATE                             DATE

5

# Michael F. Hartings, Ph.D.
Diplomate in Clinical Psychology
Diplomate in Forensic Psychology
American Board of Professional Psychology

RECEIVED
AUG 02 1994
BOARD OF PSYCHOLOGY

Ohio State Board of Psychology
77 S High Street   18 Floor
Columbus, Ohio
43266-0321

July 23, 1994

COPY

re: License Renewal

To the Board of Psychology:

In response to the question on the license renewal form about disciplinary actions by other states, please be advised that reciprocol discipline was administered by the State of Illinois in an agreement signed by me on June 22, 1994. This was in response to the Consent Agreement with the Ohio Board in 1993. A copy of the settlement is enclosed for your records. There is no other matter to report.

Sincerely yours,

Michael F. Hartings, Ph. D.

Cincinnati Neurological Associates, Inc.
111 Wellington Place
Cincinnati, Ohio 45219
513-241-2370

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

PARTMENT OF PROFESSIONAL REGULATION        )
  the State of Illinois,       Complainant  )
             v.                              )   No. 93-3937-LEG
CHAEL F. HARTINGS                            )
cense No. 071-001620,          Respondent   )

## STIPULATION AND RECOMMENDATION FOR SETTLEMENT

The Department by Mary Anne Benden, its attorney, and Michael Hartings, Respondent, by Thomas Ruwe, his attorney, submit the ~lowing Stipulation and Recommendation for Settlement to the Clinical 'chologist Licensing and Disciplinary Committee for its approval and ~orable recommendation to the Director.

## STIPULATION OF FACTS

1. THAT on January 5, 1994, the Department filed a Complaint against Respondent, alleging that Respondent was disciplined by the Ohio State Board of Psychology for the reasons set forth in Paragraphs 2 and 5 in the Ohio Consent Agreement which is attached to the Amended Complaint.

2. Respondent has been advised that he has the right to be represented by counsel and has retained Thomas Ruwe of Cincinnati, Ohio as his attorney. Respondent has fully discussed the allegations made in the Complaint with his counsel. Respondent has been advised that he has a right to a formal evidentiary hearing and waives such right to a hearing if this Recommendation is approved.

Page 1 of 5

3. Respondent admits that at all times pertinent to the Complaint, he was a Clinical Psychologist licensed in the State of Illinois, but that his license was on "inactive status" since August 15, 1986.

4. Respondent admits the above stated allegations. Respondent further states that he has not practiced psychology in the State of Illinois since before August, 1986.

5. Respondent is fully aware that this Recommendation must be approved by the Clinical Psychologist Licensing and Disciplinary Committee. By submission of this Recommendation for approval, Respondent expressly waives any objection based upon prejudice should the Clinical Psychologist Licensing and Disciplinary Committee refuse to accept this Recommendation.

6. For purposes of settlement only, Respondent acknowledges that a violation of the Clinical Psychology Practice Act may be found by the Clinical Psychologist Licensing and Disciplinary Committee following review of the Amended Complaint (filed February 23, 1994) and Answer (filed March 8, 1994).

7. The parties stipulate that these admissions are made for purposes of this Recommendation only. In the event that this Recommendation is not approved by the Clinical Psychologist Licensing and Disciplinary Committee, these admissions shall not be admissible in any proceeding and the matter will be set for an evidentiary hearing on the merits as if this Recommendation had not been submitted.

    In addition, upon approval of this Recommendation, these admissions may not be utilized in any other proceeding except one to enforce this agreement.

8. Respondent has been advised that he has the right to file for a rehearing of the matter within 20 days of the Clinical Psychologist Licensing and Disciplinary Committee's action in this case. Respondent hereby waives such a right to a rehearing if this Recommendation is approved.

9. Respondent has been advised that he has a right to Administrative Review of the Order entered by the Director in this case. Respondent hereby waives such right to review if this Recommendation is approved.

### RECOMMENDATION FOR SETTLEMENT

10. In the interest of a prompt and just settlement in this matter in a manner consistent with the public interest and in light of the responsibilities of the Clinical Psychologist Licensing and Disciplinary Committee, the Department and the Respondent offer the following proposal for approval by the Clinical Psychologist Licensing and Disciplinary Committee. This Recommendation shall be considered to be an integrated package such that approval of this Recommendation without change is necessary.

