UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN RESPONSE TO PLAINTIFF'S** |
| | : | **MOTION FOR CONTINUANCE OF** |
| Defendants. | : | **TIME** |

## I.     INTRODUCTION

Now comes Defendant Centre Life Insurance Company and files this response to Plaintiff's "Motion for Continuance of Time to depose Dr. Kirk Frey and file a Motion in Limine to exclude the expert testimony of Dr. Frey." Defendant does not oppose the Motion in principal. Defendant has never objected to producing Dr. Frey for deposition even though the deadline to depose expert witnesses has passed. Defendant nevertheless files this response because of its concern regarding the improper, incorrect and unsubstantiated allegations contained within Plaintiff's Motion. This concern is exacerbated by the fact that the Court ordered a hearing on the Motion before Defendant had an opportunity to respond. Although Defendant never intended to oppose the Motion insofar as it seeks the deposition of Dr. Frey after the discovery cut-off, the fact that the Court accepts Mr. Robert's allegations at face value, without consideration of Defendant's position, is disconcerting.

## II.    ARGUMENT

### A.    Plaintiff's counsel has interfered with Defendant's attempts to obtain SPECT scan information.

Defendant has never opposed Plaintiff's request to take the deposition of Dr. Frey. Attached hereto as Exhibit A is a copy of correspondence hand-delivered to counsel for Plaintiff on August 29, 2003. In this correspondence counsel for Defendant identifies Dr. Kirk Frey as an expert witness. Dr. Frey was engaged by Defendant to review Plaintiff's medical testing with regard to SPECT scans of his brain. At the time of its August 29, 2003 letter, Defendant had received a report from Dr. Pretorious which it had forwarded to Dr. Frey to review. In his Motion Plaintiff claims that Defendant "represented that Dr. Frey had the information needed to generate a report and that his report would be forthcoming shortly." What the letter actually says is "we have submitted Dr. Pretorius' information to Dr. Frey and expect to have a report back from him shortly. We will forward it to you upon receipt." In fact, Defendant did not have the information Dr. Frey needed to generate a report.

Upon receipt of Dr. Pretorius' report, Dr. Frey concluded that he needed the raw data from Dr. Pretorius' scans in order to fully understand his report. Due to the interference and delay of Plaintiff's counsel, this information was not obtained from Dr. Pretorius, and therefore could not be sent to Dr. Frey, until October 2, 2003. Defendant also learned during the deposition of Dr. Hyde that additional SPECT scan information existed which needed to be considered by Dr. Frey as well.

The delay in Dr. Frey's receipt of information he needed to review Dr. Pretorius' report is attributable to the efforts and interference of Plaintiff's counsel. On November 12, 2003, Defendants filed a Response in Opposition to Plaintiff's Motion to Exclude the Testimony of Dr. Frey and Motion for Protective Order. *See* Document No. 108. Plaintiff had argued that

Dr. Frey's testimony should be excluded because a report was not timely received from him. Defendants' response to that claim is incorporated herein by reference. *See id.* Essentially, Defendant issued a subpoena to Dr. Pretorius on August 26, 2003 and requested a copy of his file for use in the interpretation of his report. Dr. Pretorius was asked to respond with a full and complete copy of his file by September 12, 2003. *See id.* On September 11, 2003, a representative of Dr. Pretorius' office advised Wood & Lamping that the file would be ready for pick up on September 12, 2003. *See id.* On September 12, 2003, however, Dr. Pretorius' office advised that Mr. Roberts had told Dr. Pretorius that Defendant's counsel did not want what had been requested. Dr. Pretorius later advised that his records had been prepared and given to Mr. Roberts. It was not until October 2, 2003 that counsel for Defendant finally received the entirety of Dr. Pretorius' file.

