IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| v. | ) : | PLAINTIFF'S MOTION FOR |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | SANCTIONS AGAINST DEFENDANT'S COUNSEL |
| Defendants. | ) | |

Throughout this litigation, the defendant and/or its counsel has engaged in deceptive and, in some cases, disengenious behavior. In its "Daubert Motion And Memorandum In Support Regarding Hepatitis B Vaccination Causation" (the "Causation Motion") defendant makes a blatant, calculated misrepresentation concerning the outcome of another lawsuit involving Mr. Jeffries and which directly concerned the issue of whether Mr. Jeffries' hepatitis b vaccination caused his undisputed disability. (*Doc. 117*). Defendant's unequivocal misstatement is strategically designed to dupe this Court into believing that another Court has discredited Mr. Jeffries' experts and medical disability. Defendant's counsel's behavior is sanctionable. A memorandum in support is attached.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

1

**MEMORANDUM IN SUPPORT**

The Court has previously sustained plaintiff's motions to compel, sanctioned defendant's counsel, and separately found that defendant or its counsel had apparently "intentional[ly] misunderst[ood]" this Court's order. (*Doc. 100*). Without great pleasure, plaintiff is compelled to raise with the Court another blatantly false statement which defendant's counsel makes in "Defendants' (sic) Daubert Motion And Memorandum In Support Regarding Hepatitis B Vaccination Causation" (the "Causation Motion") (*Doc.117*).

Specifically, in its Causation Motion, defendant accurately identifies that, in addition to filing this suit against Centre Life Insurance Company, Mr. Jeffries has presented a claim for benefits in the United States Court Of Federal Claims under the National Vaccine Injury Compensation Act (the "Act").[1] 42 U.S.C. §300aa-10, *et seq.* (*See, Declaration Of Counsel Attached as Exhibit A*). The defendant also accurately identified that the Special Master of the United States Court of Federal Claims presiding over Mr. Jeffries' suit has conducted a trial on the liability (or causation) phase of Mr. Jeffries' claim for benefits. *Id.* The defendant also accurately identified that the Special Master, notwithstanding a *Daubert* challenge, heard the expert testimony of Dr. Mark Geier, an expert in the field of adverse reactions to vaccines and the expert who is the subject of defendant's Causation Motion. *Id.* [Dr. Geier is someone who has testified numerous times before the United States Court Of Federal Claims, which employs the gate-keeping rigors of *Daubert* to expert testimony, in cases presented under The Act]. *Id.*

---

[1] As defendant knows, in August 1999, after suffering his adverse reaction to his hepatitis b inoculation, Mr. Jeffries filed a petition in the United States Court Of Federal Claims seeking benefits under the National Vaccine Injury Compensation Act, 42 U.S.C. § 300aa-10, *et seq.* Congress adopted the Act to advance the public policy of encouraging the development of vaccines and compensating those who suffer adverse reactions while also protecting vaccine manufacturers.

However, in a deceptive effort to persuade this Court to exclude Dr. Geier's relevant and reliable expert testimony in this action, the defendant blatantly falsified the outcome of the trial conducted by the Special Master on the issue of whether Mr. Jeffries' Hepatitis b vaccination caused his disability. *Id*. Defendant incorrectly states in its Causation Motion (without any citation or supporting information) that Mr. Jeffries' "application was denied." (*See, Exhibit A, attached Exhibit 1, page 6 of Defendant's Causation* Motion). *Id.* Defendant's statement is false. *Id.*[2]

The undersigned served as Mr. Jeffries' trial attorney in the liability hearing already conducted in the United States Court of Federal Claims. *Id.* Defendant's unequivocal statement that Mr. Jeffries' application for benefits was denied is untrue. *Id.*

In ***Chandler v. Vulcan Materials Company,*** 2003 U.S. App. LEXIS 23531 (6th Cir 2003) (*See*, Exh. A, Exh. 2, attached) the Sixth Circuit recently discussed that "we must . . . make note of counsel's dishonesty towards the district court . . . [counsel's] stated disclosure . . . was false. Counsel who lie to the district court are subject to sanctions." The ***Chandler*** Court then recited Rule 11(B).[3]

Defendant's effort to obtain information about Mr. Jeffries' suit in the United States Court Of Federal Claims was rebuffed both by the undersigned and the Department Of Justice, which represents the Respondent, the Department Of Health And Human Services, in Mr.

---

[2]     The trial has been concluded and the trial judge has accepted post-trial briefs, but before rendering a decision she has ordered the parties to engage in arbitration, which process is ongoing.

[3]     Fed. R. Civ. P. Rule 11(b) States: "Representations to Court. By presenting to the court . . . by . . . submitting . . . a written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . [and (3) the allegations and other factual contentions have evidentiary support . . . ."

Jeffries' suit in the United States Court Of Federal Claims. (*See*, *Exhibit 1, attached letter from DOJ lawyers refusing defendant's request for information*). Accordingly, defendant's counsel has violated Rule 11 and has no ability to defend his misstatement by asserting that he must have obtained inaccurate information from the Department of Justice.

Why would defendant again lie? The answer is obvious. Defendant cannot establish that Mr. Jeffries' benefits should be limited and defendant's psychologist (who had his license suspended for three years for "low standards" in the middle 1990s) cannot properly assert that his diagnosis (that Mr. Jeffries has Undifferentiated Somatoform Disorder) is accurate unless there exists no medical explanation for Mr. Jeffries' disability. Accordingly, defendant is in desperation to have the Court exclude testimony of all of the numerous experts who state unequivocally that Mr. Jeffries' disability is caused by a medical illness likely triggered by the hepatitis b vaccine he received in 1997.

Defendant deposed Dr. Geier and knows that he testified as an expert over a *Daubert* challenge in Mr. Jeffries' liability trial in the United States Court of Federal Claims (and has testified as an expert on numerous other occasions in cases presented under the Act). And for the calculated purpose of duping this Court into improperly excluding Dr. Geier's expert testimony, the defendant stooped to misrepresenting the outcome of the liability hearing in the United States Court Of Federal Claims so as to discredit Dr. Geier and the scientific basis of his testimony.

Defendant's counsel's decision to falsify the outcome of that trial is unprofessional and contemptible behavior. Were this the first incident of such behavior in this case, plaintiff may have simply addressed this point in a footnote in his separate opposition to the Causation

Motion, but the continuing misbehavior of defendant's counsel warrants severe Court action. Plaintiff requests that a monetary sanction be placed on defendant and/or its counsel fully compensating Mr. Jeffries for his attorney fees incurred to date in this action,[4] and either a default judgment or instruction to the jury that this Court has found defendant to be dishonest in pretrial proceedings, which the jury can weigh as it desires.

                                              Respectfully submitted,

| OF COUNSEL | /s Michael A. Roberts |
|---|---|
|  | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

### CERTIFICATE OF SERVICE

The foregoing was delivered, via regular U. S. Mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of December, 2003.

                                              /s Michael A. Roberts

---

[4] This court has the inherent power to award costs and attorneys' fees against counsel or party where litigation is pursued in bad faith under 28 USC § 1927.

366469.1