IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| v. | ) : | DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | SANCTIONS AGAINST <u>DEFENDANT'S COUNSEL</u> |
| Defendants. | ) | |

Upon oath, the Declarant states as follows pursuant to the provisions of 28 U.S.C. §746:

1. My name is Michael A. Roberts. I am an attorney at law licensed to practice in the State of Ohio and am presently in good standing. I am a partner in the law firm of Graydon Head & Ritchey LLP. I serve as the Trial Attorney for the plaintiff in the above matter, Eric L. Jeffries.

2. In its "Daubert Motion And Memorandum In Support Regarding Hepatitis B Vaccination Causation" (the "Causation Motion"), the defendant accurately identifies that, in addition to filing this suit against Centre Life Insurance Company, Mr. Jeffries has presented a claim for benefits in the United States Court Of Federal Claims under the National Vaccine Injury Compensation Act (the "Act"). 42 U.S.C. §300aa-10, *et seq.*

3. In its Causation Motion the defendant also accurately identifies that the Special Master of the United States Court of Federal Claims presiding over Mr. Jeffries' suit has conducted a trial on the liability (or causation) phase of Mr. Jeffries' claim for benefits.

4. The defendant also accurately identifies that the Special Master, notwithstanding a *Daubert* challenge, heard the expert testimony of Dr. Mark Geier, an expert in the field of



adverse reactions to vaccines and the expert who is the subject of defendant's Causation Motion. [Dr. Geier is someone who has testified numerous times before the United States Court Of Federal Claims, which employs the gate-keeping rigors of *Daubert* to expert testimony, in cases presented under The Act].

5. However, contained within defendant's written argument to exclude Dr. Geier's expert testimony in this action is a false statement.

6. Defendant incorrectly states in its Causation Motion (without any citation or supporting information) that Mr. Jeffries' "application was denied."

7. The undersigned served as Mr. Jeffries' trial attorney in the liability hearing already conducted in the United States Court of Federal Claims. Defendant's unequivocal statement that Mr. Jeffries' application for benefits was denied is untrue. The trial has been concluded and the trial judge has accepted post-trial briefs, but before rendering a decision she has ordered the parties to engage in arbitration, which process is ongoing.

8. Moreover, I understand that defendant's effort to obtain information about Mr. Jeffries' suit in the United States Court Of Federal Claims was rebuffed both by the undersigned and the Department Of Justice, which represents the Respondent, the Department Of Health And Human Services, in Mr. Jeffries' suit in the United States Court Of Federal Claims. Attached is a letter I received from my counterpart in the Court of Federal Claims Litigation, a lawyer within the Department of Justice, which states that the DOJ refused defendant's request for information.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

Dated: December 22, 2003                     /s Michael A. Roberts
                                                                          Michael A. Roberts

## CERTIFICATE OF SERVICE

The foregoing was delivered, via regular U. S. Mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of December, 2003.

                                                                        /s Michael A. Roberts

remain.[1] Drs. Geier, Hyde and Waisbren have offered the opinion that Mr. Jeffries either has CFS or myeloencephalitis ("CFS/ME") and that his CF/ME was caused by his Hepatitis B inoculation. There is no scientific fit between this opinion and Mr. Jeffries' factual symptoms. The idea that a Hepatitis B inoculation can cause CFS/ME is speculative and not permitted under *Daubert*.

None of Mr. Jeffries' consulting physicians have been able to put forth any scientific study that causally link Hepatitis B to CFS/ME. It is acknowledged that there are anecdotal references to adverse effects of Hepatitis B. Despite these anecdotal references, Hepatitis B is a required inoculation for all children born in the United States. The Hepatitis B inoculation is considered safe by the Center for Disease Control. Moreover, Mr. Jeffries' symptoms are not consistent with symptoms recorded in the anecdotal referenced relied upon by Drs. Geier, Hyde and Waisbren.

Dr. Geier advocated on behalf of Mr. Jeffries for compensation for his alleged adverse reaction to the Hepatitis B vaccination. This application was denied. In support of the application Dr. Geier relied upon statistics from the Vaccine Adverse Event Reporting System (VAERS) database. VAERS is a voluntary forum to which adverse reactions to vaccines can be reported. Dr. Geier's reliance on VAERS as statistical support for his adverse vaccine reaction conclusions has been criticized.

The American Academy of Pediatrics has recently authored an opinion that reliance on VAERS for evidence of an adverse reaction pattern is unacceptable. *See* Exhibit A. As the AAP has concluded "inherent limits of VAERS include incomplete reporting, lack of verification of diagnoses, and lack of data on people who were immunized and did not report problems." *See id.* Moreover, VAERS does not contain enough information to determine whether the alleged

---

[1] Dr. Pretorius' diagnosis of immune cerebritis is addressed in a separate motion.





U.S. Department of Justice
Civil Division

---

Washington, D.C. 20530

September 10, 2003

Clifford J. Shoemaker, Esquire
9711 Meadowlark Road
Vienna, Virginia 22182-1951

      RE:    <u>Jeffries v.. Secretary, HHS</u>, No. 99-670;

Dear Cliff:

      The above-referenced matter has been reassigned to me from Mrs. Lisa Watts, and my appearance on behalf of respondent was filed today. I wanted to bring to your attention the fact that we have been contacted by attorneys William Ellis and Peter Burrell concerning the above-referenced matter, and that, in addition, Mr. Ellis has contacted respondent's expert, Dr. Burton Zweiman, apparently because petitioner provided to them with a copy of Dr. Zweiman's expert opinion filed by respondent in this case. Mssrs. Ellis and Burrell apparently represent Mr. Jeffries's disability insurance carrier, against whom he apparently has filed a lawsuit.

      Mssrs. Ellis and Burrell were informed that nothing concerning petitioner's vaccine claim could be disclosed to persons who were not parties, or agents of parties, to the claim. In addition, although I am uncertain as to how they obtained a copy of Dr. Zweiman's expert opinion, I wanted to remind you that 42 U.S.C. § 300aa-12(d)(4) prohibits the disclosure of information submitted to a special master or the court in a Vaccine Act claim to a person who is not a party to the proceeding without the express written consent of the person who submitted the information. Respondent's consent has not been sought for the disclosure of any material submitted by respondent in the above-referenced matter, including Dr. Zweiman's expert opinion. If Mr. Jeffries provided Dr. Zweiman's opinion, or any other material submitted by respondent to the special master in this case, please advise him that the statute requires respondent's consent prior to release. While respondent may consent to release if Mr. Jeffries desires it, seeking respondent's consent first is required by law and provides the means for ensuring the protection of significant privacy or other interests in the appropriate case.

      Thank you for your prompt attention to this matter.

                                   Sincerely,

                                   Catharine E. Reeves
                                   Senior Trial Counsel
                                   U.S. Department of Justice
                                   Torts Branch, Civil Division
                                   P.O. Box 146
                                   Benjamin Franklin Station
                                   Washington, D.C. 20044-0146
                                   Direct dial: (202) 307-1400
                                   E-mail: <u>Catharine.Reeves@usdoj.gov</u>

cc:      Michael Roberts, Esq.
         Graydon, Head, & Ritchey LLP
         P.O. Box 6464
         Cincinnati, Ohio 45201-6464

EXHIBIT 2