IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | |
| v. | ) | |
| | : | PLAINTIFF'S SUPPLEMENTAL |
| CENTRE LIFE INSURANCE CO, | ) | MEMORANDUM IN SUPPORT |
| | : | OF PLAINTIFF'S MOTION IN LIMINE |
| Defendant. | ) | AND MOTION FOR SANCTIONS |

This memorandum supplements plaintiff's original motion concerning the deposition of Dr. Fritz (*Doc. 104*), defendant's opposition (*Doc. 106*), plaintiff's reply (*Doc. 111*) and defendant's surreply (*Doc. 112*).

Attached to Exhibit A (Counsel's declaration) as Exhibits 1 and 2 are the indisputable evidence that defendant NEVER notified plaintiff concerning defendant's intention to depose Dr. Fritz AND the irrefutable evidence that defendant's counsel lied to this Court in an effort to cover his procedural transgression.

It is bad enough that defendant's counsel took the deposition of Dr. Fritz: (i) out of time; (ii) without notice; and (iii) on a day when defendant knew plaintiff's counsel was unavailable. For those reasons, an attorney privileged to practice before this Court should be sanctioned. What is worse, however, is that when challenged on the behavior, defendant's counsel lied to this Court and then pressured his paralegal to execute a false affidavit in support.

In defendant's memorandum opposing plaintiff's request for sanctions (*Doc. 106*), Attorney Ellis attaches an Affidavit stating that on his behalf his subordinate had faxed and

then mailed to plaintiff 19 pages of material on October 6, 2003. This statement is true: defendant did fax 19 pages to plaintiff's counsel on that day. It is also true that Exhibit 2 to defendant's opposition contains the first 2 pages of that 19-page fax, the fax cover sheet and a cover letter. (*Doc. 106, Exh. 2*).

Defendant has not, however, provided the Court with the 17-page balance of the 19-page fax. Nor has defendant ever produced the alleged Subpoena and deposition notice concerning Dr. Fritz. Defendant did not include these materials in his 2 briefs or 6 exhibits because he knows that Dr. Fritz subpoena and/or deposition notice (to the extent they ever existed) were not contained in the 19-page fax of October 6, 2003.

Attached as Exhibits 1 and 2 are the 17-page balance of defendant's 19-page fax from approximately 10:30 a.m. on October 6, 2003.[1] As the Court can plainly see, there is no notice for Dr. Fritz' October 17, 2003, deposition. And these 19 pages, according to defendant, are the same materials subsequently mailed to plaintiff's counsel. Based on that admission, defendant never mailed Dr. Fritz's notice to plaintiff either.

After plaintiff filed his Reply Memorandum (*Doc. 111*) defendant filed a Surreply (*Doc. 112*). In his surreply, Attorney Ellis took a gamble: because plaintiff did not attach the 17-page balance of the 19-page fax to his Reply Memorandum, Attorney Ellis gambled that plaintiff's counsel did not possess and could not produce this evidence. Attorney Ellis' gamble backfired.

---

[1] Consistent with defendant's Fax Transmittal and Activity Report attached as Exhibits 2 and 3 to defendant's opposition (*Doc. 106*), the October 6, 2003, 19-page fax was split into one 11-page fax and one 8-page fax. Exhibit 1 attached is the 11-page fax (the first 2 pages, the fax cover sheet and cover letter, are attached as Exhibit 2 to Doc. 106) and attached as Exhibit 2 is the separate 8-page fax, which is separately identified on defendant's Activity Report (*Doc. 106, Exh. 3*). It is plainly obvious that Dr. Fritz's alleged deposition notice is not contained in this 19 page fax. And if it wasn't in the fax, it wasn't in the mailed letter containing these materials.

And in his gamble, Attorney Ellis escalated his rhetoric and asserted without equivocation to this Court that plaintiff had received the Fritz deposition notice because it was within the 19 pages faxed to him on October 6. This statement has now been shown to this Court to be irrefutably false. Attorney Ellis even went so far as to assert that plaintiff's counsel <u>not</u> Attorney Ellis, was falsifying information submitted to the Court. At the time he made these accusations, Attorney Ellis knew these statements too were false. But he gambled that he would not get caught.

As the court can plainly see, defendant NEVER gave plaintiff notice of the deposition of Dr. Fritz. Defendant then made his procedural transgression exponentially worse by lying to this court about the notice (in addition to putting his paralegal in the position of signing a false affidavit) and about plaintiff's challenges.

This Court should sanction defendant's counsel for his initial conduct AND more importantly the subsequently made false statements designed to cover his procedural transgressions. And in addition to fining Attorney Ellis an amount equal to the extraordinary escalation in attorney fees resulting to Mr. Jeffries from Attorney Ellis' improper discovery and litigation tactics, this Court should exclude from the trial of this case any testimony defendant may seek from Dr. Fritz.

As summarized in plaintiff's principal motion, defendant's discovery behavior has resulted in sanctions and over 8 separate admonishments by the Court. Contemporaneous with this filing on December 22, plaintiff is filing another pleading showing a gross false representation by defendant's counsel in his *Daubert* motion which is specifically calculated to dupe the Court into excluding reliable and relevant expert testimony.

3

The question Mr. Jeffries continues to ask his counsel is: "How long can the Court tolerate this behavior from someone given the privilege to practice before it?"

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
| | (513) 651-3836 fax |
| | email: mroberts@graydon.com |

**CERTIFICATE OF SERVICE**

The foregoing was delivered, via fax and regular U.S. Mail William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of December, 2003.

/s Michael A. Roberts