IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| Plaintiff, | ) | JUDGE BECKWITH |
| v. | ) | DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL |
| CENTRE LIFE INSURANCE CO., | ) | |
| Defendant. | ) | |

Upon oath, the Declarant states as follows pursuant to the provisions of 28 U.S.C. §746:

1. My name is Michael A. Roberts. I am an attorney at law licensed to practice in the State of Ohio and am presently in good standing. I am a partner in the law firm of Graydon Head & Ritchey LLP. I serve as the Trial Attorney for the plaintiff in the above matter, Eric L. Jeffries.

2. Attached to this Declaration as Exhibits 1 and 2 are the true and accurate copies of faxes I received from Attorney Ellis on October 6, 2003. Pages 1 and 2 of the first 11-page fax are the fax cover sheet and cover letter attached to defendant's Doc. 106 as Exhibit 2.

3. On the morning of October 17, 2003, I had many wedding activities to attend to on behalf of my brother who was scheduled to get married at 5 p.m. that evening.

4. Defendant's counsel knew of my inability to participate in any deposition or other proceeding in the above case on October 17 since I had many times advised him that nothing could/should be scheduled for that day.

EXHIBIT A

5. On October 16, 2003, an urgent matter arose for another client and I agreed to meet with that client for 1 hour on the morning of the 17th.

6. At 9:00 a.m., just before entering my firm's parking garage for my 1 hour meeting with another client, I used my cell phone to access my voice messages on my work phone's recorder.

7. In that process, I listened to a voicemail message from Attorney Ellis. In Ellis' message he advised that he was in the process of taking Dr. Fritz's deposition and that he intended to proceed but would not object to another deposition for plaintiff's benefit.

8. I was irate at the conduct of an unnoticed deposition, out-of-time, and on a date when Ellis knew I was unavailable.

9. I then phoned the Wood & Lamping firm and asked to speak with Mr. Ellis. I learned that the deposition was not in the W&L offices. I then spoke to Mr. Ellis' partner with responsibility for this matter, Peter Burrell. I shared my disgust with Mr. Burrell directly.

10. I did not proceed to the deposition because: (i) I did not know where it was; (ii) I did not have time to do so; (iii) I had a planned meeting with another client on an urgent matter; and (iv) according to Mr. Ellis' message, left sometime earlier, he was proceeding without me.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

Dated: December 22, 2003                                         /s Michael A. Roberts

## CERTIFICATE OF SERVICE

The foregoing was delivered, via regular U. S. Mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of December, 2003.

/s Michael A. Roberts

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

### DISTRICT OF MAINE

ERIC L. JEFFRIES.
                Plaintiff

V.                              **SUBPOENA IN A CIVIL CASE**

CENTRE LIFE INSURANCE                CASE NUMBER: C-1-02-351
COMPANY, et al.,
                **Defendants**                   (Judge Beckwith)

TO:    MARY FULLER
         DISABILITY CLAIM CONSULTING SERVICES
         32 LANDING WOODS ROAD
         YARMOUTH, ME 04096

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[XX] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DOWNING AND PETERS REPORTING ASSOCIATES<br>79 ATLANTIC PLACE<br>S. PORTLAND, ME 04106 | OCTOBER 16, 2003<br>10:00 A.M. |

[XX] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   SEE EXHIBIT "A" (ATTACHED)

| PLACE | DATE AND TIME |
|---|---|
| DOWNING AND PETERS REPORTING ASSOCIATES<br>79 ATLANTIC PLACE<br>S. PORTLAND, ME 04106 | OCTOBER 16, 2003<br>10:00 A.M. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| */s/ William R. Ellis* | 10/6/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Ste., 2500, Cincinnati, OH 45202, (513) 852-6067

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

**EXHIBIT 1** (ALL-STATE LEGAL)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

143212.1

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, **MARY FULLER**, IS HEREBY COMMANDED, to produce the documents described below, that are in the provider's possession, custody, or control, from January 1993, to the present date.

You are required to produce a **CERTIFIED COPY** of all documents in your possession which you reviewed to prepare your report in this case. Eric Jeffries' date of birth is ▮▮▮▮, and his social security number is ▮▮▮▮▮▮▮.

