UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION FOR SANCTIONS AND** |
| Defendants. | : | **PROPOSED AMENDED DAUBERT** |
| | : | **MOTION AND MEMORANDUM** |
| | : | **IN SUPPORT REGARDING** |
| | : | **HEPATITIS B VACCINATION** |
| | : | **CAUSATION** |

Plaintiff has filed a Motion for Sanctions against Defendant's counsel which addresses a statement made in its Daubert Motion and Memorandum in Support Regarding Hepatitis B Vaccination Causation. Specifically, Defendant addressed the testimony of Dr. David Geier. The paragraph in contention reads in its entirety as follows:

Dr. Geier advocated on behalf of Mr. Jeffries for compensation for his alleged adverse reaction to the Hepatitis B vaccination. This application was denied. In support of the application, Dr. Geier relied upon statistics from the Vaccine Adverse Event Reporting System (VAERS) database. VAERS is a voluntary forum to which adverse reactions to vaccines can be reported. Dr. Geier's reliance on VAERS as statistical support for his adverse vaccine reaction conclusions has been criticized.

*See* Defendant's Hepatitis B Daubert Motion at p. 6.

Plaintiff's counsel has taken issue with the sentence "This application has been denied." In review of the documents relied upon by Defendant's counsel, counsel has determined that Plaintiff's concern is merited. Counsel for Defendant was aware that the application had not been granted. As the documentation attached by Mr. Roberts confirms, despite Defendant's best efforts, it was unable to obtain the actual file regarding Mr. Jeffries' application. Nonetheless,

counsel for Defendants was under the impression that Mr. Jeffries' application had been denied and knew that it had in fact not been granted. Mr. Roberts has now provided additional information which clarifies that the application has neither been granted nor denied. Defendant submits an amended motion which removes the sentence in dispute.

A review of the entirety of the brief reveals that Plaintiff's concern is misplaced. Defendant's have attacked Dr. Geier's methodology. Whether or not Mr. Jeffries application has been granted or denied is immaterial. In fact, the remainder of the paragraph does not address the status of the application, but instead focuses on Dr. Geier's misplaced reliance on VAERS data. Defendant also submits that despite its best efforts to obtain information regarding Mr. Jeffries' application, it was not until this Motion for Sanctions was filed that Defendant's finally received an unequivocal response as to the status. Had Plaintiff simply responded to the document requests or provided information regarding the status of the application instead of objecting once again, perhaps this misunderstanding could have been avoided.

Defendant is further concerned about Plaintiff's claim in his motion in that "Defendant's unequivocal statement is strategically designed to dupe this Court into believing that another court has discredited Mr. Jeffries' experts and medical disability." This was certainly not Defendant's intention. This statement was simply a misinterpretation of the overwhelming and often times conflicting information put forth in this case. In his Declaration in support of the Motion for Sanctions counsel for Plaintiff also states that:

> 3. In its causation motion, the defendant also accurately identifies that the Special Master of the United States Court of Federal Claims presiding over Mr. Jeffries' suit has conducted a trial on the liability (or causation) phase of Mr. Jeffries' claim for benefits.
>
> 4. The defendant also accurately identifies that the Special Master, notwithstanding a Daubert challenge, heard the expert testimony of Dr. Mark

> Geier, an expert in the field of adverse reactions to vaccines and the expert who is the subject of Defendant's causation motion....

Both of these statements are incorrect. Defendant never made any such representations and has presented no information regarding other Daubert challenges levied against Dr. Geier.

Defendant's statement regarding the status of Mr. Jeffries' application was not an intentional attempt to mislead the Court. Defendants attach hereto a proposed Amended Motion which removes the statement Plaintiff finds offensive. Defendant's counsel accepts responsibility for their misinterpretation of the documents and acknowledges that they should have more correctly stated that Mr. Jeffries' application had not been granted.

Respectfully submitted,

s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 8th day of January 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Peter M. Burrell<br>
Peter M. Burrell, Esq.

195050.1