IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | |
| v. | ) | REPLY MEMORANDUM IN SUPPORT |
| | : | OF PLAINTIFF'S MOTION FOR |
| CENTRE LIFE INSURANCE CO., et. al., | ) | SANCTIONS AGAINST |
| | : | DEFENDANT'S COUNSEL |
| Defendants. | ) | |

As has been repeatedly established in this bad faith case, the defendant and/or its counsel have engaged in deceptive and, in some cases, disengenious behavior throughout this litigation. This morning, in his memorandum opposing plaintiff's most recent request for sanctions (*Doc. 129 opposing Doc. 125*), defendant's counsel LIES ABOUT THE VERY LIE, which is the focus of plaintiff's motion for sanctions.

For this reason, defendant and or its counsel should receive the most severe sanction this Court has ever levied on an attorney granted the privilege of practicing before it.

As detailed in Doc. 125, in its Daubert Motion And Memorandum In Support Regarding Hepatitis B Vaccination Causation (*Doc. 117*), the defendant misrepresented the outcome of another lawsuit involving Mr. Jeffries, which directly concerned the issue of whether Mr. Jeffries' hepatitis B vaccination caused his undisputed disability.[1] Defendant's counsel now admits that his statement in Doc. 117 was false. (*See* Doc. 129, p. 1: *"In review of the documents relied upon by Defendant's counsel, counsel has determined that Plaintiff's concern is merited"*).

---

[1] This lie was patently intentional and calculated to mislead the Court into giving little credibility to the testimony of plaintiff's experts.

1

Rather than stopping there and being honest with the Court – defendant's counsel asserts another lie in an effort to mitigate his transgression.

Specifically, defendant's counsel claims that "he <u>was aware</u> that the application had not been granted . . . was under the impression that Mr. Jeffries' application had been denied <u>and</u> <u>**KNEW** that it had **IN FACT** not been granted</u>."  *Id. at pp. 1-2 (emphasis added)*.  While defendant's contention concerning the status of Mr. Jeffries application is incorrect,[2] the defendant's counsel's statement that he "in fact knew" anything about the status of the Claim prior to December 22 (when plaintiff filed its Motion For Sanctions and met with defendant's counsel) is FALSE.

In the Declaration and attached documentation accompanying plaintiff's Motion for Sanctions is irrefutable evidence that defendant's counsel knew nothing about that other action. Mr. Jeffries gave defendant no information, plaintiff's counsel gave defendant no information (before 12/22/03), and the adverse party in that other action gave defendant's counsel no information, despite contact by defendant's counsel.  (*See*, *Exhibits to Doc. 125*).

Prior to December 22, 2003, and the filing of Doc. 125, neither the defendant nor defendant's counsel had any information on which defendant could form a belief (let alone "know in fact") whether the action before the Court Of Federal Claims was won, lost, settled, tried, mediated, arbitrated, dismissed, or stayed.

Moreover, in addition to setting forth the procedural status of the Court of Federal Claims action in Doc. 125, plaintiff's counsel met with defendant's counsel that day (12/22/03)

---

[2] As detailed in the Motion For Sanctions and supporting Declaration filed on December 22, 2003, the Court in that other action has not decided to "not grant" the Application.  In fact, the Court has ordered the Respondent in that Action to proceed to arbitration with Mr. Jeffries to determine damages.  So defendant's statement in this regard is also intentionally deceptive, if not false.

2

and provided him with greater detail on that case. During that discussion, defendant's counsel admitted knowing nothing about the status/outcome/procedure of the Court Of Federal Claims action.

Finally, this morning, after receiving a copy of *Doc. 129*, plaintiff's counsel demanded that defendant's counsel substantiate his claim (that he "in fact knew" anything about the Court of Federal Claims action prior to December 22, 2003), by sending plaintiff's counsel copies of such information or support by 2 p.m. (i.e., within 2 hours and 45 minutes). Defendant has not supplied any such evidence or even responded to the request. He can't because no evidence exists. Defendant's counsel has again lied.

It cannot be more patent that defendant lied in the Motion (Doc. 117) and is now lying to try to get out from under his original lie. To date, the hundreds of hours of work, the dozens of pleadings, and the 1 year delay in the trial all spawned by defendant's counsel's transgressions have resulted in a $834 fine. Defendant's counsel continues to do whatever he desires, within or without the bounds of professionalism, with impunity.

Plaintiff requests that defendant's counsel be sanctioned through an order directing judgment in favor of plaintiff. In the alternative, plaintiff again requests a sanction of a fine in an amount equal to the cost incurred by plaintiff in the discovery phase of this case and an instruction to the jury that the defendant has been dishonest during the pretrial phase of the case.

                                                    Respectfully submitted,

OF COUNSEL                             /s Michael A. Roberts
                                            Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP       GRAYDON HEAD & RITCHEY LLP

| | |
|---|---|
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |

### CERTIFICATE OF SERVICE

The foregoing was delivered, via regular U. S. Mail to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 8th day of January, 2004.

/s Michael A. Roberts

**368519.1**