Case 1:02-cv-00351-MRB-TSH   Document 131-5   Filed 01/14/2004   Page 1 of 3

Jeffrey Champagne 2/17/2003
Eric L. Jeffries v. Centre Life Insurance Co., et al.

Page 1

1              UNITED STATES DISTRICT COURT
2               SOUTHERN DISTRICT OF OHIO
3                    WESTERN DIVISION
4
5
       * * * * * * * * * * * * * *
6   ERIC L. JEFFRIES              *
           vs.                    *Case No. C-1-02-351
7   CENTRE LIFE INSURANCE CO.,   *
    ET AL                         *
8      * * * * * * * * * * * * * *
9
10
11        DEPOSITION of JEFFREY CHAMPAGNE, a
12  witness called by counsel for the Plaintiff,
13  taken before Lynda C. Vetter, Registered
14  Professional Reporter and Notary Public in and
15  for the Commonwealth of Massachusetts at the
16  Colonnade, 120 Huntington Avenue, Boston,
17  Massachusetts, on Monday, February 17, 2003
18  commencing at 9:14 a.m.
19
20
21
22
23
24

Jeffrey Champagne 2/17/2003
Eric L. Jeffries v. Centre Life Insurance Co., et al.

Page 2

1  APPEARANCES:
2  Graydon Head & Ritchey, LLP
   1900 Fifth Third Center
3  511 Walnut Street
   Cincinnati, Ohio 45201
4  By: Michael A. Roberts, Esq.
   513.629.2799
5          For the Plaintiff;
6  Wood & Lamping
   600 Vine Street, Suite 2500
7  Cincinnati, Ohio 45202
   By: William R. Ellis, Esq.
8  Also Present: Videographer

Page 3

```
                    I N D E X

WITNESS: JEFFREY CHAMPAGNE

EXAMINATION:                    Page
  By Mr. Roberts                  4
  By Mr. Ellis                  145
EXHIBITS FOR IDENTIFICATION:
  Number                        Page
  49  Notice of Deposition        4
  50  DMS0001 document           25
  51  Claim Information Form     87


*  Exhibits retained by Attorney Roberts.
```

Page 4

1  JEFFREY CHAMPAGNE
2  having been duly sworn by the reporter,
3  was deposed and testified as follows:
4  BY MR. ROBERTS:
5  Q. Good morning, Mr. Champagne. How are you?
6  A. Good morning. How are you?
7  Q. As you know, I'm Mike Roberts. I think we
8  have met on one occasion before; is that
9  right, in Cincinnati?
10 A. Yes.
11 Q. Could you please state your full name and
12 business address for the record, please.
13 A. Jeffrey Champagne. And the business address
14 is 155 Federal Street, seventh floor, Boston,
15 Mass.
16 Q. I have on behalf of the plaintiff Eric
17 Jeffries in this case of Jeffries versus
18 Centre Life Insurance Company, et al,
19 requested the opportunity to take the
20 deposition of Disability Management Services?
21     (Whereupon, Exhibit No. 49 was
22 marked for identification.)
23     I have marked as Plaintiff's
24 Exhibit No. 49 a notice of deposition.

Page 5

1  Have you seen this notice previously.
2  A. I don't believe so.
3  Q. It's been represented to me that you will
4  provide some testimony on behalf of the
5  company in response to some of these areas of
6  inquiry. They are marked one through eight.
7  Okay. You are mindful that you're here today
8  as a representative of the company?
9  A. Yes.
10 Q. Okay. Have you ever given a deposition
11 before, Jeff?
12 A. Yes, I have.
13 Q. I presume on several occasions -- more than
14 ten?
15 A. Several occasions.
16 Q. Have you ever testified before as a 30(b)5 or
17 6 witness? Do you know what a 30(b)6 witness
18 means?
19 A. I know I have testified as a 30(b)6 witness
20 before.
21 Q. On how many occasions?
22 A. Once or twice.
23 Q. 30(b)6 on behalf of Centre Insurance
24 Disability Services or some other company?

