## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |


## PLAINTIFF'S MOTION FOR ORDER EXCLUDING
## THE TESTIMONY OF PREVIOUSLY UNIDENTIFIED EXPERTS

This Court must reject defendant's attempt to identify new experts out-of-time on issues

and matters that defendant has known and realized for many years.  In addition to this attempt

being improper for the multitude of reasons set forth herein, it will no doubt again delay trial.

A memorandum in support is attached.

Respectfully submitted,


OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 fax
email: mroberts@graydon.com

<u>**MEMORANDUM IN SUPPORT**</u>

Today, January 22, 2004, the Court will conduct a hearing to again discuss the procedure for the conduct of next week's *Daubert* hearings (scheduled for the afternoons of January 29 and 30, 2004). From the plaintiff's perspective, the time allotted by the Court on January 29 and 30, 2004, is sufficient to address the 2 *Daubert* motions that require the testimony of out-of-town experts (who are scheduled to be here on Jan. 29/30 at great expense to the plaintiff).

The need for a meeting today arose just two days ago (on January 20, 2004) when defendant's counsel informed plaintiff by email that defendant required a third day for the *Daubert* hearing (sometime in late February) because defendant desires to offer testimony of an undisclosed expert. Defendant's January 20, 2004, message reads:

> "Mike . . . I have an infectious disease specialist with significant experience in vaccines whom I intend to call in response to Dr. Geier and all Hep B evidence used by any of the physicians. As soon as he . . . issues a report I will forward [it] to you. He is, unfortunately tied up . . . and will not be available until early February . . . William R. Ellis" (*attached, Exhibit 1*).

As the Court can see, not only did defendant not disclose any intention to call a new expert until 2 days ago – defendant has continued to withhold the name and identity of the expert. In fact, defendant did not disclose the name of the expert until yesterday, during the conference call we conducted with Law Clerk Pat Smith, to arrange for today's meeting.

Plaintiff objects to the identification of a new expert at this late stage for a multitude of reasons:

1.      **There Is No Justification For Allowing The
        <u>Identification Of A New Expert Out-Of-Time</u>:**

- Five years ago, the plaintiff filed a claim for benefits claiming to have suffered an adverse reaction to the hepatitis B vaccine.  Accordingly, *for 5 years* defendant has known that it may be appropriate to seek input from an "infectious disease specialist;"

- Four years ago, the defendant <u>in fact</u> contacted infectious disease specialists with significant experience in vaccines: Drs. Donald Craven and James Garb.  Their reports and opinions *support* Mr. Jeffries claim and the scientific principle underlying the testimony of Drs. Hyde, Waisbren, and Geier (<u>*See*</u>, *Attached Exhibit 2 – also attached to Doc. 131 as Exhibit 6*);

- Three years ago, the defendant received the expert reports of Drs. Hyde and Waisbren (and Drs. Poser and McClellan) and had ample time to find an expert to rebut these opinions – there is nothing new or revolutionary in Doc. 131 that legitimately requires a rebuttal expert;

- Two years ago, defendant was directed under Fed. R. Civ. P. 33 and 34 to disclose the identities of its experts and produce their reports – it did not;

- One year ago (on January 7, 2003), during protracted and repeated conferences with Magistrate Judge Hogan, defendant sought the opportunity to have Mr. Jeffries examined by an infectious disease specialist and that opportunity was granted and the examination was performed (by Dr. Bullard, defendant's expert for trial);

- Six months ago, defendant received Dr. Geier's report; and

- Four and one-half months ago (August 30, 2003), defendant was required to disclose its experts.

2.      **Through Numerous Conferences, The Court
        <u>Has Determined The Appropriate Procedure</u>.**

One irony about defendant's out-of time attempt to identify a new expert is that, <u>but for</u> defendant's prior delays of this proceeding, the ***Daubert*** hearings would have already been concluded:

- The original trial date was Spring 2003, but three requests for continuance by defendant have already pushed the trial back one full year;

- On September 16, 2003, and again on October 1, 2003, the Court conducted *inter alia* a scheduling conference with the parties. During those discussions the parties committed that *in advance* of the **Daubert** briefing and **Daubert** hearing, each side would be given the opportunity to depose the other's experts. (*Doc. 94*). The parties agreed to complete the depositions by December 5, Daubert motions were to be filed one week later (December 12), Responses were to be filed shortly thereafter (December 24), and, with defendant's agreement, the Court established a procedure where no "Reply" memoranda or argument was permitted. *Id.* The Court also scheduled the **Daubert** hearing to occur on January 8/9, 2004. *Id.*

- Because defendant failed to produce the expert report of Kirk Frey by the deadline and then stalled the deposition of Dr. Frey (*Doc. 119*), plaintiff could not take Dr. Frey's deposition in the time set by the Court and the January 8/9 **Daubert** hearings were postponed to January 29/30, 2004.

