UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION FOR AN ORDER** |
| Defendants. | : | **EXCLUDING TESTIMONY** |
| | : | |

## I.    INTRODUCTION

Counsel for Defendant had proposed to counsel for Plaintiff that they work together to suggest a schedule to the Court with regard to the *Daubert* hearings. Plaintiff attached this proposal as Exhibit 1 to his motion. In particular, Defendant wanted to assure that the information relating to each of the Daubert topics—Hepatitis B, SPECT/PET scans, bad faith and Defendants' evaluating physicians—did not come in piecemeal. As Plaintiff has stated in his brief, several witnesses for the *Daubert* hearing will need to come in from out of town. Defendant wanted to assure that each of the witnesses for each topic were coordinated for the same day. In looking at the schedule and the amount of information to be considered, Defendant is additionally concerned that two afternoons may not be sufficient time.

One of the witnesses coming in from out of town, Dr. Neal Halsey, is an attack witness called by Defendant for purposes of the *Daubert* motions. Dr. Halsey's role is to respond to Plaintiff's anticipated attempt to argue that the methodology of his Hepatitis B experts is sound. It is Plaintiff's burden to establish this fact and Defendant's right to attack it. The use of an

attack expert at the Daubert hearing will in no way delay the trial of this matter. Defendant had proposed February 9, 2004 as the day to address the Hepatitis B *Daubert* issues and to use the other two afternoon sessions to address the other three issues. If that date is not convenient for Plaintiff, Defendant is confident that another date can be selected which will allow completion of the hearing without prejudice to the trial date.

## II.     ARGUMENT

Defendant has moved to exclude Plaintiff's anticipated testimony that his disability was caused by a Hepatitis B inoculation he received over a year before he claimed to have become totally disabled. In a case involving scientific evidence, evidentiary reliability will be based on scientific reliability. *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 590, 113 S.Ct. 2786 (1993). Defendant has challenged Plaintiff's scientific reliability. Plaintiff, as the proponent of the testimony, must establish its admissibility by a preponderance of proof. *Id.* at 592, n.10.

Defendant intends to challenge Plaintiff's anticipated defense of his expert's methodology through the use of an attack witness. Dr. Neal Halsey is the Director of the Institute for Vaccine Safety at Johns Hopkins. After vigorous cross-examination of Dr. Geier and any other witness called by Plaintiff to defend the Hepatitis B methodology, Defendant will call Dr. Halsey to explain to the Court the flaws in Plaintiff's witnesses' methods. This is only logical. Although it is Defendant's motion, the burden rests on Plaintiff to have his experts defend their methods. If Plaintiff meets this burden, Defendant has a right to respond. The District Court has an obligation to make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether the reasoning and methodology can properly be applied to the facts of the case. *Daubert* 509 U.S. at 592-93; *see*

*also Nelson v. Tennessee Gas Pipeline Co.* 243 F.3d 244 (6th Cir. 2001). In this case, Dr. Halsey will provide information to aid the Court in carrying out this obligation.

Plaintiff's complaint is that Dr. Halsey was not identified as an expert witness at the trial of this matter. That is because Dr. Halsey is a *Daubert* attack witness. As discussed in the article presented to the Court during the January 22, 2004 conference, the use of "attack experts who don't have a stake in the trial underscores that the *Daubert* motion raises separate issues that are the responsibility of the trial court to decide." *See*, Daubert After a Decade, Litigation, The Journal of the Section of Litigation, Vol. 30, No.1, p. 22. Dr. Halsey will not testify regarding Mr. Jeffries or the facts of his case but instead will explain the failings of Plaintiff's expert's methods. He was not identified as a trial witness because he is not a trial witness.

The use of Dr. Halsey at the *Daubert* hearing in no way delays the trial of this case. The need for an additional day of testimony is not occasioned only by Dr. Halsey but also by the great deal of information to be considered. In fact, it is possible that Dr. Halsey's testimony will actually save the Court's time in that it may be possible to avoid what will no doubt be protracted cross-examination of Plaintiff's expert witnesses. Dr. Halsey could instead offer summary testimony which Plaintiff is of course free to challenge. District courts have a great deal of discretion in the determination of how the *Daubert* hearing is to be conducted. *Kumho Tire Co. v. Carmichael* 526 U.S. 137, 152, 119 S.Ct. 1167 (1999). The presentation of contrary evidence is one of the tools anticipated by the US Supreme Court to be used in a *Daubert* attack. *See, Daubert* 509 U.S. at 596. Nothing in *Daubert* limits the attack on an expert to only the testimony of other expert witnesses in the case. For example, if Plaintiff wanted, he could present a witness to testify as to the soundness of his expert's opinion instead of having the expert defend himself. Dr. Halsey, as a *Daubert* attack witness*,* will simply offer testimony

regarding the flawed methodology applied. This is contrary evidence which Defendant must be allowed to submit.

A *Daubert* challenge is a distinct issue. It has nothing to do with the specific facts of the case or the legal outcome sought by the parties. A proper *Daubert* challenge addresses the methods used by the expert and whether the conclusions drawn are reliable. Although *Daubert* does contemplate whether there is a "fit" between the opinions of the expert and the facts presented to the expert, we do not reach that issue here. It is the methodology of the Hepatitis B testimony that is being attacked.

Plaintiff argues that Dr. Halsey should have been identified as an expert witness. In fact, Dr. Halsey more analogous to a rebuttal witness. His testimony is offered in anticipation of Plaintiff's defense. Like a rebuttal witness, Dr. Halsey need not be presented for cross-examination prior to the *Daubert* hearing. Plaintiff may cross-examine Dr. Halsey at the hearing just like he could do with a rebuttal witness. Moreover, the fact that the parties agreed not the file Reply briefs on the *Daubert* issue does not mean that they agreed not to fully argue the issues at the hearing. Defendant has a right to present contrary evidence which evidence it intends to present thorough its attack witness.

Alternatively, Defendant must be allowed to submit the affidavit of Dr. Halsey. This affidavit is contrary evidence, will in no way delay the trial, and can be used to question Plaintiff's experts. To disallow this testimony will unfairly prejudice Defendant and undermine the purpose of the *Daubert* hearing.

### III. CONCLUSION

Dr. Halsey is a *Daubert* attack witness. He was not identified as an expert witness for purposes of trial because that is not his use here. Defendant intends to use Dr. Halsey to

introduce the evidence of Plaintiff's expert's flawed methodology. This is a method of challenge contemplated by *Daubert* and a tool that can aid the District Court in its gate-keeping function. The use of Dr. Halsey as an attack witness will in no way delay the trial of this matter. He is available February 9, 2004 which date is well in advance of the trial date. Defendant therefore respectfully requests that Plaintiff's motion to exclude be denied.

        Respectfully submitted,

        s/Amy Gasser Callow
        William R. Ellis (0012279)
        Peter M. Burrell (0044139)
        Amy Gasser Callow (0063470)
        Wood & Lamping LLP
        600 Vine Street, Suite 2500
        Cincinnati, OH  45202-2491
        (Telephone) (513) 852-6000
        (Facsimile) (513) 852-6087

        **Attorneys for Defendant**
        **Massachusetts Casualty Insurance Company**
        **and Disability Management Services, Inc.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 26th day of January, 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                    s/Amy Gasser Callow
                                                    Amy Gasser Callow, Esq.

197551.1