IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| Plaintiff, | ) | JUDGE BECKWITH |
| v. | ) | |
| CENTRE LIFE INSURANCE CO., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
ORDER EXCLUDING THE TESTIMONY OF PREVIOUSLY UNIDENTIFIED EXPERTS**

This Court should sustain plaintiff's Motion To Exclude The Testimony Of Previously Unidentified Experts (the "Motion").

At the January 22, 2004, hearing conducted on the Motion, the Court identified that it would sustain the Motion but gave defendant until Monday, January 26, 2004, to identify *legal* authority which would compel a different result. Defendant then filed an opposing memorandum but failed to identify **any** authority supporting its position. Rather, defendant simply re-addressed the arguments that it presented on January 22. Accordingly, the Court should, as it previously determined, sustain the Motion.

At the January 22 hearing and again in its memorandum, defendant argues that an article written by a private practice lawyer, Robert Shaughnessy, commands that the Court overrule the Motion. Not only is the Court not duty-bound to adopt articles written by lawyers, but the article defendant relies upon, to the exclusion of any case authority, undercuts defendant's position:

1. Attorney Shaughnessy does <u>not</u> suggest that a "challenging party's" disclosure obligations differ depending on whether an expert is an "attack expert" or a trial expert.  Attorney Shaughnessy does offer that it may be strategically wise to have one expert testify at a *Daubert* proceeding and have a separate expert testify at trial (a strategy which is not at issue), but Attorney Shaughnessy does not offer that if that strategy is pursued, separate disclosure obligations apply or are non-existent;

2. As the Court identified, as it concerns defendant's pre-trial disclosure obligations, there is no substantive or procedural distinction between a *Daubert* motion expert and a trial expert since the *Daubert* proceeding is integral to the trial and the evidence the trier of fact will consider;

3. Attorney Shaughnessy states no where in his article that a "challenging party" may withhold the name of its *Daubert* motion expert despite: (i) earlier Civil Rule 33/34 requests for disclosure; and (ii) Court imposed deadlines to: (a) identify experts; (b) exchange expert reports; and (c) depose experts for purposes of *Daubert* proceedings; and

4. Attorney Shaughnessy states no where in his article that a "challenging party" may continue to withhold the names and opinions of its **Daubert** motion expert in its written *Daubert* motion.  In fact, at page 22 of the article, Attorney Shaughnessy recognizes that the attack expert's name and opinions <u>must</u> be disclosed within the affirmative *Daubert* motion: "the challenging party will need to support its motion with declarations and live testimony from one or more attack experts."

Here, the defendant failed to comply with the multiple Fed. R. Civ. P. 33 and 34 requests commanding the disclosure of experts' names and opinions.  The defendant failed to comply with this Court's directives concerning the exchange of experts' names and reports.  The defendant failed to afford plaintiff the opportunity (as compelled by the Court) to depose its *Daubert* experts.  And by withholding the name of its *Daubert* expert until <u>after</u> plaintiff filed its memorandum opposing defendant's relevant *Daubert* motion, the defendant failed to comply with the very procedure outlined by Attorney Shaughnessy.

The essential question on which defendant apparently desires its new expert to opine ("*Can Mr. Jeffries' symptoms be caused by an adverse reaction to the hepatitis B vaccine?*") is one that defendant first posed to its experts **4 years ago**. (*See*, *Dr. James Garb Report attached to Motion as Exhibit* 2). At that time, Dr. James Garb and defendant's other hepatitis B expert, Dr. Donald Craven, answered defendant's question in the affirmative. Unhappy with the opinions of its first set of experts and after 4 years of searching, defendant has apparently shopped for a contrary opinion to defend this suit.[1] Defendant, however, cannot ignore its disclosure obligations.

If defendant desired to offer by written declaration or live testimony the opinion of an expert to contradict the opinions of its first set of experts (Drs. Garb and Craven) it was obligated to identify that individual prior to the expert identification deadline, prior to the deadline for deposing experts for purposes of the *Daubert* proceeding, prior to the time defendant filed its *Daubert* motion, and prior to the time that plaintiff filed its opposing memorandum. Defendant has not even complied with the procedure identified by Attorney Shaughnesssy ("defendant will need to support its motion with declarations").

Not surprisingly, there is no authority that defendant could locate which condones its failure to disclose information timely. For that reason and for all of the reasons identified by the Court on January 22, this Court should now formally sustain the Motion.

---

[1] Defendant has possessed the opinions it now challenges (Drs. Hyde, Waisbren, Poser, and Geier) for many years. For that reason there simply is no excuse for defendant's breach of procedure and obligations of due process and disclosure. And plaintiff would be prejudiced substantially if defendant could ignore its pre-trial obligations.

3

                                                                        Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts_____ |
| | Michael A. Roberts (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
| | (513) 651-3836 fax |
| | email: mroberts@graydon.com |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 27, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter M Burrell
pmburrell@woodlamping.com

Amy Gasser Callow
agcallow@woodlamping.com

William Robert Ellis
wrellis@woodlamping.com

Jeffrey P. McSherry
jpmsherry@woodlamping.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Christy M. Holmes
Wood & Lamping
600 Vine Street, Suite 2500
Cincinnati, OH 45202

                                                                       /s Michael A. Roberts_____