IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric Jeffries,                      )
                                    )
            Plaintiff,              ) Case No. 1:02-CV-351
                                    )
    vs.                             )
                                    )
Centre Life Insurance Co.,          )
et al.,                             )
                                    )
            Defendants.             )

O R D E R

This matter is before the Court on Plaintiff Eric Jeffries' motion to exclude the testimony of previously unidentified experts (Doc. No. 134). For the reasons that follow, Plaintiff's motion is well-taken and is **GRANTED**.

The issue presented is whether during the upcoming Daubert hearing Defendant Centre Life Insurance Company may present the testimony of its admittedly undisclosed expert on infectious diseases, Dr. Neal Halsey. Centre Life argues that under Rule 26, it was not required to disclose Dr. Halsey to Plaintiff because he will testify only during the Daubert hearings and not at trial. Alternatively, Centre Life argues that it was not required to disclose Dr. Halsey because he is a

rebuttal witness to Plaintiff's experts on hepatitis B vaccinations. Neither argument is persuasive.

Rule 26(a)(2)(A) requires a party to disclose to the other party the identity of any person who may be used at trial to provide testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. Although a Daubert hearing is not a trial per se, it is an integral part of the trial proceedings because it will determine the admissibility of evidence at trial. In turn, the Court's rulings on admissibility will certainly affect, in one way or another, the outcome of the trial. Centre Life's literal interpretation of Rule 26(a)(2)(A) evades the purpose and spirit of discovery and the Rules of Civil Procedure themselves. See Fed. R. Civ. P. 1 ("[These rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

Characterizing Dr. Halsey as a rebuttal witness does not change the outcome. Rule 26(a)(2)(C) requires the disclosure of rebuttal expert witnesses as well. Failure to disclose rebuttal experts in accordance with Rule 26 is grounds for exclusion of the undisclosed witness's testimony. See King v. Ford Motor Co., 209 F.3d 886, 900-01 (6th Cir. 2000); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001). Centre Life provides no justification for its failure to disclose Dr. Halsey in accordance with Rule 26.

Indeed, Centre Life's non-disclosure of Dr. Halsey appears to be a conscious tactical decision. At this late date in the proceedings, having had no prior opportunity to examine Dr. Halsey regarding his opinions, Plaintiff would be severely prejudiced at the <u>Daubert</u> hearing. Exclusion of Dr. Halsey's testimony, therefore, is an appropriate remedy. <u>See</u> Fed. R. Civ. P. 37(c)(1).

Finally, the article from <u>Litigation</u> magazine submitted by Centre Life in support of allowing Dr. Halsey's testimony if anything only bolsters Plaintiff's position. For the most part, the article is just a primer on <u>Daubert</u> proceedings. One section of the article, however, addresses the best way to handle incomplete expert reports and the other party's attempt to patch up faulty methodology. <u>See</u> <u>Daubert After a Decade</u>, <u>Litigation</u> Vol. 30, No. 1, at 23. The author suggests that a party faced with an incomplete expert report should file a motion to strike the report under Rule 37(c)(1). The situation in this case is fairly analogous to the hypothetical situation presented in the article and Plaintiff's response is in accordance with the author's suggested course of action.

For the reasons stated, Plaintiff's motion to exclude Dr. Halsey's testimony is well-taken and is **GRANTED**. Dr. Halsey will not be permitted to testify during any of the <u>Daubert</u>

proceedings or at trial.  He is, of course, welcome to attend the proceedings and consult with Centre Life's attorneys.

      **IT IS SO ORDERED**

Date January 28, 2004                    s/Sandra S. Beckwith
                                            Sandra S. Beckwith
                                    United States District Judge