## Disability Management Services, Inc.

*A Third Party Administrator for*
**Massachusetts Casualty Insurance Company**
7th Floor 155 Federal Street
Boston, MA 02110
Tel: (800) 462-9897

May 16, 2003

Graydon, Head & Ritchey, LLP
Attn: Michael Roberts
P.O. Box 6464
Cincinnati, OH 45201-6464

Re:   Eric Jeffries
      Claim #: 402696
      Policy #: 641734
      Massachusetts Casualty Insurance Company (MCIC)

Sent Certified Mail

Dear Mr. Roberts:

As you know, our evaluation of Mr. Jeffries' claim has been ongoing subsequent to a court order of January 15, 2003.

Since that time, we requested a monthly continuance of disability form, an authorization (as outlined by the court in its order) and attending physician statement. These are the minimal "proofs of loss" required by Mr. Jeffries' policy in order to consider monthly payment of benefits. Our office received Mr. Jeffries' portion of the continuance of disability form and his version of an appropriate medical authorization on April 7, 2003. We did not receive Mr. Jeffries' attending physician statement until May 2, 2003, signed and dated by Dr. Michael McClellan on April 24, 2003. At this time, we still do not have a current valid authorization to continue our evaluation, since Mr. Jeffries has chosen to set an expiration date on the authorization 31 days from the date on the form. Please note that since it takes most facilities from which we request documentation 30 days to comply with a request for information, an authorization which expires during that time hinders if not precludes our ability to use the authorization for its intended information retrieval purpose.

The above notwithstanding, we provided a month of total disability benefits for the period of January 15, 2003 to February 15, 2003. This payment was made pursuant to a reservation of rights, as written in our February 14, 2003 letter. Additionally, we initiated the waiver of premium on his policy beginning January 15, 2003, following the direction of the court's order. These benefits were paid under the assumption that Mr. Jeffries would indeed comply with the policy provisions, in accordance with the court's ruling on the issues.

A physical exam was ultimately scheduled and performed on February 7, 2003. The results of this physical exam were completely negative.

*d/b/a New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

Jeffries                                             2                                         May 16, 2003

Also as part of our evaluation of Mr. Jeffries claim, a psychiatric examination was performed. This exam, completed in February 2003, concluded that Mr. Jeffries is disabled due to a psychiatric disorder, particularly a somatization and/or obsessive compulsive disorder. Objective testing showed indications of a decline in cognitive functions which were secondary to a severe obsessive-compulsive personality disorder; however, there was no evidence of a cognitive or behavioral impairment. It was therefore further concluded that it was unlikely that Mr. Jeffries suffers from a neurological condition. This exam further concluded that with the right treatment plan, this condition is fully corrective. Additionally, we forwarded a copy of the exam to our consultant for a review. Our consultant agreed with the examination and concluded that it is unlikely Mr. Jeffries suffers from a neurological condition and his complaints are better explained by a psychological disorder, particularly a somatization disorder, severe and obsessive-compulsive personality disorder.

As written in Mr. Jeffries' policy,

> Mental Disorder and/or Substance Use Disorder Limitation: If a Total Disability or other covered loss is due to a Mental Disorder and/or Substance Use Disorder, the number of months for which any benefits for Total Disability shall be payable under the Policy during the lifetime of the insured shall not exceed in the aggregate a total of 24 months.

The documentation that we have received and reviewed to date indicates that Mr. Jeffries condition is one that is classified as a "mental disorder". According to the policy, such disorders include, but are not limited to, personality, psychotic, emotional or behavioral disorders. Our records indicate that Mr. Jeffries has been paid a total of 39 months for this claim. Because this is beyond the maximum benefit period allowed in the policy, we are unable to pay additional benefits. We have calculated the amount of benefits paid in excess of the maximum benefits period and will contact you with regard to that overpayment.

Lastly, we are in receipt of an affidavit from Dr. Mark Geier. We are in the process of considering this report as it regards our decision. After the review, we will contact you.

Sincerely,

John B. Graff
Disability Claim Consultant
Disability Management Services

JBG