# Graydon Head & Ritchey LLP

**Attorneys at Law**

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

EXHIBIT 59

January 31, 2003

**VIA FACSIMILE 513-852-6087 and REGULAR MAIL**
William R. Ellis, Esq.
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202

Re: *Eric Jeffries v. Centre Life*

Dear Bill:

Judge Hogan ordered the defendants to repay Mr. Jeffries $3,529.14. Not surprisingly, defendants have failed to make this payment without excuse. In addition, the defendants owe Mr. Jeffries $145,596 in benefits accrued since February 25, 2002. Given Mr. Jeffries' continuing commitments to see defendants' physicians, your representations, and Judge Hogan's most recent Order, I am surprised that defendants have still not paid these back benefits to Mr. Jeffries. There is no legitimate, good faith basis for not immediately paying Mr. Jeffries all benefits due. In fact, refusing to do so is foolhardy while defending a bad faith suit.

### *Continuing Commitment To See Defendants' Physicians.*

On May 28, 2002, Mr. Jeffries agreed to see Dr. Hart at *anytime* convenient with her schedule. Defendants chose not to schedule that examination.

On June 24, 2002, defendants requested that Mr. Jeffries see Dr. Hartings for 4-6 hours on July 8, 2002. Mr. Jeffries agreed to see Dr. Hartings.

On July 8, 2002, at the conclusion of the testing that day by Dr. Hartings, he requested that Mr. Jeffries return for a second day of testing. Mr. Jeffries willingly agreed.

On January 17, I informed you of Mr. Jeffries agreement to see Dr. Hartings for a third time.

www.graydon.com

Mailing Address
P.O. Box 6464
Cincinnati, Ohio 45201-6464

Cincinnati Office
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

Kentucky Office
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-7072
telephone (859) 282-8800
fax (859) 525-0214

William R. Ellis, Esq.
January 31, 2003
Page 2 of 3

On June 24, 2002, defendants requested that Mr. Jeffries see Dr. Grubbs. Again, Mr. Jeffries agreed to do so without hesitation.

On December 6, 2002, defendants requested that Mr. Jeffries see Dr. Bullard. Mr. Jeffries agreed to do so on conditions which the trial court has adjudged to be reasonable.

In fact, since May 28, 2002, the only physician of the defendants which Mr. Jeffries has not seen is Dr. Katz in Boston, Massachusetts. As you know, Judge Hogan determined that it was unreasonable for defendants to require Mr. Jeffries to travel to Boston for an exam that could be performed locally. And defendants later identified Dr. Bullard, whose office is less than 5 miles from Mr. Jeffries' home, to perform the exam defendants had sought Dr. Katz to perform.

And with regard to the defendants' request that Mr. Jeffries' sign a boilerplate authorization form and Mr. Jeffries subsequent objection, the Court has determined defendants' position on that issue to be unreasonable. Surely, defendants are not denying benefits because Mr. Jeffries objected to things which the trial judge agrees were unreasonable on the part of the defendants, are they?

At bottom, it is inappropriate and bad faith for the defendants to continue to deny benefits to Mr. Jeffries.

### *Your Commitments.*

On June 18, 2002, you advised me that "further disability payments will continue to be withheld until the medical issues are resolved." Obviously what you were saying is: the defendants had prejudged Mr. Jeffries' Claim, even though there is no medical evidence to support their judgment, and would not be making any further payments.

While your overt characterization of defendants' position has softened (*see, e.g., your letters of November 14, 2002, and December 6, 2002, wherein you represent that payments would be restored upon "receipt of [Mr. Jeffries'] agreement to see defendants' physicians . . ."*), it is obvious that, in truth, defendants' position remains the same: this is the only conclusion one can draw since Mr. Jeffries has agreed to see defendants' physicians since May 28, 2002, yet defendants have made no benefit payments.

### *Judge Hogan's Order*

As Judge Hogan clearly spelled out in his most recent order, the event which caused defendants to stop paying benefits to Mr. Jeffries in February 2002 is "immaterial." Defendants should, therefore, stop relying on some fiction that an immaterial event gives them the right to deny benefits which are due and further the hardship they have bestowed on Mr. Jeffries.

William R. Ellis, Esq.
January 31, 2003
Page 3 of 3

      I request that you advise me by 1:00 p.m. on Monday, February 3, 2003, on whether the defendants will immediately pay Mr. Jeffries his back benefits. Twelve months of benefits, $145,596, are now payable.

                        Sincerely,

                        GRAYDON HEAD & RITCHEY LLP

                        Michael A. Roberts

MAR/csc
Copy: Mr. Eric Jeffries (*via email*)

CN_LIB:319742.1