# Graydon Head & Ritchey LLP

*Attorneys at Law*


RECEIVED MAY 1 1 2001 By_____

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

May 8, 2001

*Via Fax (617) 338-4419; Hard Copy To Follow*
Mr. Jeff Champagne
Disability Management Services, Inc.
155 Federal Street, 7th Floor
Boston, Mass. 02110

Re:   Eric Jeffries

Dear Mr. Champagne:

I am writing to confirm our telephone conversation of last week which followed my receipt of Mr. Gelardi's April 27, 2001, letter wherein Mr. Gelardi threatened to "close Mr. Jeffries' claim" because Mr. Jeffries had allegedly not provided your firm with, *inter alia*, names of the hotels he stayed in on trips Mr. Jeffries has made to seek medical care since 1997.

As I indicated during our conversation, the bulk of your firm's claim file has been provided to me by Prudential. We now know that your firm has no medical information contradicting the sworn medical opinions provided by Mr. Jeffries' treating physicians which confirm his disability. Not surprisingly, we also know that your firm's frequent secret surveillance of Mr. Jeffries has failed to uncover evidence that he is not disabled. And despite your assertion that your firm and Prudential are not acting in concert or colluding to deny Mr. Jeffries' claim, it was interesting to learn that together you employed a surveillance team to follow Mr. Jeffries.

Also as I indicated, we continue to believe that Mr. Gelardi is improperly handling the claim and should be removed from the matter since he apparently has an undisclosed agenda. Mr. Jeffries believes that the April 27, 2001, letter is simply the latest in a long list of actions taken by your firm in bad faith. As you know, contrary to Mr. Gelardi's representation in his April 27 letter Mr. Jeffries and I have not failed to respond to your firm's January 31, 2001, letter. On numerous occasions I have personally advised both you and Mr. Gelardi of our intentions with regard to that letter. Nonetheless, during our phone conversation last week I verbally supplied you with much of the information you requested in that letter.

Your firm's request that Mr. Jeffries obtain and provide you with information from his health insurance carrier/administrator and his former employer are unreasonable and is evidence of harassment. Your firm has Mr. Jeffries' authorization to obtain this information directly. Isn't that why you requested the authorization in the first place? In addition, as we discussed your firm's request for hotel information is irrational, irrelevant, and could not possibly lead to the

www.graydon.com

*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

Cincinnati Office
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

Kentucky Office
8100 Burlington Pike
Suite 480
Florence, Kentucky 41042-1212
telephone (859) 282-8800
fax (859) 525-0214

CLAIM 01451

Mr. Jeff Champagne.
May 8, 2001
Page 2



discovery of any relevant information. Without question such a request and your repeated requests for mundane, irrelevant information which is already in your file is designed to simply harass and annoy Mr. Jeffries. Since you had earlier raised the possibility of settlement, I suspect your intention is to beat Mr. Jeffries down so that he will accept a reduced settlement. That strategy will not succeed.

Nonetheless, at the conclusion of our phone conversation I understood that there was one issue outstanding with regard to your January 31 letter: the agreed form of the authorization enabling your firm to employ a third-party to review Mr. Jeffries' claim file. As we discussed, many months ago I provided you with Mr. Jeffries proposed form of such an authorization, and I am still waiting to hear from you.

Presently, your firm is delinquent in sending the April 25, 2001, monthly benefit check to Mr. Jeffries. Kindly let me know by 12:00 p.m. Wednesday, May 9 if your firm has already sent that check, whether it intends to send that check imminently, or whether it has decided to refrain from sending further checks to Mr. Jeffries. If I do not hear from you by 12:00 p.m. on May 9, I will assume that your firm has no intention of making further payments and will proceed with the alternative means of resolution which we discussed.

Sincerely yours,

GRAYDON HEAD & RITCHEY LLP

Michael A. Roberts

MAR:pjr
*Copy*: Mr. Eric Jeffries (via fax)

CN_LIB:233411.1