

## Disability Management Services, Inc.

*A Third Party Administrator for*
***Massachusetts Casualty Insurance Company***
*7th Floor 155 Federal Street*
*Boston, MA 02110*
*Tel: (800) 462-9897*

November 2, 2001

Graydon, Head & Ritchey, LLP
Attn: Michael Roberts
P.O. Box 6464
Cincinnati, OH 45201-6464

Re:   Eric Jeffries
      Claim #: 402696
      Policy #: 641734

Sent by fax to (513) 651-3836 and regular mail

Dear Mr. Roberts:

I am writing to provide you with an update and confirmation of our discussion on October 25, 2001.

As you advised me, the second appeal with the Prudential Life Insurance Company of America against Mr. Jeffries' eligibility for disability benefits was denied and as a result, you have filed a complaint against that company. We are requesting you keep us apprised of this situation as it unfolds.

During our conversation, you stated "we [DMS] are dragging our feet with our evaluation of Mr. Jeffries' claim for disability benefits. It is coming up on three years and we still have not made a determination on his claim." While your client contends that we have yet to make a determination on his claim, we began providing total disability benefits after the satisfaction of Mr. Jeffries 90-day elimination beginning on April 4, 1999. Benefits are considered on a month to month basis in arrears, upon receipt of sufficient proof of loss as required by his policy. We have continued to provide Mr. Jeffries with total disability benefits since April 4, 1999 upon receipt of sufficient monthly proof of loss. His claim is currently paid to October 25, 2001. Be advised, we scheduled your client to attend an Independent Medical Examination (IME) on August 31, 2001 with a neuro-psychologist and advised you in advance of the appointment. However, you abruptly objected to this examination and demanded that we review Dr. Bastien's records of Mr. Jeffries. To be of service to you and your client, we agreed to this review and have had the raw data of the examination forwarded to our medical consultant. Due to a lack of organization on Dr. Bastien's part in forwarding the information in a timely fashion, we are still awaiting his complete review of the documentation.

Additionally, we are in the process of arranging an exam with an Infectious Disease Specialist. We have been trying to schedule an examination of this nature for the past few months, but as a result of Mr. Jeffries' nation and world wide treatment it has been difficult for us to find a physician that has no affiliation with his prior treatment. Furthermore, as I am sure you can understand, due to the recent terrorist attacks on our country, Infectious Disease Specialists have been difficult to not only speak with but also to arrange an appointment for an IME to evaluate your client.

*d/b/a New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

CLAIM 01252

Jeffries – Page 2
November 2, 2001

The "reservation of rights" language on the checks is apparently an issue with Mr. Jeffries because as you indicated your interpretation is, "here's a check with his benefit under the policy, however, we [DMS] can ask for the money back after our evaluation." This is not wholly accurate. As you know, the reservation of rights language has read as follows: "This payment is not an admission of ongoing policy liability. We must reserve all policy rights and defenses." This statement serves the purpose to protect the insurance company when we are providing benefits to an insured, in good will, when we have not completed our evaluation/investigation. Also, I am sure you are aware, a reservation of rights acts as notice so as to prevent an inference of waiver or estoppel while we continue our investigation. This language serves as notice that we have surrendered neither rights nor defenses in the policy or at law by our payment. The decision to reserve our rights is based upon the information currently available and is subject to change as new or additional information becomes available.

You requested that we have an answer on Mr. Jeffries' claim within thirty days of our conversation or you will take appropriate action. We will not have our full evaluation completed within that time frame due to your existing requests about IME procedures and the restraints you have put forth on us to conduct our evaluation of Mr. Jeffries' claim (i.e. not signing the authorizations). Therefore, we will continue to conduct our evaluation in the same manner. As stated in prior correspondences, we evaluate claims on a month to month basis to determine if benefits are payable. We would also like to remind you if we come to a point where it is no longer necessary to reserve our rights, please note that pursuant to the policy provisions, the claim will continue to be evaluated on an ongoing monthly basis.

Finally, although we discussed the idea of resolving this issue we did not pursue this actively. Based on the information in our file, our offer to settle is 3 years of benefits ($436,788). You stated that this offer was well below your expectations, but failed to provide a counter demand. If you wish to pursue negotiations of settlement for the return of Mr. Jeffries' policy, we will await your response. Until then, we are still in the process of reviewing your client's medical records and scheduling the IME's for Mr. Jeffries to attend.

If you have any questions or concerns, you can contact me at 800-462-9897 ext. 1886.

Sincerely,

Jeffrey A. Champagne
Associate Vice President/Claims