IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | |
| v. | ) | |
| | : | **PLAINTIFF'S MOTION TO STRIKE** |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

This Court should strike "Defendant's Response Regarding Poser Supplemental Declaration" (*Doc. 159*) for three reasons:

(i) The "valid scientific basis" for the opinion that Mr. Jeffries has suffered an adverse reaction to the hepatitis B vaccine is not disputed by defendant's only purported medical expert, Dr. Newton Bullard, who testified in deposition and in the *Daubert* proceeding of February 19, 2004, that it is "well recognized" in the medical community that vaccines cause adverse reactions. Dr. Bullard further testified that he has himself treated someone who suffered an adverse reaction to the hepatitis B vaccine;

(ii) Defendant's memorandum does not address the issue material to a *Daubert* proceeding (i.e., "whether the opinions expressed by plaintiff's experts are based on valid scientific principles"); and

(iii) The agreed pretrial procedure for the disposition of the *Daubert* motions did not contemplate such memoranda (*Doc. 144*).

A memorandum in support is attached.

Respectfully submitted,

OF COUNSEL

/s Michael A. Roberts_____
Michael A. Roberts (0047129)

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202

511 Walnut Street, Suite 1900
1900 Fifth Third Center
Cincinnati, Ohio 45202
(513) 629-2799

1

**MEMORANDUM IN SUPPORT**

This Court should strike "Defendant's Response Regarding Poser Supplemental Declaration" (the "Response"). (*Doc. 159*).

A.  **The Valid Scientific Basis For Hepatitis B Vaccine Causation Opinions Is Not Disputed By Defendant's Purported Expert and Consultants.**

The issue material to defendant's "hepatitis B causation" ***Daubert*** challenge (*Doc. 117; Opposition Doc. 131*) is whether plaintiff's experts' opinions are based on valid scientific principles. But this medical and/or scientific issue is <u>not</u> disputed by defendant's purported medical expert, Dr. Newton Bullard.

Dr. Bullard testified in deposition and at the February 19, 2004, ***Daubert*** hearing that it is "well recognized" within the medical community that vaccines cause adverse reactions. (<u>See</u>, *e.g., Bullard Deposition [Filed With The Court] pp. 60-61*). Dr. Bullard further conceded that Mr. Jeffries' symptoms are not inconsistent with symptoms you may expect to suffer in an adverse reaction to a vaccine. *Id.*

Finally, although his testimony contradicted his earlier deposition testimony, Dr. Bullard testified at the February 19, 2004, ***Daubert*** proceeding that he has himself treated someone who suffered an adverse reaction to the hepatitis B vaccine.

In addition, defendant's prior consulting physicians, Drs. Garb and Craven, informed defendant of the valid scientific basis for the opinion that the hepatitis B vaccine can cause the reaction suffered by Mr. Jeffries. (<u>See</u>, *Exhibit 2, pp. 6-7 to Doc. 134*).

B.  **The Agreed Pretrial Procedure.**

2

On January 29, 2004, as a courtesy to defendant and its witness, Dr. Frey, plaintiff allowed defendant to call Dr. Frey out-of-order. The time defendant consumed with Dr. Frey on direct consumed the time set aside for witness examination that day and prevented plaintiff from calling Dr. Poser in support of plaintiff's opposition to defendant's "hepatitis B causation" *Daubert* challenge.

Given the circumstances, the Court invited plaintiff to supplement Dr. Poser's opinion as necessary. (*Doc. 144*). Plaintiff did so with a Declaration filed on February 5, 2004. (*Doc. 148*). The Declaration sets forth no new opinions.

The Court's procedure did not permit defendant to file any responsive memoranda. (*Doc.* 144). Accordingly, defendant's memorandum should be stricken.

C.  **Defendant's Memorandum Does Not Address The Material *Daubert* Issue.**

Finally, defendant's memorandum does not address the issue material to a ***Daubert*** challenge: whether the opinions expressed by plaintiff's experts are based on valid scientific principles. In fact, as stated above this issue is not disputed by defendant's purported medical expert, Dr. Newton Bullard, who has himself treated someone who suffered an adverse reaction to the hepatitis B vaccine.

### Conclusion

For all of the above reasons, plaintiff moves this Court to strike Defendant's Response. The issue raised by defendant in its "hepatitis B vaccine causation" *Daubert* motion (*Doc. 117*) is conceded and the costly exercise triggered by that motion was unnecessary and frivolous.

                                        Respectfully submitted,

| OF COUNSEL | /s Michael A. Roberts |
|---|---|
|  | Michael A. Roberts (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
|  | (513) 651-3836 fax |
|  | email: mroberts@graydon.com |

## CERTIFICATE OF SERVICE

The foregoing was filed electronically with the court and thereby delivered to counsel for the defendant William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 27th day of February, 2004.

                                        /s Michael A. Roberts