UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ERIC JEFFRIES,**         **CASE NO. 1:02-CV-00351**
    **PLAINTIFF**         **(BECKWITH, J.)**
         **(HOGAN, M.J.)**

**VS.**

**CENTRE LIFE INSURANCE**
**COMPANY, ET AL.,**
    **DEFENDANTS**

## ORDER

A summary jury trial is scheduled for **April 12th and 13th, 2004** before the undersigned United States Magistrate Judge. The following is an outline of the manner in which said summary procedure shall be conducted:

**1. Jury Selection**.

The clerk will produce a pool of twenty (20) jurors and require those jurors to complete questionnaires in the typical fashion. The Court will conduct the voir dire, but will incorporate in the voir dire questions no more than five (5) questions from each side. Counsel will be permitted three (3) peremptory challenges and shall exercise them simultaneously. One panel of Eight (8) jurors will be selected.

**2. Statement of Purpose**

The Court will instruct the jurors that the procedure is called a summary jury trial and that it's purpose is to help the attorneys properly evaluate first the liability issues and second, if necessary, to properly evaluate Plaintiff's damages. The taking of notes will be allowed. Jurors will be told to make the distinction between evidence and argument and to mark their notes accordingly.

**3. Presence of Court Reporter**

The Court will not schedule a court reporter, but either or both parties may employ a reporter if they or either of them desire to have one.

### 4. Presentation of Proof

Each party shall be permitted to have one live witness. Plaintiff's witness will be Mr. Jeffries; Defendant's witness shall be the person with the most knowledge of and authority over the handling of the claim file. Both live witnesses shall be subject to cross-examination, but the time taken to cross-examine an adverse witness shall count against that party's allotted time for the presentation of its case in chief. The testimony of all expert witnesses shall be presented in summary fashion by counsel.

### 5. Time Limits

Each side shall have a total of six (6) hours to present its case in chief, including the cross-examination of the adverse witness and an additional one (1) hour for an opening statement and closing argument. It is a matter of choice how counsel chooses to allocate his hour, but the combined time to be spent on each side's opening statement/closing argument is a maximum of one (1) hour. There shall be no rebuttal.

**The Schedule** will be approximately as follows:

**April 12th**

8:00 Jury selection

9:00 Plaintiff opening statement and presentation of evidence

12:00 Lunch

1:00 Continuation of Plaintiff's evidence

4:00 Defendant's opening statement and presentation of evidence

5:00 Adjourn

**April 13th**

8:00 Continuation of Defendant's presentation of evidence

12:00 Lunch

1:00 Continuation of Defendant's evidence

2:00 The written charge read to the jury

2:30 Plaintiff's final argument

3:30 Defendant's final argument

4:30 Adjourn

### 6. Mandatory Attendance

      The decision makers must be present for a summary jury to be an effective settlement technique. Therefore Plaintiff, Eric Jeffries, and in-house counsel for Defendant, as well as the claims authority must be present throughout the procedure and the settlement conference to follow.

      **7. Settlement Conference**

      Following the jury's resolution of the case, a settlement conference will take place on April 14th.

      **8. Evidence**.

      With the exception of the single live witness permitted each party, the evidence shall be submitted in summary fashion by counsel and shall be from admissible evidentiary materials generated in the case, i.e. depositions, expert reports, affidavits, etc. Counsel may make reference to diagrams, summaries and other demonstrative materials.

      **9. Order of Proof**

      Notwithstanding who has the burden of proof on trial issues, Plaintiff will present his proof first and Defendant present its proof second.

      **10. Jury Instructions**

      Each party shall prepare and electronically file jury instructions on or before April 5, 2004. The Court shall be provided with a disc in Word Perfect format to simplify cutting and pasting. There shall be no charge conference. The final version of the charge will be provided to counsel prior to final argument.

      **11. Use of Transcript**

      Should either party prepare a transcript or partial transcript of the proceedings or any part of them, the District Judge, to whom this case is assigned, does not want to see it, nor is any part of same to be filed in this case.

March 4, 2004                                                                           s/Timothy S. Hogan
                                                                                         Timothy S. Hogan
                                                                                         United States Magistrate Judge