IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| v. | ) : | Magistrate Judge Hogan |
| CENTRE LIFE INSURANCE CO., | ) : | |
| Defendant. | ) | |

**PLAINTIFF'S EMERGENCY MOTION TO EXCLUDE TRIAL TESTIMONY
OF PREVIOUSLY UNDISCLOSED FACT/EXPERT WITNESSES**

**EMERGENCY HEARING REQUESTED**

Yesterday, March 16, 2004, at 4:55 p.m., the defendant gave plaintiff's counsel seven (7) days notice of defendant's intention to take a trial deposition in Massachusetts of a physician who is purportedly a fact witness for defendant. The defendant noticed a second trial deposition of another physician for April 14, 2004.

This Court should preclude defendant from taking these trial depositions and from calling these physicians at trial because, despite existing Scheduling Orders commanding the prior disclosure of fact and expert witnesses, the defendant has never to this day identified these physicians as fact or expert witnesses. It is strongly suspected that defendant is attempting to offer "expert" testimony from these undisclosed physicians even though defendant knows this ruse to be improper as the result of the Scheduling Order and the Court's prior decision. (*Doc. 140*). Regardless, the deadline from identifying and conducting discovery of fact and expert witnesses

has long passed and the Court should pursuant to Fed. R. Civ. P. 16 and its Scheduling Order preclude the testimony of these witnesses.

<table>
<tr><td>OF COUNSEL</td><td>Respectfully submitted,</td></tr>
</table>

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

_____
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com
*Attorneys For Plaintiff*

## MEMORANDUM IN SUPPORT

Yesterday, March 16, 2004, at 4:55 p.m., the defendant gave plaintiff's counsel seven (7) days notice of defendant's intention to take a trial deposition in Massachusetts of a physician who is purportedly a fact witness for the defendant. (*See*, *E-mail attached as "A" to Exh. 1, Declaration of Plaintiff's Counsel*). The defendant noticed a second trial deposition of another physician for April 14, 2004. *Id*.

The defendant has NEVER identified these physicians (Drs. Reed and Garb) as fact or expert witnesses in the case. *Id*. This Court, therefore, should preclude defendant's delinquent and improper attempt to add these new witnesses because: (i) it grossly violates this Court's Scheduling Orders as extended 3 times at defendant's request (*Docs. 15, 29, 63, and 82*); (ii) the Federal Rules of Civil Procedure, Rule 16; (iii) and fundamental concerns of due process.

I.      **Defendant's Violation of the Court's Scheduling Order.**

On June 25, 2002, the Magistrate ordered defendant to exchange "witness lists and summaries" by November 29, 2002. (*Doc. 15, attached as Exhibit 2*). At that time, the Court also set the discovery deadline to follow one (1) month later, December 31, 2002, and the trial date to follow 8 months later, July 2003. *Id.* This schedule was clearly designed to provide adverse parties with the ability to timely conduct discovery depositions of expected trial witnesses. Defendant failed to provide plaintiff with any witness list or summary by November 29, 2002. (*Exh. 1*). In fact, to this day, defendant has not provided plaintiff with any witness list or summary. *Id.*

On December 20, 2002, the defendant requested an extension to the discovery and dispositive motion deadlines. (*Doc. 24*). The Court granted the Motion and set a new discovery deadline (April 30, 2003), a new dispositive Motion deadline (May 30, 2003), and trial date (October 2003). (*Doc. 29, attached as Exhibit 3*). The Court noted at that time that:

> "this modification may well be the last extension of time that will be permitted." *Id.*

On April 8, 2003, the defendant again requested an extension of the discovery, dispositive motion, and trial dates. (*Doc. 46*). Over plaintiff's objection, defendant's request for an extension was granted. (*Docs. 49, 63, Exh. 4*).

Importantly, prior to defendant's second request for an extension, the plaintiff gave defendant written notice of the identity of plaintiff's fact witnesses (both lay and medical), so that defendant would have ample time to conduct discovery. (*Exh. 1*). But defendant did not reciprocate, as ordered by the Court, *Doc. 15.. Id.*

3

The twice extended Scheduling Order required plaintiff and defendant to disclose their respective experts by August 15, 2003, and August 30, 2003. (Doc. 63). Each party complied with this deadline. (*Exh. 1, attached letters of August 15, 2003, and August 30, 2003*). The twice extended Scheduling Order also reset: (i) the fact discovery deadline to September 1, 2003; (ii) the expert discovery deadline to October 15, 2003; (iii) the dispositive motion deadline (Nov. 14, 2003); and (iv) trial (April 2004). (*Doc. 63*).

On August 25, 2003, defendant filed another Motion to extend discovery and take depositions "of treating physicians" out of time. (*Doc. 76*). The request was rendered "moot," notwithstanding plaintiff's objection. (*Docs. 78, 82*).

On October 7, 2003, the Court established the fourth Calendar Order in the case (*Doc. 94, Exh. 5*). That Calendar Order, which still applies, extended expert discovery to December 5, 2003. *Id.* Fact witness discovery, however, had already closed.[1]

On March 3, 2004, the Court announced its decisions on the contested ***Daubert*** motions and motions for summary judgment. On that day the Court also ordered the parties to partake in a summary jury trial.

At no point from May 2002 through March 16, 2004, despite its clear obligations and multiple requested/granted extensions of time has defendant ever identified who it intended to call at the trial of the case as a fact witness. Defendant had only identified 4 expert witnesses (*Drs. Frey,*

---

[1]   Because the fact witness discovery deadline had already closed, on October 22, 2003, plaintiff filed a Motion In Limine and a request for sanctions relating to defendant's taking of a fact witness deposition on October 17, 2003, long after the fact witness discovery deadline had passed, and without notice to plaintiff, and on a day defendant knew plaintiff's counsel was not available. (*Docs. 104, 111, 126*). Defendant's counsel executed a sworn Declaration asserting that he sent plaintiff's counsel notice of this delinquent deposition. (*Docs. 106, 112*). Defendant's counsel has since admitted that his Declaration was not true.

