IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

## DECLARATION OF PLAINTIFF'S COUNSEL

1.  My name is Michael A. Roberts. I am an attorney at law licensed to practice in the State of Ohio and am presently in good standing. I am a partner in the law firm of Graydon Head & Ritchey LLP. I serve as the Trial Attorney for the plaintiff in the above matter.

2.  Yesterday, March 16, 2004, at 4:55 p.m., I received the attached email (Attached as "A") from defendant's counsel indicating that in seven (7) days it intends to take a trial deposition in Massachusetts of a physician who is purportedly a fact witness for defendant. The defendant noticed a second trial deposition of another physician for April 14, 2004.

3.  Despite existing Scheduling Orders commanding the prior disclosure of fact and expert witnesses, the defendant has never to this day identified these physicians as fact or expert witnesses.

4.  On June 25, 2002, the Magistrate ordered defendant to exchange "witness lists and summaries" by November 29, 2002. (*Doc. 15*). At that time, the Court also set the discovery deadline to follow one (1) month later, December 31, 2002, and the trial date to follow 8 months later, July 2003.

5.  The original Schedule was clearly designed to provide adverse parties with the ability to timely conduct discovery depositions of expected trial witnesses.

6.  Defendant failed to provide plaintiff with any witness list or summary by November 29, 2002. In fact, <u>to this day</u>, defendant has not provided plaintiff with any witness list or summary.

7.  On December 20, 2002, the defendant requested an extension to the discovery and dispositive motion deadlines. (*Doc. 24*). The Court granted the Motion and set a new discovery deadline (April 30, 2003), a new dispositive Motion deadline (May 30, 2003), and trial date (October 2003). (*Doc. 29*). The Court noted at that time that: "this modification may well be the last extension of time that will be permitted." *Id*

8.  On April 8, 2003, the defendant again requested an extension of the discovery, dispositive motion, and trial dates. (*Doc. 46*). Over plaintiff's objection, defendant's request for an extension was granted. (*Docs. 49, 63*).

9.  Importantly, prior to defendant's second request for an extension, the plaintiff had given defendant written notice of the identity of plaintiff's fact witnesses (both lay and medical), but defendant did not reciprocate.

10. The twice extended Scheduling Order required plaintiff and defendant to disclose their respective experts by August 15, 2003, and August 30, 2003 (*Doc. 63*). Each party complied with this deadline. (<u>See</u>, *attached letters of August 15, 2003, and August 30, 2003*). The twice extended Scheduling Order also reset: (i) the fact discovery deadline to September 1, 2003; (ii) the expert discovery deadline to October 15, 2003; (iii) the dispositive motion deadline (Nov. 14, 2003); and (iv) trial (April 2004). (*Doc. 63*).

11.     On August 25, 2003, defendant filed another Motion to extend discovery and take depositions "of treating physicians" out of time. (*Doc. 76*). The request was rendered "moot", notwithstanding plaintiff's objection. (*Docs. 78, 82*).

12.     On October 7, 2003, the Court established the fourth Calendar Order in the case (*Doc. 94*). That Calendar Order, which still applies, extended expert discovery to December 5, 2003. *Id.* Fact witness discovery, however, had already closed.

13.     On March 3, 2004, the Court announced its decisions on the contested ***Daubert*** motions and motions for summary judgment. On that day the Court also ordered the parties to partake in a summary jury trial.

14.     At no point from May 2002 through March 16, 2004, despite its clear obligations and multiple requested/granted extensions of time has defendant ever identified who it intended to call at the trial of the case as a fact witness. Defendant has only identified 4 expert witnesses (*Drs. Frey, Bullard, Clionsky, and Hartings*). And these 2 medical doctors, and 2 psychologists have been authorized to testify at trial over plaintiff's ***Daubert*** challenge. And while defendant has never disclosed the identities of its fact witnesses as ordered by the Court, plaintiff took depositions of persons he presumed would be defendant's fact and expert witnesses.

---

1       Because the fact witness discovery deadline had already closed, on October 22, 2003, plaintiff filed a Motion In Limine and a request for sanctions relating to defendant's taking of a fact witness deposition on October 17, 2003, long after the fact witness discovery deadline had passed, and without notice to plaintiff, and on a day defendant knew plaintiff's counsel was not available. (*Docs. 104, 111, 126*). Defendant's counsel executed a sworn Declaration asserting that he sent plaintiff's counsel notice of this delinquent deposition. (*Docs. 106, 112*). Defendant's counsel has since admitted that his Declaration was false.

15. Notwithstanding the expiration of the three times (3x) extended Calendar Order, in the evening of March 16, 2004, defendant advised plaintiff's counsel that in seven days time, it would conduct a trial examination of a physician whom defendant had NEVER previously identified as fact or expert witness. Because defendant never identified these physicians as trial witnesses, their discovery depositions were never sought or taken -- even though close to 40 depositions have been taken in the case.

16. The plaintiff has dutifully disclosed its witnesses (nearly one year ago), proceeded with discovery and prepared his case on the assumption gained from the disclosures and discovery undertaken prior to the fact witness discovery cutoff, expert witness discovery cutoff, and summary judgment cutoff.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

Dated: February 27, 2004                                  /s Michael A. Roberts

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed and thereby delivered to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 17th day of March, 2004.

