UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MOTION FOR** |
| et al., | : | **RECONSIDERATION AND** |
| | : | **CLARIFICATION REGARDING** |
| Defendants. | : | **BURDEN OF PROOF AND** |
| | : | **REQUEST FOR RULING ON** |
| | : | **ORDER OF PROOF** |

**I.    Introduction**

In the Court's March 3, 2004 oral ruling on the numerous *Daubert* and summary judgment motions, the Court addressed Plaintiff's question regarding which party carries the burden of proof at the trial of this matter. The Court's response, as currently stated, has raised an additional question regarding the order of presentation of proof. Specifically, the Court stated that "the burden is on the Defendant to prove that Plaintiff is disabled by a Mental Disorder in order to limit the coverage to 24 months." Why the Defendant would have to present proof on an issue they have conceded and for which Defendant has paid benefits in full is unclear. The Court went on to state, "Moreover, the Court finds that Defendant's admission that Plaintiff is totally disabled satisfies the Plaintiff's burden of establishing coverage under the general terms of the policy." How the concession of a disability based upon a mental condition satisfies the Plaintiff's obligation to prove that he has a physical impairment that disables him from performing the duties of his occupation; that he is receiving appropriate care; and that he has submitted monthly proof of loss is equally unclear. The Court noted that although Plaintiff has

the burden to go forward with his case in chief on the bad faith claim, and could therefore do a pre-emptive strike on the issue of medical disability, it acknowledged that "it could be argued that that's entirely rebuttal to the Defendant's case in chief on the subject of mental disability." The Court appears to have determined that Plaintiff carries no burden of proof with regard to his claim of a physical disability under the terms of the policy. Defendant respectfully requests clarification of the Court's Order to confirm either that Plaintiff has the burden to prove he has a physical disability, or, in the alternative, if the Court orders Centre Life to instead prove that Plaintiff does not have a physical disability, that Defendant is allowed to present its case in chief first.

**II.    Argument**

    **A.    A Maximum Benefit Period Is Not An Exclusion.**

Centre Life has reviewed the Court's oral ruling on the *Daubert* and summary judgment motions. It believes the Court has misinterpreted the effect of the maximum benefits provision found under the mental disorder portion of the policy. If an insured under the policy is rendered totally disabled by a mental disorder or substance abuse problem, the maximum benefit period is set at a total of 24 months. Specifically:

> If a Total Disability or other covered loss is due to a Mental Disorder and/or Substance Use Disorder, the number of months for which any benefits for Total Disability shall be payable under the Policy during the lifetime of the Insured shall not exceed in the aggregate a total of 24 months.

This is not an exclusion but a provision that sets a maximum benefit period. It is no different than a provision that limits payment of benefits to 60 months or until an insured reaches age 65. This does not exclude coverage under the policy; it simply addresses how long payments will continue.

The Court appeared to recognize the general rule under Ohio law that the person "who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy and then proving a loss." *See Chicago Title Insurance Company v. Huntington National Bank*, 87 Ohio St. 3d 270, 273, 719 N.E.2d 955 (1999) *citing Inland River Service Corp. v. Hartford Fire Insurance Company*, 66 Ohio St. 2d 32, 418 N.E.2d 1381 (1981). The Court also correctly states that an insurer would have the burden of proving that a policy exclusion applies. *See Continental Insurance Company v. Lewis Marks and Company, Inc.*, 64 Ohio St. 2d 399, 415 N.E.2d 315 (1980). The critical difference here is that the amendment to the policy in this case is not an exclusion. It simply sets forth a maximum benefit period. The cases cited by the Court deal with property and casualty insurance, not disability insurance. In the case of a disability policy, it is possible to have coverage but not be entitled to continued payment of benefits. In the case of Mr. Jeffries specifically, where he is totally disabled, as defined in the policy, by a mental disorder he is entitled to benefits. The time period of the benefits is specifically limited to 24 months of payments. Even though coverage for disability continues and a subsequent physical disability may give rise to additional benefits, the maximum benefit period for a mental disorder has expired and the insured is no longer entitled to benefits. This is no different than the general terms of his policy which limit his payments until he reaches age 65. There is no exclusion under the policy, simply a contractually-agreed limitation as to how long benefits will be paid.

