IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
|  |  | Magistrate Judge Hogan |
| v. | ) : |  |
| CENTRE LIFE INSURANCE CO., | ) : |  |
| Defendant. | ) |  |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION TO EXCLUDE TRIAL TESTIMONY
OF PREVIOUSLY UNDISCLOSED FACT/EXPERT WITNESSES**

On Friday, March 19, 2004, defendant issued a notice by regular mail to plaintiff's counsel indicating that it desired to take a Trial Deposition of a previously undisclosed physician witness on Wednesday, March 24, 2004.  This cannot be tolerated.

I.  **Defendant Failed To Comply With
    The Court's Unequivocal Pretrial Procedure**.

Defendant's counsel first argues that by seeking an extension of other unrelated deadlines in December 2002, he voided his earlier (i.e., Nov. 2002) affirmative pretrial obligation to disclose the identities of defendant's witnesses.  This argument is preposterous.

On June 25, 2002, the Court **Ordered** defendant to disclose to plaintiff the identity of defendant's fact witnesses and provide a summary of their testimony.  (*Doc. 15*).  The Court **Ordered** that this be done on or before November 29, 2002.  Defendant admits that this Court imposed deadline came and went and defendant failed to perform its obligation or seek an extension.

The defendant now incredulously attempts to argue that the Court **Ordered** deadline it missed on November 29, 2002, was completely voided by its later request (of December 20, 2002) to extend different **Court Ordered** deadlines in the case: the discovery deadline (of December 31, 2002) and the dispositive motion deadline (February 28, 2002). This novel and unprecedented argument is completely meritless.

Moreover, the clear chronological procedure that the Court established to afford each side due process and fairness was:

- Regardless of Rule 33 and Rule 34 requests, each side would disclose to the other the identity of fact witnesses and their testimony (originally set for November 29, 2002);

- One month <u>after</u> defendant was to comply with the Court **Ordered** obligation of identifying its fact witnesses (i.e., December 31, 2002), plaintiff would complete his deposition discovery of defendant's witnesses;

- Three months <u>after</u> defendant was to comply with the Court **Ordered** obligation of identifying its fact witnesses (i.e., February 28, 2002), the parties would file motions for summary judgment based on what the discovery phase of the case revealed; and

- Eight months <u>after</u> defendant was to comply with the Court **Ordered** obligation of identifying its fact witnesses (i.e., July 2003), trial would commence.

Defendant's recent argument that its December 20, 2002, request to extend the discovery phase of the case somehow mooted this clear procedure is incomprehensible.[1] While

---

[1] Defendant disingenuously argues that plaintiff too did not comply with this pretrial disclosure obligation, but does not dispute that plaintiff gave defendant the identities of his witnesses 4 months before the discovery cutoff, eight months before the dispositive motion deadline and 1 year before trial all as contemplated by the Court's original scheduling order in the case.

2

defendant's counsel is constantly accusing plaintiff's counsel of "gamesmanship" it is defendant's counsel who constantly ignores Court Orders and the Rules of Civil Procedure.

In light of the Court's unequivocal procedure outlined nearly 2 years ago, the defendant cannot first disclose the identities of its trial witnesses 2 weeks before the conduct of a Summary Jury Trial and 4 weeks before the conduct of the Jury Trial.

II. Defendant's Arguments that Its New Witnesses Are Not "Experts" Is Also Disengenious.

The defendant is overtly attempting to deceive the Court by arguing that Drs. Garb and Reed are merely fact witnesses who will be asked to "give their factual rendition of events that have taken place during the course of plaintiff's claim." (*See, Memorandum In Opposition*). If this is true, plaintiff will stipulate to the authenticity and admissibility of the reports and documents authored by Drs. Garb and Reed which are contained in the Claims file – thereby obviating any need for expensive trial depositions out-of-state on 3 days notice and without the earlier opportunity for discovery.

Those stipulated records would contain all of the factual information that Drs. Reed and Garb deemed relevant when they authored their reports (nearly 4 years ago) and should satisfy defendant's expressed need for the testimony.

