# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE  BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | MOTION TO REVIEW AND |
| CENTRE LIFE INSURANCE CO., et. al., | ) | OBJECTIONS TO DISCOVERY ORDER |
| | : | |
| Defendants. | ) | (REQUEST FOR EMERGENCY HEARING) |

The plaintiff, Eric L. Jeffries, hereby moves that the District Court Judge review and reverse the order issued by Magistrate Judge Hogan on March 23, 2004. (*Doc. 182*). Specifically, plaintiff objects to the Magistrate Judge's decision to permit defendant to take trial depositions of witnesses who were previously undisclosed.  In support of this Objection, plaintiff incorporates its attached motion and reply memorandum.

Importantly, these physicians were not identified in the time designated by the Court in its original order for identification of fact witnesses or experts.  They also were not identified in the Original, Supplemental, or Second Supplemental Interrogatory discovery responses to Interrogatory 4, 6, and 10 which requested defendant to identify all physicians and or health professionals it had communicated with and on which it would assert that Mr. Jeffries was not disabled.  The absence of the identification of these witnesses in the discovery responses or otherwise prevented plaintiff from taking their trial depositions even though over 30 depositions have been taken in the case.

Defendants' failure to disclose these persons as witnesses and the capacity for defendant to take their trial testimony beginning tomorrow will cause prejudice to the plaintiff.

What defendant is surreptitiously attempting to do is circumvent this Court's prior order preventing defendant from naming new experts. The witnesses, Drs. Garb and Reed, cannot testify to anything beyond the material in their reports or records contained in the claims file, the authenticity and admissibility of which plaintiff stipulates to.

Finally, it is beyond the jurisdiction of the Magistrate Judge in this case to enter any order effecting the trial. The deposition at issue is a trial deposition, not a discovery matter. Accordingly, the Court should determine the issue *de novo.*

Respectfully submitted,


OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

## CERTIFICATE OF SERVICE

The foregoing was delivered, via hand delivery to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 23rd day of March, 2003.

/s Michael A. Roberts _____

379044.1