IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On Tuesday, March 23, 2004, the Magistrate Judge sustained plaintiff's Third Motion To Compel. (*Doc. 182*). On Wednesday, March 24, 2004, while with defendant's counsel in Springfield, Massachusetts (the headquarters of Disability Management Services), where most of the documents ordered to be produced reside, plaintiff's counsel asked defendant's counsel when the documents would be produced. No date was given. Rather, defendant's counsel said he'd meet with his client the following day at its Boston, Massachusetts, office to discuss the issue.

On Friday, March 26, 2004, after 6 p.m., the defendant's counsel advised plaintiff's counsel by email that defendant intends to file objections to Magistrate Judge Hogan's March 23, 2004, Order. If, however, defendant does not produce all information Ordered (again) by Judge Hogan, by **April 1, 2004,** plaintiff's preparation for the April 7, 2004 Summary Jury Trial and April 19, 2004, Trial will be so prejudiced that plaintiff seeks default judgment as a sanction based on defendant's continuing refusal to provide documents and information which has been requested (and Ordered) for nearly two years. A memorandum in support is attached.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL | /s Michael A. Roberts_____ |
|  | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

## MEMORANDUM IN SUPPORT

As indicated in plaintiff's third Motion To Compel (*Doc. 171*), a good deal of relevant and essential information which has been requested (and Ordered) to be produced for nearly 2 years remains outstanding.  Judge Hogan agreed with plaintiff (*Doc. 182*) and ordered defendant to produce:

- The annual and/or consolidated financial statements for the defendant Centre Life and the same material for DMS for the period 1999 to the present;

- All financial reports exchanged between DMS and Centre for the period 1999 to the present;

- All budgets and financial reports relating to DMS' Centre Life block of business from 1999 to the present;

- Back-up tape information;

- The Administrative Services Agreement between Centre and DMS;

- Documents referred to in performance evaluations that refer to "performance goals" of DMS for the Centre Life block of business; and

- Subpoenaed materials from third parties.

It is essential that defendant be given no leeway in producing these long-overdue materials forthwith.  Plaintiff's bad faith case and trial preparation depend on it.

**Most importantly**, Judge Hogan's order does not command defendant to produce several previously withheld documents (*Doc. 182, p. 5, "Miscellaneous Items"*) because defendant's counsel handed those documents to plaintiff's counsel during the conduct of the March 22, 2004 informal conference.  After returning from the conference, plaintiff's counsel learned that one of the documents contained therein was a previously undisclosed Medical Consultant Opinion dated March 2000.  (*Exh. 1*).  In that withheld report, defendant's Medical Consultant, Dr. Hall, states:

- "The Insured has had significant symptoms (including memory impairment, cognitive difficulties, myalgias, arthralgias, intermittent abdominal pain, rashes, ophthaous ulcers, etc) for the past 2+ years, causally related to a Hep B vaccination in June 1997;

- A good review in the file is offered by Dr. B. A. Waisbren (9/99) who feels the Insured suffers from post-vaccinal encephalomyelitis and acquired automimmunity;

- Dr. Waisbren does give good references to hepatitis B vaccine complications and gives 1st hand accounts of two cases that have some similarity to the Insured's own clinical situation;

- "the clinical history is consistent with some kind of disorder, most likely autoimmune . . . ."

The importance of this document cannot be overstated, explaining why it was withheld.

It is plaintiff's principle contention on the bad faith claim that the defendant, in breach of its duties, ignored Mr. Jeffries' medical information.  Based on Dr. Halls' March 2000 evaluation, there was no basis to not pay Mr. Jeffries' claim.  The document is extraordinarily important on the bad faith issue.  And the failure to produce the document during the discovery phase of the case jeopardized Mr. Jeffries' ability to get his bad faith claim to a jury.  And the document

would never have been produced if plaintiff's counsel wasn't diligently pursuing the production of all information.

For all of the above reasons, plaintiff requests default judgment should defendant not fully comply and produce the above information by April 1, 2004.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 29th day of March, 2004.

/s Michael A. Roberts