UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, et al., | : | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW AND OBJECTIONS TO DISCOVERY ORDER** |
| Defendants. | : | |

Defendant opposes Plaintiff's Motion to review and reverse the Order of Magistrate Judge Hogan dated March 23, 2004. Plaintiff makes no new arguments in his objection; he simply incorporates his previous Motion and Reply Memorandum which were already considered by the Magistrate Judge. Defendant does not object to the Magistrate Judge's Decision and Order.[1]

The Magistrate Judge correctly disregarded Plaintiff's argument that Defendant is attempting to circumvent the Court's deadline for identifying expert witnesses. The witnesses in question, Dr. Garb and Dr. Reed are lay witnesses. They were not identified as expert witnesses because they are *not* expert witnesses. As the Magistrate Judge stated:

> "In other words, a treating physician, although an expert witness qualified to voice a professional opinion within his/her field of expertise, is not the type of retained expert contemplated by the rules. The Court does not accept Plaintiff's theory that Defendant is attempting to circumvent Judge Beckwith's ruling that Defendant may not now add to its expert witness list. Both the disputed witnesses

---

[1] Defendant has filed objections to the cost of Plaintiff's counsel's first class airfare, premium lodging, and car rental charges as excessive. Moreover, had Plaintiff's counsel sent one attorney to both Dr. Garb and Dr. Poser's deposition, no additional airfare cost would have been incurred. Although Defendant has filed objections with regard to the frivolous and excessive costs incurred by Plaintiff's counsel in traveling to the deposition of Dr. Garb, this objection was limited to the monetary amount Plaintiff attempted to charge to Defendant. Centre Life specifically timed its deposition of Dr. Garb to coincide with the deposition of Dr. Poser previously scheduled by Plaintiff. The only additional cost to Plaintiff should have been a one-night stay in a hotel room.

may well be called as fact witnesses, not subject to the deadline set for expert disclosures."

The Court also recognized that although a new deadline for identification of lay witnesses should probably have been set, it was inadvertently overlooked and never addressed by *either* counsel.  The Court also acknowledged the fact that neither party complied with the previous lay witness deadline.  All of these facts weighed in favor of the Magistrate Judge's correct decision to allow the videotaped trial depositions to proceed.

As the Court recognized, there would be prejudice to Centre Life by disallowing the trial testimony of Dr. Reed and Dr. Garb.  Centre Life must be allowed to offer testimony regarding its reliance upon its medical consultation and review of medical records.  To disallow the testimony of Dr. Reed and Dr. Garb would prejudice Defendant.  This is especially true where, as here, there can be no surprise to either party.  Dr. Garb is a witness upon whose report Plaintiff has attempted to rely.  There can be no question that Plaintiff was aware of Dr. Garb's existence.  The prejudice claim with regard to Dr. Reed is ludicrous.  Dr. Reed is one of Mr. Jeffries' many treating physicians.

Plaintiff argues in his Memorandum incorporated into his objections that he did not have the opportunity to depose these witnesses.  Plaintiff could obviously have deposed Dr. Garb at any point.  He was aware of Dr. Garb as evidenced by his attempted reliance on his report.  With regard to Dr. Reed, there was never any reason for Plaintiff to take his deposition.  Dr. Reed is one of Plaintiff's treating physicians and he could have simply contacted him to discover his opinions.  There can be no legitimate claim of prejudice to Plaintiff.

Moreover, the Plaintiff's offer to simply stipulate to the record does not address the issues of Defendant's reliance and potential credibility of these witnesses.  As the Court noted "Plaintiff's offer to stipulate both the authenticity and admissibility of both doctors' records does

not completely wipe out any potential prejudice to Defendant, since issues of credibility cannot be assessed from a printed record." The Court's ruling was correct and should stand.

Additionally, the Court attempted to address any potential prejudice to Plaintiff. Given the fact that a trip to Springfield, Massachusetts was now required, the Court ordered Defendant to pay Plaintiff's costs of travel for Dr. Garb's deposition to Defendant.[2]

Finally, Plaintiff's claim that this Order was beyond the jurisdiction of the Magistrate Judge is also not well taken. The Magistrate Judge's Order is not dispositive of any claim or defense for the party. It simply addresses the timing of the trial depositions.

Allowing the trial depositions of Dr. Garb and Dr. Reed causes no prejudice to Plaintiff but as recognized by the Magistrate Judge, disallowing them would cause extreme prejudice to

---

[2] What the Court did not address in its Order was the fact that Dr. Garb's deposition was timed to coincide with the deposition of Dr. Poser which had been previously scheduled by Plaintiff. Dr. Poser's trial deposition was scheduled to take place on March 25, 2004 in Boston, Massachusetts. Boston and Springfield are geographically close enough to drive. Because Dr. Garb's deposition was scheduled for the day before, March 24, 2004 there would have been no need for an additional trip by Plaintiff's counsel. The only potential additional cost would be the cost of an overnight stay. Interestingly, Plaintiff's counsel chose to have Mr. Shoemaker take Dr. Poser's deposition and Mr. Roberts take Dr. Garb's deposition. In addition, rather than return to Cincinnati after Dr. Garb's deposition, despite the fact that there was an available flight, Mr. Roberts chose to travel to Boston and spend the night. Plaintiff has improperly attempted to charge the costs of this extended stay and car rental as well as his first class flight and accommodations to Defendant. A separate Motion has been filed addressing this.

- 4 -

Defendant.  The Magistrate Judge's Order was correct and Defendant respectfully requests that Defendant's objections be denied.

                    Respectfully submitted,

                    s/William R. Ellis
                    William R. Ellis (0012279)
                    Peter M. Burrell (0044139)
                    Amy Gasser Callow (0063470)
                    Wood & Lamping LLP
                    600 Vine Street, Suite 2500
                    Cincinnati, OH  45202-2491
                    (Telephone) (513) 852-6000
                    (Facsimile) (513) 852-6087

                    Attorneys for Defendants
                    Massachusetts Casualty Insurance Company
                    and Disability Management Services, Inc.

- 5 -

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 1st day of April 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                 s/William R. Ellis
                                                 William R. Ellis, Esq.

203641.1