UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S PARTIAL** |
| et al., | : | **OBJECTION TO THE** |
| | : | **MAGISTRATE JUDGE'S 3/23/04** |
| Defendants. | : | **ORDER** |

Now comes Defendant Centre Life and objects to that portion of the Magistrate Judge's March 23, 2004 Order which requires it to reimburse Plaintiff for the costs of Plaintiff's counsel's trip to Boston to take the deposition of Dr. Garb. Alternatively, Defendant seeks a modification of the reimbursement sought by Plaintiff's counsel. The expenses requested are excessive, include premium accommodations and seek reimbursement for an unnecessary overnight stay.

The Court denied Plaintiff's motion to exclude the trial testimony of Dr. Garb. But "because of the late timing of the notices," the Court required Defendant to "pay for Plaintiff's counsel's trip to Boston." However, this was an expense which Plaintiff's counsel was already going to incur. Plaintiff's counsel was already traveling to Boston for the deposition of Dr. Charles Poser, which he had scheduled. Mr. Shoemaker scheduled Dr. Poser's deposition for March 25, 2004. *See* Exhibit A e-mail correspondence between counsel. When counsel for Centre Life set Dr. Garb's deposition, it first verified that counsel was available on March 24. *See* Exhibit B, 3/16/04 e-mail response from Mike Roberts. When counsel responded in the affirmative, Centre Life proceeded to schedule Dr. Garb's deposition for the 24th. This was one

day before Dr. Poser's deposition and required only a single trip to Boston for both parties. Because counsel for Plaintiff was already traveling to Boston for the deposition that Plaintiff had scheduled, the cost of traveling for Dr. Garb's deposition was not an additional expense. Moreover, at no time did Defendant's counsel object to the travel to Boston required to take the trial deposition requested by Plaintiff. At most, the cost of a reasonable hotel room for the evening of the 24th would have been the only additional expense. Given that Defendant was already accommodating Plaintiff's deposition request, each party should bear their own costs.

Nonetheless, following the Court's ruling it appears that Mr. Roberts, who notably did not attend Dr. Poser's deposition, decided that he would attend Dr. Garb's deposition. He did this despite the fact that his co-counsel, Mr. Shoemaker, was already traveling to the Boston area. The same day of the Court's ruling Mr. Roberts booked first class flight accommodations to Hartford. Following Dr. Garb's deposition, Mr. Roberts submitted a bill to counsel for Centre Life in the amount of $1,799.68. *See* Exhibit C. In addition to the first class airfare of $1,233.70 he included car rental charges in the amount of $170.00 and charges for hotel accommodations in the amount of $317.26. According to the documents submitted with this request, it appears that Mr. Roberts flew first class to Hartford on March 24 and then departed first class from Boston on March 25. The night of the 24th he stayed at the Boston Harbor Hotel at a rate of $270.00. Included in that charge was a valet charge of $34.00 and internet service charge of $12.99. None of these charges are properly attributable to Centre Life.

First, it is astounding that Plaintiff's counsel would book first class accommodations for himself. While it is admitted that the difference between coach and first class accommodations on late booked tickets is only a couple of hundred dollars, the audacity of selecting first class seats is unbelievable. Second, because Mr. Roberts did not attend Dr. Poser's deposition, there

was no need for him to travel to Boston and spend the night.  As the attached itinerary from Delta Reservation shows, there is a 5:36 p.m. flight that departs from Hartford on which he could have returned.  *See* Exhibit D.  There is no reason that a hotel cost needed to have been incurred and in any event this cost should not be charged to Defendant.

Counsel for Centre Life deliberately scheduled the deposition of Dr. Garb to coincide with the deposition of Dr. Poser in order to minimize costs for both parties.  Dr. Poser's deposition was scheduled by counsel for Plaintiff for March 25, 2004.  Dr. Garb's deposition was geographically close to Dr. Poser's and was therefore scheduled for March 24.  The only possible additional cost to Plaintiff was a hotel room.  Instead, counsel for Plaintiff chose to have Mr. Roberts, who lives in Cincinnati, fly to Hartford, attend Dr. Garb's deposition, rent a car and drive to Boston where he spent the night until the 25th which was the date Dr. Poser's deposition was scheduled.  Significantly, though, Mr. Roberts did not appear at Dr. Poser's deposition.  Instead, Mr. Shoemaker attended Dr. Poser's deposition.  In fact, it is speculated that Mr. Roberts met with Mr. Shoemaker in order to prepare for Dr. Poser's deposition.  He is now attempting to charge this additional cost to Centre Life by incurring the cost of a hotel room and a rental car, both of which were unnecessary for the deposition of Dr. Garb.  Even more troublesome is the fact that Mr. Roberts abused the spirit of the Court's Order by flying first class and by selecting an exorbitant hotel room at the rate of $270.00 a night.  He also included a rental car which he did not need since he did not attend Dr. Poser's deposition.  He, therefore, had no need to travel to Boston as well as interest costs which are in no way related to Dr. Garb's deposition.

Defendant respectfully requests that the Magistrate's Order regarding the costs of the trip to take Dr. Garb's deposition be reversed and that any costs incurred by Plaintiff be paid by

Plaintiff.  In the alternative, Defendant requests modification so that only those reasonable additional costs, i.e., the cost of one night in a hotel room, be charged to Defendant.  Defendant deliberately scheduled the deposition of Dr. Garb to coincide with the deposition of Dr. Poser previously scheduled by Plaintiff.  There should have been no additional costs borne by Plaintiff as a single trip and a single attorney would have sufficed.  The only possible additional cost was that of a hotel room.  In any event, the cost for a rental car and premium first class accommodations as well as an overnight stay in a deluxe hotel cannot in anyway be attributable to the deposition of Dr. Garb.  Centre Life, therefore, respectfully requests that the Magistrate's Order be modified accordingly.

        Respectfully submitted,

        s/William R. Ellis
        William R. Ellis (0012279)
        Peter M. Burrell (0044139)
        Amy Gasser Callow (0063470)
        Wood & Lamping LLP
        600 Vine Street, Suite 2500
        Cincinnati, OH  45202-2491
        (Telephone) (513) 852-6000
        (Facsimile) (513) 852-6087

        Attorneys for Defendants
        Massachusetts Casualty Insurance Company
        and Disability Management Services, Inc.

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 1st day of April 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                           s/William R. Ellis_____
                                           William R. Ellis, Esq.

203482.1