UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S REPLY** |
| et al., | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **ITS REQUEST FOR** |
| Defendants. | : | **CLARIFICATION/** |
| | : | **RECONSIDERATION** |

**I.   Introduction**

Plaintiff's Memorandum opposing Centre Life's Motion for Clarification illustrates the reason why Defendant was compelled to file the Motion. Plaintiff argues from the position that a physical disability has been assumed. He has now completely disregarded his duty to establish the existence of a total disability under his policy for which benefits must be paid. The effect of the Court's ruling, as now reinterpreted by Plaintiff, assumes the establishment of a physical disability. He argues that if Centre Life cannot meet its burden to establish that his disability was caused by a mental disorder, then his benefits must continue after 24 months. This completely ignores Plaintiff's burden to prove a physical disability and this is why the Motion for Clarification/Reconsideration had been filed.

**II.   Argument**

    **A.   Under Ohio Law, The Insured Has The Burden To Prove A Loss.**

To allow the burden to remain with Centre Life rewrites Ohio law. Under Ohio law that the person "who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy and then proving a loss." *See Chicago Title Insurance*

*Company v. Huntington National Bank*, 87 Ohio St. 3d 270, 273, 719 N.E.2d 955 (1999) *citing Inland River Service Corp. v. Hartford Fire Insurance Company*, 66 Ohio St. 2d 32, 418 N.E.2d 1381 (1981). Here, the Court has not only relieved Plaintiff of his obligation to prove a loss, it has required Centre Life to prove a negative: that Plaintiff does not have a physical disability. Under Ohio law the insured has the burden to prove that a disability exists; the insured need not prove that it does not exist.

The unambiguous language of Plaintiff's policy requires that he submit sufficient proof of loss to establish his right to benefits under the policy. It requires that: "You [the insured] must give us [the insurer] the information which we need to determine if a benefit is payable and how much the benefit should be." *See,* Policy at p. 9. It cannot be more clear that Mr. Jeffries, as the insured, has the duty to provide information to Centre Life sufficient to establish his claim. The Ohio Supreme Court has declared that "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *See Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St. 3d 32, 322, 474 N.E.2d 271, 272 (1984). Courts have "an obligation to give plain language its ordinary meaning and to refrain from rewriting the contractual agreement of the parties." *See Miller v. Marrocco*, 28 Ohio St. 3d 438, 439, 504 N.E.2d 67, 69 (1986). In other words, "when the language of an insurance policy has a plain and ordinary meaning, it is unnecessary and impermissible for this court to resort to construction of that language." *See Karabin v. State Auto Mut. Ins. Co.*, 10 Ohio St. 3d 163, 166-167, 462 N.E.2d 403, 406 (1984). To satisfy the definition of "total disability" under his policy, Mr. Jeffries must establish that due to an injury or sickness, he is:

1. Substantially unable to perform the material duties of his occupation and
2. Receiving care by a physician which is appropriate for the condition.

Although Mr. Jeffries has argued that he has a physical disability, the burden must remain with him to establish this physical disability with appropriate medical evidence and to demonstrate that he is receiving appropriate care.

      **B.**      **A Maximum Benefit Period Is Not An Exclusion.**

Centre Life has never disputed that in its acceptance of the determination that Mr. Jeffries has a mental disorder, it became obligated to pay him benefits under his policy for a total disability caused by a mental disorder. The policy provides that the maximum benefits payable for a disability caused by a mental disorder are limited to 24 months. This is no different than the general provisions of the policy which limit payment of total disability benefits for a cause other than a mental disorder or a substance abuse problem to age 65. Plaintiff now argues that when Centre Life accepted the mental disorder diagnosis it did not limit its acceptance to 24 months. He argues that because Mr. Jeffries continues to have a mental disorder which still disables him, he is entitled to continued benefits. This is the heart of Centre Life's argument. The verifiable medical information presented to Centre Life established the existence of a mental disorder. Regardless of how long the mental disorder disables him, under the terms of his policy, Mr. Jeffries is only entitled to 24 months of benefits. When an insured is rendered totally disabled by a Mental Disorder or Substance Abuse problem, there is no obligation on Centre Life to prove that the insured's disability has ended. The only obligation is to prove that 24 months have passed and that continued payment under the mental disorder portion of the policy is therefore not required.

This is a time limitation; it is not a policy exclusion. Consideration of a different set of facts might be helpful. Assume an insured's policy provided for total disability benefits until the insured reached age 65. If at age 59 an insured became totally disabled and benefits were

commenced, those benefits would continue as long as the insured remained disabled <u>or until</u> the insured reached age 65, whichever event occurred first.  Even if the insured continued to be disabled when he reached the age of 65, he would not be entitled to continued benefits.  There would be no obligation on the insurer to establish that at age 65 the insured was no longer disabled.  Rather the only consideration was whether the insured had in fact reached age 65.

To place the additional obligation on to the insurer to establish not only that the maximum benefit period has expired but also that the insured is no longer disabled, rewrites the insurance contract.  When a maximum time limitation is met, regardless of whether the insured is or is no longer disabled, the insured is no longer entitled to benefits.  To interpret the policy as otherwise, changes Ohio law.

