UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **STIPULATED PROTECTIVE** |
| et al., | : | **ORDER PURSUANT TO** |
| | : | **MAGISTRATE JUDGE HOGAN'S** |
| Defendants. | : | **MARCH 23, 2004 ORDER** |

1. Pursuant to Magistrate Judge Hogan's March 23, 2004 Order ("3/23/04 Order"), a copy of which is attached and incorporated by reference, the following documents and information ("Confidential Information"), which are subject to the terms of the 3/23/04 Order, shall be made available to Plaintiff's counsel and other "Qualified Persons" (as defined in paragraph 3 below) who shall be bound by this Order and who shall not permit disclosure of such Confidential Information to anyone who is not also a Qualified Person hereunder.

2. This Order applies to the financial information referenced in the 3/23/04 Order, the Administrative Services Agreement and previously redacted "performance evaluations."

3. The term "Qualified Persons" as used in this Order shall include only the following: (a) the parties to this action including their employees and consultants; (b) counsel of record for the parties to this action, and all other attorneys, paralegals, stenographic and clerical employees of the law firm of such counsel of record assisting in the preparation for trial of this action; (c) experts who are assisting counsel of record in this action; (d) the judge, and any court personnel and reporters assigned to this action and (e) any jurors selected to participate in the summary jury trial of this action.

4. All Confidential Information shall be designated or labeled in the following manner: there shall be placed clearly on the face of such Confidential Information the designation "Confidential — Subject to Court Protective Order." If such Confidential Information consists of a document that has multiple pages, it shall be adequate to place the foregoing endorsement on only the first page of the document. If any Confidential Information is filed with the Court for any reason, it shall be placed in a sealed envelope, or other appropriate sealed container, which shall bear a similar endorsement referring specifically to this Order. Any envelope or container bearing such designation shall not be released to or opened by any person not a "Qualified Person," as defined in Paragraph 3 above.

5. Confidential Information in the possession, custody or control of the parties and/or Qualified Persons, including all copies thereof, which are subject to this Order, shall be returned to defense counsel without any copies of the foregoing being retained by persons to whom Confidential Information was disclosed at the conclusion of the jury trial of this matter or sooner in the event Judge Beckwith determines the Confidential Information produced in accordance with the 3/25/04 Order is not relevant or admissible at the trial of this matter.

6. It shall be the responsibility of each counsel of record who made any Confidential Information subject to this Order available to a Qualified Person hereunder to make sure that such Qualified Person understands and complies with this Order, including but not limited to, the obligation to return all such tangible confidential material to defense counsel.

Dated: 4/2/2004

_Timothy S. Hogan_
Judge

Seen and Agreed By:

_Michael A Roberts by email earlier. yatcom_
Michael A. Roberts
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202-3157

Attorney for Plaintiff

_[signature] for WRE_
William R. Ellis
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491

Attorney for Defendants

203103.1