UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | |
| | : | **DEFENDANTS' RESPONSES TO** |
| CENTRE LIFE INSURANCE COMPANY, | : | **PLAINTIFF'S FIRST SET OF** |
| et al., | : | **INTERROGATORIES,** |
| | : | **DOCUMENT REQUESTS AND** |
| Defendants. | : | **REQUESTS FOR ADMISSIONS** |

**PRELIMINARY STATEMENT**

Centre Life Insurance Company ("Centre") and Disability Management Services, Inc.

("DMS") (collectively "Defendants") have not yet completed their discovery in this action and

have not completed preparation for trial. Therefore, the following responses are given without

prejudice to Defendants' right to produce evidence of any subsequently discovered facts. The

responses herein are made on the basis of information and writings presently available to and

located by Defendants upon reasonable investigation of their records and inquiry of their present

officers, employees, agents and representatives. Discovery is still at an early stage and there may

be other and further information affecting Eric L. Jeffries' ("Plaintiff") interrogatories and

production of documents of which Defendants, despite their reasonable investigation and

inquiry, are presently unaware. Defendants are continuing the development of facts and legal

issues, which are presented in this matter and inquired into by Plaintiff's interrogatories and

production of documents. Defendants reserve the right to modify or to enlarge their responses

herein with such pertinent additional information as they may subsequently discover.

Furthermore, these responses are made by Defendants without prejudice to their using or relying

at trial on subsequently discovered information or on information omitted from these responses as a result of good faith oversight, error or mistake.

The responses herein are made solely for the purpose of this action. Each response is subject to all objections as to competency, relevancy, materiality, propriety, and admissibility, and to any and all other objections on any grounds which would require the exclusion from evidence of any statement herein if any interrogatory or production of document were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at trial.

No incidental or implied admissions are intended by the responses herein. The fact that Defendants have responded or objected to any request or part thereof shall not be deemed an admission that Defendants accept or admit the existence of any facts set forth or assumed by such interrogatory or production of document, or that such response or objection constitutes admissible evidence. The fact that Defendants have answered part or all of any interrogatory or production of document, is not intended to and shall not be construed as a waiver by Defendants of any part of any objection to any request.

To the extent any interrogatory or production of document or part thereof calls for information, legal analysis or reasoning, writing, communications or anything else protected from disclosure by the attorney work-product doctrine or the attorney-client privilege and part thereof, and will not supply or render information or anything else protected from discovery by virtue of such privileges.

Defendants object to any interrogatory or production of document as burdensome and oppressive which purports to require Defendants to conduct an investigation beyond their

records, present officers, agents, employees and representatives to determine identifying and locating information for witnesses.

Defendants generally object to stating the address and telephone number for those persons where Plaintiff already knows this information. They also object to stating the address and telephone number of their employees. Any necessary contact with these employees by Plaintiff may be made through Defendants' counsel of record.

Defendants are unable to respond to each of these interrogatories or production of documents to the extent that they request information that is already in the possession of Plaintiff. These responses will be limited to discoverable information that is in the possession, custody, or control of Defendants.

Furthermore, with respect to each interrogatory answer herein, Defendants' response to each interrogatory is made in conjunction with, in addition to, and incorporates the witness deposition testimony that has been or will be taken thus far in this matter. As such, Plaintiff should refer to any deposition testimony taken since it supplements the answers of Defendants given herein.

These general objections are incorporated by reference into each and every response set forth below.

## ANSWERS TO INTERROGATORIES

1.     Identify the individual(s) answering, or otherwise providing information regarding, these Interrogatories.

**ANSWER:**

Jeff Champagne
155 Federal Street, 7th Floor
Boston, MA  02110

2.    Identify every individual or entity with whom the defendants or their agents or attorneys have spoken to or corresponded with in any form or fashion with regard to Eric Jeffries and/or his Claim.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

3.    For each person or entity identified in Interrogatory #2 above, state the date of each contact, the substance of each contact, and produce all documents, including notes of conversations, relating to, referring to, or memorializing the contact or discussion.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

4.    Identify, by specifically describing them below (and producing), each document or item of information upon which you assert that Mr. Jeffries is not disabled or not entitled to benefits under the Policy.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

5.    Identify all persons who supplied defendants with the information requested in Interrogatory #4.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

6.    Identify all physicians, or other health care professionals, with whom defendants have spoken, corresponded, or from whom the defendants have received information concerning Mr. Jeffries.

