UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EXHIBIT

62

ERIC L. JEFFRIES,              :

          Plaintiff,           :        Case No. C-1-02-351

                               :        (Judge Beckwith)

vs.                            :

                               :        **DEFENDANTS' SUPPLEMENTAL**
CENTRE LIFE INSURANCE COMPANY, :        **RESPONSES TO PLAINTIFF'S**
et al.,                        :        **FIRST SET OF**
                               :        **INTERROGATORIES AND**
          Defendants.          :        **REQUESTS FOR PRODUCTION**
                                        **OF DOCUMENTS**

        Pursuant to the Court's Order dated November 8, 2002, Defendants hereby supplement

their previous answers to the interrogatories and requests for documents propounded by Plaintiff

Eric Jeffries. With regard to all interrogatory answers and document responses, Defendants refer

Plaintiff to the claims file, a copy of which has previously been produced to counsel for Plaintiff.

In compliance with the Court's Order, however, Defendants have undertaken a page-by-page

review of the claims file in order to identify those pages which it believes are most responsive to

Plaintiff's requests. Defendants cannot and do not purport to substitute their judgment or the

judgment of their counsel for that of Plaintiff in the evaluation of Plaintiff's case. Defendants,

therefore, caution Plaintiff to consider the entirety of the claims file produced. During the

evaluation of any claim for individual disability benefits, the entirety of the information available

to Defendants is considered, and the entire claims file is, therefore, potentially responsive.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

2.      Identify every individual or entity with whom the defendants or their agents or

attorneys have spoken to or corresponded with in any form or fashion with regard to Eric Jeffries

and/or his Claim.

**ANSWER:** Objection.  Overbroad, burdensome and oppressive.  Without waiving this
objection, please see claims file which is available for inspection and copying at the office of
Defendants' counsel.

**SUPPLEMENTAL ANSWER:**      Review of the claims file indicates that Defendants
and/or their agents have corresponded  with the following:

Michael Roberts
Lance Faniel
Bill Hines
Provident Bank Human Resources Dept. (Sharon Brummett)
Brian Wentworth
The Nightingale Research Foundation
Michael McClellan
Mitchell Clionsky
John Graff
Patricia Smith
Jeff Champagne
Heather from Dr. Bastien's office
Bill Gelardi
Todd Kelly
Sheila Bastien
Loretta Braga
Lucinda Palmer
James Garb
Spencer McNeal
Barb Bailey
Joy Ahlers
Michael Luggen
John Midghall
Jerry at PMSI
Corwin Dunn
Don Doherty
Richard Turek
Barbara Lee

3.     For each person or entity identified in Interrogatory #2 above, state the date of each contact, the substance of each contact, and produce all documents, including notes of conversations, relating to, referring to, or memorializing the contact or discussion.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:**     Pursuant to Rule 33(d), of the Federal Rules of Civil Procedure, Defendants refer to the following pages of its claims file which identify contacts made with regard to Plaintiff's claim and the date. Each of the documents speaks for itself and addresses the substance of each contact. It should be noted that a majority of the information identified herein is information submitted by Plaintiff or Plaintiff's counsel. Additionally, in several cases, duplicate copies of medical records exist. Every effort has been made to identify those duplications but because of the voluminous and repetitive submissions by Plaintiff and Plaintiff's counsel, Defendants do not warrant that every duplicate submission has been identified. Once again, Defendants refer to the entirety of its claims file for clarification of what submissions are duplications.

