IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR RECONSIDERATION**

In its motion for reconsideration (*Doc. 173*) and reply memorandum (*Doc. 196*), the defendant goes to great lengths to argue that the "Mental Disorder . . . Limitation" clause contained in the Amendment to the Policy is not a benefits exclusion. Defendant's new argument fails for the reasons set forth in plaintiff's earlier memorandum. (*Doc. 185*). Furthermore, defendant's argument is contrary to the description of the mental disorder provision which it gave plaintiff **before** plaintiff purchased the Policy.

Last week, defendant produced documents Bates Labeled AI 0001-0049. (*See, Exhibit 1*). In those documents was the April 4, 1996 "Massachusetts Casualty Disability Income Proposal, Customized Protection For : Eric Jeffries" (the "Proposal"). (*See, Exhibit 2*). In the Section of the Proposal titled "Selected Policy Features," the defendant describes "Policy Exclusions." (*Id., p. AI0007*). According to defendant, the following is a **Policy Exclusion**:

> "If a Total Disability or other covered loss is due to a Mental Disorder and/or Substance Abuse Disorder, the number of months for which any benefits for Total Disability shall be payable under the Policy during the lifetime of the Insured shall not exceed in the aggregate a total of 24 months."

1

In its Reply Memorandum, defendant calls this language a "time limitation, not a Policy Exclusion." (*Doc. 196, p. 3, line 21*).  But given defendant's clear and unequivocal description of this language as a "Policy Exclusion" in the document it used to entice Mr. Jeffries to purchase the Policy - it is beyond question that the "Mental Disorder . . . Limitation" contained in the Amendment to the Policy is a "Policy Exclusion" which requires defendant to establish proof of facts triggering the application of that clause.  Defendant's Motion For Reconsideration should be denied.

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL | /s Michael A. Roberts_____ |
| | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 5th day of April, 2004.

/s Michael A. Roberts_____