## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE  BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION IN LIMINE: MEDICAL HISTORY

Plaintiff anticipates that at trial the defendant will seek to introduce evidence regarding

Mr. Jeffries' medical history predating June 1997 in order to argue (or have the jury conclude)

that Mr. Jeffries' undisputed disability pre-dated his receipt of the hepatitis B vaccine and the

effective date of the Policy.  Any such evidence should be excluded under Fed. R. Evid. 401, 402,

and 403.  A memorandum in support is attached.

Respectfully submitted,

OF COUNSEL

/s Michael A. Roberts
Michael A. Roberts, Esq.  (0047129)

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

1

## MEMORANDUM IN SUPPORT

### I.    Background.

In April 1996, Mr. Jeffries was issued a Disability Income Policy by Defendant. (*Exh. 1*). In September 1998, Mr. Jeffries was no longer able to perform the material and substantial duties of his occupation and, from that point through today, he has suffered a "loss" as contemplated by the Policy.

Although defendant now concedes that Mr. Jeffries is "Totally Disabled," defendant is seeking to exclude coverage beyond 24 months.

Plaintiff anticipates that at trial the defendant will seek to introduce evidence regarding Mr. Jeffries' medical history predating June 1997 in order to argue (or have the jury conclude) that Mr. Jeffries' undisputed disability pre-dated his receipt of the hepatitis B vaccine and the effective date of the Policy.[1]  Any such evidence should be excluded under Fed R. Evid. 401, 402, and 403.

### II.    Relevancy and Its Limits.

Under Rule 402 of the Federal Rules of Evidence, evidence which is not relevant is not admissible.  "Relevant evidence" is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  FRE 401.  The proposition that the evidence is offered to prove must be "material" or the evidence cannot be admitted.  U.S. v. Fountain, 2

---

[1]    With every witness that defendant's counsel has interrogated and examined, he has spent extraordinary time and effort to argue that Mr. Jeffries had an ongoing condition of some sort years before he had the vaccine and before the effective date of the Policy.  It is fully anticipated that defendant's counsel will pursue the same strategy at trial to persuade the jurors into believing that Mr. Jeffries had a mental and/or physical problem before the vaccine and before the effective date of the Policy.

F.3d 656, 667 n 6. (6th Cir. 1993). Even if certain evidence is determined to be relevant under FRE 401, it may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury or unfair prejudice. FRE 403.

Evidence of Mr. Jeffries' medical history pre-dating June 1997 does not meet the definition of relevant evidence and should be excluded under both FRE 402 and 403.

III.    **Evidence of Mr. Jeffries' Prior Medical History is**
       **<u>Not Relevant and should not be Permitted to Confuse the Jury.</u>**

First, defendant's expert, Michael F. Hartings, Ph.D., testified that Mr. Jeffries' receipt of the Hepatitis B vaccination in June 1997 **caused** his disability. (*<u>See</u>, Doc. 167, p. 51, line 15, Daubert Testimony February 19, 2004, attached as Exhibit 2*). As such, evidence of Mr. Jeffries' medical history prior to June 1997 is not relevant to the issues before the Court and should not be admitted. FRE 402. Since any argument that the disability pre-existed the receipt of the vaccine would be contradictory of defendant's own expert evidence, allowing defendant's counsel to proffer such argument in the face of its own expert's testimony to the contrary would, at best, be confusing to the jury. FRE 403.

Second, Evidence of Mr. Jeffries' prior medical history could arguably be relevant only to defendant's attempt to establish a policy defense that Mr. Jeffries' condition pre-existed the period of coverage under the Policy. The undisputed facts, however, establish that the "Pre-existing Condition Limitation" of the Policy cannot apply. Part 13 of the Policy provides the following Exclusion or Limitation for Pre-existing Conditions:

> "This Policy does not cover any loss excluded: (a) by name or description in any elimination rider attached to this Policy; or (b) under the Provision which follows:

> Pre-existing Condition Limitation:  No benefits are payable for a loss which (a) starts within 2 years after the effective date of coverage of this Policy; and (b) results from a pre-existing condition that was not disclosed, or that was misrepresented, in answer to a question in the application for this Policy.  Pre-existing condition means: (a) a condition for which medical advice or treatment was received from or recommended by a physician within 5 years prior to the effective date of coverage of this Policy; or (b) the existence of symptoms within said 5 years which would have led an ordinarily prudent person to seek medical advice or treatment for the condition."

