IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF FILING OF PROPOSED JURY
INSTRUCTIONS FOR SUMMARY JURY TRIAL**

Pursuant to the Court's Order concerning the conduct of the Summary Jury Trial, attached are Plaintiff's Proposed Jury Instructions for use at the Summary Jury Trial. A copy and a Word Perfect Disk containing this information is contemporaneously being delivered to Magistrate Judge Hogan's Chambers.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL | /s Michael A. Roberts_____ |
|  | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 5th day of April, 2004.

/s Michael A. Roberts_____

380979.1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**
**(Breach Of Contract)**

Plaintiff Jeffries and Defendant CLIC entered into a contract to provide disability insurance coverage. Plaintiff left work due to a disability in September 1998. Defendant CLIC has paid Mr. Jeffries benefits through February 2002 and admits that Mr. Jeffries' "Total Disability" continued through at least August 2003. Mr. Jeffries contends that his condition has not improved since August 2003. Mr. Jeffries contends that CLIC has breached the contract causing him damages of $12,133 per month. Before you can find for Plaintiff Jeffries, you must find:

(A) That CLIC has not prevailed on its counterclaim, and

(B) By the greater weight of the evidence that Mr. Jeffries' condition has not improved since August 2003.

If you find each of the above, Plaintiff Jeffries has proven that Defendant CLIC breached its contract and you must further decide whether Defendant CLIC's breach caused Plaintiff Jeffries to suffer any damages and, if so, what amount.

*Ohio Jury Instructions, § 253.01 (2003).*

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. #2**
**(Unjust Enrichment)**

The defendant asserts a counterclaim for unjust enrichment. Unjust enrichment occurs when a party retains money or benefits which in justice and equity belong to another. The parties agree that defendant paid Mr. Jeffries 39 months of benefits beginning in December 1998. It is defendant's contention, however, that the Policy (specifically the "Mental Disorder Limitation," provision contained in the Policy Amendment) only requires that defendant pay 24 months of benefits to Mr. Jeffries because, according to defendant, Mr. Jeffries' Total Disability is caused by a mental disorder that did not predate April 1, 1996.

In order to prevail on its unjust enrichment claim, the defendant must establish by the greater weight of the evidence:

(1) That it conferred a benefit on Mr. Jeffries;

(2) Mr. Jeffries knew of the benefit; and

(3) Mr. Jeffries retained the benefit under circumstances where it would be unjust for him to retain that benefit without payment. Here that means that the defendant has

established by the greater weight of the evidence that Mr. Jeffries "Total Disability" is caused by a Mental Disorder, "Undifferentiated Somatoform Disorder," which did not predate April 1, 1996, and therefore his Policy benefits are limited to 24 months.

*Liberty Mut. Ins. Co. v. Indus. Comm.* (1988), 40 Ohio St.3d 109, 111, 532 N.E.2d 124;

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. #3
### (Agency)

A principal is bound by the actions taken on its behalf by an agent while acting within the scope of its authority. Plaintiff Jeffries seeks recovery from the Defendant for damages caused by the conduct of its agent Disability Management Services, Inc. ("DMS"). Defendant CLIC is liable for any damages caused by DMS.

*Ohio Jury Instructions, § 15.11 and § 302.07 (2003).*

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. #4
### (Contract Interpretation)

If the parties disagree as to the meaning of certain language in the insurance policy, you must decide from all of the facts and circumstances in evidence what the parties intended the disputed language to mean.

You must examine the insurance policy as a whole and presume that the intent of the parties is reflected in the language used in the policy. You must look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. If the language of the insurance policy is clear, you may look no further than the writing itself to find the intent of the parties.

Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they are to be construed strictly against the insurer and liberally in favor of the insured.

*Ohio Jury Instructions, § 253.07 (2003),* **Westfield Ins. Co. v. Galatis** *(2003) 100 Ohio St.3d 216, 797 N.E.2d 1256,* **King v. Nationwide Ins. Co.** *(1988), 35 Ohio St.3d 208, 519 N.E.2d 1380*

**PLAINTIFF'S PROPOSED INSTRUCTION NO. #5**
**(Bad Faith)**

In every insurance policy there is an implied duty of good faith and fair dealing on the part of both parties. This duty requires that neither party to the insurance contract do anything that would injure the right of the other party to receive the benefits of the agreement.

An insurance company that refuses, without reasonable justification, to compensate its insured for a loss covered by the policy breaches its duty of good faith and fair dealing. To prove Defendant CLIC's breach of its duty of good faith and fair dealing, plaintiff is not required to prove an evil motive or intent to harm Plaintiff Jeffries. Plaintiff Jeffries is required to prove only that Defendant CLIC failed, without reasonable justification, to pay Plaintiff Jeffries for a claim that was covered by the insurance policy.

*Zoppo et al. v. Homestead Insurance Company* (1994) 71 Ohio St. 3d 552, 644 NE 2d 397.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. #6**
**(Compensatory Damages)**

If you find that Defendant breached its duty of good faith and fair dealing by refusing, without reasonable justification, to pay Plaintiff Jeffries for a loss covered by the insurance policy, then Plaintiff Jeffries is entitled to recover an amount that will compensate him for all damages caused by that breach, including:

1. The total amount of benefits due under the insurance policy.

2. The amount that will compensate for Plaintiff Jeffries' emotional distress and injury.

3. The amount that will compensate for Plaintiff Jeffries' economic losses, including, for example, interest paid on money that Plaintiff Jeffries had to borrow because his policy benefits were withheld.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. #7**
**(Punitive Damages)**

If you find that the Defendants breached their duty of good faith and fair dealing by refusing pay Plaintiff Jeffries' claim and compensate him for his actual damage, you may also consider whether you will separately award punitive damages. If you do not find actual damage, you cannot consider punitive damages.

Punitive damages may be awarded against the defendant as a punishment to discourage others from committing similar wrongful acts. You are not required to award punitive damages to Plaintiff Jeffries, and you may not do so unless you find by the greater weight of the evidence that the Defendants acted with: (A) fraud or (B) actual malice. "Actual malice" is a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. "Substantial" means major, of real importance, of great significance, and not trifling or small.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor influenced by passion, sympathy, or prejudice. If you decide that the Defendants are liable for punitive damages, you must also decide whether or not they are liable for the attorney fees of counsel employed by Plaintiff Jeffries in the prosecution of this action. If you decide that the Defendants are liable for those attorney fees, the court will determine the amount.

*Ohio Jury Instructions*, § 23.70 (2003).

380926.1