UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC L. JEFFRIES,

            Plaintiff,

vs.

CENTRE LIFE INSURANCE COMPANY,
et al.,

            Defendants.

:
:
:
:
:
:
:
:
:
:
:

Case No. C-1-02-351

(Judge Beckwith)
(Magistrate Judge Hogan)

**DEFENDANT'S PROPOSED JURY
INSTRUCTIONS**

      The following proposed jury instructions are submitted on behalf of Defendant Centre

Life Insurance Company in accordance with the Court Order relating to the conduct of the

Summary Jury Trial. A Word Perfect disk will be delivered to Magistrate Judge Hogan's

chambers.

                             Respectfully submitted,

                           s/William R. Ellis
                           William R. Ellis (0012279)
                           Peter M. Burrell (0044139)
                           Amy Gasser Callow (0063470)
                           Wood & Lamping LLP
                           600 Vine Street, Suite 2500
                           Cincinnati, OH  45202-2491
                           (Telephone) (513) 852-6000
                           (Facsimile) (513) 852-6087

                           Attorneys for Defendants
                           Massachusetts Casualty Insurance Company
                           and Disability Management Services, Inc.

**PROPOSED JURY INSTRUCTION NO. 1**

**Total Disability**

You are to apply the words used in the contracts between the parties by giving the words their plain and ordinary meaning.  Where there is no ambiguity in a contract you may not interpret the contract in such a way to find an intent that is not expressed in the clear language employed by the parties.  The contract at issue in this case define total disability as follows; "Total Disability" and "totally disabled" means that due to Injury or Sickness, the insured, Mr. Jeffries:  (1) Is substantially unable to perform the material duties of his/her occupation; and (2) Is receiving care by a Physician which is appropriate for the condition causing the disability.  We will waive this requirement when continued care would be of no benefit to the insured.

Authority:  *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St. 2d 241, 374 N.E.2d 146 (1978) and Plaintiff's policies.

**PROPOSED JURY INSTRUCTION NO. 2**

Mr. Jeffries' policy contains a provision that provides benefits if an insured is totally

disabled because of a mental disorder or substance abuse problem.  Like all other provisions of

the policy, you must apply the plain and ordinary meaning of the terms used.  This provision

states that:

"If a Total Disability or other covered loss is due to a Mental Disorder and/or
Substance Use Disorder, the number of months for which any benefits for Total
Disability shall be payable under the Policy during the lifetime of the Insured shall not
exceed in the aggregate a total of 24 months."

"Mental Disorder and/or Substance Use Disorder means a manifestation of any disorder

classified in the then current issue of the Diagnostic and Statistical Manual of Mental Disorders

(DSM) published by the American Psychiatric Association (APA).  Such disorders include, but

are not limited to, personality, psychotic, emotional or behavioral disorders, or disorders

relatable to substance abuse or dependency.  If such manual is discontinued, we will use the

replacement chosen by APA."  In this case Centre Life contends that Plaintiff Jeffries suffers

from a Somatoform disorder, Obsessive Personality Disorder and Cognitive Disorder all of

which are DSM diagnoses.

Authority:  *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St. 2d 241, 374 N.E.2d 146 (1978) and
Plaintiff's policies.

**PROPOSED JURY INSTRUCTION NO. 3**

**Duty of Parties to a Contract of Insurance**

As the policyholder, Mr. Jeffries is duty bound to cooperate with his insurance company, Centre Life, in processing his disability claim. "This cooperation includes … submitting all required forms and other documentation …." Failure of the policyholder to provide reasonably necessary information is a breach of the policyholder's obligations under the insurance contract and relieves the insurance company of the obligation to pay benefits.  Under the terms of Mr. Jeffries' policy, Centre Life has the right to have an examination of Mr. Jeffries at its own expense, by an examiner of its choice, as often as is reasonable while a claim is pending.

Mr. Jeffries also has an obligation under the terms of his policy to complete the claims forms sent to him, to return the claims forms to Centre Life within the time period established in the policy and to provide Centre Life with the information it needs to determine if a benefit is payable and how much the benefit should be.  He also has an obligation to provide truthful and complete information.  Finally, Plaintiff Jeffries has a duty of good faith and fair dealing with Centre Life.

