IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

**PLAINTIFF'S APRIL 6, 2004, MOTION TO COMPEL**

After 2 years of effort and multiple orders of the Court, the defendant finally produced some of its financial information. The production, however, was not at all complete and in some places, it appears that defendant intentionally withheld material information. Plaintiff has attempted to resolve this matter extrajudicially, but failed. Because the Protective Order prohibits the attachment of unsealed documents to this motion and given the fast-approaching trial, plaintiff requests a hearing at the earliest possible time to address these issues with the Court. A memorandum in support is attached as is a copy of the letter sent to defendant's counsel attempting to resolve these concerns.

Respectfully submitted,

OF COUNSEL

/s Michael A. Roberts
Michael A. Roberts, Esq. (0047129)

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)

email:mroberts@graydon.com

**Memorandum In Support**

The Administrative Services Agreement between defendant and Disability Management Services, Inc. ("DMS") obligates DMS to provide defendant with numerous financial reports of varying character on a regular basis. DMS' in-house counsel testified that numerous reports are supplied. Defendant's president confirmed that testimony. Notwithstanding the Court's order to produce this information, defendant provided only scant data of DMS' financials for the fiscal years 1999 – 2003. Only 3 brief summary pages of financial data for each year were provided, except for 2001 where its income statement data was omitted. DMS' complete audited financial reports (including footnotes) are necessary to properly evaluate its financial dealings and to ensure that the information being provided is legitimate. Audits for Centre Life are also needed.

Defendant also supplied very little financial information concerning the defendant, Centre Life Insurance Company. It provided *portions of* "Boiler Plate" annual statements (1999 – 2003) as required to be provided to various state insurance departments. Moreover, defendant selectively removed 5 very important pages from the Annual Statement for the Year 2003. The pages that were removed (19.1, 19.2, 19.3, 19.4, 19.5) contain the only reference to the relationship between Centre and DMS, and they are critical to gaining an understanding of the financial information and relationship between DMS and Centre. Plaintiff surmises that Defendant obviously did not want to disclose the information contained in financial note #19 on page 19.3 that discusses and quantifies the relationship between Centre and DMS. It states: "19. Direct Premium Written/Produced by Managing General Agents/Third Party Administrators: Disability Management Services, Inc. ("DMS"), a Massachusetts corporation, is a third party

administrator for the Company. In accordance with the terms of the agreement between the parties, DMS has been granted authority for renewing premiums and claims settlements on behalf of the company with respect to individual disability insurance. As of the statement date, year to date premiums for this business were $49,364,398.

Plaintiff knows that this information was omitted because plaintiff's counsel has secured the complete document from a third party. While that information is in plaintiff's counsel's possession – the question rises: **What else has Centre failed to produce??**

Defendant also only provided Plaintiff with very superficial data of the budgeted and historical operating expenses (rent expense, utilities, postage expense, office supplies, depreciation, repairs and maintenance, parking, travel, etc.). It appears that defendant has willfully withheld all other financial reports. The Administrative Services Agreement between Centre and DMS requires that DMS prepare a significant number of financial reports on a regular basis (and in their depositions, Mr. Cohen and Ms. Sweeney each gave detailed descriptions of the reports supplied). The Agreement lists the reporting requirements starting on page 6 ("Consistent with Applicable Law and generally accepted accounting principals"), section 3, items 12, 13i through 13xv (16 reports). Additional reports are identified in Schedule B and C of the Agreement. <u>None of these reports were provided.</u>

Defendant has also still not produced documents referenced referenced in the personnel files which discuss "DMS' business performance goals set for the MCIC (aka Centre Life) block of business." (*DMS 047-053*).

## Conclusion

Defendant's discovery conduct in this case has been extraordinary. Defendant's intentional withholding of the financial information is clear. A substantial sanction, and the ultimate sanction of default judgment is appropriate.

                                                                              Respectfully submitted,

| OF COUNSEL | /s Michael A. Roberts |
|---|---|
|  | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 6th day of April, 2004.

                                                                              /s Michael A. Roberts