IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., | ) : | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE: MEDICAL HISTORY

Once again the Plaintiff's counsel assigns an argument or position to the defense which has no basis other than in the mind of Plaintiff's counsel. Neither Centre Life nor its counsel has at any time made the argument that Mr. Jeffries should be denied benefits due to the preexisting nature of his ailment. And, counsel once again mistakenly assigns stipulations and testimony to Defendant and Dr. Hartings. The purpose, in this instance, is to attempt to limit Centre Life's evidence to Plaintiff's theory of a physical ailment caused by a Hepatitis B shot by removing from consideration the fact that Plaintiff had experienced many of the same symptoms, without any physical findings, as far back as 1993-95.

As demonstrated herein, the evidence Plaintiff seeks to exclude is relevant in a number of ways to the issues in this case. Centre Life has never argued, nor does it intend to argue, that Plaintiff's alleged disability is a pre-existing condition. Plaintiff's medical history is relevant for the fact that the symptoms which he complains of affected him both before and after his Hepatitis B inoculation. This is significant first because they cannot be legitimately attributed to

the inoculation and second because the physical symptoms did not result in a disabling condition before or after administration of the vaccine.

First, the fact that Plaintiff had the same or similar complaints prior to the Hepatitis B vaccination clearly affects the validity of the opinions of the doctors who rely on Mr. Jeffries' inaccurate history that his symptoms only began after the shot. Plaintiff's argument supposes that if his symptoms began after the shot then his symptoms were caused by the shot. Although more important to Plaintiff's case against the Vaccine Fund, Plaintiff uses the Hepatitis shot in this case as a boot strap to assign a physical basis to his complaints by assigning a physical cause. The absence of the physical cause assists the jury in concluding the psychogenic nature of the illness.

Second, the fact that Mr. Jeffries attempted to conceal his prior history in his application coupled with his attempt to do the same when he changed his health insurance in 1997, is clearly relevant to the Plaintiff's credibility as a witness. The Court must remain mindful of the fact that Plaintiff's diagnosis relies heavily, if not entirely, on his own history and thus his own credibility.

Third, the existence of his symptoms without consistent objective evidence of illness over a course of time lends credence to the Defendant's belief that he is and has suffered from a mental illness that is not necessarily disabling. Plaintiff worked in his occupation with these symptoms for over three (3) years, was successful both financially and professionally and received both recognition and promotion.

For purposes of the motion practice, the defense conceded the disabling nature of Mr. Jeffries' mental condition and did not and does not seek to recover the first two (2) years of benefits. This remains the case even though Plaintiff at no time sought appropriate care for his

mental illness and even refused the care offered by Dr. Hawkins.  However, Defendant does not and will not concede continuing disability from any cause.  Centre Life will also establish that Plaintiff has failed to submit sufficient proof of any physical disability.  Such proof will rely heavily on the Plaintiff's credibility or lack thereof.

Plaintiff's attempt to limit the evidence of the Defendant which he knows to be relevant to his contentions and his credibility should be denied.  Plaintiff may not be permitted to continue to filter the medical information considered in this case.  Centre Life has never made the argument he seeks to preclude.  Plaintiff's medical history is relevant to his current condition, to consideration of the facts relied on by his consulting physicians and as evidence of his credibility or lack thereof.  Centre Life respectfully requests that Plaintiff's Motion in Limine be denied.

Respectfully submitted,

s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 7th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/William R. Ellis
William R. Ellis, Esq.

204053.1