IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., et. al., | ) : | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF OBJECTION
TO MAGISTRATE DECISION CONCERNING TRIAL TESTIMONY**

In his Order of March 23, 2004, the Magistrate Judge permitted the late-noticed (and never identified) trial depositions of James Garb and Robert Reed to be taken. However, it is not within the jurisdiction of the Magistrate Judge to make decisions about the admissabililty or inadmissibility of trial testimony. For that reason, the Magistrate's decision is void and the issue must be reviewed by the District Court *de novo*.

James Garb's Robert Reed's testimony should not be allowed at trial for the procedural reasons identified in documents *170, 179, and 198*. Specifically, defendant failed to identify either of them as a witnesses in its Original, Supplemental, and Second Supplemental Discovery Responses. (*See*, Doc. 198, Exhibits 1, 2, and 3). Defendant also did not identify them as persons who would offer testimony that Mr. Jeffries is not disabled or not entitled to benefits.

Finally, according to both Dr. Garb and his point person at defendant, the only information he ever gave to defendant is contained within the four corners of his Report. (*Doc. 198, Exhs. 4 and 5*). For that reason, defendant can offer no additional information or testimony

from Dr. Garb in an effort to defend the bad faith claim or prosecute its counterclaim. The only information it had from Dr. Garb when it denied Mr. Jeffries' claim and stated that he has a mental disorder is the information in his report. Plaintiff stipulates to the Report's authenticity. Accordingly, everything that Dr. Garb communicated to defendant prior to this Court's summary judgment decision is in the record.

At Dr. Garb's deposition (as expected), defendant's counsel asked Dr. Garb to opine on many other matters not discussed in his report. This is a patent back-door effort by defendant to circumvent this Court' order precluding the late addition of unidentified expert opinions.

During the course of a brief discovery deposition which immediately preceded Dr. Garb's March 24, 2004, trial deposition, it was learned that Dr. Garb sent his report to defendant on July 7, 2000, and had no further communication with defendant about Mr. Jeffries until March 2004. *Id.*

> Q: *Prior to March 1, 2004, going in reverse chronological order what was your last communication with anyone regarding Mr. Jeffries?*
> A: *The last would have been when I submitted this report in July 2000.*
> Q: *Was there any follow-up, other than paying your invoice, with you about Mr. Jeffries' report?*
> A: *Not that I recall. (Doc. 198, Exh. 4, p. 12, lines 13-21).*

Dr. Garb's point of contact at defendant, Nurse Palmer, confirmed that defendant engaged in no explanatory discussion with Dr. Garb about his report any time after its receipt. (*Id., Exh. 5, p. 36*):

> Q: *What did [Dr. Garb] tell you?*
> A: *He told me what is documented in the report?*
> Q: *Is there anything he told you that is not documented in the report?*
> A: *No.*

2

Accordingly, every piece of knowledge that Dr. Garb imparted on defendant is contained within the four corners of his report. And there is no proper relevant purpose gained by having him expand on the report for the jury.

Dr. Reed has not been identified as a witness on whom or on who's records defendant will make its case or defense until two weeks ago. It would be extraordinarily prejudicial to plaintiff to allow this late-identified, irrelevant physician to testify at trial on any matter outside the 4 corners of his report. There has been no disclosure of his use, no opportunity for discovery, the jury may conclude he is an expert which he cannot be in this case, and there has been no suggestion by defendant at any time of what information Dr. Reed possesses outside of the 4 corners of his report. Plaintiff stipulates to the authenticity and admissibility of Dr. Reed's Report and defendant will not be prejudiced by its experts' use of the report.

Any medical question asked of Dr. Reed which goes beyond the four corners of his written report and notes contained in the Claims file is an overt effort to knowingly elicit improper expert testimony (for which there has never been any disclosure despite the Court's clear directives regarding expert identification and expert reports).

    Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts_____
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

**CERTIFICATE OF SERVICE**

    The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 10th day of April, 2004.

                                    /s Michael A. Roberts