IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | PLAINTIFF'S SECOND, |
| | : | <u>OMNIBUS MOTION IN LIMINE</u> |
| Defendant. | ) | |

The plaintiff has earlier filed a Motion In Limine directed at defendant's anticipated introduction at trial of irrelevant information regarding Mr. Jeffries' medical history predating the event which experts on both sides agree caused his undisputed disability: the June 1997 hepatitis vaccine. In addition, the plaintiff hereby moves for an order precluding defendant from introducing evidence or arguing: (i) that plaintiff does not have a cognitive deficit; (ii) that plaintiff is "obsessive;" and (iii) that Chronic Fatigue Syndrome may be a mental disorder. These areas of inquiry are not relevant to the issues in dispute and any such evidence should be excluded under Fed R. Evid. 401, 402, and 403. A memorandum in support is attached.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts_____
Michael A. Roberts, Esq. (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:mroberts@graydon.com

1

**MEMORANDUM IN SUPPORT**

I. **Background.**

In April 1996, Defendant issued a Disability Income Policy to Mr. Jeffries. In September 1998, Mr. Jeffries was no longer able to perform the material and substantial duties of his occupation and, from that point through today, he has suffered a "loss" as contemplated by the Policy.

Although defendant now concedes that Mr. Jeffries is "Totally Disabled" due to *inter alia* **undisputed** cognitive deficits exhibited through neuropsychological testing in 2000, 20001, 2002, and 2003, defendant is seeking to exclude coverage beyond 24 months on the theory that plaintiff's disability is caused by a DSM-IV diagnosis of "undifferentiated somatoform disorder" which was triggered by Mr. Jeffries' receipt of a hepatitis B vaccine in June 1997. Defendant's expert, Michael Hartings, Ph.D., had originally diagnosed Mr. Jeffries with Obsessive Compulsive Personality Disorder ("OCPD") but testified under oath at the *Daubert* hearing of February 19, 2004, that Mr. Jeffries does not have OCPD as classified in the DSM-IV, a Policy requirement for the Mental Disorder exclusion.

Plaintiff anticipates that at trial the defendant will seek to introduce evidence or argument *contradicting* the opinion of defendant's own expert regarding: (i) the existence or absence of a cognitive deficit in Mr. Jeffries; (ii) plaintiff's alleged "obsessive" traits; and (iii) whether Chronic Fatigue Syndrome is a medical illness or mental disorder.[1] Any such evidence should be excluded under Fed R. Evid. 401, 402, and 403.

---

[1] With every witness that defendant's counsel has interrogated and examined, he has spent extraordinary time and effort to argue that Mr. Jeffries: (i) has no cognitive problem; (ii) is "obsessive;" and (iii) that CFS may be a mental disorder. And counsel will pursue the same strategy at trial.

II.     **Relevancy and Its Limits.**

Under Rule 402 of the Federal Rules of Evidence, evidence which is not relevant is not admissible. "Relevant evidence" is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." FRE 401. The proposition that the evidence is offered to prove must be "material" or the evidence cannot be admitted. U.S. v. Fountain, 2 F.3d 656, 667 n 6. (6th Cir. 1993). Even if certain evidence is determined to be relevant under FRE 401, it may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury or unfair prejudice. FRE 403.

III.    **These Arguments/Evidence Are Not Relevant and Should Be Excluded To Avoid Confusion Of The Jury.**

A.      **The Existence Of Cognitive Deficits.**

Defendant's expert, Michael F. Hartings, Ph.D., testified that Mr. Jeffries' receipt of the Hepatitis B vaccination in June 1997 **caused** disabling cognitive deficits in Mr. Jeffries. (*See, Doc. 167, p. 51, line 15, Daubert Testimony February 19, 2004*). Dr. Hartings tested Mr. Jeffries in 2002 and 2003. His cognitive deficit findings are consistent with testing performed by plaintiff's neuropsychologists in 2000 and 2001. As such, there is no dispute between the parties that Mr. Jeffries has disabling cognitive decline. Nonetheless, in an effort to confuse witnesses and ultimately the Jury, defendant's counsel in argument and in witness examinations repeatedly challenges his own expert's conclusions by suggesting and arguing, that Mr. Jeffries in fact does not have any disabling cognitive decline. This argument is not only inconsistent with defendant's expert's opinion but is unsupported by any cognitive testing and will only confuse

3

the jury. Because the existence of disabling cognitive decline is undisputed, defendant's counsel should be precluded from suggesting or arguing otherwise. His own personal theories are unsupported and not relevant to the issues before the Court and should not be admitted. FRE 402. Allowing defendant's counsel to proffer such argument in the face of its own expert's testimony to the contrary would, at best, be confusing to the jury. FRE 403.

B.  **Plaintiff's Alleged Obsessiveness**

In his original report, defendant's expert opined that Mr. Jeffries' cognitive deficit was the result of what he diagnosed as OCPD. Defendant's expert and the defense now concede that Mr. Jeffries does not have OCPD or any other "obsessive" disorder classified in the DSM-IV. (*See*, Doc. 167, *Daubert Testimony February 19, 2004*). Accordingly, given the unambiguous language of the Mental Disorder Exclusion, defendant is precluded from arguing or suggesting to the witnesses or jury that some "obsessive" trait (not a DSM-IV diagnosis) causes Mr. Jeffries disability.

The alleged existence of "obsessive" traits in Mr. Jeffries does not affect his entitlement to benefits under the Policy. Nonetheless, with each witness it examines and with each argument it makes, the defendant spends extraordinary effort and time suggesting that Mr. Jeffries is "obsessive." Allowing the defendant to argue, suggest, or offer evidence that Mr. Jeffries has some (mental-based) "obsessive" traits is equivalent to allowing defendant to argue a defense it has abandoned. The existence of "obsessive" traits is not relevant to the issues in dispute now that the defendant has abandoned the OCPD diagnosis. Moreover, "obsessiveness" is a personality trait that is not generated in adulthood and it must have predated the execution of the Policy in 1996. For that reason, its affect on Mr. Jeffries is

4

rendered irrelevant by the "Pre-existing Condition Limitation" of the Policy. (*Policy, p. 7, Part 13*).

      C.      **Whether Chronic Fatigue Syndrome is a Medical Illness or Mental Disorder Is Irrelevant.**

With each witness it examines and with each argument it makes, the defendant spends extraordinary effort and time suggesting that no one knows whether CFS is a mental illness or medical illness. While plaintiff believes the issue is settled: CFS is a medical illness, the question is not relevant. The Policy's Mental Disorder Exclusion is triggered only if a policyholder suffers from a Mental Disorder classified in the DSM-IV. There is no dispute that CFS is not in the DSM-IV. For that reason, whether CFS is a mental disorder or medical illness is irrelevant: Mr. Jeffries is entitled to benefits either way.

## Conclusion

Defendant has demonstrated that it will stop at nothing to deny Mr. Jeffries coverage under the Policy. That includes arguing theories which have been abandoned and/or are inconsistent with the opinions of defendant's own expert. The Court should not allow the Defendant to confuse or mislead the jury with either irrelevant evidence or improper argument based on policy defenses that cannot apply. The above items are not relevant under FRE 401 and should be excluded under FRE 402 and 403.

                                                                                                    Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts_____ |
| | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |

5

| | |
|---|---|
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 5th day of April, 2004.

/s Michael A. Roberts

381917.1

6