IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH |
| | | Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., | ) : | |
| Defendant. | ) | |

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE: MEDICAL HISTORY

Based upon the clear language of the Pre-existing Condition Limitation of the Policy[1], Defendant now concedes that Mr. Jeffries' disability cannot be excluded as a "pre-existing condition." *(Defendant's Response, p. 1).* Yet Defendant contends that Mr. Jeffries' medical records pre-dating June 1997 are relevant to show that "Plaintiff had experienced many of the same symptoms, without any physical findings, as far back as 1993-95." *(Defendant's Response, p. 1).* These positions cannot be reconciled with each other, with the terms of the Policy, or with defendant's expert's testimony that the disability was caused by the vaccine.

A.  The Policy Prohibits Defendant's Proposed Use of Prior Medical History.

Part 17 of the Policy specifically prohibits Defendant from denying or reducing any claim for disability that started more than two years from issuance of the Policy "on the ground that a sickness . . . had existed before the effective date of this Policy." *Exh. 1 to Motion in Limine, p. 9, Part 17(2)(B)).* This is precisely what Defendant seeks to do at trial, just as it did during the

---

[1]  *Exh. 1 to Motion in Limine, p. 7, Part 13.*

1

Summary Jury Trial. At the Summary Jury Trial the defendant spent a substantial portion of its argument (with its prepared powerpoint presentation) focusing the jury's attention on Mr. Jeffries' Medical history prior to April 1996, the effective date of the Policy and June 1997, the date of the event which both sides argue caused his disability).

Defendant cannot and does not dispute that Mr. Jeffries' loss occurred more than two years after issuance of the Policy on April 1, 1996, and yet Defendant seeks to offer evidence that Mr. Jeffries experienced symptoms "as far back as 1993-95." Part 17 of the Policy specifically prohibits Defendant from using such pre-existing symptoms to deny or reduce his claim, and the Court should rule such evidence inadmissible.

B.     <u>Defendant's Asserted Bases for Relevancy Defy Reason and the Policy Terms.</u>

Despite the contractual prohibition against reducing or denying the claim based on a sickness that pre-existed the effective date of the Policy, Defendant persists in its effort to rely on Mr. Jeffries' prior medical history, fashioning three equally unavailing arguments for relevancy that defy reason and ignore the clear terms of the Policy.

First, Defendant argues that Mr. Jeffries' prior medical history "affects the validity of the opinions of the doctors" as to whether his symptoms were "caused by the shot." (*Defendant's Response, p. 2*). This argument presupposes that Mr. Jeffries must prove a causal relationship between his disability and the Hepatitis B vaccination. He does not. Under the Policy, only the fact of Mr. Jeffries' disability must be established, and Defendant has already acknowledged that fact. It matters not what caused the disability, and Defendant's attempt to establish the absence of any relationship between the "shot" and the disability is intended only to confuse the jury into believing that Mr. Jeffries has such a burden, when he clearly does not.

2

Second, Defendant argues that Mr. Jeffries "attempted to conceal his prior history in his application," and thus that evidence of his prior medical history is relevant to his "credibility as a witness." *(Defendant's Response, p. 2).* There is no evidence whatsoever that Mr. Jeffries attempted to conceal his prior medical history. Indeed, Defendant obtained **all** of Mr. Jeffries' pre-Policy medical records **prior** to issuance of the Policy and, therefore, had the benefit of their contents at the time the Policy was issued. If Mr. Jeffries was sick at the time the Policy was issued, and if the prior medical history Defendant now seeks to introduce showed such sickness, Defendant knew it at the time it issued the Policy and cannot now deny benefits by arguing that the prior medical history showed evidence of sickness that Mr. Jeffries did not disclose.

Finally, Defendant argues that the existence of symptoms prior to June 1997 without diagnosis "lends credence to the Defendant's belief" that Mr. Jeffries is actually suffering from a "mental illness that is not necessarily disabling." *(Defendant's Response, p. 2).* This argument is particularly disingenuous. It is defendant's affirmative admission that Mr. Jeffries indeed is disabled. And its expert who finds Mr. Jeffries disabled testified under oath that the vaccine caused the disability. Defendant's belief which appears inconsistent with its expert's testimony does not make irrelevant information relevant.

There is no evidence or opinion offered in the case tying Mr. Jeffries' prior medical history to the likelihood that the vaccine caused a mental disorder.

3

Accordingly, defendant's expert's opinion is not made more or less probable than it would be without the prior medical history. FRE 401. The existence of physical symptoms "as far back as 1993-95," long before issuance of the Policy, cannot be relevant to whether Mr. Jeffries suffers from a "mental illness" today.

Part 17 of the Policy was written in such a way as to prevent Defendant from doing precisely what it seeks to do here.

> "No claim for loss incurred or disability that starts after two years from the effective date of this Policy will be reduced or denied on the ground that a sickness or physical condition not excluded by name or specific description had existed before the effective date of this Policy." *[Emphasis added]*.

(*Exh. 1 to Motion in Limine, p. 9, Part 17(2)(B)*). Defendant cannot articulate a rational basis for relevancy of the prior medical history other than to use it to attempt to deny or reduce Mr. Jeffries' claim, which it is not permitted to do.

## Conclusion

Regardless of the rationales created by Defendant for straying into Mr. Jeffries' past medical history, their common purpose is to justify the use of that prior history in order to deny or reduce Mr. Jeffries' claim for a disability that arose more than two years after the effective date of the Policy, and the Policy plainly prohibits such use. *(Exh. 1 to Motion in Limine, p. 9, Part 17(2)(B)).*

The Court should not allow Defendant to do indirectly that which it is not permitted to do directly. Evidence of Mr. Jeffries' prior medical history should be excluded.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL | /s Michael A. Roberts |
|  | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 12th day of April, 2004.

/s Michael A. Roberts

381911.1