UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | Case No. C-1-02-351 |
| Plaintiff, | : | (Judge Beckwith) |
| | : | (Magistrate Judge Hogan) |
| vs. | : | |
| | : | **DEFENDANT'S MEMORANDUM** |
| CENTRE LIFE INSURANCE COMPANY, et al., | : | **IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE** |
| | : | **TESTIMONY OF TREATING** |
| Defendant. | : | **PHYSICIANS** |

**I.    Introduction**

It appears that Plaintiff would prefer if Defendant not participate in this case. This is illustrated by his Motion to Exclude the testimony of his *own treating physicians* at the trial of this matter. Plaintiff is correct that the trial of this matter is looming. He also correct that there is a great deal of preparation that needs to be undertaken by both parties. Defendants are at a loss to explain why Plaintiff would file such a frivolous Motion.

**II.    Argument**

Plaintiff argues that Drs. Luggen, Dunn, Calabrese, Crafton, Fritz and Nunlist-Young, should be excluded from testifying at the trial of this matter. Plaintiff also reiterates his complaint with regard to the testimony of Drs. Garb and Reed despite the fact that Dr. Garb's trial deposition has been completed and Dr. Reed's is scheduled to take place today. The Magistrate Judge has already addressed this issue and rejected Plaintiff's motion. (Doc. 182). This Motion must also be denied.

1. **Neither Party Complied With A November 29, 2002 Deadline To Identify Fact Witnesses.**

Plaintiff completely ignores the fact that neither party complied with this deadline and disregards the Court's apparent acceptance of Defendant's understanding that this deadline had been implicitly vacated when other deadlines were extended. If Plaintiff's argument is followed to its logical conclusion, <u>neither</u> party should be allowed to call any witnesses since <u>neither</u> party complied with the November 29, 2002 deadline. As Magistrate Judge Hogan noted in his March 23, 2004 Order, an extension of the deadline to identify fact witnesses was inadvertently overlooked when the previous calendar extensions were made. The Court took into consideration that Plaintiff did not comply with the original deadline for disclosure of fact witnesses. The Court also noted that equally important to consider was the likelihood of surprise. All of these witnesses are Plaintiff's treating physicians. It cannot reasonably be said that Plaintiff did not know of his own doctor's involvement in the case.

Plaintiff's claim that he did not have an opportunity to depose these physicians is also not well taken. As pointed out in its opposition to Plaintiff's earlier motion to exclude Dr. Reed and Dr. Garb, these are all witnesses to whom Plaintiff had complete access. There would be no need for Plaintiff to ever take these physician's depositions. These are doctors that treated Plaintiff and he could discover any information they possess at any time.

2. **Plaintiff's Treating Physicians Were Not Identified In Response To Plaintiff's Discovery Requests.**

Plaintiff complains that Centre Life did not identify the witness he seeks to exclude in response to the discovery requests he served. The interrogatories identified by Plaintiff (interrogatories 2 through 7 of his first set of discovery requests) essentially ask for the identification of persons with whom Centre Life has spoken, corresponded or received

information from and the identification of any information relied upon by Centre Life to determine that Mr. Jeffries was or was not disabled. With regard to Interrogatories 2, 3, 6 and 7, there is no obligation on Centre Life to identify Plaintiff's treating physicians with whom Centre Life directly corresponded or spoke. Moreover, the information from these physicians was often sent to Centre Life by Mr. Jeffries or his other treating physicians. Centre Life fully and completely responded to the interrogatories posed by Plaintiff. The fact that the interrogatories did not specifically answer the question which Plaintiff now wishes he had asked does not mean that these witnesses should not testify.

More importantly, it is critical to consider who these witnesses are. The fact that these witnesses are Plaintiff's own treating physicians cannot be stressed enough. Plaintiff had complete access to these witnesses at any time. Plaintiff was also obviously aware that these witnesses were or could be involved in the case since he was the party that got them involved in the case. Plaintiff cannot claim prejudice or surprise with regards to witnesses he introduced.

