UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERIC L. JEFFRIES, | : |
| Plaintiff, | : Case No. C-1-02-351 |
| | : |
| vs. | : (Judge Beckwith) |
| | : (Magistrate Judge Hogan) |
| CENTRE LIFE INSURANCE COMPANY, et al., | : **DEFENDANT'S MOTION IN LIMINE REGARDING PLAINTIFF'S PREJUDICIAL CHARACTERIZATION OF DR. HARTINGS** |
| Defendants. | : |

In many of his pleadings and often in his arguments, Plaintiff has made inflammatory, slanderous and unsubstantiated allegations against Michael Hartings, Ph.D. Dr. Hartings performed the neuropsychological testing and evaluation on Mr. Jeffries which confirmed the existence of a mental disorder. It is no surprise that Plaintiff has sought to attack the character of Dr. Hartings rather than the substance of his opinion. Dr. Hartings is one of the few physicians in this case who has been able to assimilate the subjective yet real complaints of Mr. Jeffries with the vast amount of normal and/or negative test results and physical findings demonstrated by objective testimony.

Unlike Mr. Jeffries' evaluating physicians who have been unable to reconcile the significant physical complaints against the lack of any objective medical findings, Dr. Hartings has determined that Mr. Jeffries suffers from somatoform disorder which has demonstrated itself in an obsession with his medical condition. It is not surprising that Plaintiff seeks to deflect attention from this well reasoned and well-supported opinion. To this end, he consistently and inaccurately refers to what he calls a "three year suspension" of Dr. Hartings' license for "low standards." These allegations are unsubstantiated, inaccurate and more prejudicial than

probative. Centre Life therefore respectfully requests that the Court issue an order precluding Plaintiff from referencing the consent decree entered by Dr. Hartings in any manner and refraining from making allegations of license suspension and low standards pursuant to Rules, 402, 404, and 608 of the Federal Rules of Evidence.

Respectfully submitted,

s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## MEMORANDUM IN SUPPORT

Plaintiff has previously filed a Motion to exclude the testimony of Dr. Hartings. In his previous Motion, in several subsequent filings since then and in his oral arguments, Plaintiff argues that Dr. Hartings' license was suspended for a three-year period. This argument is neither factually accurate nor relevant to the claims raised in this case. Any reference to this incident must be excluded under Rule 402 of the Federal Rules of Evidence as it is more prejudicial than probative. It must also be excluded under Rules 404, 608 and 609 to the extent Plaintiff argues that this is evidence of Dr. Hartings' character.

Plaintiff has attacked Dr. Hartings' credibility based on an incident that occurred over a decade ago. This information has no relationship to Dr. Hartings' abilities, is irrelevant, is highly prejudicial and is improper. Pursuant to Rule 404 of the Federal Rules of Evidence, evidence of a person's character is inadmissible. Plaintiff has argued that evidence of Dr. Hartings' "suspension" is proof of his low standards. Setting aside that the facts of Dr. Hartings consent decree do not support Plaintiff's actions, such argument is impermissible character evidence that must be excluded. Moreover, the event on which Plaintiff bases his inadmissible character claims occurred almost 20 years ago.

Even if there were evidence of a criminal conviction on the part of Dr. Hartings, which is not the case here, it would not be admissible in this instance because it occurred in excess of 10 years ago. Fed. R. Evid. 609(b).

Plaintiff argues that Dr. Hartings had a three-year suspension for "low standards." He also argues that Dr. Hartings lied in deposition regarding this suspension. Neither allegation is true. In deposition, Dr. Hartings was asked if he has been employed by Riverhills Healthcare for the past 25 years. *See* Exhibit A, Hartings depo. At p. 12. He was also asked if he had worked as a psychologist at Riverhills for the past 25 years. *Id.* At p. 13. Dr. Hartings answered yes to both. Although Dr. Hartings agreed to a license suspension for a three month period in 1993, the details of which are explained below, this did not effect his employment at Riverhills. Although he agreed to a suspension from the practice of psychology, the consent decree did not mandate the cessation of his employment.

Moreover, the facts associated with the entry of the consent decree illustrate that any reference to it is far more prejudicial than probative. In the early 1990s, Dr. Hartings was accused of having a dual relationship with a patient. Although the accusation itself was made in

1993, the relationship was alleged to have occurred several years earlier in the mid to late 1980s. In order to avoid hearings on the issue, Dr. Hartings agreed to a consent agreement and settlement. As part of the agreement, Dr. Hartings accepted a three-month suspension. Dr. Hartings was suspended from April 8, 1993 through July 7, 1993. There was no other disciplinary action taken.

Plaintiff refers to the consent decree entered into by Dr. Hartings as a finding of low standards. This was not the case. The allegation was that Dr. Hartings had had a dual relationship with a former patient. Two facts are important. First, the treatment of the patient in question had occurred eight years before the allegation was even made. Second, the allegations of a dual relationship had no bearing at all on Dr. Hartings' evaluation of Mr. Jeffries. Plaintiff also incorrectly states that his license was suspended for three years. Again, this is taken out of context and incorrect. Dr. Hartings had an active suspension for only three months. In any event, evidence of this suspension is not relevant. It has nothing to do with the issues raised in this case. Moreover, it is extremely prejudicial and irrelevant information. In the event that allegedly resulted in the consent decree was alleged to have happened nearly 20 years ago. The consent decree itself was entered into over 10 years ago. In no realm of consideration is this relevant. All it does is serve to offer highly prejudicial and personal information. As such, Plaintiff must be barred from making any reference to it.

Respectfully submitted,


s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 12th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/William R. Ellis<br>
William R. Ellis, Esq.

204376.2