IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., et al., | ) | |
| | : | |
| Defendants. | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT CENTRE LIFE INSURANCE COMPANY'S MOTION IN LIMINE RE: TRIAL COUNSEL

Even though defendant Centre Life Insurance Company ("Centre Life") well knows that trial counsel for plaintiff will not testify at trial in plaintiff's case in chief[1], it now seeks to present yet another diversionary pretrial motion to the Court. It is obvious that Centre Life's primary motive is to gain tactical advantage either by causing a postponement of the upcoming trial or creating additional distractions just prior to trial in order to compromise the ability of plaintiff's trial counsel to prepare adequately to present the best possible case.

Centre Life's theory is a novel one. First, the motion is denominated as a motion in "limine", even though it in substance argues that plaintiff's trial counsel must be disqualified. Second, the relief that Centre Life seeks is far from clear and reads as follows: "[f]or an Order *In Limine* to preclude Plaintiff's counsel, Michael Roberts, from offering testimony in the trial of

---

[1] Michael Roberts, plaintiff's trial counsel, is not listed as a witness for any party in the Final Pretrial Order.

1

this matter unless he first voluntarily withdraws as counsel or in the alternative is disqualified by this Court."

Plaintiff's trial counsel has no intention of taking the witness stand and Centre Life knows it. Centre Life nonetheless asserts that plaintiff's counsel will in effect "testify" through his cross-examination of defendant's witnesses about his version of various telephone conversations he had with Centre Life claims representatives during the course of the claims process. In support, Centre Life relies on the case of *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423 (1995); however, this case is totally inapplicable to the situation at hand for a variety of reasons, including the fact that in the *155 N. High, Ltd.* case, the plaintiff's lawyer actually did take the witness stand.

Plaintiff does agree with Centre Life that analysis of any issue relating to the potential trial testimony of a lawyer who represents a party in the litigation must begin with the Ohio Code of Professional Responsibility. Cannon 5 generally governs the lawyer as a witness issue. EC 5-9 and EC 5-10 set forth the relevant ethical considerations, including the admonition that "[a]n advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility." Plaintiff's counsel is well aware of his duties both to his client to present all relevant evidence and to the court to avoid, if at all possible, acting as a witness and an advocate.

Plaintiff's trial counsel, in consultation with other lawyers in his office knowledgeable about the issues in the litigation, has made a professional judgment that, based on the evidence obtained through discovery, it is not necessary for him to testify as a witness at trial. Most of the material evidence on plaintiff's bad faith claim can and will be presented through Centre

2

Life's own claims file entries which include entries describing all telephone calls between Mr. Roberts and Centre Life's claims representatives. Moreover, each of Centre Life's claims representatives have been deposed which makes it extremely unlikely that Mr. Robert's own testimony regarding the substance of the telephone calls would in any significant manner be material to the jury's assessment of Centre's Life's conduct in its handling of plaintiff's insurance claim. Accordingly, it is reasonable to conclude that plaintiff's trial attorney need not be called as a witness at the trial by plaintiff in order to properly present its bad faith claims to the jury.

Aside from delaying the trial and diverting counsel's attention away from final trial preparation, a secondary purpose of Centre Life's motion would appear to seek issuance of some kind of order *in Limine* restricting the manner in which plaintiff's trial counsel may cross-examine its claims representatives about telephone calls with Mr. Roberts during the claims process. In support of this apparent contention, Centre Life quotes a number of excerpts from the depositions of Messrs. Champagne and Gelardi in which Mr. Roberts attempted to refresh the witness' recollection by asking about the substance of specific topics discussed in telephone calls between each and Mr. Roberts. The questions quoted involve questions where the witnesses first denied having any recollection about a particular topic being discussed and then turn to plaintiff's counsel following up by describing the topic and again asking whether the witness' recollection was refreshed.[2]

---

[2] It is noteworthy that defendant's counsel made no objection during the depositions in issue regarding the form of the questions posed by plaintiff's counsel regarding the questions cited. Consequently, Centre Life is deemed to have waived any and all objections regarding the form of the questions, including those questions cited in its memorandum. Rule 32(d)(3)(B), Fed.R.Civ.P.

