### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE  BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | |
| CENTRE LIFE INSURANCE CO., | ) | |
| | : | |
| Defendant. | ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION IN LIMINE: DR. HARTINGS

**I.    Introduction.**

Michael Hartings, Ph.D., is Defendant's primary expert witness in support of Defendant's counterclaim, proposing to testify that Mr. Jeffries' disability is the result of a mental disorder rather than a physical illness or sickness.  Dr. Hartings testified falsely during his deposition in this case when he testified that he has worked actively "as a psychologist" for the last 25 years and that he has done so "without any interruption."[1]  In truth, Dr Hartings was suspended from the "practice of psychology in any institution or agency or in any form of private practice in any state" by Ohio State Board of Psychology in March 1993.[2]  Dr. Hartings' willingness to testify falsely under oath about his practice has a direct bearing on his credibility in this case, and the jury is entitled to the benefit of that evidence when assessing the credibility of an important witness.

---

[1]     *Depo. of Michael F. Hartings, Ph.D., pp. 12-13 [excerpt attached hereto as Exh. 1].*

[2]     *Records of the Suspension Confirmations of the State Board of Psychology are attached hereto as Exh. 2.*

II.     <u>The Credibility of Dr. Hartings of Critical Importance in this Case</u>.

Dr. Hartings is Defendant's primary expert in support of its counterclaim, and his credibility, or lack thereof, is paramount in this case.  In the only Expert Report provided to Plaintiff, Dr. Hartings diagnosed Mr. Jeffries with Obsessive Compulsive Personality Disorder ("OCPD") and Somatiztion Disorder ("SD").  He also assigned Mr. Jeffries' cognitive deficit to OCPD.  Since that time, Dr. Hartings has dropped his contention that Mr. Jeffries has OCPD and has also dropped his contention that Mr. Jeffries suffers from SD.

Although no Report says so, Dr. Hartings, who has acted as a professional testifier for Defendant and his attorneys on numerous prior occasions, is apparently now prepared to testify that the cognitive deficit in Mr. Jeffries is not caused by OCPD, as he had previously reported,[3] but rather is caused by Undifferentiated Somatoform Disorder ("USD").  His ability to render this recently modified diagnosis is highly questionable because one of the DSM-IV criteria for a USD diagnosis is the absence of a medical explanation/diagnosis for the disability.  Given that numerous physicians assert that Mr. Jeffries has a medical illness, Dr. Hartings simply cannot render a USD diagnosis.  Yet he does so, even though he concedes it is inappropriate for him to ignore a medical diagnosis.

This shifting of diagnoses seriously draws into question Dr. Hartings' credibility, particularly in light of his long term service as a professional expert for Defendant and its attorneys.

---

[3]     Dr. Hartings was unable to establish all of the DSM-IV criteria for an OCPD diagnosis and therefore had to abandon that diagnosis.

Because Dr. Hartings' credibility is a significant issue at trial, it is essential that the Jury know that he did not tell the truth while under oath during his deposition in this case. The information that Defendant hopes to keep out through its Motion in Limine is the focus of Dr. Hartings' false deposition testimony: his suspension from active psychology practice in the States of Illinois, Ohio, and Kentucky. Specifically, the State Board of Psychology ordered in March 1993 as follows:

> A.    DR. HARTINGS'S license to practice psychology in the State of Ohio shall be suspended by the Board for three years, beginning April 8, 1993 and ending April 7, 1996 with the first ninety-one (91) days of the suspension being an active suspension and the remainder of the suspension being stayed.
>
> B.    During the active suspension of his license, from April 8, 1993 through July 7, 1993 DR. HARTINGS shall not practice psychology in any institution or agency or in any form of private practice in any state. DR. HARTINGS shall not supervise the provision of psychological services during the active suspension, nor shall he deliver services under the supervision of any physician, psychologist, or mental health professional in any state.

(*See* Exh. 2 hereto, p. 3).

Notwithstanding this forced absence from the practice of psychology, Dr. Hartings knowingly, falsely testified under oath that he has been actively engaged in the practice of psychology without any interruption of any sort since 1979. The specific deposition questions and answers were as follows:

> Q.    Okay. So you've actively worked for Riverhills for the 24 years since 1978 without any interruption then, I guess?
> A.    Correct.
> Q.    is that correct?
> A.    That's correct.
> Q.    And the active work for that 25-year period, has that been as a psychologist the whole time?

A. Yes.
Q. I mean, is that the tight title to you, psychologist?
A. Yes.
Q. You never left Riverhills to go to either HealthSouth or these positions and staff appointments on page 3?
A. No, I never left Riverhills to go anywhere else.
Q. Okay. So we're clear, for the last 25 years, you've been working there as a psychologist at Riverhills, right?
A. Right.

(*See.* *Exh. 1 hereto, Depo. of Michael F. Hartings, Ph.D., pp. 12-13*).

As a professional witness, Dr. Hartings no doubt knew that notwithstanding his oath to tell the truth, he testified falsely. The jury must know this when assessing Dr. Hartings credibility.[4]

**III.    Defendant's Motion in Limine is Without Merit.**

In its Motion, Defendant makes three principal arguments for excluding this evidence. None justifies exclusion of the evidence.

First, Defendant argues that the allegations regarding Dr. Hartings' suspension are "unsubstantiated." To the contrary, the suspension is substantiated by the records of the Ohio State Board of Psychology, as well as the records of the Boards in Indiana and Kentucky. (*See Exh. 2 hereto*).

Second, Defendant argues that the allegations of Dr. Hartings' suspension are "inaccurate." Again, to the contrary, the records of the Board speak for themselves, and Dr. Hartings cannot challenge the accuracy of those records, given that he acknowledged them by his signature.

---

[4]    It is troubling, at best, that Defendant's attorney sat idly by while Dr. Hartings testified in this manner, given that Defendant's attorney has used Dr. Hartings as a professional witness since 1986.

Third, Defendant argues that the evidence is "more prejudicial than probative." While the fact of Dr. Hartings' false testimony may be prejudicial to Defendant's position, it is certainly probative of his credibility, or lack thereof. While Rule 403 of the Federal Rules of Evidence gives the trial court the discretion to exclude evidence whose probative value is outweighed by its prejudicial value, that the evidence is detrimental to the party against whom it is offered does not alone form the basis for its exclusion. "The truth may hurt, but Rule 403 does not make it inadmissible on that account." *In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996).

Finally, Defendant suggests that the evidence is not admissible as character evidence under Rule 404. Plaintiff does not suggest that it be admitted as character evidence but rather as evidence of Dr. Hartings' lack of credibility <u>in this proceeding</u>. Clearly, the jury is entitled to hear that evidence.

## IV.    <u>Conclusion.</u>

Dr. Hartings' credibility is central to this case, and evidence regarding his untruthfulness during his deposition in this case is directly relevant to that issue of credibility. Defendant's Motion In Limine should be denied.

Respectfully submitted,

OF COUNSEL

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

/s Michael A. Roberts
Michael A. Roberts, Esq.  (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
(513) 651-3836 (fax)
email:<u>mroberts@graydon.com</u>

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 14th day of April, 2004.

/s Michael A. Roberts

382392.1