UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **SECOND OMNIBUS MOTION IN** |
| Defendants. | : | **LIMINE** |

**I.     Introduction**

Centre Life opposes Plaintiff's latest Motion designed to require Defendant to conform its case to Plaintiff's theory of the evidence. Rather than allow all relevant evidence to be placed before the jury, and then let the jury make its own decision, Plaintiff has chosen the tactic of filing numerous Motions in the hope of limiting the relevant information given to the jury.

Plaintiff's characterization of the argument he believes Centre Life will make at trial is once again incorrect. He argues that Defendant seeks to contradict the opinion of one of its medical experts and in that way confuse the jury. Both counsel's characterization of Dr. Hartings' testimony as well as his conclusions regarding Defendant's anticipated arguments are wrong.

**II.     Argument**

The issue in this case is whether Plaintiff has a physical or mental disability. Dr. Hartings has opined that Mr. Jeffries suffers from somatoform disorder which is a DSM-IV diagnosis. Somatoform disorder is a mental disorder which under the terms of Mr. Jeffries' policy would entitle him to up to 24 months of total disability benefits if the somatoform disorder

rendered him unable to perform the important duties of his occupation.  It is undisputed that Centre Life has paid Mr. Jeffries for 24 months of total disability benefits based on the somatoform diagnosis.

The primary remaining issue is whether Mr. Jeffries, either in addition to or instead of the mental disorder, has a physical disorder which renders him unable to perform the important duties of his occupation.  A secondary issue is whether Mr. Jeffries has complied with his policy requirements concerning this alleged physical disorder as it relates to appropriate care and the submission of required claims forms.

Defendant's position is that Mr. Jeffries has somatoform disorder.  Plaintiff is correct that the cognitive testing performed on Mr. Jeffries revealed a deficit.  Notably, the diagnosis of Cognitive Deficit NOS given by one of Plaintiff's own consulting physicians, Dr. Hawkins, is a DSM-IV diagnosis.  Plaintiff argues however that his cognitive deficits are a result of his alleged chronic fatigue syndrome.  He contends that his chronic fatigue syndrome or autoimmune disorder or myalgic encephalitis, whatever term it is known by, began when he received a Hepatitis B vaccination.  The aspects of chronic fatigue syndrome that he claims disable him are his cognitive problems and his fatigue.  Neither of these complaints were raised in the fall of 1998 when Mr. Jeffries first decided to stop working nor in early 1999 when he submitted his claim to DMS.

Plaintiff would prefer that the evidence in this case be viewed in a vacuum with the benefit of hindsight.  Defense counsel's questions regarding cognitive deficits deal not with the existence of a cognitive deficit but the timing of the complaints with regard to those alleged deficits.  This is relevant information.  The jury must have an opportunity to evaluate the

credibility of Plaintiff's story. This can only be done if all of the information that went into Plaintiff's various and sundry possible diagnoses is considered.

Regarding Plaintiff's claim that Defendant is attempting to argue that Mr. Jeffries does not have a cognitive disorder, he has again crafted an argument that he apparently would like defense counsel to make. In fact, what defense counsel has done is to explore the onset of these alleged cognitive deficits. This has been done through his examination of Plaintiff's various treating physicians with regard to the complaints Plaintiff has made and more importantly, when he made them. Plaintiff claims that he is cognitively impaired from performing the important duties of his occupation. The fact that he did not complain to his treating physicians at the time of the Hepatitis B inoculation about these alleged cognitive impairments is significant. Also important is the extent of his alleged cognitive weakness.

It is Dr. Hartings' opinion that Mr. Jeffries' cognitive impairment stems from his obsession with his medical condition. This is the essence of somatoform disorder. Defendant will demonstrate that when Mr. Jeffries is not focused on his illness, he is able to undertake nearly any activity he desires. It is only when he becomes focused on his illness, to the exclusion of all other functioning, that his cognitive problems become apparent. This is also why it is important to show that Mr. Jeffries did not complain of cognitive problems to his treating physicians in the time period following his Hepatitis B inoculation. It was only in relation to the diagnosis of chronic fatigue syndrome that Plaintiff began to make complaints of disabling cognitive problems and fatigue.

Plaintiff has also sought to exclude testimony about any of his obsessive traits. Defendant has not argued that Mr. Jeffries is rendered disabled due to obsessive compulsive disorder. Dr. Hartings' report merely states that Mr. Jeffries has obsessive traits. Several of Mr.

Jeffries' doctors have agreed with this premise. Even Dr. McClellan acknowledged that he has never had a patient who is so involved in his own treatment and search for a diagnosis. It is these obsessive traits that contribute to the diagnosis of somatoform disorder. Again, this information is essential so that the jury can evaluate the whole medical picture. Mr. Jeffries would like to submit only that medical information which he feels is consistent with his theory of the disability he would like to have. This is not his prerogative.

Finally, Plaintiff seeks to exclude evidence regarding chronic fatigue syndrome's characterization as a medical illness or a mental disorder. Again he appears to be arguing relevance. The relevance is clear. Mr. Jeffries' policy requires that he receive appropriate care from a physician for the condition that causes his disability. The appropriate care for chronic fatigue is often considered to be psychological treatment. Exploration of whether Mr. Jeffries' doctors believe chronic fatigue syndrome to be a mental or physical disorder addresses the appropriate care issue and evaluates whether they were in fact providing care for Mr. Jeffries' alleged chronic fatigue syndrome.

### III.  Conclusion

Plaintiff persists in his efforts to control the information available to the jurors in this case. In contrast, Defendant simply wants the jurors to be able to consider all medical evidence and draw their own conclusions. It is critical to remember that this information is from Mr. Jeffries' <u>own doctors</u>. This is not information that Defendant gathered without Plaintiff's input. The key issue is whether Plaintiff's alleged disability is caused by a mental disorder or a physical disorder. The jurors can only evaluate this if they are given unfettered access to the entirety of Mr. Jeffries' medical records. Mr. Jeffries' continued attempts to filter the

- 5 -

information used in the evaluation of his claim and disease process should not be tolerated by this Court.

        Respectfully submitted,

        s/William R. Ellis
        William R. Ellis (0012279)
        Peter M. Burrell (0044139)
        Amy Gasser Callow (0063470)
        Wood & Lamping LLP
        600 Vine Street, Suite 2500
        Cincinnati, OH  45202-2491
        (Telephone) (513) 852-6000
        (Facsimile) (513) 852-6087

        Attorneys for Defendants
        Massachusetts Casualty Insurance Company
        and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 14th day of April 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              s/William R. Ellis
                                              William R. Ellis, Esq.

204690.1