UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MOTION IN** |
| et al., | : | **LIMINE TO EXCLUDE REPORTS** |
| | : | **OF NON-TESTIFYING EXPERTS** |
| Defendants. | : | |

Plaintiff has identified his anticipated experts as Drs. Poser, Hyde, Geier, Pretorius, Waisbren, McClellan, Shearer, and Hawkins and Mary Fuller. The testimony Dr. Pretorius in any form has already been stricken by the Court. Although the deposition of Dr. Poser has been taken, the depositions of the remaining physicians and "bad faith expert" have not been scheduled. Defendant moves to exclude from consideration of the evidence any report of any expert who is not called to testify at the trial of this matter and therefore cannot authenticate his or her report under Rules 901 and 902 of the Federal Rules of Evidence.

In particular, Plaintiff has identified the reports and exhibits of Dr. Mark Geier and Dr. Paula Shearer as potential exhibits at the trial of this matter.[1] Defendant objects to the introduction of any reports from either of these witnesses unless they are called to testify at the trial of this matter. To allow their reports to be relied upon by other experts without authentication by the authors is procedurally improper and highly prejudicial. It would have the effect of allowing Plaintiff to bootstrap one expert's opinion on another.

---

[1] Centre Life's Motion is not limited to these two reports. It includes the report of any person designated as an expert who is not called to testify at trial.

- 2 -

Defendant also moves to exclude any and all reference to Dr. Pretorius, his reports, his scans, or his testimony. Defendant previously filed a *Daubert* Motion seeking to exclude the opinion of Dr. Pretorius as unreliable. This Motion was granted by the Court. Plaintiff has nonetheless identified Dr. Pretorius as a witness and identified his report as an exhibit in this case. Dr. Pretorius has already been excluded from testifying at the trial of this matter. He therefore cannot be included as an expert witness in this case. His report and exhibits upon which he relied are equally unreliable and must also be excluded.

Defendant also objects to the admission of the report of Dr. Sheila Bastien for any purpose other than the fact that they were obtained and sent to Centre Life. During the course of this case and notably in pretrial arguments, Plaintiff has relied upon the truth of the statements contained in the reports of Dr. Bastien with regard to Plaintiff's claims of cognitive difficulties. Although Dr. Bastien was initially identified as a possible expert witness, Plaintiff represented later that he would not call her at the trial of this matter. Her report and the opinions contained therein have not been authenticated and Defendant abandoned its efforts to depose her based on

- 3 -

Plaintiff's representations. Any reliance upon the contents of this report for the truth of the matter stated therein is inadmissible hearsay and must be excluded.

        Respectfully submitted,

        s/William R. Ellis
        William R. Ellis (0012279)
        Peter M. Burrell (0044139)
        Amy Gasser Callow (0063470)
        Wood & Lamping LLP
        600 Vine Street, Suite 2500
        Cincinnati, OH 45202-2491
        (Telephone) (513) 852-6000
        (Facsimile) (513) 852-6087

        Attorneys for Defendants
        Massachusetts Casualty Insurance Company
        and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 14th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              s/William R. Ellis
                                              William R. Ellis, Esq.

204689.1