UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION IN LIMINE TO** |
| Defendants. | : | **EXCLUDE UNPRODUCED** |
| | | **DOCUMENTS/INFORMATION** |

In yet another attempt to hide the truth from the jury who must decide the merits of Mr. Jeffries' claim in this matter, Plaintiff's counsel seeks to exclude evidence of his client's recent activity. Given the nature of Mr. Jeffries claim in this matter -- that he has chronic fatigue syndrome which has so debilitated him both physically and mentally that he can no longer perform the duties of his prior occupation -- it is clear that this evidence is highly probative. Coupling that fact with the contention of Defendant -- that Plaintiff has a psychological condition which permits him to function normally when he is not focused on his illness and it is obvious that such evidence is highly probative.

Despite its probative value, Defendant did not plan to introduce this recent surveillance evidence at trial.[1] Defense counsel raised the issue of the recent surveillance at the pre-trial conference so that the Court and Plaintiff's counsel would be aware of its existence. Also, Defense counsel knew that Plaintiff would raise objections and felt it advisable to bring the issue to a head.

---

[1] The surveillance material which has already been produced was obtained during the claims evaluation process. It was produced in accordance with the Court's order after the completion of Plaintiff's deposition despite the fact that Plaintiff had sought production of that surveillance in advance of his deposition. The Court agreed that the

Although Plaintiff complains that such information was discoverable and should have been produced with the claims surveillance, he is wrong on both counts. First, the law does not require production of this work product information. Second, this information was only recently secured and thus, was not available for production.

The recent surveillance materials were obtained in anticipation of litigation and, therefore, are protected by the attorney work product doctrine. *See*, Fisher vs. National Railroad Passenger Corporation, 152 F.R.D. 145 (S.D. Ind. 1993) ("because surveillance reports are documents prepared in anticipation of the litigation between Defendant and Plaintiff, they enjoy the qualified protection of work product.") Like Mr. Jeffries in this case, Fisher sought production of surveillance materials. The Court, finding that the tapes were protected work product, held that only the tape which the defendant planned to introduce at trial was discoverable. Because the defendant in the *Fisher* case did not intend to introduce at trial the several other surveillance tapes in its possession, the Court held that they were not discoverable. Obviously, since the surveillance information in this case was prepared in anticipation of litigation and not as part of the claims process, it enjoys the qualified privilege of work product. As the Court held in *Fisher*, there is "no substantial need" to invade the attorney work product doctrine here.

In addition to the work product doctrine, there is another reason that this information has not been produced. The surveillance was only recently completed. And indeed, contrary to the accusations of Plaintiff's counsel, defense counsel's March 22, 2004 e-mail stating that he asked his client "if they had performed any additional surveillance or pretext calls and was advised that no surveillance or pretext calls had been performed…" was accurate.

---

surveillance material should not be produced until after Defendant had taken Plaintiff's deposition and his testimony was memorialized.

Finally, with regard to Plaintiff's complaints of "unproduced information" identified as exhibits on Defendant's proposed joint pre-trial order, that information was not responsive to any discovery request submitted by Plaintiff. Moreover, it was only recently obtained and was offered to Plaintiff's counsel at the Summary Jury Trial.

## CONCLUSION

Plaintiff's counsel is determined to conceal from the trier of fact his client's true condition. But what our system of justice is designed to do is not award gamesmanship but to elicit the truth.

Respectfully submitted,

s/Peter M. Burrell
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 14th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Peter M. Burrell
Peter M. Burrell, Esq.

- 4 -

204848.1