UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION TO COMPEL** |
| Defendants. | : | **FINANCIAL INFORMATION** |

Despite Plaintiff's claims to the contrary, Defendant had never been ordered to produce financial information until the Court's March 23, 2004 Order. In that same Order, Defendant was instructed to undertake the search of its backup computer tapes that Plaintiff had previously delayed obtaining. Moreover, this Order was entered less than two weeks before the summary jury trial was scheduled to begin. Finally, the Protective Order Plaintiff objected to was not entered until April 12, 2004. Nonetheless, Defendant used its best efforts to respond to the Order while preparing for the summary jury trial, undertaking trial depositions and making pretrial filings. It is now apparent that in the copying of Centre Life's 2003 annual report, several pages were incorrectly copied. *See* Exhibit A, Declaration of Peter M. Burrell.

The Court's March 23, 2004 Order required Centre Life (1) to produce annual and/or consolidated financial statements for the period 1999 to the present; (2) all financial reports exchanged between DMS and Defendant from 1999 to the present; and (3) all budgets and financial reports relating to DMS' Centre Life block of business from 1999 to the present. During the conference with the Court, Plaintiff's counsel identified his concerns regarding the financial arrangement between DMS and Centre Life to be the amount paid for purchase of the

MCIC block of business, the proprietary arrangement between DMS and Centre Life and the manner and amount in which DMS was paid for its services. Defendant produced documents responsive to these concerns to the best of its ability in the most expedient way possible given the time constraints.

Plaintiff's primary argument is his allegation that if pages are missing from the financial information, there must be other pages that were also "removed." First, Plaintiff's allegation that these pages were selectively and intentionally removed is false. *See* Declaration of Peter M. Burrell. Second, it is not only the footnote pages which are missing from the 2003 annual report. Pages 34-35 and 45-46 are also missing from the report. Plaintiff's argument that pages 19.1-20 were omitted in order to hide them does not explain the copying errors of the other pages. Third, Plaintiff's claim that the footnote pages contain information which was "critical to gaining an understanding of the financial information and the relationship between DMS and Centre" is false.

At the final pretrial conference Plaintiff was asked to specifically identify what information in the omitted footnote pages was critical. He could not. In his Motion he claims that the statements contained in the footnote pages that DMS is a third-party administrator for Centre Life is critical. This is information which was already known to all. He also claims that the year-to-date premiums for the business was critical omitted information. As stated above, these pages are footnote pages and information regarding the proprietary arrangement between DMS and MCIC can be found in the body of the annual statement.

It is also important to consider that Plaintiff's claim of harm, and thus his basis for a default judgment, is improper since he admits that he already had the information he seeks and

which he obtained from a third party.  Because Plaintiff has the mis-copied pages in his possession, there is no harm to him.

Plaintiff has argued that he needs to know how much money Centre Life has and how much DMS is paid for administration of Centre Life's claims.  Information relating to this has been provided to him.  To this end, he has been provided the contract between the parties, amendments thereto, annual estimated budgets and annual true-ups which shows the actual annual budget.  These financial documents adequately address all of Plaintiff's concerns.  Particularly telling is the fact that Plaintiff cannot identify any critical information which he is actually missing.

Plaintiff also makes the unsubstantiated allegation that Mr. Cohen and Ms. Sweeney gave detailed descriptions of additional financial reports which were not provided.  He does not adequately describe what additional financial reports he seeks.  Centre Life made its best effort to produce the financial documents ordered by the Court which address Plaintiff's concerns and as quickly as possible.

With regard to Mr. Cohen, his references to reports deal with *litigation* reports that show payments made to insureds by the insured's last name.  *See* Cohen deposition at pp. 21-22.  These are not financial reports and are not within the scope of the Court's Order.  Regarding Ms. Sweeney, she was asked extensive questions about payouts of claims and whether there were any reports documenting the amount of claims paid and the value of MCIC policies.  Again, the reports she mentioned were litigation reports, not financial reports.

One additional area of concern is the fact that this financial information should only be produced if the trial of this case is bifurcated.  The cases relied upon by Plaintiff in requesting

the financial documents contemplate bifurcation when wealth information is ordered to be produced. *See United States v. Matusoff Rental Company*, 209 F.R.D. 396 (S.D. Ohio 2001).

Finally, Plaintiff argues that Centre Life has not produced documents referenced in the personnel files which discuss DMS business performance goals set for MCIC. The Court's Order required only that the Defendant produce unredacted performance evaluations which was done. With regard to both the performance evaluations and the financial information. This was done.

Centre Life respectfully requests that Plaintiff's Motion to Compel be denied in its entirety. Plaintiff already has in his possession the information which he seeks to compel. The remainder of the information he seeks was not ordered by the Court. His Motion therefore must be denied.

Respectfully submitted,

s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(Telephone) (513) 852-6000
(Facsimile) (513) 852-6087

Attorneys for Defendants
Massachusetts Casualty Insurance Company
and Disability Management Services, Inc.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 14th day of April 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                s/William R. Ellis  
                                                William R. Ellis, Esq.

204824.1