IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric Jeffries,                )
                              )
        Plaintiff,            ) Case No. 1:02-CV-351
                              )
    vs.                       )
                              )
Centre Life Insurance Co.,    )
<u>et al.</u>,                )
                              )
        Defendants.           )

<u>O R D E R</u>

This matter came before the Court on April 13 and April 15, 2004 for a final pretrial conference. This order summarizes the Court's oral rulings on various motions outstanding at the time of the conference:

1. Plaintiff's motion in limine and for sanctions regarding Dr. Fritz (Doc. No. 104). Defendant shall pay Plaintiff's reasonable costs associated with filing the motion. Dr. Fritz may testify at trial. Defendant may not use Dr. Fritz's deposition at trial for any purpose.

2. Plaintiff's motion for default judgment (Doc. No. 190) is not well-taken and is **DENIED.**

3. Defendant's motion to bifurcate trial (Doc. No. 172) is **GRANTED IN PART AND DENIED IN PART.** The Court will not bifurcate the trial between Plaintiff's claim on the contract and Plaintiff's claim for bad faith. The Court will bifurcate the trial as to the presentation of evidence of Defendant's wealth as it pertains to punitive damages.

4. Defendant's partial objections to Magistrate Judge Hogan's order of March 23, 2004 (Doc. No. 195) are not well-taken and are **OVERRULED.** Defendant shall pay Plaintiff's costs of taking Dr. Garb's trial deposition.

5. Plaintiff's motion to exclude new witness testimony (Doc. No. 198) is well-taken and is **GRANTED** as to Drs. Garb, Luggen, Nunlist-Young, and Crafton.

6. Plaintiff's motions in limine regarding Plaintiff's prior medical records (Doc. Nos. 200, 213) are well-taken and are **GRANTED**. Plaintiff's medical records which pre-date the issuance of the policy will not be admitted at trial.

7. Defendant's motion in limine regarding Plaintiff's prejudical characterization of Dr. Hartings (Doc. No. 219) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may inquire into the fact of Dr. Hartings' suspension but not the reasons therefore.

8. Defendant's motion in limine to preclude Plaintiff's counsel from serving as both counsel and witness (Doc. No. 218) is not well-taken and is **DENIED**.

9. Plaintiff's motion to compel production of financial records (Doc. No. 204) is well-taken and is **GRANTED**. Defendant shall produce the records specifically identified by Plaintiff's counsel at April 15, 2004 continuation of the final pretrial conference. Defendant shall produce these records by the close of business on April 16, 2004. Defendant shall pay Plaintiff's legal fees associated with obtaining production of these records.

10. Plaintiff's third motion to exclude unproduced information (Doc. No. 223) is well-taken to the extent that Defendant shall produce to Plaintiff forthwith newly-obtained surveillance evidence.

11. Defendant's motion in limine to exclude PET/SPECT scan evidence (Doc. No. 230) is not well-taken and is **DENIED**.

　　　　　**IT IS SO ORDERED**

Date  April 15, 2004                    s/Sandra S. Beckwith
　　　　　　　　　　　　　　　　　　 Sandra S. Beckwith
　　　　　　　　　　　　　　　　United States District Judge