UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S OBJECTIONS TO** |
| et al., | : | **PLAINTIFF'S PROPOSED JURY** |
| | : | **INSTRUCTIONS** |
| Defendants. | : | |

Defendant objects to the instructions and the jury interrogatories given at the summary jury trial and to the reiteration of any of those instructions and jury interrogatories at the trial of this matter. In particular, Defendant objects to the bad faith instructions given at the jury trial in that they do not accurately reflect the state of the law in Ohio.

Defendant makes the following objections to Plaintiff's proposed jury instructions.

**I.    Bad Faith**

Defendant objects to the second portion of Plaintiff's proposed bad faith instruction which identifies what he calls a non-exclusive list of factors the jurors may consider. Defendant objects to factors 1, 2 and 4. First, the question of whether Defendant acted in an arbitrary and capricious manner is not the correct standard for an individual bad faith claim in Ohio. *See Zoppo, et al. v. Homestead Insurance Company*, 71 Ohio St. 3d 552, 644 N.E.2d 397 (1994). The arbitrary and capricious standard is applicable to consideration of an ERISA decision. Plaintiff's policy is not governed by ERISA. Second, there is no basis in Ohio law to conclude that failure to conduct an adequate investigation is bad faith. The standard in Ohio is whether the

denial lacked reasonable justification.  This is a question, as correctly set out in Plaintiff's third factor of whether the information presented was fairly debatable.

Finally, Ohio has rejected the industry standard consideration.  In *Zoppo*, the Ohio Supreme Court set forth the test for bad faith.  Under Ohio law, "[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore."  *See Zoppo*, 71 Ohio St. 3d 522.  This reasonable justification test overruled the test that had been annunciated in *Motorist Mutual Insurance Company v. Said*.  The *Said* court had held that an insurer could breach the duty of good faith it owed to its insured where "(1) [it had] no lawful basis for the refusal coupled with actual knowledge of that fact or (2) an intentional failure to determine whether there was any lawful basis for such refusal."  *See Motorist Mutual Insurance Company v. Said*, 63 Ohio St. 3d 690, 590 N.E.2d 1228 (1992).  The Ohio Supreme Court overruled this standard in *Zoppo* and replaced it with the reasonable justification standard.  This reasonable justification standard effectively eliminates any claim for bad faith claims handling.  Plaintiff's contention that Defendant can be in bad faith if it failed to comply with industry standards is simply wrong.  Setting aside the fact that Mary Fuller has not identified what those industry standards are or should be, who set the industry standards and who they apply to, this is an argument under the *Said* analysis which the Ohio Supreme Court has rejected.  The standard of no lawful basis, i.e., failure to comply with some standard, was replaced with the reasonable justification test.  Under this test, there is only bad faith where an insurer's refusal to pay a claim is not predicated upon circumstances that furnish reasonable good faith for that decision.  Thus, the only question, as set forth in standard 3 of Plaintiff's proposed bad faith instruction, is whether the claim of Plaintiff was fairly debatable based on the language of the policy.

Defendant submits that to recover on his bad faith claim Plaintiff must establish that his damages were caused by Defendant's action in the denial.

II.  **Breach Of Contract**

Defendant objects to the claim in Plaintiff's breach of contract instruction that "Plaintiff left work due to a disability in September 1998." The question of whether Plaintiff does or does not have a continuing disability is one to be decided by the jury. If this instruction is admitted in its current form, it sends the message to the jury that the Court accepts Plaintiff's claim that he left work because of a disability. This is something Plaintiff must prove and improper in the proposed instruction.

Defendant also objects to Plaintiff's claim that Defendant admits Plaintiff's total disability from September 1998 through at least August 2003. First, without reiterating Defendant's argument regarding total disability due to a physical condition or its admission of total disability <u>due to a mental condition</u>, Dr. Hartings' report is dated March 15, 2003. It is this date that should be used. Second, Defendant has never made a general admission of total disability.

Defendant also objects that subsections A and B need not be included in the breach of contract claim. Whether Centre Life prevailed or did not prevail on its Counterclaim is not material to Plaintiff's breach of contract claim. Moreover, there is no requirement that Centre Life show Plaintiff's condition has not improved. The requirement as currently identified by the Court is that Plaintiff must show he has a physical disability which prevents him from performing the important duties of his occupation and for which he has complied with the other requirements of his policy.

**III.    Unjust Enrichment**

Defendant objects to Plaintiff's proposed unjust enrichment charge in its entirety. Defendant has made a counterclaim but this counterclaim is not based on unjust enrichment and there need not be an instruction in this regard.

**IV.    Contract Interpretation**

Defendant objects to Plaintiff's contract interpretation charge to the extent that there is no claim of contract ambiguity in this case. Therefore, the charge regarding interpretation of an insurance provision which is reasonably susceptible of more than one interpretation, while correct, is unnecessary and will only serve to confuse the jury. In addition, Centre Life's contention of a mental disorder is not limited to undifferentiated somatoform disorder as stated by Plaintiff.

**V.    Agency**

This instruction is acceptable.

**VI.    Burden Of Proof**

Defendant objects to Plaintiff's burden of proof instruction to the extent that it includes an unjust enrichment instruction and to the extent that it has the wrong date of August 2003. Under the Court's previous ruling, the date to be considered is May 16, 2003. Defendant also submits that the charge of burden of proof needs to be broken down into appropriate time periods given the fact that with regard to some time periods, Defendant has the burden of proof and with regard to others, Plaintiff has the burden of proof. Defendant references its proposed jury instruction on this point. Finally, Defendant objects to the last paragraph of Plaintiff's proposed burden of proof charge in its entirety. Even if the jury does not agree with Defendant that Plaintiff's total disability was caused by a mental disorder classified in the DSM IV, this does

not relieve Plaintiff of the burden to establish a continuing disability after May 16, 2003 as set forth by the Court.

## VII.     Damages

Defendant objects to the unjust enrichment portion of this instruction. It proposes "Defendant has the burden of proof to establish all elements of damage for its counterclaim."

## VIII.    Punitive Damages

Defendant objects to Plaintiff's proposed punitive damages instruction in its entirety. Defendant submits that its proposed instructions regarding punitive damages are in accordance with Ohio law and should be used.

## IX.     Unanimous Verdict And Duty To Deliberate

Plaintiff's proposed charge regarding the unanimous verdict and duty to deliberate is acceptable.

## SPECIAL INTERROGATORIES

Defendant objects to Plaintiff's proposed special interrogatories in their entirety. In particular, Defendant objects that Plaintiff's attempts to place the cart before the horse in asking whether the jury finds that Plaintiff prevailed on its claim of bad faith before first asking the jury

whether it finds that Plaintiff is entitled to contract damages.  Without an entitlement to contract damages, there can be no finding of bad faith.

        Respectfully submitted,

        s/William R. Ellis
        William R. Ellis (0012279)
        Peter M. Burrell (0044139)
        Amy Gasser Callow (0063470)
        Wood & Lamping LLP
        600 Vine Street, Suite 2500
        Cincinnati, OH  45202-2491
        (Telephone) (513) 852-6000
        (Facsimile) (513) 852-6087

        Attorneys for Defendants
        Massachusetts Casualty Insurance Company
        and Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 16th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          s/William R. Ellis
                                          William R. Ellis, Esq.

205000.1