IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) : | CASE NO. C-1-02-351 |
| Plaintiff, | ) : | JUDGE BECKWITH<br>Magistrate Judge Hogan |
| v. | ) : | |
| CENTRE LIFE INSURANCE CO., | ) : | |
| Defendant. | ) | |

### DECLARATION OF PLAINTIFF'S COUNSEL

1. My name is Michael A. Roberts. I am an attorney at law licensed to practice in the State of Ohio and am presently in good standing. I am a partner in the law firm of Graydon Head & Ritchey LLP. I serve as the Trial Attorney for the plaintiff in the above matter.

2. The documents from defendant's claim file attached as Exhibit 1 to the accompanying motion are true and accurate. The emails attached as Exhibit 2 to the accompanying motion are true and accurate.

3. On April 7, 2004, after seeing defendant's list of trial exhibits and the reference to new surveillance I first demanded their production in an email (at 7:30 a.m. on April 7). Later that morning, as the Summary Jury Trial was set to begin, I personally demanded that Mr. Ellis and Mr. Burrell produce to me the videotapes. At first Mr. Ellis denied the existence of any new material. After pressing further, Mr. Ellis provided me with a print out of a list of go-kart events in which Mr. Jeffries' child participated in 2003. When he gave me the document he said "that is all there is." I doubted the accuracy of his claim and again demanded the videotapes.

1

Mr. Ellis again stated that's all.  I then requested that Mr. Burrell produce the information.  He ignored my request and indicated to me that no such tapes existed.

4. On April 13, 2004, Mr. Ellis admitted possessing the videos but still refused to produce them.

5. At 5:00 p.m. on April 15, 2004, (according to Mr. Burrell) essentially one business day before the start of trial, Defendant's counsel delivered 18 videotapes, representing 20+ hours of surveillance over a 5 day period between March 24 and March 28, 2004.  A review of the bulk of the videotapes reveals that they are irrelevant: they do not prove or disprove a cognitive deficit, nor do they prove or disprove a waxing and waning physical illness.  In addition, the tapes are not continuous streams of video: portions of the surveillance of Mr. Jeffries were cut out or not recorded, and some of the tapes have no date or time stamps.   I have viewed a significant enough portion of the videos to determine that they do not prove or disprove whether Mr. Jeffries is suffering from a physical illness which waxes and wanes and a cognitive impairment which is continuous.  They are not relevant.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

                Respectfully submitted,

OF COUNSEL            /s Michael A. Roberts_____


### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 16th day of April, 2004.

                /s Michael A. Roberts_____

Case 1:02-cv-00351-MRB-TSH   Document 241-4   Filed 04/16/2004   Page 3 of 3

**382752.1**