IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| Plaintiff, | ) | JUDGE BECKWITH |
| | : | Magistrate Judge Hogan |
| v. | ) | |
| | : | PLAINTIFF'S REPLY MEMORANDUM |
| CENTRE LIFE INSURANCE CO., | ) | IN SUPPORT OF MOTION TO |
| | : | <u>EXCLUDE LATE PRODUCED TAPES</u> |
| Defendant. | ) | |

Plaintiff's Motion In Limine with regard to the late produced videotapes should be granted. Over 6 months prior to the secret videotaping of Mr. Jeffries in late March 2004, defendant took plaintiff's deposition. In that deposition, defendant described his capacity to potentially participate as an indulgent father in his children's go-kart interest. Plaintiff in fact described for plaintiff exactly what is captured on the March 24 - March 28 videos. Plaintiff's deposition testimony was as follows:

> Q. Just out of curiosity, because Daytona is famous for a raceway, was it for the raceway or for just something else in Daytona?
>
> A. No, it was racing related. It was, one of my kids was in a race there, a go-cart race.
>
> Q. Pretty far to go for a go-cart race, isn't it?
>
> A. Well, you know, you support your children. You don't have a –" (*Exh. 1, p. 115*).

Later in the deposition Mr. Ellis returned to the topic and the following exchange occurred:

382801.1

Q. When was the last time that you borrowed from the next day's energy such that you did something one day and then had to recover for the next day or so?

A. Oh. I would say this past weekend, I spent time with my kids.

Q. Doing what?

A. Went to soccer games with them and I went to, they were with their carts, their go-carts on Sunday. And then on - - what's today? Today is Wednesday.

Q. Mm-hmm.

A. You know, I mean it's just - - Monday, you know, I just, I do a few things, I lay down, I have to lay down for a while. You know, I get up. I do things. I just have to - - that's kind of just getting the batteries recharged.

Q. When you said you went with the kids in their go-carts Sunday, where did you go?

A. I went to, there's a place - - it was, it was Circleville. It's by Washington Courthouse.

Q. Up 71?

A. Yeah.

Q. Are these motorized go-carts?

A. They are. Little kids carts that they run around the track with other kids.

Q. So these are actual motor vehicles - -

A. Yeah.

Q. - - as opposed to - - Okay. And you would go help them pack up these things on a trailer or something and take them up there and watch them drive and then take them home.

A. Yeah.

382801.1

      Q.      Okay.

      A.      Let's see. I don't know. But that's the kind of activity that would cause - - and then let me tell you what, sometimes you could do stuff like that without much of an impact whatsoever, without any material or significant fatigue as a result of it. And other times you have a period where you couldn't even do those because it's just you don't want to, you know. It's just - - you learn to, that you just sort of manage the - - I mean, it's the thing that I've learned about it is to manage your body to the extent it's, you know, its - -" (*Exh. 1*).

Because plaintiff truthfully described the nature of his illness – and that truth is depicted in the video – the videotapes prove nothing. They are cumulative and redundant of plaintiff's own sworn testimony. They do not tend to prove or disprove any fact *in dispute*. They may show continued bad faith however – since Mr. Jeffries told defendant exactly how it may acquire video which may mislead the jury.

Second, defendant's counsel admits deceit. He does not contend that when he advised counsel on March 22, 2004, that there was no new surveillance, a private investigator had by that time been hired to observe Mr. Jeffries on March 24 in Florida. And even though they were required to be produced, there has been no production of the documents exchanged between defendant and the private investigator prior to March 24 which will establish that Mr. Ellis' March 22 email is false. Also, contrary to defendant's counsel's suggestion, the exchange between counsel on April 7 was not directed at the Summary Jury Trial evidence. That morning plaintiff's counsel received a list of defendant's proposed *Trial* exhibits. Later that day, in reference to the request for production of those new *Trial* exhibits, the defendant gave a document and said "that's all." Defendant's counsel well knows that his new version of the exchange is untrue.

382801.1

Finally, if defendant intends to play any portion of the videotapes, the plaintiff intends to exercise his right under FRE 106 and request that defendant play all of the videotapes during defendant's time for the trial.

The Motion in Limine should be granted.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |

<b><u>CERTIFICATE OF SERVICE</u></b>

The foregoing was electronically filed and thereby delivered to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 18th day of April, 2003.

/s Michael A. Roberts

382801.1