## MUTUAL SETTLEMENT AND GENERAL RELEASE AGREEMENT

This MUTUAL SETTLEMENT AND GENERAL RELEASE AGREEMENT ("Agreement") is made and entered into as of the Effective Date, by and between the following:

### PARTIES:

ERIC L. JEFFRIES, a resident of the state of Ohio and CENTRE LIFE INSURANCE COMPANY, a life insurance company organized and existing under the laws of the Commonwealth of Massachusetts ("Centre') formerly known as Massachusetts Casualty Insurance Company ("MCIC").

### WITNESSETH:

WHEREAS, MCIC issued a Disability Income Insurance Policy, No. 0641734, originally effective April 1, 1996, in which Mr. Jeffries is the named policy owner and insured (the "Policy") ~~and which was paid for by Mr. Jeffries with after tax dollars;~~

~~WHEREAS, any benefits paid to Mr. Jeffries under said Policy have been, are and would be income tax free;~~

WHEREAS, on or about May 15, 2002, Jeffries filed an action against Centre and Disability Management Services ("DMS") in the Hamilton County Court of Common Pleas, Hamilton County, Ohio captioned *Eric L. Jeffries v. Centre Life Insurance Company and Disability Management Services*, being Case No. A-0203794, which defendants removed to the United States District Court For The Southern District Of Ohio, Western Division, being Case No. C-02-351 now pending on the docket of the Hon. Sandra S. Beckwith (the "Action"), in which Mr. Jeffries asserted causes of action for breach of contract, bad faith, invasion of privacy, conspiracy, interference with relations, and declaratory judgment (the "Pending Claims");



WHEREAS, Centre and DMS each ~~denied~~ deny any and all liability for any of the Pending Claims actually asserted or that could have been asserted by Mr. Jeffries in the Action and asserted affirmatively a claim against Mr. Jeffries for unjust enrichment demanding therein compensatory damages (the "Pending Counterclaims");

WHEREAS, one week prior to trial ~~the Court required~~ the parties ~~to~~ engaged in a settlement conference which triggered further settlement dialogue among the parties and ultimately Centre offered to pay Mr. Jeffries ~~a present value settlement of~~ cash and ~~periodic payments which he accepted~~the fund futureing of periodic payments to Mr. Jeffries by a third party insurer ~~reinsurer~~. ~~The~~the total value of the cash payments and future periodic payments offered ~~which~~ were less than or equal to the present value of the benefits under the policy, ~~which~~ Mr. Jeffries accepted Centre's offer;

WHEREAS, the parties desire to settle and compromise, fully, finally and completely, any and all claims, controversies and causes of action now pending or which may currently exist between them with respect to the Pending Claims and Pending Counterclaims upon the terms and conditions set forth herein;

and

WHEREAS, the parties further desire to terminate the Policy (except as contemplated by a Policy Restructuring Agreement as described below) and to settle and compromise, fully, finally and completely any and all claims for disability income benefits and any and all other benefits that may have come due or which could become due and payable under the Policy in the future with a ~~structured~~ settlement involving cash and periodic payments.~~; and~~

~~WHEREAS, Centre and DMS acknowledge that Mr. Jeffries has not been made whole under the terms of the above Policy.~~

NOW, THEREFORE, in consideration for, reliance upon and the satisfactory performance of the mutual promises, releases, covenants and undertakings contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by the parties hereto, the PARTIES DO HEREBY AGREE as follows:

1. **RECITALS.** The foregoing recitals, including the defined terms, are an integral part of this Agreement, and are specifically restated and incorporated as if fully rewritten herein.

