## Roberts, Michael A.

**From:** Roberts, Michael A.
**Sent:** Thursday, October 21, 2004 7:19 PM
**To:** William R. Ellis
**Cc:** Roberts, Michael A.
**Subject:** Jeffries



EXHIBIT

Bill

Notwithstanding the clear, enforceable agreement on Confidentiality at Mr. Jeffries' election, which is for him to decide is unilateral below is the revised Confidentiality Covenant Mr. Jeffries is willing to enter now.

10.   CONFIDENTIALITY.

By its signature below, Centre affirms that neither it, DMS, their agents (including experts), or their counsel has disseminated information or materials concerning Mr. Jeffries to any third party since April 19, 2004.

Additionally, from the date of this Agreement through the end of the World, Centre, its attorneys, and its agents (including employees and representatives of DMS) shall maintain as confidential all aspects of this Action, Mr. Jeffries' claim, and all other information concerning, referring to, or relating to Mr. Jeffries. An officer of DMS, a partner of Wood & Lamping, Mitchell Clionsky Ph. D., Michael Hartings Ph. D., Dr. Kirk Frey, Dr. Newton Bullard, and all surveillance companies retained by Centre and DMS shall affirm their (and their firm's) confidentiality commitment by executing the Confidentiality covenant attached as Exhibit B. In the absence of one of the exceptions noted below, the only statement that may be communicated by Centre, DMS, or their agents concerning Mr. Jeffries or the Action is that "It is confidential." This covenant is additionally binding upon Centre's and DMS' successors and assigns.

If Mr. Jeffries' Claim file becomes subject of any inquiry or audit of any regulatory body, then prior to the offering of any documents or information in response to the inquiry, Centre or its counsel shall send Mr. Jeffries' counsel, Michael A. Roberts of Graydon Head & Ritchey LLP, a notice by Certified Mail and Fax identifying the inquiring party and the date and time of Centre's intention to respond with information.

If Centre, its counsel, DMS, or any expert retained by Centre or its counsel in the Action receives a subpoena seeking testimony or documents relating to Mr. Jeffries then Centre or its counsel will: (A) notify Mr. Jeffries' counsel, Attorney Michael Roberts at (513) 629-2799 with an email to mroberts@graydon.com and certified letter giving Mr. Jeffries ample time to take whatever action he deems appropriate; and (B) not produce any documents or information to the requesting party until Mr. Jeffries or his counsel has been afforded the opportunity to present any issue he desires to raise with the regulatory agency or other inquiring entity or a Court of competent jurisdiction.

In the event that information or material from this case, disseminated by Mr. Jeffries or his counsel to any third party since April 19, 2004, is used or referenced in any other claim or case, is published in any public document or on the internet, or is referenced in any way to the disadvantage of or in disparity of Centre or DMS or their agents, employees, or representatives, Centre and DMS, or their counsel in such other matter, are released from this confidentiality to the extent reasonably and necessary to fully respond to the information or material so used or published. Centre and DMS, however, must give written notice in advance to Mr. Jeffries and his counsel

concerning their intention to so respond.

From the date of his signature below, through the end of the World, Mr. Jeffries shall maintain as confidential all aspects of this Action. In the absence of one of the exceptions noted below, the only statement that may be communicated by Mr. Jeffries concerning the Action is that "It is confidential."

If Mr. Jeffries receives a subpoena seeking testimony or documents relating to the Action he will: (A) notify Mr. William R. Ellis at (513) 852-6000 giving Mr. Ellis ample time to take whatever action he deems appropriate on behalf of his clients.   Without advance notice to Centre or DMS, Mr. Jeffries may share information concerning the Action with any of his insurers, tax authorities as necessary, lawyers, physicians, accountants, or family members.

Any breach of this agreement releases the other party from all obligations of confidentiality.

---

**From:** William R. Ellis [mailto:WREllis@WoodLamping.com]
**Sent:** Thursday, October 21, 2004 11:45 AM
**To:** Roberts, Michael A.
**Subject:** RE: Jeffries

```
Mike, I would be happy to discuss any reasonable solution to the
issue. unilateral confidentiality or additional consideration is not
reasonable in the mind of my client. Our research on the issue
dictates that we cannot be forced to accept a provision in the
settlement agreement to which we did not specifically agree. An order
from this court to the contrary would have to be appealed and
ultimately decided by the 6th circuit. It seems that the best option
is for us to find some possible middle ground or to just forget the
confidentiality.
```