**William R. Ellis**

| | |
|---|---|
| From: | William R. Ellis |
| Sent: | Tuesday, October 26, 2004 3:32 PM |
| To: | 'Roberts, Michael A.' |
| Cc: | Amy Gasser Callow (agcallow@cinci.rr.com); Carrie Barnes (carrie_barnes@di-mgmt.com) |
| Subject: | Jeffries confidentiality |

Mike, Since you view phone discussions as not responding and report a lack of response to the court in spite of the fact that you and I had discussed but not agreed upon either your language nor mine, I thought this time we had better respond in writing.

We have had a opportunity to re-review your proposed language. So far, our problems with the language include:

1) that it would require the defendants to write you a letter prior to responding to any use of the material. Obviously the use of the material would be in a deposition setting or in a motion or argument setting where stopping to write you a letter would be impractical.

2) Any request for information made to the defendants requires fax, certifies mail, e-mail and phone contact with you, and an agreement not to produce any material unless you have been afforded an unspecified to present your issue. whereas, if Mr. Jeffries gets a request he need only try to call me at the firms main number. He may also produce the information to his attorney, i.e. you and you are unrestricted by the terms of the agreement. Further the delay contemplated may place us in a position of being held in contempt by either the requesting authority or this court.

3) the confidentiality on the part of the defendant includes numerous outside parties and experts and counsel, whereas, on the plaintiff's side only Mr. Jeffries is restricted.

4) The defendant and everyone they know is restricted from 4/19/04 but Mr. Jeffries is only restricted from the date of the agreement, which allows him to divulge all or any par of the information prior to affixing his signature. As I said before my client is not interested in signing a one sided agreement. Especially one that seems to be designed to create future litigation down the road.

On the same subject, I called Mr. Wahl in order to ask why I have been being accused of divulging information. He confirmed that he has never gotten any information from me but that you have sent him piles of records and a CD disc of documents. I can only assume that the CD disc is the claims file as it existed prior to suit. I have not told Mr. Wahl that this is only a partial claims file and that the claims process continued after the suit was filed. I'm sure you are aware that if you are providing only selected information, you may be knowingly or unknowingly participating in a potential fraud. In our brief to the court I expressed the ethical quagmire this issue has created and you now may have entered into an even deeper part of the mud. Moreover, since you have disseminated claims file material to a party that is not a signatory to this confidentiality, such material could be requested from them and expose us to a later claim from you that we gave out the material without your approval.

*William R. Ellis*