UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MOTION FOR** |
| et al., | : | **RECUSAL** |
| | : | |
| Defendants. | : | |

Now comes Defendant Centre Life Insurance Company, by and through its counsel, and with the utmost respect for this Court, moves that Chief Judge Sandra Beckwith recuse herself as the presiding judge in this case. Opposing counsel and the spouse of one of the parties in this case are current and former employees of the law firm of Graydon, Head & Ritchey. It has come to the attention of Defendant that Judge Beckwith very recently recused herself from several cases in which her former law firm of Graydon, Head & Ritchey appeared as counsel. Judge Beckwith did not recuse herself from the case at bar, however, and Defendant respectfully requests that she do so in accordance with her other recusal orders. A memorandum in support of this motion is attached.

                                          Respectfully submitted,

                                          s/William R. Ellis
                                          William R. Ellis (0012279)
                                          Peter M. Burrell (0044139)
                                          Amy Gasser Callow (0063470)
                                          Wood & Lamping LLP
                                          600 Vine Street, Suite 2500
                                          Cincinnati, OH  45202-2491
                                          (Telephone) (513) 852-6000
                                          (Facsimile) (513) 852-6087
                                          Attorneys for Defendants
                                          Massachusetts Casualty Insurance Company
                                          and Disability Management Services, Inc.

## **MEMORANDUM IN SUPPORT**

During the cause of this case, counsel for Defendant made an oral motion that Chief Judge Beckwith recuse herself. *See* Doc No. 254, transcript of 1-29-04 hearing. This motion was based on what Defendant perceived as the appearance of bias in the numerous discovery rulings made by the Court. Defendant was concerned that both counsel for Mr. Jeffries, Mike Roberts, and Mr. Jeffries' wife, Sue Jeffries, were a member and former employee of Judge Beckwith's former law firm Graydon, Head & Ritchey. The Court ruled that the recusal motion was not properly before it. (Doc No. 147). Defendant decided not to pursue a formal motion at that time.

It has now come to the attention of Defendant that on October 20, 2004, Judge Beckwith issued numerous Orders in which she recused herself. Although no specific reason for the recusal was given, the common denominator among the cases appeared to be that the law firm, Graydon, Head & Ritchey represented a party in each case. Centre Life has also learned from review of PACER filings that in at least three cases Judge Beckwith rescinded her recusal order upon motion. In one case, Judge Beckwith was advised that the law firm of Graydon, Head & Ritchey was no longer an active party in the case, and in the others, Michael Roberts, current counsel in this case, advised that Graydon, Head & Ritchey would withdraw as local counsel so that the case could continue with Judge Beckwith as presiding judge. All motions for reconsideration inferred that Judge Beckwith's recusal was premised on the association of Graydon, Head & Ritchey. In rescinding her recusals, Judge Beckwith did not correct or refute this inference.[1]

---

[1] *See West v. AK Steel*, Case 1:02-CV-1, 10-25-04 Notation Order granting Defendants' Motion for Reconsideration and vacating previous order of recusal and granting substitution of counsel, George Yund, for Mike Roberts; *Thiemann v. OHSL Financial Corp., et al.*, 1:00-CV-00793, Doc. No. 404, Withdrawing Order of Recusal and Directing Return of Case to Active Docket; *Dorman Angel v. United Paperworkers International Union (PACE) Local 1967*, C-1-01-467, Doc. No. 82 Defendants' Motion for Reconsideration of Recusal Order and Substitution of Counsel and Notation Order granting same

Judge Beckwith did not recuse herself in the case at bar despite the fact that opposing counsel, Michael Roberts, and the spouse of one of the parties, Susan Jeffries, are a current partner and former employee of Graydon, Head & Ritchey. It can be speculated that Judge Beckwith did not recuse herself from this case because the case has been electronically closed and settlement was anticipated. Now that it has become apparent that the case will not be resolved without further judicial intervention, Defendant respectfully requests that Judge Beckwith recuse herself from this matter.

