UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. JEFFRIES, | : | |
| | : | Case No. C-1-02-351 |
| Plaintiff, | : | |
| | : | (Judge Beckwith) |
| vs. | : | (Magistrate Judge Hogan) |
| | : | |
| CENTRE LIFE INSURANCE COMPANY, | : | **DEFENDANT'S MEMORANDUM** |
| et al., | : | **IN OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION TO SEAL CASE** |
| Defendants. | : | |

The Court should overrule Plaintiff's Motion to Seal since confidentiality was *not* a part of the settlement agreement entered into between the parties. Indeed, the parties agreed that nothing was confidential. More specifically, nowhere in the entirety of the Mutual Settlement and General Release Agreement is there any requirement that the case itself or terms of the settlement be kept confidential. Although Plaintiff originally sought to condition the settlement on agreement of confidentiality as to Defendant only, this condition was rejected. As Plaintiff is well aware, neither party is bound by confidentiality per their agreement.

By way of history, when the case was resolved, there was no express provision for confidentiality. However, it was anticipated that this issue would be resolved by the agreement of the parties. Plaintiff thereafter thwarted any possibility of the parties being able to enter into a confidentiality provision when Plaintiff began disseminating sensitive and confidential information. These unfortunate actions led to the ultimate settlement agreement between the parties which does not require confidentiality.

Plaintiff cannot now undo the settlement by trying to institute confidentiality at the 11th hour and in contravention of the very settlement agreement he signed. Simply put, there is no

basis to seal the case. Moreover, the timing of this Motion is also highly suspect. More pointedly, Mr. Roberts has recently entered an appearance in another DMS disability lawsuit. It is believed that this Motion to Seal is some sort of tactical maneuver to be used to gain an advantage in this other lawsuit. For the foregoing reasons, Plaintiff's Motion to Seal should be denied.

        Respectfully submitted,

        s/ Amy Gasser Callow
        William R. Ellis (0012279)
        Amy Gasser Callow (0063470)
        WOOD & LAMPING LLP
        600 Vine Street, Suite 2500
        Cincinnati, Ohio 45202-2491
        Telephone: (513) 852-6000
        Telefax:    (513) 852-6087

        Attorneys for Defendant

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 22nd day of April 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      s/Amy Gasser Callow
      Amy Gasser Callow, Esq.

238661.1