UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric L. Jeffries,

    Plaintiff,

v.                                    Case No. 1:02cv351

Centre Life Ins. Co.,                Judge Michael H. Watson

    Defendant.

**ORDER**

This matter is before the Court upon Plaintiff's Motion to Seal Case. (Doc. 270) Plaintiff requests that the Court seal the record due to the financial and personal health information in the pleadings and documents filed with the Court. Defendant opposes Plaintiff's Motion, arguing that confidentiality was not a part of the settlement agreement entered into between the parties. (Doc. 271) Defendant also suggests that Plaintiff's Motion is an attempt by Plaintiff's counsel to achieve some type of gain in another lawsuit. (Id.)

Based on the Court's review of the record, the parties have not agreed to confidentiality of the settlement agreement itself. However, if the Court understands Plaintiff's Motion, Plaintiff's concern is not with the terms of the settlement agreement, but with his personal information.

The public and the press are presumed to have the right to access to the courts, including access to court documents. *Brown & Williamson Tobacco Corporation v. Federal*

*Trade Commission*, 710 F.2d 1165, 1179 (6th Cir. 1983). A court should exercise its discretion to seal records only when sealing the records serves the court's need to keep order and dignity in the courtroom, or when the decision centers on the content of the information to be disclosed to the public. *Id*. "Under the common law, content-based exceptions to the right of access have been developed to protect competing interests. In addition to the defendant's right to a fair trial, these interests include certain privacy rights of participants or third parties, trade secrets and national security." *Id*. The Court notes that the documents in this case have been part of the public record throughout this litigation. The Court finds that Plaintiff has failed to present sufficient reasons for the Court to issue an order sealing documents now that this action has been resolved. Therefore, Plaintiff's Motion to Seal Case (Doc. 270) is hereby **DENIED**.

However, this Court is sensitive to Plaintiff's interest in protecting his privacy; and hereby **ORDERS** Plaintiff to file a Notice in the record which lists all documents in the record which must necessarily be sealed to protect Plaintiff's financial and personal health information. Such Notice shall include the docket number for each document and specifically state the justification for sealing each document. Plaintiff must file such Notice within thirty days of entry of this Order.

    **IT IS SO ORDERED.**

                                                      Michael H. Watson, Judge
                                                     United States District Court