UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERIC L. JEFFRIES, : | |
| : | Case No. C-1-02-351 |
| Plaintiff, : | |
| : | (Judge Watson) |
| vs. : | |
| : | **DEFENDANT'S MEMORANDUM** |
| CENTRE LIFE INSURANCE COMPANY, : | **REGARDING PLAINTIFF'S** |
| et al., : | **"NOTICE" OF DOCUMENTS** |
| : | **REQUESTED TO BE SEALED** |
| Defendants. : | |

Confidentiality was not a part of the negotiated, agreed upon and signed Settlement Agreement in this case. Plaintiff and his counsel do not dispute this fact. Indeed, "confidentiality" was a hotly debated topic which both parties ultimately agreed would not be a part of the Settlement Agreement. Mr. Jeffries' and his counsel's actions prevented the parties from having confidentiality as part of their Settlement Agreement. Despite signing and agreeing to this written agreement, Plaintiff now seeks to set aside the Settlement Agreement and/or to unilaterally alter its terms without Defendants' consent.

The Court's current Order is correct in that there is no basis in law for Plaintiff's requested remedy of sealing of documents in this case. Indeed, Plaintiff has offered absolutely no factual or legal basis as to why these documents should be sealed when these were the same medical and financial records that have always been part of the Court's record, both pre- and post-settlement. In short, nothing has changed. Moreover, there is a Settlement Agreement in place.

A settlement agreement is a contract like any other, both an offer and an acceptance must take place, and there must be a meeting of the minds as to the terms of the contract. *James T. ex*

*rel. A. T. v. Troy School Dist.*, WL 2033498 (E.D. Mich. Aug. 23, 2005) at p. 4. (*See* attached Exhibit "A"), citing *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Neither the Plaintiff nor is a court permitted to force the parties to accept a settlement offer or term to which they did not agree. *Id.* at 5 citing *Evans v. Jeff D.*, 475 U.S. 717, 726, 106 S. Ct. 1531, 1537, 89 L. Ed. 2d 747 (1986) (finding that even when a court has power to approve or reject a settlement agreement under Rule 23, it has no power to *require* the parties to consent when they do not agree). Simply put, even if this were a case where the court must approve the settlement (which it is not), the court cannot modify a settlement agreement but must accept or reject the agreement as a whole. *Id.* at p. 5 citing *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001). In the *Troy School District* case, the entire settlement offer, which was accepted, was incorporated into the order of dismissal. *Id.* Therefore, the settlement could not be modified. *Id.*

In the case at hand, the Court was not required to approve the settlement between Plaintiff and Defendants. Rather, the parties successfully negotiated a settlement agreement on their own which neither party disputes exists between them. The Court cannot now intervene, at one party's request, and destroy the Settlement Agreement all parties negotiated, agreed upon, and ultimately signed in order to bind themselves and to resolve their dispute. As previously stated, "confidentiality" was one term that was hotly debated. Both parties ultimately refused to incorporate a confidentiality provision into the Settlement Agreement.

The fact that one party now wants to modify the Settlement Agreement which is not agreed to by the other party is not enforceable. Both parties would need to agree to this modification. This has not occurred.

In addition, it is Plaintiff's own counsel that is attempting to disseminate information from this case in order to further his ends in other cases to the prejudice of Defendants. What is really occurring here is that Plaintiff's counsel wants to have one-sided confidentiality which only benefits him and his counsel. More particularly, Plaintiff's counsel is also counsel in several other cases involving the same Defendants. In these other cases, Plaintiff's counsel continues to make disparaging comments about Defendants and their counsel based upon the instant case. Now, Plaintiff wants to prevent Defendants from responding to these attacks with the true facts from the instant case.

Plaintiff and his counsel thwarted any attempt at confidentiality that could have been agreed to in the Settlement Agreement. Plaintiff's after-the-fact attempt to create confidentiality through a Court Order, which was not a part of the written Settlement Agreement, is an unprecedented and legally unsupported attempt to undo a written Settlement Agreement. This was never agreed to by Defendants. If the Court were to do as Plaintiff suggests this would completely undo the Settlement Agreement that the parties entered into in order to resolve this case. As the Court can see from the history of the case, undoing the Settlement Agreement in this case would be catastrophic to all concerned.

Moreover, Plaintiff's counsel's actions in other cases makes it clear that Defendants will need to continue to defend themselves with the documents Plaintiff seeks to seal. This has already been done in other cases, on multiple occasions, by Plaintiff's counsel. It would be completely unfair and prejudicial to Defendants to allow Plaintiff's counsel to make representations to other courts and individuals and then to deny Defendants the opportunity to respond with the true facts. For the foregoing reasons, the Settlement Agreement should not be set aside and/or modified by

- 4 -

sealing documents which neither party agreed to seal as part of their signed Settlement Agreement.

                                      Respectfully submitted,

                                      <u>s/Amy Gasser Callow</u>
                                      William R. Ellis (0012279)
                                      Amy Gasser Callow (0063470)
                                      Wood & Lamping LLP
                                      600 Vine Street, Suite 2500
                                      Cincinnati, OH  45202-2491
                                      Telephone:  (513) 852-6000
                                      Telefax:     (513) 852-6087

                                      Attorneys for Defendant

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 7th day of September 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              s/Amy Gasser Callow  
                                              William R. Ellis, Esq.

250708.1