11. Upon notification that the Recommendation has been approved and that the Director has entered an Order adopting the

Recommendation of the Clinical Psychologist Licensing and Disciplinary Committee, Respondent agrees:

A. To a three (3) year Suspension of his license to practice clinical psychology in the State of Illinois, license No. 071-001620, which shall be stayed after a period of three (3) months active suspension in the State of Illinois, consistent with the Ohio Consent Agreement; and

B. Thereafter, Indefinite Probation of his license to practice clinical psychology in the State of Illinois with the condition that Respondent notify the Clinical Psychologist Licensing and Disciplinary Committee thirty (30) days prior to setting up practice in Illinois so as to arrange for an Illinois licensed clinical psychologist to supervise his practice of clinical psychology.

I have read this Stipulation and Recommendation for Settlement I have fully discussed it with my attorney. I agree to be bound by 3 terms.

6/22/94
DATE

Michael F. Hartings
Respondent

6/22/94
DATE

Thomas Ruwe
Respondent's Attorney

6/23/94
DATE

Mary Anne Benden
Attorney for the Department

Page 4 of 5

The foregoing Stipulation and Recommendation for Settlement is
oved by the Clinical Psychologist Licensing and Disciplinary
ittee as its decision this 20th day of MAY, 1994. The
ical Psychologist Licensing and Disciplinary Committee concludes
Respondent has violated the Clinical Psychology Act and hereby
mmends that the Director approve the Recommendation set forth
in by issuing an appropriate Order.

| | |
|---|---|
| 5/20/94 | _James F. [Signature]_ |
| DATE | CHAIRMAN, CLINICAL PSYCHOLOGIST LICENSING AND DISCIPLINARY COMMITTEE |
| 5-20-94 | _[Signature]_ |
| DATE | MEMBER |
| 5/20/94 | _[Signature] Appleton_ |
| DATE | MEMBER |
| 05/20/94 | _[Signature]_ |
| DATE | MEMBER |
| 5/20/94 | _[Signature]_ |
| DATE | MEMBER |
| | |
| DATE | MEMBER |
| | |
| DATE | MEMBER |

.t

Page 5 of 5

COMMONWEALTH OF KENTUCKY
BEFORE THE
STATE BOARD OF EXAMINERS OF PSYCHOLOGY

IN RE: MICHAEL F. HARTINGS, PH.D.

\* \* \* \* \*



# ORDER

The Kentucky Board of Examiners of Psychology, having considered and voted to approve the proposed Settlement Agreement in the case of Michael F. Hartings, Ph.D., hereby affirms, adopts and incorporates the Settlement Agreement attached hereto as its own.

IT IS SO ORDERED.

DATED this _19th_ day of March, 1996.

KENTUCKY STATE BOARD OF EXAMINERS OF PSYCHOLOGY

BY: _____
JOSEPH E. WILLETT, Ph.D., CHAIR

ATTEST: _____
Wendy Satterly, Board Secretary

Copies to:

1) Michael F. Hartings, Ph.D.

2) Thomas J. Ruwe, Attorney for Dr. Hartings

3) Mark Brengelman, Assistant Attorney General

COMMONWEALTH OF KENTUCKY
BOARD OF EXAMINERS OF PSYCHOLOGY

IN RE: MICHAEL F. HARTINGS, Ph.D.

\* \* \* \* \*

## SETTLEMENT AGREEMENT

**Whereas**, the Commonwealth of Kentucky's Board of Examiners of Psychology (hereafter "Board") has filed and promptly served notice of an initiating complaint against Licensed Psychologist Michael F. Hartings, Ph.D. (hereafter "Respondent"), alleging violations of the statutes controlling the practice of psychology in Kentucky; and

**Whereas**, the parties mutually desire to settle the complaint in an expeditious manner without resorting to further litigation; and

**Whereas**, Respondent has had the benefit at all times pertaining hereto of advice from competent counsel of his choice, and no coercion has been exerted upon Respondent to enter into this agreement nor have any promises been made other than those reflected in this agreement; and

**Whereas**, Respondent freely and voluntarily enters into this agreement, motivated by a desire to resolve the issues addressed herein, and Respondent has executed this Settlement Agreement only after conferring with counsel, after a careful reading of it and after a full understanding of all of its terms:

**IT IS HEREBY STIPULATED AND AGREED** between the undersigned parties that this matter shall be settled and resolved as follows:

## JURISDICTION

Respondent acknowledges that the Board has jurisdiction over him and the conduct which has precipitated this settlement.

Respondent acknowledges that the Board has the legal power and authority to take disciplinary action up to and including revocation of license.

Respondent acknowledges that the Board will retain jurisdiction over this matter until all terms and conditions set forth in this Settlement Agreement have been met to the satisfaction of the Board.