Shortly after that, on October 10, 2003, Defendant learned that still more SPECT scan information existed. Counsel for Defendant deposed Dr. Byron Hyde, another of Mr. Jeffries consulting physicians. During that deposition, Defendant learned for the first time that additional SPECT scans had been done in Canada. These additional scans were necessary for Dr. Frey to do a full and complete analysis. Dr. Hyde refused to release the SPECT scans to anyone but the court reporter and it was not until October 23, 2003 that Wood & Lamping was finally able to obtain the color scans from the court reporter in Ottawa, Canada. These scans were duplicated and sent to Dr. Frey via Federal Express on October 24, 2003. Dr. Frey then completed his report; a copy of which was hand-delivered to Plaintiff's counsel on November 18, 2003.

As set forth in Document 108, incorporated herein by reference, the delays in obtaining the information Dr. Frey needed to review falls squarely on the shoulders of Plaintiff's counsel.

Mr. Roberts interfered with the subpoena issued to Dr. Pretorius and advised Dr. Pretorius that Wood & Lamping did not actually want the documents it had subpoenaed. Mr. Roberts also failed to disclose the existence of the Canadian SPECT scans. If Plaintiff had fully and completely responded to Defendants' discovery requests and identified these SPECT scans, Defendants would have known of their existence and the need to include them in Dr. Frey's evaluation. It was not until Dr. Hyde's deposition that Defendants learned of these scans. Had Plaintiff been forthcoming with his medical records, these delays could have been avoided.

      **B.    Plaintiff's misstatements and unsupported allegations should not be taken at face value.**

Defendants have no objection to the deposition of Dr. Frey being taken out of time. Plaintiff requested Dr. Frey's deposition on November 24, 2003. Unfortunately, Dr. Frey was out of the country and unable to commit to a deposition date until the week of December 15, 2003. On December 11, 2003, one day before Plaintiff filed the Instant Motion, counsel for Defendant asked Mr. Roberts' assistant to "please advise as to whether Mr. Roberts has any time or date conflicts during the week of December 15th, so that we may arrange this deposition <u>as soon as possible</u>." *See* Exhibit 2 to Plaintiff's Motion for Continuance of Time (emphasis added). Counsel for Plaintiff never responded to this request. Dr. Frey was in fact available for deposition on December 17, 2003 and advised that he can be available December 22, 2003.

Defendant had anticipated that Dr. Frey's deposition would be taken the week of December 15, 2003. Defendant asked Mr. Roberts to advise if he had any conflicts during that week. He refused to do so and instead filed this Motion for a Continuance of Time. Mr. Roberts continues to create issues for contention unnecessarily. Dr. Frey was available December 17, 2003 for deposition and is available December 22, 2003 for deposition. Although Mr. Roberts never advised counsel for Defendant of his availability during the week of December 15, 2003,

he claims in his motion that "trial commitments in other matters prevent Plaintiff's counsel from taking Dr. Frey's deposition prior to January 1, 2004." This statement is disingenuous given the fact that Mr. Roberts has advised counsel for Defendant that in fact another attorney will be taking Dr. Frey's deposition. *See* Exhibit B, 12/16/03 correspondence to Mr. Roberts from Mr. Ellis. There appears to be no reason why Dr. Frey's deposition could not proceed on December 22, 2003.

### III.    CONCLUSION

Defendants do not oppose Plaintiff's Motion to Take Dr. Frey's Deposition Out of Time. Defendants do however take issue with self-serving misstatements set forth by Mr. Roberts and apparently accepted as fact by the Court. Defendant's advised Mr. Robert's that Dr. Frey was available the week of December 15, 2003 and asked if he had any conflicts. Rather than respond or offer alternative dates, Mr. Roberts once again ran to the Court and created an issue where none existed. Defendant respectfully requests that Dr. Frey's deposition take place on December 22, 2003 and that no additional delays be permitted.

<div style="margin-left: 40%;">
Respectfully submitted,

s/Peter M. Burrell
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.
</div>

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 18th day of December 2003. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                  s/Peter M. Burrell

194668.1