Please forward all records requested above to **William R. Ellis**, at the address and by the date and time listed on the attached subpoena.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ERIC L. JEFFRIES,  :
 : Case No. C-1-02-351
    Plaintiff,  : (Judge Sandra S. Beckwith)
 : Magistrate Judge Timothy S. Hogan)
vs.  :
 : **NOTICE OF DEPOSITION OF**
CENTRE LIFE INSURANCE COMPANY,  : **BYRON HYDE, M.D.**
et al.,  :
 :
    Defendants.  :

Defendant Centre Life Insurance Company, by and through counsel, hereby gives notice that, pursuant to the Federal Rules of Civil Procedure, the deposition of Byron Hyde, M.D. will be taken by stenographic means and will continue until completed on Friday, October 10, 2003, at 10:00 a.m. at the office of Dr. Hyde, 121 Iona Street, Ottawa, Ontario, K11Y 3M1.

_William R. Ellis_
William R. Ellis, Esq. (0012279)
Peter M. Burrell, Esq. (0044139)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087
Attorney for Defendant
Centre Life Insurance Company

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon counsel for the plaintiff, Michael A. Roberts, Graydon, Head & Ritchey, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, via facsimile and ordinary U.S. Mail, this 6th day of October, 2003.

William R. Ellis
Trial Attorney for Defendants

88071.1

AO88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

### SOUTHERN DISTRICT OF OHIO

ERIC L. JEFFRIES.

      **Plaintiff**

V.

CENTRE LIFE INSURANCE COMPANY, et al.,

      **Defendants**

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C-1-02-351

(Judge Beckwith)

TO: MICHAEL McCLELLAN, M.D.
2727 MADISON ROAD
CINCINNATI, OH 45209

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[XX] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 2727 MADISON ROAD<br>CINCINNATI, OH 45209 | OCTOBER 14, 2003<br>3:00 P.M. |

[XX] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE EXHIBIT "A" (ATTACHED)

| PLACE | DATE AND TIME |
|---|---|
| 2727 MADISON ROAD<br>CINCINNATI, OH 45209 | OCTOBER 14, 2003<br>3:00 P.M. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

*/s/ William R. Ellis*

DATE 10/6/03

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Ste., 2500, Cincinnati, OH 45202, (513) 852-6067

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 11/91) Subpoena in a Civil Case

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

143212.1

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, **MICHAEL McCLELLAN, M.D.**, IS HEREBY COMMANDED, to produce the documents described below, that are in the provider's possession, custody, or control, from January 1993, to the present date.

You are required to produce a **CERTIFIED COPY** of the following documents pertaining to **ERIC JEFFRIES**, for all office visits, in-patient treatment, out-patient treatment, evaluation or diagnostic testing. Eric Jeffries' date of birth is ▮▮▮▮, and his social security number is ▮▮▮▮▮▮▮▮.

As used in this Subpoena, the term "documents" means, without limitation, the **ENTIRE MEDICAL FILE** and the following items, whether printed or recorded or reproduced by any other computerized or mechanical process, written or reproduced by hand. The entire medical file includes, but is not limited to: emergency room intake and triage notes; office notes; nursing and physician notes; operative reports; flow charts; laboratory and diagnostic testing results; prescribed medications; x-ray reports; psychiatric, psychological or therapeutic evaluations and/or notes; correspondence and memorandum to and from patient, and all other physician(s), attorney(s), hospital(s), or agencies regarding patient; tapes, transcripts and/or tape recordings; and all other documents in your possession and/or control pertaining to the above referenced individual.

In lieu of a records deposition, please forward all records requested above to **William R. Ellis,** at the address and by the date and time listed on the attached subpoena.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

**SOUTHERN** DISTRICT OF **OHIO**

ERIC L. JEFFRIES.

                Plaintiff

V.