O'Brien & Levine Court Reporting Services
888.825.DEPO(3376) * www.court-reporting.com

Jeffrey Champagne 2/17/2003
Eric L. Jeffries v. Centre Life Insurance Co., et al.

Page 94

1  to the tasks or to go to any of these
2  pages and print off if he could get it
3  any history that existed. This is the
4  history of the claims task that printed
5  off.
6       MR. ROBERTS: Off the record.
7       (Discussion off the record.)
8  Q. Back on the record. Mr. Champagne, as
9  your counsel shared with me and now with you
10 off the record, he had made a request of DMS
11 individuals who know about computers to print
12 up information from the claim system relating
13 to Eric Jeffries. This page five of Exhibit
14 51 is apparently the history of the task
15 information on the claim. Let's assume that
16 that information was communicated accurately
17 to Mr. Jeffries. That's what it is.
18      Could you help me interpret this
19 document? There are six or seven columns.
20 The first column says "task number." I assume
21 there is nothing meaningful by that other than
22 some six-digit number, is that right?
23 A. It's not meaningful to me.
24 Q. Okay. There is a user ID number that every

Page 95

1  claims examiner signs, a user number?
2  A. Everyone has a user number and the user ID
3  would be the person who would put that task.
4  Q. Of these five historical tasks on this
5  document, there is two different users. Do
6  you know who is assigned those user numbers?
7  A. No.
8  Q. Then we have claim number, activity date,
9  self-explanatory, activity ID. It says MIS?
10 A. I don't know what that is.
11 Q. Completed. That's a yes or no response in
12 that column to whether the task is completed.
13 Is that right?
14 A. That's what it looks like.
15 Q. The next column which contains more
16 substantive information is called "memo
17 field." Is that right?
18 A. Yes.
19 Q. That's a reference to the memo field of the
20 task summary. Would that be correct?
21 A. Well, it looks similar because you have
22 activity and memo as to fields on that. I
23 know on that other screen.
24 Q. The memo field of page four, task summary says

Page 96

1  file and legal, as does the memo field on page
2  five?
3  A. Yes. Those look the same.
4  Q. Could you read to me the four statements or
5  sets of information in the memo field in the
6  four tasks that precede file and legal?
7  A. In the first one, it says: "Per attorney,
8  send all future checks to Mike Roberts'
9  office, 10-1-01," looks like initials JBG. It
10 says "IME scheduled for February 14, 2002."
11 In parentheses it says "psych testing." There
12 is another date January 23, '02, JBG.
13 Q. JBG is John Graff, correct?
14 A. I don't know what his middle initial is, but
15 it could be.
16 Q. What's the second memo field reference?
17 A. The second one says: "Set up IME."
18 Q. What's the third reference?
19 A. "Contact Cindy Palmer, call Cindy regarding
20 the Boston HEP B doctor. She was going to
21 contact. Did this contact take place"?
22 Q. Do you know who the Hep B doctor is in Boston
23 referenced there?
24 A. No.

Page 97

1  Q. Do you know who inputted this information?
2  A. I can't tell. I guess whose user ID number it
3  was, that would give me the information I
4  needed.
5  Q. That's it for the third memo field reference.
6  What does the fourth one say?
7  A. That says, "follow-up with Jeff."
8  Q. It says F/U which is your interpretation
9  follow up?
10 A. Yes.
11 Q. I'm sorry.
12 A. With Jeff which is W/Jeff.
13 Q. Is Jeff you?
14 A. Yes. In parentheses it says: "See additional
15 notes."
16 Q. What is that in reference to?
17 A. I don't know. Then it says "letter to
18 insured's attorney to be sent by Jeff C. by
19 1-26-1." Then "F/U with Jeff."
20 Q. Do you know who inputted that data?
21 A. Looking at that date, I believe that was Bill
22 Gelardi who put in that note.
23 Q. Is that the final reference before file and
24 legal?