3.    **Defendant's present attempt to ambush plaintiff**
      <u>**with an undisclosed expert should not be permitted.**</u>

Defendant is the movant on the relevant **Daubert** motion. As such, it had an obligation to set forth the legal/factual basis for the relief it requested in its principal motion - *Doc. 117*. It agreed to waive the opportunity to file a Reply memorandum.

In its relevant motion, as highlighted prominently in plaintiff's memorandum opposing the motion (*Doc. 131*), defendant relies only on the argument of counsel and an anonymous letter appearing on the internet for its position that plaintiff's experts should not be permitted to testify. And, as also prominently highlighted in the opposing memorandum, defendant's experts agree with plaintiff's experts: science supports the principles that underlie plaintiff's experts opinions (i. e., persons who suffer adverse reactions to the hepatitis B vaccine can and do have resulting symptoms that Mr. Jeffries has suffered). (*Exh. 2 attached*).

4

It is utterly improper for the defendant to: (i) file a motion; (ii) wait for plaintiff to file its opposition (citing facts, information, and opinions <u>defendant has possessed for years</u>); and (iii) then disclose for the first time the identity of an alleged "rebuttal" expert on whose testimony defendant will base its entire argument.

In this case it also appears that: (i) defendant desires to first cross-examine the witnesses of the party opposing its motion before defendant itself puts on evidence supporting its motion; and (ii) defendant intends to cross examine plaintiff's experts without plaintiff being afforded a report or the opportunity to depose defendant's undisclosed expert.

Despite agreeing to the procedure of no Reply and despite HAVING and KNOWING the expert opinions of Drs. Hyde, Waisbren, and Geier for several years, defendant argues that because of the reports of Drs. Hyde, Waisbren, and Geier, it can offer a rebuttal expert. This is a disengenious argument designed to accomplish a strategy of ambushing plaintiff.

It is simply too late. Defendant should not be permitted to call a new previously undisclosed expert.

4.      **This Additional Transgression By**
         **Defendant Should Not Be Condoned.**

As set forth in the multitude of extraneous pleadings and motions triggered by defendant's conduct, at every stage of this case, defendant has conducted this litigation in an improper manner. Defendant has been sanctioned for failing to provide discovery (*Doc.* 33) and has been accused by the Court of "intentionally misunderstanding" its orders (*Doc. 100*). Recently, the defendant has also:

- As highlighted in *Docs 104 and 111*, defendant without notice to plaintiff took a deposition: (i) after the deposition cutoff date; (ii) of an

undisclosed witness; and (iii) on a day that defendant knew plaintiff's counsel was unavailable and could not object.

Then to defend its action, defendant's counsel filed a sworn Declaration stating that it in fact gave plaintiff notice of the deposition through a 19-page fax.  (*Docs. 106 and 112*).  Plaintiff, however, conclusively refuted that false assertion with the 19-page fax itself (*Doc. 124*).

To date, defendant has not been sanctioned for this conduct or the false assertion to cover it up.

- As highlighted in *Doc. 125*, defendant falsified information in the motion which is now relevant.  Defendant admitted its transgression in response (*Doc. 129*), but attempted to mitigate its transgression with more falsehoods (*Doc. 130*).

    To date, defendant has not been sanctioned for this conduct or the false assertion to cover it up.

<u>CONCLUSION</u>

The defendant has possessed the reports it now desires to "rebut" for years.  It had the opportunity to have Mr. Jeffries examined by an infectious disease specialist of its choice.  It also had ample opportunity to designate any expert it felt appropriate by August 15, 2003.  Defendant cannot now introduce any new evidence of an "expert" for any purpose.

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 fax
email: mroberts@graydon.com

## CERTIFICATE OF SERVICE

The foregoing was delivered, via hand delivery to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 22nd day of January, 2004.

/s Michael A. Roberts