*Bullard, Clionsky, and Hartings – Exh. 1*). These 2 medical doctors, and 2 psychologists have been authorized to testify at trial over plaintiff's **Daubert** challenge. And while defendant has never disclosed the identities of its fact witnesses as ordered by the Court, plaintiff took numerous depositions of defendant's claims persons and experts, the individuals plaintiff presumed would be defendant's fact and expert witnesses at trial. *Id.*

Notwithstanding the expiration of the three times (3x) extended Calendar Order, in the evening of March 16, 2004, defendant advised plaintiff's counsel that in seven days time, it would conduct a trial examination of a physician whom defendant had NEVER previously identified as fact or expert witness. Because defendant never identified these physicians as trial witnesses, their discovery depositions were never sought or taken – even though close to 40 depositions have been taken in the case.

## II.  Defendant's Effort Is Contrary To Law And The Court Should Preclude These Newly Identified Witnesses From Testifying.

By attempting to offer trial testimony of these two physicians, defendant's counsel is knowingly disregarding this Court's prior Calendar Orders, the Fed. R. Civ. P., and fundamental due process. More distastefully, defendant's counsel is conspicuously attempting to subvert this Court's previous Order precluding defendant from offering testimony of previously undisclosed experts. (*Doc. 140*).

In a recent procedurally similar case, the Sixth Circuit confirmed the propriety of the trial Court's decision to exclude testimony of a witness identified too late by a party. See, **Estes v. King's**

*Daughters Med. Ctr.* 2003 U.S. App. LEXIS 4198 (6th Cir. 2003)(*attached as Exhibit 6*).[2] In *Estes, just like here*, despite "repeated extensions" of the Calendar Order, the party did not disclose the identity of its witness (an expert) until: (i) nine months after the deadline for disclosure; (ii) over three months after the last deadline for completing discovery; (iii) six weeks after the filing of the summary judgment motion; and (iv) almost two years after the filing of the lawsuit.

The Sixth Circuit quoted the trial court's analysis: "if it was plaintiffs' intention to rely upon [the witness] this should have been done in a timely manner, as dictated by the most recent Scheduling Order. Plaintiffs have had ample opportunity to develop their case . . . and have failed to do so within the time frame, established and repeatedly extended by the Court." *Id.*

In *Estes* the Sixth Circuit held that the district court had discretion to exclude the witness' testimony under Rule 16 which grants district courts broad discretion to enforce their scheduling orders. See also, *Clarksville-Montgomery County School System v. United States Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991). Rule 16(b) provides: "A schedule[ing Order] shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." And the Court has the authority to sanction party's for failing to obey a Scheduling Order. Fed. R. Civ. P., Rule 16(f).

Here, the Court's Scheduling Order required the disclosure of witness identities in October 2002, and before the discovery deadline. Defendant ignored that obligation.

---

2     The Sixth Circuit and other courts have held that district courts have broad discretion to exclude untimely disclosed expert-witness testimony. *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000)(upholding the exclusion of untimely expert-witness reports and affidavits); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1446 (6th Cir. 1993); *Sexton v. Gulf Oil Corp.*, 809 F.2d 167, 170 (1st Cir. 1987).

It would be disingenuous for defendant to argue that plaintiff would not be prejudiced by consideration of the testimony of these unidentified witnesses. As stated in *Estes*, this is an "unpersuasive" argument. The plaintiff here, like the adverse party in *Estes* has dutifully disclosed the identities of his witnesses and has proceeded with discovery and has prepared his case on the assumption gained from the disclosures and discovery undertaken prior to the fact witness discovery cutoff, expert witness discovery cutoff, and summary judgment cutoff.

In fact, it is the defendant who will not suffer prejudice from the exclusion of these undisclosed witnesses. The issues for trial are: (i) bad faith; and (ii) whether Mr. Jeffries' undisputed disability is caused by a mental disorder or medical illness. On the bad faith defense, the defendant has the capacity to call its claims' representatives who were responsible for Mr. Jeffries' claim, all of whom were deposed by plaintiff. And defendant has 2 medical doctors and 2 psychologists which it timely identified as expert witnesses on the issue of Mr. Jeffries' illness/disorder. The defendant, therefore, will not be prejudiced by the exclusion of these two undisclosed witnesses.

Finally, as reaffirmed in *Estes* defendant's potential assertion that the testimony of these 2 individuals is "important" does not override the district court's power to enforce its scheduling orders.[3] Moreover, if the testimony was so important, what caused the delay in the identification of these witnesses?

---

[3] *Citing*, **Geiserman v. MacDonald**, 893 F.2d 787, 792 (5th Cir. 1990)("importance of . . . proposed testimony cannot singularly override the enforcement of local rules and scheduling orders").

## Conclusion

Defendant's counsel has repeatedly and knowingly disregarded this Court's Orders, the Rules of Procedure, and fundamental concerns for due process. His pattern of improper conduct has increased exponentially the financial burden of prosecuting this case. He cannot be permitted to add undisclosed trial witnesses at this late date. Plaintiff has spent an extraordinary sum of money on this case since discovery closed.

Plaintiff disclosed the identity of his (lay and medical) non-expert witnesses nearly one year ago – five months before the discovery deadline. Defendant was obligated to respond in kind, but it withheld the identity of its witnesses.

Plaintiff's Motion should be sustained.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email: mroberts@graydon.com

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 17th day of March, 2004.

/s Michael A. Roberts

378085.1