/s Michael A. Roberts

| | |
|---|---|
| **From:** | "Christy L. Zerges" <CLZerges@WoodLamping.com> |
| **To:** | "Michael Roberts" <mroberts@Graydon.com> |
| **Date:** | 3/16/04 4:55PM |
| **Subject:** | RE: Jeffries v. Centre Life |

Mike,

We now have Dr. Robert Reed scheduled for 5:00 p.m. on Monday, 4/12 in Cincinnati. Dr. Garb has just confirmed 3:00 p.m. on Wednesday, 3/24 in Springfield, MA. You will be receiving notices and confirmation on these this week and I will continue to update you quickly as additional depositions are confirmed.

Christy


-----Original Message-----
From: Michael Roberts [mailto:mroberts@Graydon.com]
Sent: Tuesday, March 16, 2004 12:32 PM
To: Christy L. Zerges
Cc: Michael Roberts
Subject: Re: Jeffries v. Centre Life


the 22nd, 23rd, 24th, and the 12th, 13th, 14th are all open now but may not be open by week's end

>>> "Christy L. Zerges" <CLZerges@WoodLamping.com> 03/16/04 11:31AM >>>
Mike and Cliff,

Bill Ellis is planing to take several trial depositions prior to the start of the 4/19 trial, and asked me to determine your availability on the following dates:

    March 22, 23, 24, 29
    April 5, 6, 12, 13 (afternoon only) and 14.

Please let us know if any of these dates will not work, bearing in mind that a majority of the depositions will be taken in Cincinnati.

Sincerely,

Christine L. Zerges



**CC:**    "William R. Ellis" <WREllis@WoodLamping.com>, "Peter M. Burrell" <pmburrell@WoodLamping.com>

**Michael A. Roberts**
**Direct Dial: (513) 629-2799**
**E-Mail: mroberts@graydon.com**

April 7, 2003

*Via Hand Delivery*
William R. Ellis, Esq.
Wood & Lamping
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2409

    Re: *Eric Jeffries*

Dear Bill:

    Enclosed is a service copy of Plaintiff's Memorandum Opposing your Motion For Protective Order. I am also writing to update you on plaintiff's witnesses.

    *Plaintiff's Lay Witnesses*: Eric Jeffries; Sue Jeffries; Mary McGoff; Rodger Davis; Zsannett Osceanas; Ken Kolkmeirer; Dave Clark; and Jeff Champagne and/or other of defendants' employees who have been deposed in the proceeding (on cross).

    *Physician Witnesses:* Michael McClellan, M.D.; Corwin Dunn, M.D.; Michael Luggen, M.D.; Donald Nunlist Young, M.D.; Byron, Hyde, M.D.; Burton Waisbren, M.D.; Charles Poser, M.D.; Curt Sandman, Ph. D.; Sheila Bastien, Ph. D.; and Mark Geier, M.D. (report enclosed).

    *Bad Faith Experts:* Plaintiff intends to call one of the following as his bad faith expert: Don Kelley (1583 Spinnaker Drive, Suite 210, Ventura Harbor, Ca. 93001); Clinton E. Miller (502 Park Avenue, San Jose, Ca. 95110); Mary Fuller; and/or Dominick LaGravinese (405 Western Avenue, PMB 438, South Portland, Me 04106).

                              Sincerely,

                              Michael A. Roberts

MAR/
Encl.
*Copy*:  Mr. Eric Jeffries

# Graydon Head & Ritchey LLP

*Attorneys at Law*
Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

August 15, 2003

<u>Via Hand Delivery</u>
William R. Ellis, Esq.
Wood & Lamping
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2409

    Re:    Jeffries v. DMS, et. al.,

Dear Bill:

Enclosed please find service copies of Mr. Jeffries':

1. *Motion To Review Discovery Order;* and

2. *Omnibus Memorandum Opposing Defendants': (i) Motion For Protective Order (Doc. 60); (ii) Motion To Strike (Doc. 68); and (iii) Motion For Sanctions.* (A draft of this memorandum, which we did not file, was inadvertently faxed to your office earlier this week).

Also enclosed are copies of the documents being produced as addressed in plaintiff's responses to defendants' Second and Third Set of Document Production Requests, which are Bates labeled EJ0616 – EJ0869. Plaintiff's position concerning the production of his personal financial information is clearly stated in the discovery responses we served earlier this week, and is also clearly stated in the above *"Omnibus Memorandum."* As I mentioned during my phone conference with Peter Burrell earlier this week, plaintiff will object to a 2-part (or multi-day) deposition of Mr. Jeffries. Accordingly, let me know whether the deposition scheduled for August 19 is still on, in light of plaintiff's position concerning the production of his financial information.

Finally, Plaintiff will call the following experts at the trial of the above case:

1. James R. Hawkins, M.D. (report enclosed);
2. Paula Shear, Ph.D. (report enclosed);

www.graydon.com

*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-7070
telephone (859) 282-8800
fax (859) 525-0214

William R. Ellis, Esq.
August 15, 2003
Page 2 of 2

    3.    Harold T. Pretorius, M.D. (report enclosed);
    4.    Mary Fuller (report enclosed);
    5.    Mark Geier, M.D.;
    6.    Charles Poser, M.D.;
    7.    Curt Sandman, Ph. D.;
    8.    Michael McClellan, M.D.;
    9.    Byron Hyde, M.D.;
   10.    Burton Waisbren, M.D.;
   11.    Sheila Bastien, Ph. D.; and
   12.    Ms. Kathy Baris.

You already have the reports of Drs. Geier, Poser, Sandman, McClellan, Hyde, Waisbren, and Bastien as well as the Occupational Assessment by Ms. Baris. If you have any questions, call me.

                              Sincerely,

                              GRAYDON HEAD & RITCHEY LLP

                              Michael A. Roberts

MAR/csc
Encls.
*Copy*:  Mr. Eric Jeffries (w/encls.)

CN_LIB:350253.1