The Court's ruling rewrites the policy to impose a new obligation on the insurer. If the ruling stands, then any disability policy with a maximum benefit period must continue to be paid until the insurer proves that the insured is no longer disabled, even if the maximum benefit period has been met. As disability policies are currently written in general, and Mr. Jeffries in

particular, benefits are payable for a period of time, for example 24 or 60 months or until the insured reaches a specific age such as 65. Although there are some policies that provide for payment of lifetime benefits, these are specific contracts agreed to by the parties, and for which different premiums are paid. The Court has rewritten Mr. Jeffries' policy to add a new obligation on the insurer. As the policy was written, where Mr. Jeffries has a disability caused by a Mental Disorder, Centre Life must pay benefits as long as Mr. Jeffries continues to establish that he is totally disabled -- but no longer than 24 months as provided in the policy. The Court's ruling has the effect of now requiring Centre Life to make an independent determination, not that the 24 months have passed, but that Mr. Jeffries is no longer totally disabled by *any* cause. In effect, the Court's ruling may be interpreted as invalidating maximum benefit limitations. Such a ruling would be contrary to existing Ohio law and the law throughout the country. Where the terms of an insurance contract are clear and unambiguous, the Court must apply the plain and ordinary meaning of the policy.

    The Ohio Supreme Court has declared that "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *See Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St. 3d 32, 322, 474 N.E.2d 271, 272 (1984). Courts have "an obligation to give plain language its ordinary meaning and to refrain from rewriting the contractual agreement of the parties." *See Miller v. Marrocco*, 28 Ohio St. 3d 438, 439, 504 N.E.2d 67, 69 (1986). In other words, "when the language of an insurance policy has a plain and ordinary meaning, it is unnecessary and impermissible for this court to resort to construction of that language." *See Karabin v. State Auto Mut. Ins. Co.*, 10 Ohio St. 3d 163, 166-167, 462 N.E.2d 403, 406 (1984).

Disability insurance policies often provide benefits for a maximum term be it 24 months, 60 months or some other determination based on the insured's age or the insured's age when the disability begins. The effect of the Court's ruling is to rewrite Mr. Jeffries' policy, and by extension all other policies which contain benefit terms, to enlarge the coverage to lifetime benefits. Rather than end at 24 months, as the plain language of the policy requires, the Court has imposed an additional burden on Centre Life before benefits can end. This is not contemplated by the parties.

Of greater concern is the effect of the ruling on insurance policies in general. This will open the floodgates of litigation. Any insurance carrier now paying benefits would be in the position of having to file a declaratory judgment in order to enforce a maximum benefit period before benefits can cease. This is not the intention of the parties to Mr. Jeffries' policy and Defendant hopes this was not the intention of the Court. Centre Life therefore requests clarification of this ruling. If it is determined that Centre Life in fact has an obligation to prove that Mr. Jeffries does not have a physical disability, Centre Life moves for reconsideration of the Court's Order.

**B.     Centre Life Has Never Made A Carte Blanche Admission Of Total Disability.**

Defendant maintains that the acknowledgement of total disability in both its Amended Answer to Plaintiff's Verified Complaint and in the Motion to Amend the Answer is limited to an admission of total disability consistent with the mental disorder provision of the policy. Centre Life has not conceded total disability as argued by Plaintiff and repeated by the Court. As the Court acknowledged, where an insured's total disability is caused by a mental disorder, the insured's benefits are limited to 24 months. In its Answer, Defendant admitted that Mr. Jeffries had established his entitlement to benefits for a total disability caused by a mental disorder. This

entitlement to benefits is limited to 24 months which have been paid in full. Even if Mr. Jeffries continues to be disabled by a mental disorder, he is not entitled to continued payment of benefits.