Defendant will not consent to this stipulation, however, because what it is really attempting to accomplish (without revealing it to the Court) is to obtain new expert opinions. And the reason that defendant is now adding these "fact" experts at this late stage is because they know from their experience 2 months ago that they cannot add any expert witnesses at this late stage. (*See, 134, 138, and Order- 140*). Defendant's counsel was so infuriated by the Court's

3

ruling 2 months ago (that it was too late for defendant to add experts) that he accused the Court of bias in open Court and asked Judge Beckwith to recuse herself. (*Doc. 144*).

Defendant is now conspicuously attempting to circumvent the Court's earlier order and add a physician to offer an expert opinion by cloaking the physician in the garb of a "Fact" witness.  This inappropriate, conspicuous attempt to circumvent the Court's earlier Order cannot be tolerated.  Any medical question asked of Drs. Garb or Reed which goes beyond the four corners of their written documents and reports and notes contained in the Claims file is an overt effort to knowingly elicit improper expert testimony (for which there has never been any disclosure despite the Court's clear directives regarding expert identification and expert reports).

III.   Defendant's Effort To Claim That It
       <u>Disclosed Dr. Garb's Identity Is Laughable.</u>

Knowing that it violated the Court's pretrial disclosure procedure, the defendant searched disparately to create an argument that it complied.  It now argues that its Supplemental discovery responses satisfied its notice obligations.  This again is disengenious.

In July 2002 in his Fist Set Of Interrogatories 2-11, plaintiff requested defendant to identify the persons and physicians with whom it had spoken with regard to Eric Jeffries or his claim.  For each request, the defendant said "see claims file," directing plaintiff to cultivate a 3000+ page file to understand defendant's response.  On November 8, 2002, the Court directed defendant to "abandon its overture to see claims file." (*Doc. 18, p. 2*).

In January 2003, when it served "Supplemental Responses" on plaintiff, the defendant objected to the requests as being too burdensome and again directed plaintiff to the "claims

4

file." The defendant also listed the names of 28 persons that defendant indicated it had "corresponded with." Included among the 28 is the name "James Garb" without any indication of his position or involvement. Because his deposition number was limited by Rule 26, plaintiff took depositions of 11 of the 28 named persons. "James Garb" was not among the 11 because:

- When asked to state the "substance of each contact" with the 28 persons, the defendant again referred to the Claims file without identifying what the substance or nature of the communication with "James Garb" was. (*See, Supplemental Responses, Answer to Interrogatory 3, attached to defendant's memorandum*);

- When asked to identify the documents that exhibited that Mr. Jeffries' was not disabled or not entitled to benefits, the defendant did not reference any materials relating to Drs. Garb or Reed. (*Id., Interrogatory 4*);

- When asked to identify "all physicians or other health care professionals with whom defendants have spoken, corresponded, or from whom the defendants have received information concerning Mr. Jeffries," the defendant identified 15 persons, but did not identify "James Garb" or "Dr. James Garb." (*Id., Interrogatory 6*).

Importantly, defendant served a Second Supplemental Response to these Interrogatories but provided no further information regarding Drs. Garb or Reed:

- None of their materials were identified in the 2nd Supplemental response to the request for documents which defendant argued showed that Mr. Jeffries was not disabled or not entitled to benefits (*See, Second Supplemental Response, Interrogatory 4, Exhibit 1*);

- Drs. Garb and Reed were not added to the list of "All physicians or health care professionals defendants spoke to or corresponded with. (*Id., Interro. 6*);

- Drs. Garb and Reed were not added to the list of persons with knowledge about the claim (*Id., Interros. 8, 9, and 10*).

The Court should preclude defendant from taking trial depositions of these and any other undisclosed witnesses.

5

As the Sixth Circuit said in *Estes* quoting the trial court's analysis:

> "if it was plaintiffs' intention to rely upon [the witness] this should have been done in a timely manner, as dictated by the most recent Scheduling Order. Plaintiffs have had ample opportunity to develop their case . . . and have failed to do so within the time frame, established and repeatedly extended by the Court." *Id.*

Since (as is apparent from defendant's original, supplemental, and second supplemental discovery responses) Drs. Garb and Reed have no information regarding Mr. Jeffries' disability, there will be no prejudice to defendant in not permitting them to take trial depositions of undisclosed witnesses with no advance notice in violation of the scheduling order.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts_____ |
| | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |
| | *Attorneys For Plaintiff* |

### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 17th day of March, 2004.

/s Michael A. Roberts_____

378714.1

6