Plaintiff contends that if Centre Life fails to establish that his total disability is caused by a mental disorder then his benefits must continue.  This ignores the fact that a question remains with regard to the existence of a physical disability.  The issue should be:  in addition to the mental disorder accepted by Centre Life, has Plaintiff established the existence of a physical disability which would entitle him to continued benefits beyond the 24 months already paid?  Centre Life does not have to prove Mr. Jeffries is not disabled, Mr. Jeffries has to prove that he is.

Plaintiff argues that Defendant did not make this argument in any of its summary judgment motions.  This is because Centre Life had no inkling that the Court would rewrite Ohio law to add the additional obligation on an insurer to prove an insured is no longer disabled even when a maximum benefit limitation has been met.  There is no way in which Centre Life could have contemplated this departure from well-settled Ohio law and consequently, the argument was not presented.  This is precisely why the Motion for Clarification/Reconsideration was filed.

Although it is certainly possible to read the Court's ruling exactly as Plaintiff has done, this Order requires clarification if it was not the Court's intention to rewrite Ohio law.

### C.    The Party With The Burden Of Going Forward Must Present Its Proof First.

If the Court persists in its determination that Centre Life has the burden to prove the negative proposition that Mr. Jeffries does not have a physical disability, then the order of presentation of proof must be revised.  Plaintiff is incorrect in his assertion that the order of trial must remain Plaintiff first, Defendant second.  It is true that Centre Life has filed a counterclaim.  In making its March 3, 2004 ruling however, the Court has shifted the burden of proof with regard to establishing a disability from the insured to the insurer.  Where the duty to go forward is changed, the order of presentation of proof must also change.

Federal Rule of Evidence 611 vests the Court with wide discretion to control the "mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of truth, (2) avoid needless consumption of time; and (3) protect the witnesses from harassment or undue embarrassment." *Martin v. Chesebrough-Ponds, Inc.*, 614 F.2d 498 (5th Cir. 1980); *Anheuser-Busch, Inc. John Labatt, Ltd.*, 89 F.3d 1339 (8th Cir. 1996).  Ordinarily, however, the party which bears the burden of proof is permitted to present its case first and open and close to the jury.  *Martin*, 614 F.2d at 501; *Labatt*, 89 F.2d at 1344.  Although a plaintiff is generally allowed to present his proof first, this is because the burden of proof generally falls on the plaintiff.  Where the burden of proof falls on the defendant, the better procedure is to allow the defendant to proceed to present his evidence first. *See Cutler-Hammer v. Crabtree*, 54 S.W.3d 748, (Tenn. 2001).

Plaintiff cites no cases to refute those cited by Centre Life in its Motion.  He simply makes the argument that because he is the Plaintiff he must go first.  Although ordinarily this

would be true, the Court's ruling has created a very unusual procedural situation. Where the Court has said that Centre Life must prove Mr. Jeffries does not have a physical disability, the burden of going forward is on the insurer. Mr. Jeffries, as the Court has already noted, is effectively left with a case in rebuttal. He may not be permitted to not only shift the burden but also retain the ability to make his arguments first. To allow this would be extremely prejudicial to Centre Life.

Mr. Jeffries' argument of an affirmative defense is also not well taken. It is true that this would be an affirmative defense if Mr. Jeffries retained the burden of proving first that he has a physical disability. It appears that the Court has relieved him of this burden. Instead, Centre Life is being asked to prove that he does not have a physical disability. Although Centre Life believes this analysis is incorrect and procedurally improper, it is nonetheless the state of the evidence as it currently stands. The crux of the Motion for Clarification/Reconsideration is to have the Court revisit this ruling. Centre Life respectfully submits that Plaintiff has the burden to prove he has a physical disability. If he cannot do this, then he cannot establish any entitlement to benefits beyond the 24 months already allowed by Centre Life for his mental disorder disability. This is no longer an affirmative defense as argued by Plaintiff if the burden has shifted to Defendant. As such, the order of presentation of proof must change.

## III.  Conclusion

Centre Life's admission of total disability relates to the mental disorder only. There has been no admission on Centre Life's part of any physical impairment, let alone a disability as defined in the policy. If Plaintiff's claim of continued benefits is to go forward, he must establish that he has a physical disability which renders him unable to perform the important duties of his occupation; that he is receiving appropriate care; and that he has submitted

appropriate proofs of loss. Plaintiff has been paid the entirety of the benefits to which he is entitled under the mental disorder portion of his policy. For that reason, Centre Life requests a clarification that Plaintiff has the burden to prove the existence of any physical disability. In the alternative, if the Court requires Centre Life to prove Plaintiff does not have a physical disorder, which would be contrary to disability insurance law in Ohio and around the entire nation, then the order of proof must be revised and Centre Life must be permitted to offer its evidence first.

    Respectfully submitted,

    s/William R. Ellis
    William R. Ellis (0012279)
    Peter M. Burrell (0044139)
    Amy Gasser Callow (0063470)
    Wood & Lamping LLP
    600 Vine Street, Suite 2500
    Cincinnati, OH 45202-2491
    (Telephone) (513) 852-6000
    (Facsimile) (513) 852-6087

    Attorneys for Defendants
    Massachusetts Casualty Insurance Company
    and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 2nd day of April 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/William R. Ellis
William R. Ellis, Esq.

203423.1