**ANSWER:** Objection. This request seeks information which may be protected by the work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

7.     Identify all sources of information utilized by defendant in its review, analysis,

and determination of Mr. Jeffries' Claim.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

8.     Identify each individual, employed by defendant or otherwise, whom defendant

believes has knowledge of any information relating to Mr. Jeffries' Claim, and, for each such

individual, state the facts, action, or conduct of which the individual has knowledge.

**ANSWER:** Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

9.     Identify the names of all individuals involved, or consulted by defendant, in the

evaluation of Mr. Jeffries' Claim since February 1999.

**ANSWER:** Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

10.     Identify and produce all records reviewed by any physician whom the defendants

or their agents or attorney engaged to review Mr. Jeffries' heath, physical, or mental condition.

**ANSWER:** Objection. This request seeks information which may be protected by the work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

11.     Identify all surveillance or investigatory personnel or agencies whom defendants

have engaged to investigate Mr. Jeffries, including the identity of such personnel retained by

other insurers within defendants' knowledge or by counsel for defendants.

**ANSWER:** Objection. This request seeks information which is protected by the work product doctrine.

12.    For each person or entity identified in response to Interrogatory 11, state the date of each separate engagement and produce all records, notes, reports, correspondence, including drafts and electronically stored information, which refer to or relate to the investigation or its purported findings.

**ANSWER:**  Objection.  This request seeks information which is protected by the work product doctrine.

13.    Identify all persons known to you who have knowledge of the facts relevant to the claims and defenses of all the parties in this Lawsuit, and state briefly what you anticipate their testimony to be and how it relates to the claims and defenses in this Lawsuit.

**ANSWER:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

14.    Identify each person whom you may call as an expert witness at the trial of this Lawsuit and state the subject matter on which the witness is expected to testify, including but not limited to, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions or opinions held by the expert.

**ANSWER:**  Defendants have not yet identified the expert witnesses they intend to call in this case.

15.    Identify each individual who has had a disability policy through you and has filed a claim which resulted in you asserting that the claim is unsupported by "objective medical evidence."  In each case, state whether a lawsuit was filed and provide the case caption of each such suit.

**ANSWER:**  Objection.  The information requested is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.  Furthermore, the request is overly broad, burdensome and oppressive.

16.     Identify every medical practitioner including, but not limited to, psychiatrists,

psychologists, therapists, etc. with whom you have consulted for purposes of evaluation

Mr. Jeffries' medical records, specifying the date or dates on which said medical practitioner was

contacted. Also produce correspondence, emails, reports, notes, or other documents which relate

to any communication with or by such individual or entity.

**ANSWER:** Objection. This request seeks information which is protected by the work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

17.     Identify all of your insureds who have submitted claims for disability benefits

which assert or suggest that the insured suffered an adverse reaction to a vaccination.

**ANSWER:** Objection. The information requested is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence. Furthermore, the request is overly broad, burdensome and oppressive.

18.     Are there any documents which you concede support the conclusion that Mr.

Jeffries is in fact disabled within the meaning of the Policy? If so, identify those documents by

describing them below and produce those documents.

**ANSWER:** Objection. This request is vague and ambiguous. Without waiving this objection, Defendants paid Plaintiff's disability claim for several years (at times under a reservation of rights) and stopped paying only because Plaintiff breached his insurance contract by refusing to submit to a requested independent medical examination. Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

19.     State the reserve on Mr. Jeffries claim, how you calculated the reserve, whether it

conforms to regulations in the industry, and the factual basis for your response.

**ANSWER:** Objection. The requested information is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence. Moreover, it seeks production of proprietary information and information that is protected by the attorney client privilege and the attorney work-product doctrine.

20.     Identify the number of communications you have had with anyone representing Prudential Insurance Company and for each communication identify the date of the communication, who was present (or who participated), and what was said by whom.

**ANSWER:**  Objection.  This request is overly broad and unduly burdensome.  Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

21.     If you concede that any medical opinion supports the proposition that Mr. Jeffries is disabled but further contend that such opinion is substantially inaccurate or incorrect, then for each opinion or physician state what it is that you believe is incorrect.

**ANSWER:**  See answer to interrogatory no. 18.

## RESPONSES TO DOCUMENT REQUESTS

1.     Produce all documents referred to or identified in your initial Rule 26 disclosures as they may be supplemented from time to time throughout this litigation.

**RESPONSE:**  Please see application file and claims file which is available for inspection and copying at the office of Defendants' counsel.

2.     Produce all documents referring or relating to the Policy Mr. Jeffries, or the Claim, including but not limited to electronically stored information and handwritten notes of communications and conversations.

**RESPONSE:**  Please see application file and claims file which is available for inspection and copying at the office of Defendants' counsel.