| | | |
|---|---|---|
| 492-942[1] | 952-954 | 976-981 |
| 956-963 | 965-970 | 984-985 |
| 1164-1165 | 1169-1170 | 1174-1177 |
| 1194-1195 | 1214-1229 | 1230 |
| 1243-1245 | | |
| 1247-1249 | 1252 | 1253 |
| 1254 | 1255 | 1260 |
| 1261 | 1262 | 1264-1266 |
| 1270 | 1273 | 1275 |
| 1276 | 1277 | 1279-1280 |
| 1282 | 1343-1344 | 1345-1346 |
| 1349-1350 | 1351-1352 | 1376 |
| 1377 | 1382 | 1385-1387 |
| 1389-1390 | 1391 | 1392 |
| 1394-1395 | 1397-1398 | 1399-1407 |
| 1410 | 1412-1415 | 1417-1419 |
| 1429-1431 | 1433-1435 | 1438-1439 |
| 1447 | 1451-1452 | 1453-1454 |
| 1457-1458 | 1463-1464 | 1466 |
| 1467 | 1468-1469 | 1470 |
| 1477-1478 | 1479-1485 | 1487 |
| 1488-1500 | 1504 | 1505 |

----

[1]Copy of a Prudential insurance submission received from counsel for Jeffries.

| | | |
|---|---|---|
| 1506 | 1513 | 1514-1516 |
| 1517-1521 | 1577-1579 | 1585-1589 |
| 1592-1595 | 1603-1606 | 1609-1628 |
| 1634 | 1635-1637 | 1639-1642 |
| 1646 | 1648-1650 | 1657 |
| 1660-1662 | 1668 | 1669-1679 |
| 1680 | 1682 | 1684-1687 |
| 1692-1693 | 1694 | 1695-1996 |
| 1698-1702 | 1706-1708 | 1711 |
| 1712 | 1716-1717 | 1719-1721 |
| 1727-1734 | 1760-1762 | 1768 |
| 1770-1771 | 1772-1773 | 1774-1775 |
| 1795 | 1797 | 1798 |
| 1801-1803 | 1804 | 1813 |
| 1817-1818 | 1821 | 1823 |
| 1834 | 1835 | 1838-1839 |
| 1840 | 1842-1845 | 1846-1847 |
| 1849-1850 | 1866 | 1868 |
| 1869-1872 | 1873-1875 | 1879-1881 |
| 1885 | 1887 | 1888-1896 |
| 1899 | 1905 | 1914-1915 |
| 1916 | 1917 | 1919 |
| 1920 | 1923 | 1924 |
| 1937-2076 | 2077 | 2131 |
| 2177-2179 | 2180-2181 | 2192-2195 |
| 2196-2197 | 2206 | 2272-2273 |
| | 2294-2295 | 2348-2352 |
| 2354-2355 | 2357-2361 | 2366-2370 |
| 2376 | 2446-2448 | 2546 |
| | 2554 | 2556-2558 |
| 2589-2590 | 2602 | 2603-2607 |
| 2620 | 2621-2623 | 2630 |
| 2647-2648 | 2673 | 2675-2676 |
| 2735-2736 | 2753 | 2756 |
| 2758-2759 | 2817 | |
| 2820 | 2822-2823 | 2835-2836 |
| 2838 | 2904 | 2906 |
| 2914 | 2915 | 2916-2917 |
| 2918 | 2920 | 2922 |
| 2926 | 2986 | 2988-2989 |
| 3026-3028 | 3029 | 3130 |
| 3030 | 3105 | 3107-3110 |
| 3131 | 3112-3114 | 3116 |
| 3117 | 3133 | 3118 |
| 3119 | 3120-3122 | 3128 |

4.    Identify, by specifically describing them below (and producing), each document

or item of information upon which you assert that Mr. Jeffries is not disabled or not entitled to

benefits under the Policy.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:** A determination regarding Mr. Jeffries' disability or entitlement to benefits under the policy has not yet been made. With regard to the suspension of Mr. Jeffries' benefits, however, please see the following pages of Plaintiff's claims file which memorialized Mr. Jeffries' refusal to submit required forms and attend an independent medical examination.

| | | |
|---|---|---|
| 378-398[2] | 978-981 | 1164-1165 |
| 1174-1177 | 1190-1191 | 1192-1192 |

5.    Identify all persons who supplied defendants with the information requested in

Interrogatory #4.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:** Please see answer to interrogatory No. 4. The information supplied in interrogatory No. 4 regarding Mr. Jeffries' refusal to attend an IME and submit necessary forms came from Mr. Jeffries and his counsel Michael Roberts.