(*Exh. 1, p. 7, Part 13*).

It is undisputed that the Mr. Jeffries' condition was not excluded by any elimination rider to the Policy, and thus Exclusion/Limitation (a) to Part 13 does not apply.

In order for the "Pre-existing Condition Limitation" found in subsection (b) of Part 13 to apply, the loss must (a) start within 2 years after the effective date of coverage of the Policy <u>and</u> (b) result from an undisclosed or misrepresented pre-existing condition.  It is undisputed that Mr. Jeffries' loss did not start until September 25, 1998, which was more than 2 years after April 1, 1996, the effective date of coverage under the Policy.  Thus, the "Pre-existing Condition Limitation" cannot apply, and no amount of evidence of any prior medical history can make the applicability of that Exclusion/Limitation any more or less probable.

Consistent with Part 13's "Pre-existing Condition Limitation" is the following "Time Limit on Certain Defenses" located in Part 17 of the Policy:

> "No claim for loss incurred or disability that starts after two years from the effective date of this Policy will be reduced or denied on the ground that a sickness or physical condition not excluded by name or specific description had existed before the effective date of this Policy."

(*Exh. 1, p. 9, Part 17(2)(B)*).  Because Mr. Jeffries' loss was not incurred and his disability did not start until more than two years after the effective date of the Policy, and because his condition

was not specifically excluded by rider to the Policy, defendant is barred by the Policy itself from denying or reducing his claim based on his sickness or physical condition having existed before the effective date of the Policy.[2]  Accordingly, evidence of Mr. Jeffries' prior medical history is completely irrelevant.

## Conclusion

Defendant has demonstrated that it will stop at nothing to deny Mr. Jeffries coverage under the Policy.  That includes attempting to use evidence that is wholly irrelevant and entirely inconsistent with the testimony of defendant's own expert.  The Court should not allow the Defendant to confuse or mislead the jury with either irrelevant evidence or improper argument based on policy defenses that cannot apply.  Evidence of Mr. Jeffries' medical history pre-dating June 1997 does not have any tendency to make the existence of any defense to coverage more or less likely, and is, therefore, not relevant under FRE 401 and should be excluded under FRE 402 and 403.

In light of the testimony of Defendant's own expert and the clear provisions of the Policy, evidence of Mr. Jeffries' medical history pre-dating June 1997 is not relevant, and it's admission would serve only to confuse or mislead the jury.  Accordingly, Plaintiff respectfully moves that it be ruled inadmissible.

---

[2]    It should be noted that defendant obtained all of Mr. Jeffries' pre-Policy medical records prior to issuance of the Policy and, therefore, had the benefit of their contents at the time the Policy was issued.  If Mr. Jeffries was sick at the time the Policy was issued, and if the prior medical history defendant now seeks to introduce showed such sickness, defendant knew it at the time it issued the Policy and cannot now deny benefits through some effort to persuade the jury that his prior medical history shows evidence of illness/sickness.

Respectfully submitted,

OF COUNSEL

/s Michael A. Roberts
Michael A. Roberts, Esq.  (0047129)

GRAYDON HEAD & RITCHEY LLP          GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center             511 Walnut Street, Suite 1900
511 Walnut Street                   Cincinnati, Ohio 45202
Cincinnati, Ohio 45202              (513) 629-2799
(513) 621-6464                      (513) 651-3836 (fax)
                                    email:mroberts@graydon.com

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 5th day of April, 2004.

/s Michael A. Roberts

380979.1