*Luntz v. Stern*, 135 Ohio St. 225, 232 (1939); *Moore v. State Farm Fire & Cas. Co.*, 1985 WL 62876 (Ohio App. 2 Dist.); *Gabor v. State Farm Mut. Auto. Ins. Co.*, 66 Ohio App.3d 141, 144 (1990); *Ward v. Custom Glass & Frame, Inc.*, 105 Ohio App.3d 131, 134 (1995); and Mr. Jeffries' Policy with Centre Life.

**PROPOSED JURY INSTRUCTION NO. 4**

**Duty of Good Faith**

An insurer has a right to legitimately question a claim without exposing itself to damages for bad faith. For bad faith to exist, you must find that Centre Life's decision to deny benefits was made without reasonable justification. Under Ohio law, an insurer has a duty to act in good faith in the processing and payment of claims of its insured. A breach of that duty will give rise to a cause of action in tort against the insurer. To prevail on his bad faith claim, Mr. Jeffries must show that Centre Life lacked "reasonable justification" for the denial of benefits. Under this "reasonable justification" standard, "an insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." In other words, Mr. Jeffries must show that Centre Life had no reasonable justification whatsoever for denying his claim.

As a result, even if you find that Centre Life breached its contract with Plaintiff by not paying him benefits, this is not, in and of itself, bad faith, regardless of motive. In other words, the liability of an insurer does not arise from the omission to perform a contractual obligation, but rather from a breach of a positive legal duty imposed by the law due to the relationship between the parties. As such, even if you find that Plaintiff established that he was entitled to benefits and that Centre Life should have paid him benefits, there cannot be a finding of bad faith on the part of Centre Life if its position was reasonably justified. In order to find that Centre Life acted in bad faith with regard to Plaintiff's claim, you must find that Centre Life did more than erroneously fail to pay benefits due to Plaintiff under the contract.

Authority:  *Hoskins v. Aetna Ins. Co.,* 6 Ohio St.3d 272, 452 N.E.2d 1315 (1983); *Staffbuilders, Inc. v. Armstrong*, 37 Ohio St.3d 298, 515 N.E.2d 783 (1988); *Zoppo v. Homestead Ins. Co.,* 71 Ohio St.3d 552, 644 N.E.2d 397 (1994); *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E.2d 145 (1922).

**PROPOSED JURY INSTRUCTION NO. 5**

It is not bad faith for an insurance company to rely upon the opinion of an independent examining physician or an in-house medical consultant, even where such opinion may be contrary to those of the insured's treating physician.

Authority:  *Sculimbrene v. Paul Revere Life Ins. Co.,* 925 F. Supp. 505 (E.D. Ky. 1996); *Seidman v. Minnesota Life Ins. Co.,* 40 F. Supp. 2d 590 (E.D. Pa. 1997); *Cantor v. The Equitable Life Assurance Society of the U.S.,* 1999 U.S. Dist. LEXIS 4805 (E.D. Pa. April 13, 1999); *Guarino v. Metropolitan Life Ins. Co.* 915 F. Supp. 435 (D. Mass. 1995); *Green v. Metropolitan Life Ins. Co.*, 924 F. Suppl. 351 (D. Ri. 1996).0

## PROPOSED JURY INSTRUCTION NO. 6

## Negligence Not Sufficient

Mere negligence is not sufficient for a finding of bad faith. Centre Life cannot be held liable in tort for negligence on its part in failing or refusing to settle or compromise a claim, even if you find such failure to be erroneous.

Authority: *Hart v. Republic Mut. Ins. Co.,* 152 Ohio St. 183, 87 N.E.2d 347 (1949); *Hoskins v. Aetna Ins. Co.*, 6 Ohio St.3d 272, 452 N.E.2d 1315 91983).

**PROPOSED JURY INSTRUCTION NO. 7**

**Burden of Proof**

The party who claims that certain facts exist has the duty to prove each fact by a preponderance of the evidence.  This duty is known as the burden of proof.

The burden of proof is on the Plaintiff to establish the facts necessary for his claims by a preponderance of the evidence.

Preponderance of the evidence is the greater weight of the evidence, that is, evidence that you believe because it outweighs or overbalances the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or more likely to be true.  It is the quality of the evidence that must be weighed.  Quality may or may not be identical with quantity or the greater number of witnesses.

If the weight of the evidence is equally balanced or if you are unable to conclude that one side or the other has proved a fact to be more probable, the party who has the burden of proof has not established such issue by a preponderance of the evidence.  If an issue may reasonably be determined in two or more ways and you cannot decide which is more probably true, you cannot resort to speculation or guesswork.