The real issue is that Plaintiff does not like what these witnesses may have to say. For example, Dr. Fritz is a witness Plaintiff did not identify to Centre Life. Although Centre Life has on several occasions asked for all of Plaintiff's medical records, it has discovered during the course of deposing his treating physicians that Plaintiff often did not submit all records. With Dr. Fritz in particular, Plaintiff sent correspondence to her requesting a complete copy of her file. *See* Exhibit A, correspondence to Fritz from Plaintiff's counsel. These records, presumably because they did not fit Plaintiff's theory of the case, were never sent to Defendant.

Plaintiff's pattern has been to solicit the opinions of physicians who agree with him. When these physicians do not support his claim, Plaintiff severs his ties to them and attempts to conceal their opinions -- first from Centre Life and now from the jury. Plaintiff is attempting to

keep the fact of his association with these physicians, and the fact that physical findings were contrary to his theory of disability, from becoming evidence in this case. He cannot be allowed to do this.

### 3. These Witnesses Are Not Expert Witnesses Under Rule 702 Of The Federal Rules Of Evidence.

Plaintiff's offer to simply stipulate to the authenticity and admissibility of these physicians' records is also not sufficient. Contrary to Plaintiff's claim, Defendant does not offer these witnesses for their expert opinions. As Magistrate Judge Hogan noted:

> One of the issues in this case is the alleged bad faith of Defendant, as exhibited by its handling of Plaintiff's claim for disability coverage. It is important for the fact finders to understand what Defendant did and why it did it. In the jury's consideration of the "why" component, Defendant should be permitted to describe its reliance on medical experts. On the same topic of "why," the Plaintiff should be permitted to explore Defendant's motivation for the claim's decision. Neither inquiry is governed by Evid. R. 702 et seq. In other words, a treating physician, although an expert witness qualified to voice a professional opinion within his/her field of expertise, is not the type of retained expert contemplated by the rules. The Court does not accept the Plaintiff's theory that Defendant is attempting to circumvent Judge Beckwith's ruling that Defendant may not now add to its expert witness list. Both the disputed witnesses may well be called as fact witnesses not subject to the deadline set for expert disclosures.

3-23-04 Order. (Doc. No. 182)

The witnesses identified by Centre Life are not being called as expert witnesses. These witnesses are being called to testify regarding their treatment of Mr. Jeffries. They also being offered, however, for the more critical consideration of Mr. Jeffries' credibility. It has come to light during the course of this claim that Mr. Jeffries often supplied incomplete and inconsistent histories to his treating physicians in order to influence their opinions. It is this information regarding Mr. Jeffries' motivation and credibility, as well as the physicians' observation and evaluation of the same that renders Mr. Jeffries' offer to stipulate inadequate. As Magistrate

Judge Hogan noted, Plaintiff's offer to stipulate both to the authenticity and admissibility of records does not wipe out any particular prejudice to Defendant, since issues of credibility cannot be assessed from a printed record.

### III.  Conclusion

Despite Plaintiff's numerous claims to the contrary, these witnesses are not being offered as expert witnesses.  At issue in this case is the existence or nonexistence of a physical disability. Centre Life must be permitted to explore this issue.  The fact that Centre Life seeks to do so through the testimony of Plaintiff's own treating physicians cannot in any way work to the prejudice of Plaintiff.  These are witnesses with whom Plaintiff was familiar, witnesses to whom Plaintiff had unfettered access and witnesses who are in this case solely because of Plaintiff. Plaintiff's motivation in filing this Motion to Exclude is clear:  He is uncomfortable with his own treating physicians disagreeing with his claim of total disability.  Although this may not be the testimony desired by Plaintiff, it is certainly not prejudicial to Plaintiff.

Finally, the testimony of these witnesses is critical to Defendant's defense of its bad faith claim.  Plaintiff seeks to have this case evaluated from the position of hindsight after he has been able to convince a handful of his doctors that he has a disability stemming from his Hepatitis B inoculation.  What he seeks to gloss over is the fact that during the course of his claim, none of the physicians with whom he consulted were able to reach a consensus on first, what was even wrong with him, and second what might caused it.  What information Centre Life knew and when it knew it is critical to its defiance of Plaintiff's bad faith claim.  Centre Life must be allowed to offer testimony regarding the medical information available to everyone involved in this case and when that information was available.  Centre Life therefore respectfully requests that Plaintiff's Motion to Exclude be denied.

Respectfully submitted,


s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
And Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 12th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        s/Peter M. Burrell
                                        Peter M. Burrell, Esq.

204096.2