3

In response, plaintiff objects to any order *in Limine* or otherwise imposing restrictions on the mode or manner of his counsel's cross-examination of a hostile witness. However, taking into account the ethical considerations cited above and his paramount interest of serving in the most effective manner as an advocate on behalf of his client, plaintiff's counsel represents that he has no intention to interrogate adverse witnesses in a manner that would in any meaningful sense put his own credibility at issue before the jury. For example, in most instances, the material facts can be fully presented simply by reference to entries in Centre Life's claim files in which the topics discussed are recorded. If a situation arises where there is no such record (which is not anticipated), cross-examination regarding whether or not a particular fact or issue was or was not presented during the course of a telephone call, the question can (and will) be phrased in the passive voice or stated in the third person.[3] *(E.g.*: "Weren't you told in a telephone call on [date] that . . ." or "Didn't Mr. Jeffries' lawyer tell you in a phone call on [date] that . . .")

Centre Life cites DR 5-102(A) which requires withdrawal when "a lawyer learns or it is obvious that he . . . ought to be called as a witness on behalf of his client". For the reasons stated above, that is not at all the case here because Mr. Roberts will not be a witness at trial.

As noted above, the instant case is also clearly distinguishable from *125 N. High, Ltd. v. Cincinnati Ins. Co., supra*, which is relied upon by Centre Life as its principal authority suggesting that Mr. Roberts should be disqualified. In *125 N. High, Ltd.*, the plaintiff's lawyer had listed himself as a witness for trial after the completion of discovery depositions about two

---

[3] Assuming that the witness' trial testimony is consistent with their deposition testimony, the deposition testimony could not be used to impeach and therefore no problem would arise.

4

months before the trial was to begin and, at the beginning of the trial, informed the court that he might need to testify depending on trial testimony of the witnesses he had deposed some two months earlier.  The trial court accepted at face value the plaintiff's lawyer's assurances that there would be no ethical violation if he were to testify.  During the trial, the plaintiff's lawyer did in fact testify regarding his dealings with the insurance company regarding the alleged acts of bad- faith claims handling.

The Ohio Supreme Court in *125 N. High, Ltd.*, however, correctly found as an initial matter that the trial court had a duty and responsibility to supervise the conduct of attorneys who appear before it.  72 Ohio St.3d at 426.  The court went on to find from the testimony presented that the attorney's evidence was of critical importance to the plaintiff's case and that he was a "key witness" who "directly contradicted" testimony of the insurance representatives.  In that situation, the Ohio Supreme Court concluded that the trial court had erred in permitting the lawyer to testify and that such error was sufficient to require the trial court's judgment to be reversed and the case remanded for a new trial.

The issue here is much different because plaintiff's trial counsel has made the professional judgment that he need not testify in order to prove his client's case at trial.  All of the material defense witnesses have been deposed and the substance of their testimony is basically known and already established in the record of this case.  Under these circumstances, the issue of correctness of the lawyer's professional judgment must be viewed as primarily a private one between the plaintiff and his counsel and involves critical questions of trial tactics, client consent and the matter of who is best equipped to present the plaintiff's case effectively at trial.

Taking into consideration all of the foregoing, the current motion, on the eve of trial, can only be considered to be a tactical maneuver on Centre Life's part to frustrate plaintiff's ability to bring this case on for trial as scheduled and to deprive plaintiff of counsel of his choice. Moreover, Centre Life most certainly had full knowledge of the facts upon which this motion is based immediately after completion of the deposition of Mr. Gilardi in September 2003. In that regard, the motion must also be deemed to be untimely and could be denied on that basis alone.

For all of the foregoing reasons, plaintiff respectfully requests that this motion be denied.

Respectfully submitted,

OF COUNSEL

/s/ John B. Pinney_____
John B. Pinney (0018173)
Attorney for Plaintiff

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 621-6464
(513) 651-3836 (fax)
email: jpinney@graydon.com

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 14th day of April, 2004.

/s/ John B. Pinney_____

382278.1