2. **SETTLEMENT OF PENDING CLAIMS AND PENDING COUNTERCLAIMS.** Mr. Jeffries will dismiss all claims for bad faith and punitive damages of any kind and as complete satisfaction, compromise and payment of all the remaining Pending Claims and Pending Counterclaims, Centre will: (i~~1~~) within seven (7) days of Centre's and Mr. Jeffries' execution of this Agreement pay $500,000.00 to Mr. Jeffries as and for unpaid disability insurance benefits accrued ~~and expenses associated with this matter~~; (ii) at a date of Mr. Jeffries' choosing, but no later than April 18, 2005, transfer $1,500,000 plus 6% simple annual interest accrued from April 19, 2004 to the date of the transfer (the "PRA Transfer") ~~will allow and/or assist Mr. Jeffries in the transfer of the remainder of the Two Million Dollar Settlement Proceeds balance of the funds due to him, (calculated to be a sum certain as of the date of transfer)~~ to a third party insurer (the "Reinsurer") to fund the assumptive reinsurance of the Policy and the subsequent periodic payment of benefits to Mr. Jeffries by the R~~t~~ ~~ehird party~~ insurer pursuant to a Policy Restructuring Agreement ("PRA"). Mr. Jeffries is responsible for the selection of the

Page 3 of 13

~~R~~Reinsurer~~(s)~~. Once Mr. Jeffries selects the ~~Ra~~ Reinsurer~~(s)~~, then Mr. Jeffries and Centre shall enter into a PRA affirming:

   (a)   that ~~e~~ ~~amount of the payment by~~ Centre will directly provide Reinsurer with the PRA Transfer ~~to the Re~~ ~~third party insurer~~;

   (b)   the frequency, dollar amount and number of payments to be made by the ~~Re~~ ~~third party~~ insurer to Mr. Jeffries ("Periodic Payments"); and

   ~~(c)~~   ~~that Centre shall directly fund the PRA with the PRA Transfer~~ ~~portion of the Settlement Proceeds specified by Mr. Jeffries in the Iinstruction; and~~

   (~~c~~d)   that the ~~Re~~ ~~third party~~ insurer shall be solely liable to Mr. Jeffries for all Periodic Payments. Centre shall have no further obligations or liability to Jeffries with regard to the ~~portion of the Settlement Proceeds used to fund the~~ PRA Transfer or with regard to the Periodic Payments;

(the amounts described in (i) and (ii) collectively shall hereinafter be referred to as the "Settlement ~~P~~Proceeds") ~~with the approval by Mr. Jeffries of the involved company(ies) (the "Reinsurer(s)") on or before April 18, 2005 transfer One Million Six Hundred Two Thousand Five Hundred and xx/100 dollars ($1,602,500) to _____, a third party insurer or insurers (the "Reinsurer(s)") which is/are rated at A+ or higher by AM Best to fund the assumptive or periodic payment reinsurance of te Policy and the subsequent periodic payment of benefits to Mr. Jeffries by the Reinsurer(s) pursuant to a Policy Restructuring Agreement ("PRA"), as described in Exhibit A attached (which Reinsurer(s) will then issue evidence of said Reinsurance to Mr. Jeffries);~~ and (iii) have the

Page 4 of 13

attached Stipulation of Dismissal With Prejudice ~e<ins>e</ins>xecuted and filed with <ins>the</ins> <del>the</del> Court.

Mr. Jeffries will not have any power to direct investments made by the Reinsurer(s) of the funds it received in accordance with the PRA and will have no ability or right to accelerate, defer or increase the periodic payments. Further, Mr. Jeffries cannot collect a lump sum equal to the net present value of the periodic payments and has no right to alienate the periodic payments or the restructuring of the Policy <del>Restructuring Agremeent</del><ins>Agreement</ins> pursuant to the PRA nor the power to do so<del>.</del><ins>.</ins>

Mr. Jeffries agrees that <ins>the Reinsurer shall have sole liability for making periodic payments to him und</ins><del>his rights under</del> the P<ins>RA</ins><del>olicy will be assumed by the Reinsurer(s). This means that the Reinsurer(s) will make all future payments due under the Policy as restructured.</del> Mr. Jeffries further agrees that after the money is transferred to the Reinsurer<del>(s)</del> Centre will have no further liability under the Policy and that Centre does not guarantee the payments to be made by Reinsurer(s). <del>At that point to sole obligation to Mr. Jeffries will be that of the Reinsurer(s).</del>

Mr. Jeffries hereby acknowledges<ins>,</ins> warrants and represents that Centre's performance of its obligations in the above manner provided herein constitutes sufficient and substantial consideration for this Agreement, including without limitation the general release and covenant not to sue contained herein.