Pending before the Court is Plaintiff's motion to enforce the settlement and seal the case and for attorneys fees. In accordance with the Court's previous Order, counsel for Centre Life also filed a brief in support of its position regarding the enforceability of the settlement proceedings. During the October 8, 2004 on-the-record conference in Chambers, Judge Beckwith indicated her intention to accept the interpretation of the settlement agreement sought by Mr. Roberts. The Court indicated that the two options available were to order unilateral confidentiality, as sought by Mr. Roberts (after amending it to add an escape valve for Centre Life) or to set the matter for trial again and charge against Centre Life the cost of the first case in addition to a probable six figure sanction. *See* Doc No. 256 at p. 41. In revisiting the discussion of the Court's ability to simply enforce the settlement agreement sought by Mr. Roberts, the Court stated at pp. 28-29: "Okay. Seems to me the fair and simple solution is that the settlement agreement should contain the language proposed by the plaintiff with additional language that would permit the Court to allow the disclosure of otherwise confidential information in response to information that the plaintiff's counsel might use in other cases." After counsel for the defendant pointed out that such language would require the surrender of the defendant's counsel's litigation file and confidential

communications to the attorney for the plaintiff, the Court recognized the inability to ethically enforce such a provision.

After further discussion failed to result in agreement by the parties the Court laid out two options at pages 40-41. The two options were for the Court to order a settlement agreement with "unilateral confidentiality" as modified by the Court, or, failing that authority, to set the matter for trial and sanction the defendant for not agreeing to settle the case in good faith. In effect, the defendant had to either agree to the specific terms of the plaintiff, which were never mentioned in the settlement transcript, or be severely sanctioned for not agreeing and demanding that the matter be tried. (*Id.* at pp. 46-47.) Further, the Court made it clear that if the defendant did not agree to the plaintiff's terms or some modification of them, the sanction would be in the six figures in addition to the cost of the prior case. The Court specifically held: "As I said, what I'm contemplating is, if I don't have the authority for some reason, [to enforce the settlement on plaintiff's terms] after I have given this some more thought and better research, then the only other option is to set it for trial again and assess the costs against one side or the other. And I can tell you now it would be the defense. And there may be sanctions, and I'm thinking of sanctions in the nature of ten percent interest on the unpaid settlement amount during the period for which no settlement agreement language was agreed between the parties, and that will be a substantial amount, ten percent for six months on two million dollars." *Id.* at p. 53.

It is clear that this settlement will not be resolved without significant further intervention by this Court, either in the form of accepting Mr. Roberts' request for unilateral confidentiality or placing this matter back on the trial calendar and sanctioning the

Defendants.[2]  In any event, it is clear that the Court's continued intervention will be required. Judge Beckwith has already declared on the record that her initial reaction is to enforce Plaintiff's "unilateral" confidentiality provision or sanction Defendant if she cannot.  The appearance of bias toward the party represented by the Chief Judge's former law firm, as recognized by the Court in other cases, cannot be overlooked.  In either event, the defendant should not have to wage an uphill fight to change the Court's expressed mind set to favor the plaintiff's language.   Given the position of this Court in recusing itself from cases involving her former law firm, it is appropriate to include the case at bar.  Despite the discussion of the parties at the end of April, 2004, this case is not yet resolved and additional judicial intervention is required.  As such, Centre Life respectfully requests that Chief Judge Beckwith recuse herself and that the case be reassigned.

          Respectfully submitted,

          s/William R. Ellis
          William R. Ellis (0012279)
          Peter M. Burrell (0044139)
          Amy Gasser Callow (0063470)
          Wood & Lamping LLP
          600 Vine Street, Suite 2500
          Cincinnati, OH  45202-2491
          (Telephone) (513) 852-6000
          (Facsimile) (513) 852-6087
          Attorneys for Defendants
          Massachusetts Casualty Insurance Company
          and Disability Management Services, Inc.

---

[2] The court did not consider a third option supported by Centre in its brief that the settlement agreement be enforced as to all terms on which there was a meeting of the minds, but not as to confidentiality since the parties did not reach agreement.  It is possible that the Court was not aware of the case law supporting this position at the time the two options were laid out.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 3rd day of November 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                     s/William R. Ellis
                                                     William R. Ellis, Esq.