## COSTS

The Board and the Respondent shall each bear their own costs incurred in this disciplinary action.

## FINDINGS

Respondent has been notified by the Board in its initiating complaint that facts have been brought to its attention from the records of the Ohio State Board of Psychology that it appears Respondent may have violated KRS 319.082(1)(d), which prohibits incompetence or negligence in the practice of psychology. Respondent acknowledges that he has been notified in the initiating complaint of the alleged violations of the above-referenced statutory provisions, and that he acknowledges these violations as constituting ethical misconduct.

## EFFECT UPON LICENSURE

By acceptance of this Settlement Agreement, Respondent agrees that his license will be suspended for a period of two (2) years, with suspension stayed upon the following terms and conditions:

2

1. Respondent shall be placed on probation for this two (2) year period;

2. Respondent shall not be permitted to supervise any candidates for licensure, certified psychologists, or psychological associates in Kentucky during the two (2) year probationary period;

3. That any practice by Respondent conducted in Kentucky must be supervised by a Kentucky licensed psychologist who has been pre-approved by the Board pursuant to 201 KAR 26:171; and

4. Respondent shall cooperate at all times with a supervisor (if one is appointed), the Board, the Board's staff and its agents who are engaged in the administration of this Settlement Agreement.

## STAY OF PROSECUTION

The Board's prosecution of the initiating complaint and subsequent investigation pending against Respondent shall be stayed during the pendency of Respondent's compliance with this Settlement Agreement. If the Board is presented with information that Respondent has not complied with the terms of this Settlement Agreement, however, the Board reserves the right to lift the stay, declare Respondent to be in default of this Settlement Agreement, revoke Respondent's probation, and impose the two (2) year suspension period.

## RELEASE OF LIABILITY

In consideration of execution of this Settlement Agreement, the Respondent for himself, his executors, administrators, successors and assigns, hereby releases and forever discharges the Commonwealth of Kentucky, the Kentucky Board of Examiners of Psychology, an appointed supervising psychologist, if any, and the Kentucky Attorney General in all manner of actions,

causes of action, suits, debts, judgments, executions, claims and demands whatsoever, known and unknown, in law or equity, that Respondent ever had, now has, may have or claim to have against any or all of the persons or entities named in this paragraph arising out of or by reason of this investigation, this disciplinary action, or this settlement.

## INDEMNIFICATION

The Respondent for himself, his heirs, executors, administrators, successors and assigns, hereby indemnifies and holds harmless the Commonwealth of Kentucky, the Kentucky Board of Examiners of Psychology, an appointed supervising psychologist, if any, and the Kentucky Attorney General and each of their members, agents, and employees in their individual and representative capacities against any and all claims, suits, demands, actions, debts, damages, costs, charges, and expenses, including court costs and attorney's fees, against any persons or entities as well as all liability, losses, and damages of any nature whatsoever that the persons and entities named in this paragraph shall have or may at any time sustain or suffer by reason of this investigation, disciplinary action, or settlement agreement.

## ACCEPTANCE BY THE BOARD

This Settlement Agreement, when executed by the Respondent, shall be presented to the Kentucky Board of Psychology with a recommendation for approval from the Board's counsel at the next regularly scheduled meeting of the Board following receipt of the executed agreement. The Settlement Agreement shall not become effective until it has been approved by a majority of the Board and endorsed by a representative member of the Board.

4

## OPEN RECORDS ACT

Respondent acknowledges that this Settlement Agreement, itself a preliminary document as defined under the Kentucky Open Records Act (See KRS 61.878(1)(g, h & i), shall become a public record upon the entry by the Board of an order which approves this Settlement Agreement or which lifts the stay, revokes the probation and imposes the two (2) years suspension period.

As this Settlement Agreement will be final action taken by the Board, it is subject to the press release requirement contemplated by 201 KAR 26:140, Section 12.

## COMPLETE AGREEMENT

This Settlement Agreement consists of 5 pages and embodies the entire agreement between the Board and Respondent. It may not be altered, amended, or modified without the express written consent of both parties.

DATED, this 31 day of January, 1996.

MICHAEL F. HARTINGS, Ph.D.
Respondent

Kentucky State Board of
Examiners of Psychology

By: _____
SCOTT D. MAJORS
Assistant Attorney General
P. O. Box 2000
Frankfort, KY 40602-2000
(502) 564-7600
  Counsel for the Board

THOMAS J. RUWE, ESQ.
211 Columbia Wooster Building
5710 Wooster Road
Cincinnati, OH 45227
Counsel for Respondent

5