CENTRE LIFE INSURANCE COMPANY, et al.,

                Defendants

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C-1-02-351

(Judge Beckwith)

TO: JAMES HAWKINS, M.D.
2223 AUBURN AVENUE
SUITE #2
CINCINNATI, OH 45219

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[XX] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| WOOD & LAMPING, LLP<br>600 VINE STREET, SUITE 2500<br>CINCINNATI, OHIO 45202 | OCTOBER 31, 2003<br>10:00 A.M. |

[XX] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT "A" (ATTACHED)**

| PLACE | DATE AND TIME |
|---|---|
| 2223 AUBURN AVENUE<br>CINCINNATI, OHIO 45219 | OCTOBER 31, 2003<br>10:00 A.M. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *William R Ellis* | 10/6/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Ste., 2500, Cincinnati, OH 45202, (513) 852-6067

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

**EXHIBIT 2** (ALL-STATE LEGAL)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

143212.1

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, **JAMES HAWKINS, M.D.,** IS HEREBY COMMANDED, to produce the documents described below, that are in the provider's possession, custody, or control, from January 1993, to the present date.

You are required to produce a **CERTIFIED COPY** of the following documents pertaining to **ERIC JEFFRIES,** for all office visits, in-patient treatment, out-patient treatment, evaluation or diagnostic testing. Eric Jeffries' date of birth is ▇▇▇ and his social security number is ▇▇▇.

As used in this Subpoena, the term "documents" means, without limitation, the **ENTIRE MEDICAL FILE** and the following items, whether printed or recorded or reproduced by any other computerized or mechanical process, written or reproduced by hand. The entire medical file includes, but is not limited to: emergency room intake and triage notes; office notes; nursing and physician notes; operative reports; flow charts; laboratory and diagnostic testing results; prescribed medications; x-ray reports; psychiatric, psychological or therapeutic evaluations and/or notes; correspondence and memorandum to and from patient, and all other physician(s), attorney(s), hospital(s), or agencies regarding patient; tapes, transcripts and/or tape recordings; and all other documents in your possession and/or control pertaining to the above referenced individual.

Please forward all records requested above to **William R. Ellis**, at the address and by the date and time listed on the attached subpoena.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN DISTRICT OF OHIO

ERIC L. JEFFRIES.

           Plaintiff

V.

**SUBPOENA IN A CIVIL CASE**

CENTRE LIFE INSURANCE COMPANY, et al.,

           Defendants

CASE NUMBER: C-1-02-351

(Judge Beckwith)

TO: HAROLD PRETORIUS, M.D.
46 EAST HOLLISTER STREET
CINCINNATI, OH 45219

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[XX] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| WOOD & LAMPING, LLP<br>600 VINE STREET, SUITE 2500<br>CINCINNATI, OHIO 45202 | OCTOBER 31, 2003<br>1:00 P.M. |

[XX] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE EXHIBIT "A" (ATTACHED)

| PLACE | DATE AND TIME |
|---|---|
| WOOD & LAMPING, LLP<br>600 VINE STREET, SUITE 2500<br>CINCINNATI, OHIO 45202 | OCTOBER 31, 2003<br>1:00 P.M. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

*/s/ William R. Ellis*

DATE 10/6/03

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Ste., 2500, Cincinnati, OH 45202, (513) 852-6067

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

143212.1

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, **HAROLD PRETORIUS, M.D.**, IS HEREBY COMMANDED, to produce the documents described below, that are in the provider's possession, custody, or control, from January 1993, to the present date.

You are required to produce a **CERTIFIED COPY** of the following documents pertaining to **ERIC JEFFRIES**, for all office visits, in-patient treatment, out-patient treatment, evaluation or diagnostic testing. Eric Jeffries' date of birth is ▮▮▮▮ and his social security number is ▮▮▮▮.

> As used in this Subpoena, the term "documents" means, without limitation, the **ENTIRE MEDICAL FILE** and the following items, whether printed or recorded or reproduced by any other computerized or mechanical process, written or reproduced by hand. The entire medical file includes, but is not limited to: emergency room intake and triage notes; office notes; nursing and physician notes; operative reports; flow charts; laboratory and diagnostic testing results; prescribed medications; x-ray reports; psychiatric, psychological or therapeutic evaluations and/or notes; correspondence and memorandum to and from patient, and all other physician(s), attorney(s), hospital(s), or agencies regarding patient; tapes, transcripts and/or tape recordings; and all other documents in your possession and/or control pertaining to the above referenced individual.

Please forward all records requested above **William R. Ellis**, at the address and by the date and time listed on the attached subpoena.