The Court's ruling states that Centre Life's admission that Plaintiff is totally disabled satisfies Plaintiff's burden of establishing coverage under the general terms of the policy. Centre Life's admission is limited to total disability caused by a mental disorder, not a general admission of disability as Plaintiff argues. The Court must remain mindful that disability under the policy requires more than just an inability to perform all of the material duties of one's occupation. Centre Life agrees that for the 24 months of coverage contemplated under the mental disorder section of the policy, Plaintiff has satisfied his obligations and, to this end, benefits have been fully paid. Centre Life does *not* agree that any admission of total disability under the mental disorder section of the policy amounts to an acknowledgement of continued disability for a physical cause. Nor does this admission in any way address Plaintiff's obligation to be under the care of a physician or to submit an acceptable monthly or periodic proofs of loss.

The essential question in this case is whether Plaintiff is totally disabled as defined in the policy by a physical injury or illness. This would be the basis of his claim for benefits. In its Motion to Amend its Answer and file a Counterclaim, Centre Life contends that after review of the reports of Dr. Hartings and Dr. Bullard and the opinion letter of Dr. Clionsky, it was determined that Mr. Jeffries suffers from somatization disorder, severe, or somatoform disorder and has significant obsessive compulsive traits at a minimum. Plaintiff's own Psychiatrist and psychologists identify "Cognitive Disorder, NOS" as the disabling disease, which is also a mental disorder specified in the DSM. These disorders are mental disorders which may entitle him to benefits under the terms of his policy for a total of 24 months. Benefits have been paid to Mr. Jeffries in accordance with this policy provision for that period of time. In its Amended

Answer, Centre Life admitted in response to paragraph 16 that it had determined that Mr. Jeffries was totally disabled in his occupation due to a mental disorder as defined in the policy. All other allegations of paragraph 16 were denied. Accordingly, Defendant's admission of total disability is limited to a total disability caused by the mental disorder. There is **no** admission of total disability caused by a physical disorder.

Centre Life maintains that if Plaintiff is to prevail on his contract claim, he must establish that his inability to perform his duties is the result of a physical illness and that he has met the other parts of the definition of total disability in the policy. If the Court has ordered Defendant to prove Plaintiff does not have a physical disorder, it is Defendant's position that this is contrary to law. As the Court has acknowledged "the general rule is that an insured has the burden to prove that the loss is covered by the general coverage provisions of the contract and the burden is on the insurer to prove any exclusions or limitations on coverage." Before the question of an exclusion can be reached, however, the insured has the initial burden to prove a prima facie case of coverage. *See* 44A Am. Jur. 2d Insurance § 1965 *citing Fortune Ins. Co. v. Owens*, 351 N.C. 424, 526 S.E.2d 464 (2000); *General Acc. Ins. Co. of America v. American Nat. Fireproofing, Inc.*, 716 A.2d 751 (R.I. 1998) (The insurer bears the burden of proving the applicability of policy exclusions and limitations in order to avoid an adverse judgment but only after the insured has sustained its burden and established its prima fascie case). In this case the Court has permitted the plaintiff to assume a prima fascia case based upon Mr. Roberts interpretation of the defendant's admission of mental disability.

Although Centre Life takes exception to the inclusion of the word "limitations" in this ruling, it is correct that where an insured has established his entitlement to benefits under a policy, the burden shifts to the insurer to establish the applicability of any exclusion. In this

case, the Mental Disorder/Substance Abuse provision is not an exclusion. It simply sets forth a maximum benefits period. The cases relied upon by the Court deal with coverage exclusions. The fact that Mr. Jeffries has a mental disorder does not exclude him from coverage under the policy. He is still entitled to coverage, but his benefits simply end after two years of payments. Since Mr. Jeffries seeks continued payment of benefits, he must establish he has some sort of physical disability; that he is under the care of a physician; and is receiving appropriate treatment. He must also submit monthly proofs of loss as required by the policy. The Court has permitted the plaintiff to skate by without proving these issues. In effect, the Court has apparently ruled that, unlike every other disability case in Ohio, this plaintiff bears no burden to establish his entitlement to benefits.