3.     Produce all documents (whether they were prepared by you, your agent, or your attorney) which reflect or relate to the financial impact of the approval of Mr. Jeffries Claim through his normal retirement age, including all documents that reflect, describe, relate to or provide estimates of the amount of the expected, projected or actual benefits which could be due to Mr. Jeffries under the Policy.

**RESPONSE:** Objection. The requested information is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence. Moreover, it seeks production of proprietary information and information that is protected by the attorney client privilege and the attorney work-product doctrine.

4.    Produce all communications relating to or concerning this lawsuit or the claim

process that preceded it.

**RESPONSE:** Objection. This request seeks information which may be protected by the attorney client privilege and/or work product doctrine. Notwithstanding this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

5.    Produce all documents reflecting or relating to payment(s) or payment

arrangements between you and your attorneys in this lawsuit, including but not limited to

retainer agreements and bills.

**RESPONSE:** Objection. This request calls for production of documents protected by the attorney client privilege. Moreover, the information requested is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.

6.    Produce all documents reflecting or relating to payment(s) or payment

arrangements between and among the defendants relating to this lawsuit or the earlier

administration of Mr. Jeffries' Claim.

**RESPONSE:** Objection. The information requested is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence. Moreover, this request seeks documents which are proprietary in nature.

7.    Produce all documents that you may introduce or rely upon in this litigation or

that tend to support or refute your assertions and defenses stated in your answer.

**RESPONSE:** Objection. This request seeks production of documents protected by the attorney work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel. Defendants will seasonably supplement this request.

8.    Produce all documents and things evidencing or relating in any written or oral

communications by and between you, or any agent representing you or any third party, including

but not limited to, all such documents evidencing or relating to any of the facts, claims, causes of action, allegations or contentions contained in the Complaint, or any of the instances described in the Complaint, or any assertions set forth in your Answer to the Complaint.

**RESPONSE:** Objection. This request seeks documents protected by the attorney client privilege. Without waiving this objection, please see claims file and application file which is available for inspection and copying at the office of Defendants' counsel.

9.    Produce all documents and things evidencing or relating to any written or oral communications by and between any third parties and you concerning the Lawsuit, its subject matter, or any of the facts, claims, causes of action, allegations or contentions asserted in the Complaint.

**RESPONSE:** Objection. This request seeks documents protected by the attorney client privilege. Without waiving this objection, please see claims file and application file which is available for inspection and copying at the office of Defendants' counsel.

10.    Produce all documents and things or materials prepared by or given to any medical personnel or professional employed by you or your agents directly or engaged by you or your agents for purposes of the Claim or this litigation.

**RESPONSE:** Objection. This request seeks documents protected by the attorney client privilege and/or work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

11.    Produce all documents and things or materials prepared by or given to any expert who might testify in the Lawsuit or whose opinions or reports form the basis for any opinion possessed by any expert in connection with the Lawsuit, including but not limited to, all reports prepared by any expert witness in connection with the Lawsuit.

**RESPONSE:** Objection. This request seeks documents relating to non-discoverable expert information. Moreover, this request seeks documents protected by the attorney client privilege and/or work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

12.     Produce all documents and things you have received from: (i) Mr. Jeffries; (ii)

Mr. Jeffries' counsel; (iii) physicians Mr. Jeffries has seen or had communications with; (iv)

Provident Bank regarding Mr. Jeffries; (v) Prudential Insurance Company regarding Mr. Jeffries;

(vi) for DMS, Massachusetts Casualty or Centre Life Insurance Company; and (vii) for Centre

Life Insurance Company (f/k/a Massachusetts Life Insurance Company), from DMS.

**RESPONSE:**  Objection.  This request is vague, ambiguous and difficult to understand.
Notwithstanding this objection, please see claims file and application file which is available for
inspection and copying at the office of Defendants' counsel.

13.     Produce all documents and things you have received from any third party which

relates to or refers to Mr. Jeffries as well as those which do not mention Mr. Jeffries' by name

but which you believe are relevant to him or his Claim.

**RESPONSE:**  Objection.  This request is overly broad and unduly burdensome and
oppressive.  Without waiving this objection, please see claims file which is available for
inspection and copying at the office of Defendants' counsel.

14.     Produce copies of all complaints filed by insureds in any forum asserting that you

or your agents have breached a contract of disability insurance and/or have engaged in bad faith.

**RESPONSE:**  Objection.  The information requested is not relevant to the subject matter
of this lawsuit nor calculated to lead to the discovery of admissible evidence.  Furthermore, it is
vague and ambiguous, overbroad, unduly burdensome and oppressive.