6.    Identify all physicians, or other health care professionals, with whom defendants

have spoken, corresponded, or from whom the defendants have received information concerning

Mr. Jeffries.

---

[2] (Copy of policy).

**ANSWER:** Objection. This request seeks information which may be protected by the work product doctrine. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:** Most of the medical information contained in Plaintiff's claims file has been submitted to Defendants by Plaintiff or Plaintiff's counsel. Although Defendants requested that Mr. Jeffries attend an IME, he refused. Review of the information submitted by Sheila Bastien was performed by Mitchell Clionsky at the Neuropsychology Association of Western Massachusetts. Documents from Dr. Clionsky are found at pages 973-975, 982 and 1214-1229. Plaintiff has also reviewed documents from the following providers, which documents were submitted by Mr. Jeffries and/or his counsel:

| Robert Curran | 563-567 |
|---|---|
| Sheila Bastien | 646-703 |
| | 1283-1340 |
| Corwin Dunn | 705-710 |
| Byron Hyde[3] | 716-719 |
| | 721-748 |
| | 750-756 |
| | 1581-1584 |
| | 1599-1600 |
| | 1722-1725 |
| Michael Luggen | 762-773-781 |
| Padma Mangu | 782-795 |
| Michael McClellan | 799-807 |
| Dr. DeMeirlier | 809-815 |
| Charles Poser | 1005-1008 |
| Galen Spickett | 817-819 |
| Burton Waisbren | 824-871 |
| Smith, Klein, Beechum | 554-559 |
| UCI Brain Imaging Center | 511-513 |
| | 758-760 |
| Curt Sandman | 986-1004 |
| Burton Zweiman | 1068-1078 |

7.    Identify all sources of information utilized by defendant in its review, analysis, and determination of Mr. Jeffries' Claim.

**ANSWER:** Objection. Overbroad, burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

---

[3] There are numerous duplicate copies of Dr. Hyde's credentials and anecdotal evidence through the claims file (all of which were submitted by Plaintiff).

**SUPPLEMENTAL ANSWER:**    The entirety of Mr. Jeffries' claims file is considered during DMS's review and analysis of Mr. Jeffries' claim. As stated previously, no final determination has been made regarding Mr. Jeffries' claim due to Mr. Jeffries' breach of his contract. During the course of analysis, information from numerous sources was considered, primarily information submitted by Mr. Jeffries. *See* Answers to Interrogatories 3, 4, 6, and 11, with regard to specific information. Defendants do not warrant that this is the entirety of the information considered, however, as the entirety of the information considered is the entire claims file.

8.    Identify each individual, employed by defendant or otherwise, whom defendant believes has knowledge of any information relating to Mr. Jeffries' Claim, and, for each such individual, state the facts, action, or conduct of which the individual has knowledge.

**ANSWER:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:**    Please see answers to interrogatories 2, 3 and 6.

9.    Identify the names of all individuals involved, or consulted by defendant, in the evaluation of Mr. Jeffries' Claim since February 1999.

**ANSWER:**  Please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:** *See* Answer to interrogatory No. 2.

10.    Identify and produce all records reviewed by any physician whom the defendants or their agents or attorney engaged to review Mr. Jeffries' heath, physical, or mental condition.

**ANSWER:**  Objection.  This request seeks information which may be protected by the work product doctrine.  Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL ANSWER:** Dr. Mitchell Clionsky reviewed the report and raw data of Sheila Bastien. A copy of Dr. Bastien's report and raw data is found in the claims files at pages 646-730 and 1283-1340. This information was submitted by Plaintiff and is also in the hands of Plaintiff.