If the proof offered by the party establishes all the essential facts of the claim by a preponderance of the evidence, the party has met the burden and you should find in favor of that party.  Later in these instruction, I will explain the various claims of the parties and outline the essential elements and factual issues concerning them.


Authority:  Ohio Jury Instructions (hereinafter "OJI") §§ 3.10, 3.50.

**PROPOSED JURY INSTRUCTION NO. 8**

**Preponderance of the Evidence**

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:  OJI §§ 3.10, 3.50

**PROPOSED JURY INSTRUCTION NO. 9**

**Consideration of the Evidence; Duty to Follow Instructions; Corporate Party Involved**

In deciding this case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all the persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible for any of the acts of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted into the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

**PROPOSED JURY INSTRUCTION NO. 10**

**Evidence and Inferences**

1.     DEFINITION.  Evidence is all the testimony received from the witnesses and the exhibits admitted during the trial.

2.     Evidence may be direct or circumstantial, or both.

3.     DIRECT EVIDENCE.  Direct evidence is the testimony given by a witness who has seen or heard the facts to which he testifies.  It includes exhibits admitted into evidence during the trial.

4.     CIRCUMSTANTIAL EVIDENCE.  Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of mankind.

5.     INFERENCE.  To infer, or to make an inference is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence.  Whether an inference is made rests entirely with you.

Ohio Jury Instructions 5.10

**PROPOSED JURY INSTRUCTION NO. 11**

**Credibility**

1.      You are the judges of the facts, the believability of the witnesses, and the weight of the evidence.

2.      To weigh the evidence, you must consider the believability of the witnesses.  You will use the test of truthfulness which you use in your daily lives.

3.      TESTS.  These tests include the appearance of each witness upon the stand; his manner of testifying; the reasonableness of the testimony; the opportunity he/she had to see, hear and know the things concerning which he has testified; his/her accuracy of memory; frankness or lack of it; intelligence, interest and bias, if any; together with all of the facts and circumstances surrounding the testimony.  Use these tests and assign to each witness' testimony such weight as you think proper.

4.      ALL OR PART.  You are not required to believe the testimony of any witness simply because he or she was under oath.  You may believe or disbelieve all or any part of the testimony of any witness.  It is your duty to determine what testimony to believe and what testimony not to believe.

Ohio Jury Instructions 5.30 (modified)

## PROPOSED JURY INSTRUCTION NO. 12

### Punishable Conduct

**1.    General.**

If you find that defendant breached its duty of good faith and fair dealing toward the plaintiff and that plaintiff suffered actual injury, harm, or damage as a result, you may also consider whether you will separately award punitive damages.  The purposes of punitive damages are to punish the offending party and to discourage others from similar conduct.

You are not required to award punitive damages to the Plaintiff and you may not do so unless you find the clear and convincing evidence that, in breaching their duty of good faith and fair dealing, that:

A.    The defendant's acts or failures to act demonstrated malice, aggravated or egregious fraud, oppression or insult.

AND

B.    the Plaintiff presented proof of actual damages that resulted from those acts of the Defendant.

**2.    Malice.**

"Malice" includes that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge.

**3.    Oppression.**

Oppression is an act or series of acts that wrongfully subjects the victim or victims to harm or hardship by the unjust or cruel use of force or authority.

**4.    Insult.**

Insult means an act or a remark that is consciously, deliberately or intentionally scornful or humiliating.

**5.      Amount.**

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances and should not be excessive, nor influenced by passion, sympathy or prejudice.

**6.      Clear and Convincing.**

To be "clear and convincing," the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction that Centre Life's actions or failure to act demonstrated malice, aggravated or egregious fraud, oppression or insult.

**7.      Attorney's Fees.**

If you decide that the Defendant is liable for punitive damages, you may also consider whether or not Defendant is liable for the attorney's fees of counsel employed by the Plaintiff in the prosecution of this action.

Ohio Jury Instructions 23.71 (modified), 3.75
*Staff Builders v. Armstrong,* 1988 37 Ohio St.3d 298, 304, 525 N.E.2d 783.
*Shimola v. Nationwide Insurance Co.* 91986) 25 Ohio St.3d 84, 86, 495 N.E.2d 391.