It is further understood and agreed that acceptance by Mr. Jeffries <ins>that Centre's payment</ins><del>of the amount</del> of the Settlement Proceeds <del>paid by Centre hereunder</del> and the other mutual promises and undertakings contained herein, is an admission or acknowledgment by

Page 5 of 13

Mr. Jeffries that said Settlement Proceeds constitute full and complete compensation for the claimed damages, losses and expenses allegedly sustained as a result of the transactions and conduct giving rise to the Pending Claims.

3. **TERMINATION OF POLICY.** ~~Once Centreer performs its above obligations including but not limited to, the transfer of monies on or before April 18, 2005, the Policy shall be terminated (except as contemplated by~~ the PRA~~a Policy Restructuring agreement) and be of no further force or effect~~. As part of this settlement agreement Mr. Jeffries agrees that he is not entitled to any further claims or monies under the Policy (other than the proceeds of this settlement set forth in Paragraph 2) and the Policy is and has been terminated as of April 19th 2004. Mr. Jeffries shall be entitled to any periodic payments to be made by the Reinsurer(s) as contemplated by the ~~a~~ PRA. Otherwise, Mr. Jeffries understands that he cannot submit any claims to Centre in the future, whether pursuant to the Policy or otherwise. Mr. Jeffries hereby surrenders the Policy to Centre for cancellation upon final payment of the above monies to the Reinsurer(s) and hereby waives, renounces ~~amd~~and relinquishes any and all claim of right to any non-cancelable features of the Policy. If Mr. Jeffries has not delivered to Centre or its counsel the actual Policy contemporaneous with this execution of this Agreement, then Mr. Jeffries hereby affirms the Policy is lost but ~~wil~~will promptly be returned to Centre if it is found. Mr. Jeffries acknowledges that as of April 19, 2004, he had no continued right to benefits under his Policy contingent upon execution of this Agreement.

If required by the Reinsurer(s) selected by Mr. Jeffries, Centre will cooperate in the execution of an agreement promising to disperse the Settlement Proceeds on a date certain and in an amount consistent with the terms of this Agreement. ~~Until final payment is made Centre~~

~~agrees to place the above noted amounts aside for the sole benefits of Mr. Jeffries and further agrees to sign any lock in papers promising to make said payment on or before April 18, 2005, that is sent to them by the parties handling the Reinsurance Transaction of~~ of Mr. Jeffries.

4.  **MUTUAL RELEASE**. Mr. Jeffries, on behalf of himself and his predecessors, successors, heirs and assigns, hereby forever holds harmless, releases and discharges Centre and DMS and all of their respective directors, officers, partners, associates, trustees, shareholders, parents, holding companies, subsidiaries, affiliates, agencies, employees, agents, career producers, brokers, salesmen, independent contractors, attorneys, accountants, insurers, successors and assigns (collectively the "Centre Releasees"), from any and all claims, demands and causes of action, including without limitation every claim to payment or other remedy (judicial, administrative, arbitral, private or otherwise), whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, whether in law, equity or otherwise, and whether known or unknown, that Mr. Jeffries ever had, now has or hereafter may have for, upon or by any reason relating to, connected with or arising out of any and all: (i) claims that actually were or which could have been asserted in the Action; (ii) claims of any kind, nature or description relating in any way to, connected with or arising out of the Policy; (iii) claims of any kind, nature or description relating in any way to, connected with or arising out of Pending Claims; (iv) claims of any kind, nature or description relating in any way to, connected with or arising out of any transactions between Mr. Jeffries and Centre or DMS, up through and including the Effective Date of this Agreement. Centre, DMS and Mr. Jeffries agree that no monies have been paid on

account of bad faith or punitive damages ~~and as to compensatory damages further agree that Mr. Jeffries has not been made whole under the terms of the involved Policy by this settlement.~~

This Agreement has been executed for the purpose of releasing, is intended and shall be construed and applied so as to release, Centre, MCIC, and DMS and any other Releasee from any and all claims for compensatory or exemplary damages, specific performance, payment, restitution, rescission, costs, attorneys' or accountants' fees and expenses, or any other legal or equitable relief, and any and all causes of action in law or in equity, whether known or unknown, as of, up through and including the Effective Date hereof.