Defendant's admission of total disability is limited to an admission of total disability due to a mental disorder. There is no admission of total disability due to any physical disability nor that he has established any treatment appropriate or otherwise. Centre Life understands that the Court has held that in order to recover on its counterclaim Defendant has the responsibility to prove that Plaintiff's disability is caused by a mental disorder.[1] The issue remaining is whether Plaintiff is disabled by a cause that is physical in origin. Defendant requests clarification of the effect this may have on Plaintiff's claim of disability due to a physical disorder. Defendant's admission of total disability and the basis upon which benefits have been paid to Plaintiff stem from the diagnosis of Dr. Hartings and others and its determination that Plaintiff has a mental disorder. There has been no general admission of a physical impairment, let alone a disability as

---

[1] Centre Life submits that the issue of a mental disability is no longer in dispute. Plaintiff has been paid the entirety of the benefits he is due for total disability due to a mental disorder. The failure of the Plaintiff to establish his entitlement to benefits under the policy for a physical disability would *ipso facto* result in an acknowledged overpayment and right to reimbursement.

defined in the policy. Defendant seeks clarification of the fact that the burden to prove entitlement to benefits under the policy based on a physical disability remains with Plaintiff.

### C. Centre Life Must Present Its Case-In-Chief First.

In the alternative, if the Court takes the position that Centre Life now has the burden to prove that Mr. Jeffries does not have a physical disability, then the order of proof must be revised. *See Cutler-Hammer v. Crabtree*, 54 S.W.3d 748, (Tenn. 2001) (Although a plaintiff is generally allowed to present his proof first, this is because the burden of proof generally falls on the plaintiff. Where the burden of proof falls on the defendant, the better procedure is to allow the defendant to proceed to present his evidence first). Federal Rule of Evidence 611 vests the Court with wide discretion to control the "mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of truth, (2) avoid needless consumption of time; and (3) protect the witnesses from harassment or undue embarrassment." *Martin v. Chesebrough-Ponds, Inc.*, 614 F.2d 498 (5th Cir. 1980); *Anheuser-Busch, Inc. John Labatt, Ltd.*, 89 F.3d 1339 (8th Cir. 1996). Ordinarily, however, the party which bears the burden of proof is permitted to present its case first and open and close to the jury. *Martin*, 614 F.2d at 501; *Labatt*, 89 F.2d at 1344.

The Court has suggested that it is possible to argue that Mr. Jeffries' case is simply one in rebuttal. If this is accepted, then Centre Life must go first in the presentation of evidence. Centre Life's position is that Mr. Jeffries has a mental disorder. It has recognized this mental disorder and paid benefits under the portion of his policy which allows payment for total disability for 24 months due to a mental disorder. If the Court now requires Centre Life to prove the negative proposition that Mr. Jeffries does not have a physical disability, then Centre Life must be permitted to present its proof first. Centre Life maintains that the proper analysis mandates that

Plaintiff prove that he has an ongoing physical disorder which renders him totally disabled as defined in the policy and that he has met all applicable policy provisions.

### III.     Conclusion

Centre Life's admission of total disability relates to the mental disorder only. There has been no admission on Centre Life's part of any physical impairment, let alone a disability as defined in the policy. If Plaintiff's claim of continued benefits is to go forward, he must establish that he has a physical disability which renders him unable to perform the important duties of his occupation; that he is receiving appropriate care; and that he has submitted appropriate proofs of loss. Plaintiff has been paid the entirety of the benefits to which he is entitled under the mental disorder portion of his policy. For that reason, Centre Life requests a clarification that Plaintiff has the burden to prove the existence of any physical disability. In the alternative, if the Court requires Centre Life to prove Plaintiff does not have a physical disorder, which would be contrary to disability insurance law in Ohio and around the entire nation, then the order of proof must be revised and Centre Life must be permitted to offer its evidence first.

Respectfully submitted,

s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 18th day of March 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              s/William R. Ellis  
                                              William R. Ellis, Esq.

201362.1