15.     Produce a copy of the business calendar, appointment book, diary, log, personal

journal, personal notebook or personal calendar from 1998 to the present of:  Jeffrey Champaign;

Bill Gelardi; Lucinda Palmer; Richard Turek; John Midgall; John Graff; and Mitchell Chonsky.

**RESPONSE:**  Objection.  The information requested is not relevant to the subject matter
of this lawsuit nor calculated to lead to the discovery of admissible evidence.  Furthermore, it is
overbroad, unduly burdensome and oppressive.

16.    Produce all documents and things identified or which relate to your answers to the foregoing Interrogatories, including documents on which you relied in answering said interrogatories.

**RESPONSE:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

17.    Produce all documents and things evidencing or relating to the contention asserted in your Answer filed in this action that:  (i) Mr. Jeffries is not disabled; and (ii) that Mr. Jeffries breached any purported obligations he has under the Policy.

**RESPONSE:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel as well as a copy of the disability insurance policy at issue in this litigation.

18.    Produce all documents and things you intend to use as exhibits at any deposition in this matter.

**RESPONSE:**  Objection.  This request calls for the production of documents protected by the work product doctrine.

19.    Produce all documents and things, notes or memoranda which purport to describe the substance of any conversations you have had with Mr. Jeffries at any time whether or not such notes were made contemporaneous with the conversation.

**RESPONSE:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

20.    Produce all documents and things, notes or tangible things relating to any claims, demands, lawsuits or the like asserted by any insured against you since 1990 including, but not limited to, pleadings (e.g. Complaints), answers to discovery (e.g. answers to interrogatories, answers to requests for production of documents), deposition transcripts, attorney correspondence to/from opposing counsel/parties, photographs, accident/incident reports,

medical bills and records, expert opinions/reports, and correspondence to/from any insurance

company/claims adjuster.

**RESPONSE:** Objection. The information requested is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad, unduly burdensome and oppressive.

21.    Produce all document in your possession, custody or control, electronic or

otherwise and including documents authored by defendant's employees, agents, contractors, or

third parties, which refer to, relate to, concern, or mention Mr. Eric L. Jeffries.

**RESPONSE:** Objection. This request seeks documents that are protected by the attorney client privilege. Without waiving this objection, please see claims file and application file which is available for inspection and copying at the office of Defendants' counsel.

22.    Produce all organizational charts for your organization in effect since April 1996.

**RESPONSE:** Objection. This request is vague and ambiguous, overly broad, unduly burdensome and oppressive. Moreover, it seeks information which is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.

23.    Produce a complete copy of Mr. Jeffries' Claim file.

**RESPONSE:** These documents will be produced.

24.    Produce all documents which describe the policies and procedures which govern

or identify your practices in reviewing a claim for disability benefits.

**RESPONSE:** There are no documents responsive to this request.

25.    Produce a copy of all surveillance documents (including drafts) and the originals

of all videotapes from surveillance conducted or attempted on Mr. Jeffries by you or any of your

agents or anyone else who has supplied you with such materials.

**RESPONSE:** Objection. This request seeks documents that are protected by the work product doctrine.

26.     Produce a copy of all document or notes which reference, refer to, or relate to all telephone calls conducted which have in any way concerned Mr. Jeffries, including notes of calls or face-to-face communications with Michael Roberts.

**RESPONSE:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

27.     Produce a copy of all documents, records or other information that relate to the administrative processes and safeguards that are in place with regard to disability claims that ensure and verify that the benefits determinations are made in accordance with the governing plan documents and governing law.

**RESPONSE:**  Objection.  This request is vague and ambiguous.

28.     Produce any and all phone logs referring or relating to Mr. Jeffries.

**RESPONSE:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

29.     Produce minutes or notes (kept by anyone) of claim management or claim administration meetings.

**RESPONSE:**  Objection.  This request is overly broad, unduly burdensome and oppressive.  Moreover, the requested information is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.  Finally, it seeks production of documents that are protected by the attorney client privilege.

30.     Produce all documents which set froth statistical and/or other claim data, which are or have at any time been shared with your existing clients or prospects and which relate to claim management and administration.

**RESPONSE:**  Objection.  This request seeks information which is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.  Moreover, it is overly broad, unduly burdensome and oppressive.  Finally, it seeks documents that are privileged and may be protected by the attorney client privilege.

- 14 -

## RESPONSES TO REQUESTS FOR ADMISSIONS

1.    Admit that Centre Life Insurance Company purchased from Massachusetts Casualty Insurance Company ("MCIC") all of the rights and obligations MCIC has/had under the disability insurance policy MCIC sold to Mr. Jeffries through an agent in Hamilton County in 1996 (the "Policy").