- 7 -

11.    Identify all surveillance or investigatory personnel or agencies whom defendants

have engaged to investigate Mr. Jeffries, including the identity of such personnel retained by

other insurers within defendants' knowledge or by counsel for defendants.

**ANSWER:**  Objection.  This request seeks information which is protected by the work
product doctrine.

**SUPPLEMENTAL ANSWER:** Information regarding surveillance conducted by
Prudential Insurance Company was submitted to Defendants by counsel for Plaintiff.
Notwithstanding, the claims file contains surveillance reports from the following companies:

> InPhoto Surveillance
> CS Claims Group, Inc.
> Corporate Investigative Services, Inc.
> Progressive Group

The reports of these companies have been withheld as privileged.

## SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS

2.    Produce all documents referring or relating to the Policy Mr. Jeffries, or

the Claim, including but not limited to electronically stored information and handwritten notes of

communications and conversations.

**RESPONSE:**  Please see application file and claims file which is available for inspection
and copying at the office of Defendants' counsel.

**SUPPLEMENTAL RESPONSE:**   There is no additional electronically stored
information responsive to this request other than that information which has already been printed
and made part of the claims file. Any stored e-mails are maintained for only a six-month period.
Notwithstanding electronic maintenance, copies of e-mails or other electronically stored
information considered in the evaluation of Mr. Jeffries' claim is printed and made a part of the
claims file.

12.    Produce all documents and things you have received from: (i) Mr. Jeffries; (ii)

Mr. Jeffries' counsel; (iii) physicians Mr. Jeffries has seen or had communications with; (iv)

Provident Bank regarding Mr. Jeffries; (v) Prudential Insurance Company regarding Mr. Jeffries;

- 8 -

(vi) for DMS, Massachusetts Casualty or Centre Life Insurance Company; and (vii) for Centre

Life Insurance Company (f/k/a Massachusetts Life Insurance Company), from DMS.

**RESPONSE:** Objection. This request is vague, ambiguous and difficult to understand. Notwithstanding this objection, please see claims file and application file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL RESPONSE:** Please see Defendants' Answers to Interrogatories 2, 3, 6, and 11.

13.    Produce all documents and things you have received from any third party which

relates to or refers to Mr. Jeffries as well as those which do not mention Mr. Jeffries' by name

but which you believe are relevant to him or his Claim.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome and oppressive. Without waiving this objection, please see claims file which is available for inspection and copying at the office of Defendants' counsel.

**SUPPLEMENTAL RESPONSE:** *See* Answer to Document Request No. 12.

17.    Produce all documents and things evidencing or relating to the contention asserted

in your Answer filed in this action that: (i) Mr. Jeffries is not disabled; and (ii) that Mr. Jeffries

breached any purported obligations he has under the Policy.

**RESPONSE:** Please see claims file which is available for inspection and copying at the office of Defendants' counsel as well as a copy of the disability insurance policy at issue in this litigation.

**SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Interrogatory No. 4.

22.    Produce all organizational charts for your organization in effect since April 1996.

**RESPONSE:** Objection. This request is vague and ambiguous, overly broad, unduly burdensome and oppressive. Moreover, it seeks information which is not relevant to the subject matter of this lawsuit nor calculated to lead to the discovery of admissible evidence.

**SUPPLEMENT RESPONSE:** MCIC does not have an organizational chart. A copy of DMS's current organizational chart is attached.

_____
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Supplemental Responses to

Plaintiff's First Set of Interrogatories and Requests for Production of Documents was served

upon Michael A. Roberts, Graydon, Head & Ritchey, 1900 Fifth Third Center, 511 Walnut

Street, Cincinnati, Ohio 45202, by regular U.S. Mail, postage prepaid, this _10th_ day of January,

2003.

_____
Peter M. Burrell

142926.2

# *Disability Management Services, Inc.*
## Claim Department
## Boston



DMS 0001