**PROPOSED JURY INSTRUCTION NO. 13**

**Distinction Between Bad Faith and Punitive Damages**

The conduct required to find a defendant liable for punitive damages is of a different dimension than that required to find the defendant liable for breaching the duty of good faith and fair dealing. A breach of the duty of good faith and fair dealing alone without malice, (the state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge), is not sufficient to find a defendant liable for punitive damages. Rather, punitive damages should be awarded only if the defendant's conduct was so reprehensible as to warrant the imposition of sanctions beyond compensatory damages for purposes of punishment or deterrence.

Ohio Jury Instructions 23.21
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1521 (2003).
-

## **PROPOSED JURY INSTRUCTION NO. 14**

### **Punitive Damages are Disfavored**

Punitive damages are not favored in the law because they lead to excessive compensation for a plaintiff's injuries. They are not to be awarded in the ordinary case, but are instead reserved for the extraordinary case in which the defendant's conduct is so despicable that punishment is warranted above and beyond the awarding of damages standing alone is insufficient to deter the defendant from committing similar acts of misconduct in the future.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1521 (2003).

**PROPOSED JURY INSTRUCTION NO. 15**

**Defendant's Residence and Corporate Status**

In considering what amount, if any, to award as punitive damages, you should not be influenced by the location of the defendant's principal places of business, or by the location where determinations about plaintiff's claim were made, or by any facts relating to the defendant's corporate status. All who come before the court are entitled to impartial consideration without regard to residence or corporate status.

*TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 464 (1993) (plurality opinion).
*New York Cent. R. Co. v. Johnson*, 279 U.S. 310, 319 (1929).
*Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 275-278 (5th Cir. 1998).
*Reetz v. Kinsman Marine Transit Co.*, 330 N. W.2d 638, 646 (Mich. 1982).
*Gordon v. Nall*, 379 So. 2d 585, 587 (Ala. 1980).
*Shell Oil Co. v. Pou*, 204 So. 2d 155, 157 (Miss. 1967).

**PROPOSED JURY INSTRUCTION NO. 16**

**Reprehensibility of Defendant's Conduct**

The amount of punitive damages, if any, must be proportionate to the wrongfulness of defendant's conduct. In determining the degree of reprehensibility of a defendant's conduct, you should consider whether (i) the harm caused to the plaintiff was physical as opposed to economic; (ii) the conduct evidenced an indifference to or reckless disregard of the health or safety of others; (iii) the plaintiff was financially vulnerable; (iv) defendant's conduct invovled repeated actions or instead was an isolated incident; and (v) whether the harm to the plaintiff resulted from intentional malice, trickery, or deceit. Even if you find some of the factors weighing in favor of a finding of reprehensibility to be present in this case, that does not mean that a large (or indeed any) punitive damages award necessarily is warranted. If, however, you do not find any of these factors showing reprehensibility to be present, punitive damages are most likely not justified and you should decline to award them.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1521 (2003).
*BMW of N. Am. Inc. v. Gore*, 517 U.S. 559, 568, 584-585 (1996).

## PROPOSED JURY INSTRUCTION NO. 17

## Wealth is not a Valid Basis for Imposing Substantial Punitive Damages

A wealthy defendant may not be punished more severely than a less wealthy one.  The fact that a defendant is wealthy is not a valid basis for imposing a large punitive damages award. No matter what the wealth of the defendant may be, you may not impose substantial punitive damages if you conclude that the defendant's conduct is not especially reprehensible or that the compensatory damages are sufficient to satisfy the goals of deterrence and punishment.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1525 (2003).

**PROPOSED JURY INSTRUCTION NO. 18**

**Prohibition on Awarding Percentage of Defendant's Wealth as Punitive Damages**

      The amount of punitive damages, if any, must be based solely on the defendant's wrongful conduct toward the plaintiff and may not be based on a percentage of the wealth, net worth, revenues, reserves, profits, or dividends of the defendant.

*Bmw of N. Am. Inc. v. Gore*, 517 U.S. 559, 580 (1996).
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1525 (2003).

**PROPOSED JURY INSTRUCTION NO. 19**

**Sympathy, Bias, or Prejudice**

The decisions whether and in what amount to award punitive damages must be made with calm discretion and sound reason. Punitive damages must never be awarded because of any sympathy, or bias, or with passion or prejudice for or against any party in the case.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1521 (2003).

Respectfully submitted,


s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 5th day of April 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/William R. Ellis
William R. Ellis, Esq.

203540.2