This release is not intended and shall not be construed or interpreted to apply to the obligations and performance of Centre's above obligations, as set forth in paragraph 2 hereof.

Centre on behalf of itself and its predecessors, agents (including DMS), successors, and assigns, hereby forever holds harmless, releases and discharges Mr. Jeffries and all of his respective agents, attorneys, accountants, successors and assigns (collectively the "Jeffries Releasees"), from any and all claims, demands and causes of action that Centre ever had, now has or hereafter may have for, upon or by any reason relating to, connected with or arising out of any and all: (i) claims or counterclaims that actually were or which could have been asserted in the Action; (ii) claims of any kind, nature or description relating in any way to, connected with or arising out of the Policy; (iii) claims of any kind, nature or description relating in any way to, connected with or arising out of Pending Counterclaims; (iv) claims of any kind, nature or description relating in any way to, connected with or arising out of any transactions between Mr. Jeffries and Centre or DMS, up through and including the Effective Date of this Agreement.

This Agreement has been executed for the purpose of releasing, is intended and shall be construed and applied so as to release Mr. Jeffries and any other Jeffries Releasee from any and all claims for compensatory or exemplary damages, specific performance, payment, restitution, rescission, costs, attorneys' or accountants' fees and expenses, or any other legal or equitable relief, and any and all causes of action in law or in equity, whether known or unknown, as of, up through and including the Effective Date hereof.

5. **DISMISSAL OF THE LITIGATION**. Within seven (7) days after the Effective Date of this Agreement, Mr. Jeffries shall dismiss, with prejudice, the Action, including without limitation any and all claims that actually were or that could have been asserted therein, each party to bear his or its own costs, by filing with the court in the Action an appropriate STIPULATION OF FINAL DISMISSAL, WITH PREJUDICE, ~~AND ORDER SEALING ACTION~~, pursuant to Fed.R.Civ.P. 41 (a)(1)(i), in the form attached hereto as Exhibit A. Hon. Sandra S. Beckwith shall maintain jurisdiction of the Action <ins>until such time as the total amount of the Settlement Proceeds haves been dispersed.</ins> ~~through the date of the payment of the Settlement Proceeds.~~ Each party agrees to bear its own costs, except the costs incurred by the Court in impaneling a jury, which shall be borne equally by Mr. Jeffries and Centre.

6. **COVENANT NOT TO SUE**. Mr. Jeffries and Centre hereby covenant to refrain from commencing or prosecuting in the future, any action or suit, in law or in equity, against the other or any other Centre Releasee or Jeffries Releasee on account of any claim released herein.

7. **REPRESENTATIONS; AUTHORITY**. Each of the parties to this Agreement hereby warrants, represents and acknowledges to the other party that:

(a)   Each is the owner of, and has not sold, assigned, transferred, conveyed or otherwise disposed of, any claims covered by this Agreement. Mr. Jeffries and Centre further represent and warrant that neither has sold, assigned, conveyed, or otherwise transferred the Policy, any rights or benefits under the Policy, or any of the claims released in this Agreement. Mr. Jeffries and Centre each agree to defend, forever indemnify, and hold the other (and DMS) harmless from any and all claims, rights demands, liabilities, controversies, or causes of action by or in favor of any other person or entity claiming any right pursuant to an assignment, directly or indirectly, or otherwise, of the Policy, any rights or benefits under the Policy, or any of the claims released in this Agreement, whether based in contract or tort, pursuant to statute, or under the common law of any jurisdiction;

(b)   Each has the right and authority to execute this Agreement, to receive and/or pay the consideration given therefor and to grant and execute the releases and covenants not to sue contained herein;

(c)   The consideration received for this Agreement is sufficient, just and adequate;

(d)   Each has read all the provisions of this Agreement in full, has reviewed those provisions with his or its respective counsel, understands such provisions and their effects, and voluntarily agrees to be bound thereby;

(e)   Each is entering into this Agreement based solely and exclusively upon his or its own analysis of the facts, circumstances and information of which each is independently aware, and not based upon any statements or representations of any other party;