**RESPONSE:** Denied.

2.    Admit that DMS has served CLIC and MCIC as their duly authorized agent to administrator Mr. Jeffries' Claim.

**RESPONSE:** Admit that DMS is the third party administrator authorized to administer the Plaintiff's claim.  Denied insofar as CLIC and MCIC are the same entity.

3.    Admit that based on the Policy and Mr. Jeffries' income level, if found to be totally disabled (within the meaning of the Policy), Mr. Jeffries would be entitled to receive approximately $12,133 in disability benefits per month until his normal retirement age.

**RESPONSE:** Denied.

4.    Admit that since September 1998, Mr. Jeffries has been receiving care from a physician.

**RESPONSE:** Denied.

5.    Admit that in 1999, you contacted Mr. Jeffries on numerous occasions seeking information, and that Mr. Jeffries cooperated with you throughout this period and provided you with all of the information you requested.

**RESPONSE:** Denied, except that Defendants admit that Plaintiff was contacted in 1999.

6.    Admit that in 1999, Mr. Jeffries executed multiple copies of your authorization form, which permitted you unrestricted, direct access to any and all information relating to Mr. Jeffries.

**RESPONSE:** Denied.

7.     Admit that Mr. Jeffries' authorizations have allowed you to collect over 1,000

pages of medical information directly from Mr. Jeffries' physicians.

**RESPONSE:** Admit, except that Defendants cannot say with certainty that there are

over 1,000 pages of medical records.

8.     Admit that in February 2000, Mr. Jeffries met with your claim consultant in

Cincinnati to discuss Mr. Jeffries Claim.

**RESPONSE:** Admit.

9.     Admit that on several occasions in 1999 you intentionally withheld monthly

disability payments from Mr. Jeffries.

**RESPONSE:** Denied.

10.     Admit that you or agents acting on your behalf secretly surveilled Mr. Jeffries in

May 1999, June 1999, July 1999, August 1999, and January 2000.

**RESPONSE:** Denied.

11.     Admit that in 1999 or early 2000, without Mr. Jeffries knowledge, you contacted

(or were contacted by) another disability insurer, Prudential Insurance Company ("Prudential"),

and that you thereafter discussed with Prudential jointly engaging a secret surveillance team to

conduct a multi-day investigation of Mr. Jeffries.

**RESPONSE:** Denied.

12.     Admit that you and Prudential agreed to share your respective files concerning

Mr. Jeffries without his knowledge.

**RESPONSE:** Denied.

13.     Admit that attached to the Complaint as Exhibit 3 is a true and accurate copy of a

Prudential phone log documenting some communications with you.

**RESPONSE:** Denied.

14.    Admit that in a February 2000 phone conversation with representatives of Prudential, Bill Gelardi, your representative with responsibility for administering Mr. Jeffries' Claim, stated that you intended to deny Mr. Jeffries' claim as illegitimate.

**RESPONSE:** Denied.

15.    Admit that in March 2000, you were several months delinquent in your payment of benefits to Mr. Jeffries and finally issued a check for benefits with the caution that "the issuing of these benefits in no way prejudices and (sic) of the rights and defenses afforded to us under the terms and provisions of your policy" (the "Rights Reservation").

**RESPONSE:** Objection. Argumentative. Without waiving this objection, denied.

16.    Admit that although Mr. Jeffries continued supplying you with all medical information available, and the authority to receive all medical information from physicians Mr. Jeffries saw, you or your agents had Mr. Jeffries followed, came on to his property without permission, and phoned his home under false pretenses.

**RESPONSE:** Denied.

17.    Admit that in May 2000, Mr. Jeffries for the first time limited the scope of your authorization going forward to: (1) pertinent attending physician and hospital records; and (2) Internal Revenue Service information.

**RESPONSE:** Denied.

18.    Admit that you complained that Mr. Jeffries' May 2000 alteration of your form authorization "prejudiced [your] right to accurately and fairly process" the Claim and demanded that Mr. Jeffries execute an unaltered authorization.

**RESPONSE:** Admit, except for the characterization of the company's request to Mr. Jeffries in May of 2000.

19.    Admit that in June 2000, you again delinquently issued a benefits check to

Mr. Jeffries under a Rights Reservation, but threatened to not pay any further benefits to

Mr. Jeffries unless he signed your unaltered authorization.

**RESPONSE:**  Objection.  Argumentative.  Without waiving this objection, denied.

20.    Admit that on July 18, 2000, Mr. Jeffries' counsel submitted a report of over 300

pages to you containing detailed medical information relating to Mr. Jeffries including,

Affidavits of Michael McClellan, M.D., Michael Luggen, M.D., Corwin Dunn, M.D., and Burton

Waisbren, Sr., M.D.