(f)   It is understood, acknowledged and agreed by each party to this Agreement that the facts, circumstances and information relating to the claims being released herein may hereafter prove to be other than or different from the facts and claims now believed by each to be true. Each party assumes and accepts the risk of the facts proving to be different and agrees that all the terms of this Agreement shall be in all respects effective and not subject to amendment, termination or rescission on account of any such difference in facts; and

(g)   Each of the parties hereto understands, acknowledges and agrees that he or it may have sustained damages or losses from the claims being released herein that are presently unknown and unsuspected, and that such losses as were sustained may give rise to additional losses and expenses in the future that are not now anticipated or susceptible of calculation. Nevertheless, each of the parties hereto has negotiated this Agreement in light of this realization and, being fully advised thereof, expressly waives any rights under any state or federal statute, or any

common law principles, to amend, terminate, avoid or rescind this Agreement on account thereof; and

(h) ~~Mr. Jeffries, Centre and DMS acknowledge that all payments to Mr. Jeffries under this agreement are intended to be a payment of disability insurance benefits to Mr. Jeffries pursuant to the Policy. Neither Centre nor DMS will/shall report these payments as taxable income to Mr. Jeffries to any governmental entity. However,~~ Mr. Jeffries acknowledges that neither Centre nor DMS is warranting or representing any tax consequences of this Agreement and that Mr. Jeffries is relying on his own legal and/or tax advisors in that regard. Mr. Jeffries acknowledges and agrees that he shall have no recourse against Centre or DMS in the event such payment does have tax consequences adverse to Mr. Jeffries or different than he expected.

8. **NO ADMISSION OF LIABILITY**. This Agreement shall not constitute or be interpreted or construed as an admission of liability by any of the parties hereto for any purpose whatsoever.

9. **GOVERNING LAW; SEVERABILITY**. This Agreement shall be governed by, and construed and interpreted in accordance with the laws of the state of Ohio, without regard to the conflict of laws provisions thereof. If any court or tribunal of competent jurisdiction should determine that any provision of this Agreement is illegal, invalid or unenforceable, the remaining provisions of this Agreement shall not be affected thereby. Any such illegal, invalid or unenforceable provision shall be fully severable, and this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision never was a part hereof, and the remaining provisions hereof shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision.

10. **SUCCESSORS, HEIRS, AND ASSIGNS**. This Agreement shall be binding upon and inure to the benefit of each of the parties' respective predecessors, successors, heirs and assigns.

11. ~~**CONFIDENTIALITY AND RETURN OF MATERIALS.** By his signature below, Mr. Jeffries' counsel affirms that he has submitted to Centre's counsel all originals and copies of information produced by Centre or DMS in the Action which were marked "Confidential."~~

~~From April 19, 2004, through the end of the World, the defendant, its attorneys, and its agents (including employees and representatives of DMS) shall maintain as confidential all aspects of this Action, Mr. Jeffries' claim, and all other information concerning, referring to, or relating to Mr. Jeffries. An officer of DMS, a partner of Wood & Lamping, Mitchell Clionsky Ph. D., Michael Hartings Ph. D., Dr. Kirk Frey, and Dr. Newton Bullard, all shall affirm their (and their firm's) confidentiality commitment by executing the Confidentiality covenant attached as Exhibit B. In the absence of one of the exceptions noted below, the only statement that may be communicated concerning Mr. Jeffries or the Action is that "It is confidential."~~

~~If Mr. Jeffries' Claim file becomes the subject of any inquiry or audit of any regulatory body, then prior to the offering of any documents or information in response to the inquiry, Centre shall send Mr. Jeffries' counsel, Michael A. Roberts of Graydon, Head and Ritchey, LLP, a notice by Certified Mail and Fax identifying the inquiring party and the date and time of Centre's intention to respond with information. If Centre, its counsel, DMS, or any expert retained by Centre or its counsel in the Action receive a subpoena seeking testimony or documents relating to Mr. Jeffries then Centre or its counsel will: (A) notify Mr. Jeffries' counsel, Attorney Michael Roberts at (513) 629-2799 with an email to mroberts@graydon.com and certified letter giving Mr. Jeffries ample time to take whatever action he deems appropriate; and (B) not produce any documents or information to the requesting party until Mr. Jeffries or his counsel has been afforded the opportunity to present any issue he desires to raise with the~~