**RESPONSE:**  Denied.  After reviewing the claims file no documents were found
submitted under a July 18, 2000 date.  There is a bound appeal submitted to Prudential dated
6/2/00 that was also submitted to DMS and another loosely bound submission dated 8/3/01
submitted to MCIC.

21.    Admit that the July 18, 2000, submission to you also contained the Affidavits of

K. Rodger Davis, the Executive Vice President of Provident Bank, and others at Provident Bank,

affirming the fact that Mr. Jeffries' illness substantially interfered in his Occupation.

**RESPONSE:**  Denied.  After reviewing the claims file no documents were found
submitted under a July 18, 2000 date.  There is a bound appeal submitted to Prudential dated
6/2/00 that was also submitted to DMS and another loosely bound submission dated 8/3/01
submitted to MCIC.

22.    Admit that the July 18, 2000, submission to you also contained the opinion of an

"independent" physician, Dr. Robert Curran, retained by Prudential to evaluate Mr. Jeffries'

medical condition, and that Dr. Curran states in his report that: "Mr. Jeffries . . . *was in . . . good*

*health until some time after he had received an injection of Hepatitis B vaccine . . .* these

symptoms have since waxed and waned, *but most importantly, have limited his work as a bank*

*vice-president.*"

**RESPONSE:** Denied. After reviewing the claims file no documents were found submitted under a July 18, 2000 date. There is a bound appeal submitted to Prudential dated 6/2/00 that was also submitted to DMS and another loosely bound submission dated 8/3/01 submitted to MCIC.

23.    Admit that with the July 18, 2000, submission Mr. Jeffries clarified that you were

no longer authorized to communicate with Prudential unless Mr. Jeffries was included in any

such direct meeting or phone call or copied on documents exchanged between you and

Prudential.

**RESPONSE:** Denied. After reviewing the claims file no documents were found submitted under a July 18, 2000 date. There is a bound appeal submitted to Prudential dated 6/2/00 that was also submitted to DMS and another loosely bound submission dated 8/3/01 submitted to MCIC.

24.    Admit that an authorization signed by Mr. Jeffries and included in the July 18,

2000, submission to you authorized all physicians, hospitals, or other medical facility (including 

Mr. Jeffries' health insurer), employers, the Social Security Administration, and the Internal

Revenue Service to furnish you with all information concerning Mr. Jeffries' health, work

record, and income.

**RESPONSE:** Denied. After reviewing the claims file no documents were found submitted under a July 18, 2000 date. There is a bound appeal submitted to Prudential dated 6/2/00 that was also submitted to DMS and another loosely bound submission dated 8/3/01 submitted to MCIC.

25.    Admit that on August 14, 2000, Mr. Jeffries further advised you that he had been

diagnosed with cancer and was scheduled for surgery and further treatment.

**RESPONSE:** Admit that Defendants were advised that Plaintiff was to have surgery to remove his thyroid and that Dr. McClellan stated that the thyroid condition was completely unrelated to Plaintiff's underlying condition.

26.    Admit that on November 1, 2000, Mr. Jeffries provided you with the report of

another treating physician and specialist, Dr. Bryon Hyde, confirming that Mr. Jeffries' illness

disables him from performing his Occupation.

**RESPONSE:**  Admit that on November 1, 2000, Mr. Jeffries provided Defendants with a report of another treating physician and specialist, Dr. Bryon Hyde.  The balance of the requested admission is denied since the document speaks for itself.

27.    Admit that a true and accurate copy of Dr. Hyde's report is included as Exhibit 7 to the Complaint.

**RESPONSE:**  Denied.

28.    Admit that in his report Dr. Hyde opines that Mr. Jeffries suffers from a severe and abnormal immune dysfunction exhibited through an inflammatory reaction to the arteries of the brain.

**RESPONSE:**  This request for admission is denied because the document referred to speaks for itself.

29.    Admit that Dr. Hyde further opined that from the time Mr. Jeffries was obliged to cease all work until the present (i.e., June 2001, the date of his report), Mr. Jeffries has been totally and completely disabled from being able to work at his former Occupation.

**RESPONSE:**  This request for admission is denied because the document referred to speaks for itself.

30.    Admit that in November 2000, Mr. Jeffries again asked you to detail why you mandated that Mr. Jeffries sign your authorization form and why you considered Mr. Jeffries' July 18, 2000, authorization form inadequate.