~~regulatory agency or other inquiring entity or a Court of competent jurisdiction. One copy only of all information Centre determines is necessary for maintenance in a "Jeffries Claim File" shall be maintained in the possession and control of DMS' general counsel for as long as DMS shall serve Centre as Centre's Third Party Administrator. Any additional copies shall be returned to Mr. Jeffries' counsel, Attorney Michael Roberts, forthwith with a sworn certification of William R. Ellis and Andrew Cohen that no additional copies of any information relating to Mr. Jeffries are maintained at the offices of Wood & Lamping (including electronically stored information) or at DMS. All videotapes that exist shall be returned to Mr. Jeffries' counsel forthwith, with a similar certification.~~

~~12~~11.   **MISCELLANEOUS**.  This Agreement, the Exhibits and the Periodic Payment and/or the Assumptive Reinsurance Agreement(s) embody the entire agreement and understanding of the parties hereto with regard to the subject matter contained herein.  There are no restrictions, promises, representations, warranties, covenants or undertakings other than those expressly set forth or referred to herein.  This Agreement may be amended or modified only by a written instrument signed by the party affected by any such amendment or modification, or by its respective successors and assigns.

This Agreement may be executed in one or more counterparts and all of said counterparts taken together shall be deemed to constitute one and the same instrument.  This Agreement shall be effective as between the parties as of April 19, 2004

~~Mrs. Eric Jeffries (Sue Jeffries) agrees that any cash or periodic payments made under this Settlement are the sole and separate property of Mr. Jeffries.~~

~~Zurich Insurance Company, the parent of Centre, agrees to guarantee the performance of Centre. In the event Centre cannot perform its duties under the terms of its contract, Zurich will perform then as quickly as possible.~~

All parties agree to cooperate in the future and execute any further documents needed to carry out the intent of this Agreement.

<u>The parties represent that this Agreement is a mutual creation of Counsel for Mr. Jeffries and Counsel for Centre. As such, it is agreed that the general rule of contract construction that any ambiguities are to be construed against the drafter will not apply.</u>

IN WITNESS WHEREOF, and with the intention of being fully bound hereby, the parties have set their hands to this Agreement, consisting of this and ten (10) prior pages as well as Exhibit A hereto, as of the date and year so indicated.

---

ERIC L. JEFFRIES

Date: _____


CENTRE LIFE INSURANCE COMPANY,
a Massachusetts Life Insurance Company

---

By: _____
Its: _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | ) | CASE NO. C-1-02-351 |
| | : | |
| PLAINTIFF, | ) | JUDGE SANDRA S. BECKWITH ~~V.~~ |
| | : | |
| V. | ) | |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | ) | STIPULATION OF FINAL DISMISSAL, |
| | : | WITH PREJUDICE ~~AND ORDER DEALING~~ |
| DEFENDANT. | ) | ~~ACTION~~ |

The instant controversy having been fully and finally settled and compromised, and said settlement having been consummated, IT IS HEREBY STIPULATED by and between the parties that the within action against defendant CENTRE LIFE INSURANCE COMPANY and the Counterclaim against plaintiff Eric L. Jeffries and any causes of action or claims that actually were asserted or that could have been asserted by the parties herein, are hereby DISMISSED, WITH PREJUDICE, pursuant to FED.R.CIV.P. 41(a)(1)(i), each party to bear his or its own costs. Costs to be taxed by the Court shall be borne equally by the parties. The Court shall retain jurisdiction of this action through <u>April 19, 2005 or such earlier time as the final disbursement from Centre is made,</u> ~~may 31, 2005,~~ subject to any agreed extension by the parties or should circumstances require.

DATED this _____ day of May, 2004.

/s/ Michael A. Roberts
Michael A. Roberts, Esq. (0047129)
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
(513) 629-2799/(513) 651-3836 (FAX)
e-mail: rbtm@graydon.com
*Attorney for Plaintiff ERIC L. JEFFRIES*

/s/ William R. Ellis
William R. Ellis, Esq. (0023013)
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202
(513) 852-6067 / (513) 852-6087 (FAX)
e-mail: wrellis@woodlamping.com
*Attorney for Defendant*
CENTRE LIFE INSURANCE COMPANY

2138882190914