**RESPONSE:**  Admit that the Defendant received a letter from the Plaintiff's attorney dated 11/20/00, wherein (among other things) the Plaintiff's attorney invited the Defendant to enter into a negotiations to alter the authorization to a form that would be agreeable to the Plaintiff.

31.    Admit that you failed to timely make monthly disability payments to Mr. Jeffries throughout 2000, and although delinquent benefits were ultimately issued, they were issued under a Rights Reservation.

**RESPONSE:**  Denied.

32.    Admit that on January 8, 2001, Mr. Jeffries supplied additional detailed information to you and provided you with a second authorization form.

**RESPONSE:**  Admit that Defendant received a letter from Plaintiff's attorney dated 1/8/01 that attached an altered and self-servingly limited form of the authorization used by the Defendant that the Plaintiff demanded the Defendant accept in lieu of its own authorization to obtain information.

33.    Admit that on April 27, 2001 you threatened to "close Mr. Jeffries' claim" based *inter alia* on Mr. Jeffries' failure to disclose the names of hotels he stayed in on trips made since 1996.

**RESPONSE:**  Denied.

34.    Admit that on August 3, 2001, Mr. Jeffries submitted an over 400 page report to you which included the expert opinion of another treating physician, neurophysiologist, Dr. Sheila Banstien, who confirmed that Mr. Jeffries' illness causes him to suffer significant and debilitating cognitive difficulties making him unable to perform the material and substantial duties of his Occupation.

**RESPONSE:**  Admit that Defendant received a report from Dr. Bastien.  Deny that it was "over 400 pages," and neither admit nor deny the contents of the report since it speaks for itself.

35.    Admit that according to Dr. Bastien:  "Mr. Jeffries could not work in any job in the national economy for which he has a reasonable training and experience and certainly could not work in his previous occupation as a result of his complex medical problems, abnormal brain scans, and neurocognitive evaluation."

**RESPONSE:**  This request for admission is denied because the document speaks for itself.

36.    Admit that the August 3, 2001 submission also contained the expert opinion of Kathleen B. Baris, an individual experienced in the evaluation of long-term disability benefit

claims on behalf of insurance companies who opines that because Mr. Jeffries suffers from

deficits in a number of cognitive areas he is "unable to perform the main duties of his

Occupation."

**RESPONSE:** This request for admission is denied because the document speaks for

itself.

37.    Admit that according to Ms. Baris, Mr. Jeffries' ability to return to his Occupation

would require significant recovery from his current illness. Ms. Baris concludes that "Mr.

Jeffries has what appears to be significant debilitating symptoms, which impact on his overall

function." Ms. Baris further states that "the medical documentation supports that [Mr. Jeffries]

does suffer from symptoms, which are corroborated through the research studies consistent with

individuals who have similar diagnosis [and] his cognitive symptoms have been validated in Dr.

Bastien's report."

**RESPONSE:** This request for admission is denied because the document speaks for

itself.

38.    Admit that you failed to timely make monthly disability payments to Mr. Jeffries

throughout 2001 and 2002.

**RESPONSE:** Denied.

39.    Admit that on March 6, 2002, Mr. Jeffries supplied you with an additional 92

pages of medical information confirming his disabling illness, including: (a) a

Neuropsychological Evaluation and Assessment Report of Dr. Curt A. Sandman, Professor and

Vice Chair of the Department of Psychiatry, University of California; (b) a report of Dr. Charles

Poser, Professor of Neurology, Harvard Medical School; and (c) a report of Dr. Burton

Zweiman, Professor of Medicine and Neurology, University of Pennsylvania School of

Medicine.

**RESPONSE:** Admit that Defendant received additional reports from the Plaintiff with a letter from the Plaintiff's attorney dated 3/6/02.

40.    Admit that Exhibit 14 to the Complaint contains a true and accurate copy of a letter DMS sent to Mr. Jeffries on March 21, 2002.

**RESPONSE:** Denied.

41.    Admit that the attached is information on the Xavier University website identifying Dr. Kathleen Hart's specialty, theoretical orientation, and research interests, and an accurate representation of Dr. Hart's professional focus.

**RESPONSE:** This request for admission is denied because there does not appear to have been a document attached to Plaintiff's Requests for Admissions as described above.

42.    Admit that you have refused, despite demand, to pay Mr. Jeffries' disability benefits since February 25, 2002.

**RESPONSE:** Admit.

43.    Admit that you have through the date of your answer refused to pay Mr. Jeffries' disability benefits since February 25, 2002, even though he committed to be examined by a medical professional of your chosing at any time convenient.

**RESPONSE:** Objection. Vague and ambiguous. Without waiving this objection, admit that no disability benefits have been paid since 2/02.

44.    Admit that on April 2, 2002, CLIC/DMS, for the first time, notified Mr. Jeffries, through the agent who sold him the Policy in 1996, Mr. Robert Edwards, by letter dated March 25 and postmarked March 29, that the waiver of premium provision of the Policy had expired over five weeks earlier (on February 25, 2002), that a premium payment of $3,529.14 was past due (the "Due Date" was March 1, 2002), and that the Policy would lapse if Mr. Jeffries failed to tender a $3,529.14 premium payment by March 31, 2002, 2 days before the notice was even received.

**RESPONSE:** Admit that the Notice referred to was printed by MCIC on March 28, 2002 with a due date list of March 1, 2002. Because of these dates, MCIC agreed by letter to Plaintiff's attorney dated April 25, 2002 to extend the automatic reinstatement period to May 22, 2002. Denied as to the remainder of this Request for Admission.

45.    Admit that the Notice set forth above is attached hereto as Exhibit 15 to the Complaint.

**RESPONSE:** Deny.

46.    Admit that CLIC and its agent, DMS, have an affirmative duty to act in good faith in the handling and payment of Mr. Jeffries' Claim.

**RESPONSE:** Admit.

47.    Admit that the United States Government has established the National Vaccine Injury Compensation Program to compensate individuals who have suffered economic harm as the result of adverse reactions to vaccinations, and specifically the hepatitis b vaccination.

**RESPONSE:** Objection. This request seeks information which is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.

48.    Admit that the Policy does not require objective medical evidence.

**RESPONSE:** Denied.

49.    Admit that there exists no definitive diagnostic tests for some medically recognized disabling illnesses.

**RESPONSE:** Objection. This request for admission is irrelevant to the issues that are or may be involved in the case.

50.    Admit that some medically recognized disabling illnesses present symptoms which "wax and wane" that is, an individual may experience periods of overwhelming disability and also experience periods of less overwhelming disability.

**RESPONSE:** Object; vague, ambiguous, overbroad, irrelevant.

51.    Admit that your representative or agents or contractors have come upon Mr. Jeffries' property and have misrepresented their purpose.

**RESPONSE:**  Denied.

52.    Admit that your representatives or agents or contractors have followed Mr. Jeffries' in Cincinnati and spoken to Mr. Jeffries off of his property and have misrepresented their purpose.

**RESPONSE:**  Denied.

53.    Admit that you stopped paying benefits to Mr. Jeffries in February 2002 and required that he begin making premium payments to avoid the Policy lapsing.

**RESPONSE:**  Admit.

54.    Admit that you took the action set forth in #53 because you decided he should be examined by Dr. Kathleen Hart and Mr. Jeffries refused.

**RESPONSE:**  Denied.

55.    Admit that when Mr. Jeffries refused to be examined he stated that further examinations at that time were unreasonable in light of additional medical reports that he supplied to you on March 6, 2002, and in light of the fact that Prudential had just conceded that Mr. Jeffries is, and has been for over three years, disabled.

**RESPONSE:**  Defendants can either admit or deny what Mr. Jeffries stated or believed.

54.    Admit that on May 28, 2002, Mr. Jeffries committed to be examined by Dr. Hart at her convenience.

**RESPONSE:**  Objection.  Vague and ambiguous.

55.    Admit that the Policy has not lapsed.

**RESPONSE:**  Admit that the policy is in force until April 1, 2003.

56.    Admit that despite Mr. Jeffries' commitment to be examined by Dr. Hart you have continued to refuse paying benefits to Mr. Jeffries and have refused to refund the premium payment he has made in 2002.

**RESPONSE:** Objection. Vague and ambiguous.

_____
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Jeffrey P. McSherry (0055993)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Michael A. Roberts,

Graydon, Head & Ritchey, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202,

by regular U.S. Mail, postage prepaid, this _____ day of July 2002.

_____

Peter M. Burrell

142926.1

## VERIFICATION

Jeffrey Champagne states that the foregoing Defendants' Responses to Plaintiff's First Set of Interrogatories, Document Requests and Requests for Admissions are true, correct and accurate to the best of his knowledge and belief.

_____
Jeffrey Champagne

COMMONWEALTH OF MASSACHUSETTS    )
                                                                  ) ss.;
COUNTY OF _Suffolk_                                 )

The foregoing instrument was acknowledged before me this _18th_ day of _July_, 2002, by _Jeffrey Champagne_

_____
Notary Public

143135.1

CATHERINE STAUBER
Notary Public
My Commission Expires April 16, 2004